Debtor    2U, Inc.                                              Case number (if known)
_____                                       _____
Name

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

**Southern District of New York**
(State)

Case number (if known): _____    Chapter ___11___

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
| --- | --- | --- |
| 1. | **Debtor's Name** | 2U, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 26-2335939 |

| | | | |
| --- | --- | --- | --- |
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | 2345 Crystal Drive, Suite 1100 | |
| | | Number        Street | Number        Street |
| | | | |
| | | Arlington        VA    22202 | |
| | | City        State    Zip Code | City        State    Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | | Accounts and contracts with banks and other institutions nationwide, including within the City and State of New York |
| | | Arlington | Number        Street |
| | | County | |
| | | | City        State    Zip Code |

| | | |
| --- | --- | --- |
| 5. | **Debtor's website** (URL) | https://2u.com/ |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| Debtor | 2U, Inc. | Case number *(if known)* | |
|--------|----------|--------------------------|--|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**6117 Educational Support Services**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the ***Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11*** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|--|----------|-------------|------|-----------------------|-------------|-------------|
| | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

| | | | Relationship | **Affiliate** |
|--|--|--|--------------|---------------|
| Debtor | **See Attached Rider 1** | | | |
| District | **Southern District of New York** | | When: | **Contemporaneously** MM / DD / YYYY |
| Case number, if known | _____ | | | |

Debtor    2U, Inc.
_____    Case number (if known) _____
Name

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

_____
Number    Street

_____
City                State    Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| Statistical and administrative information |
| --- |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

*Consolidated for all Debtors.

| | | |
| --- | --- | --- |
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets***

*Consolidated for all Debtors.

| | | |
| --- | --- | --- |
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities***

*Consolidated for all Debtors.

| | | |
| --- | --- | --- |
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | 2U, Inc. | | Case number *(if known)* |
|--------|----------|--|----------------------------|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|--|---------------------------------------------------|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __07/25/2024__
                MM/DD/YYYY

✗    __/s/ Matthew Norden__                    __Matthew Norden__
     Signature of authorized representative of debtor    Printed name

Title    **Chief Legal Officer/Chief Financial Officer**

**18. Signature of attorney**

✗    __/s/ George A. Davis__                    Date    __07/25/2024__
     Signature of attorney for debtor                    MM/DD/YYYY

**George A. Davis**

**Latham & Watkins LLP**
Firm name

**1271 Avenue of the Americas**
Number            Street

**New York**                              __NY__        __10020__
City                                      State        ZIP Code

**(212) 906-1200**                        __george.davis@lw.com__
Contact phone                             Email address

**2401214**                    __NY__
Bar number                     State

Official Form 201A (12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc. | Case No. 24-[ ● ] ([ ● ]) |
| Debtor. | |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-36376</u>.

2. The following financial data is the latest available information and refers to the debtor's condition on <u>June 30, 2024</u>.

    a. Total assets                                 $ <u>1,224,353,000</u>

    b. Total debts (including debts listed in 2.c., below)      $ <u>1,146,597,000</u>

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | |
|---|---|---|---|
| secured☐ unsecured☐ | subordinated ☐ | $ <u>See Schedule 1</u> | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock                _____
    e. Number of shares common stock                  <u>2,805,321</u>

    Comments, if any: _____

_____
_____

3. Brief description of debtor's business:  <u>2U, Inc. provides educational services to individuals, non-profit universities, and enterprise customers.</u>

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  <u>ARK Investment Management LLC, Nikko Asset Management Americas, Inc., and the Vanguard Group.</u>

Official Form 201A (12/15)

## <u>SCHEDULE 1</u>

The following financial data is the latest available information and refers to the Debtor's financial condition on June 30, 2024:

| Type | Maturity | Principal Amount Outstanding | Secured/ Unsecured | Approximate Number of Holders (Estimated) |
|---|---|---|---|---|
| 2.25% Convertible Senior Note due 2025<br>CUSIP: 90214JAB7 | May 1, 2025 | $380,000,000 | Unsecured | 20 |
| 4.50% Senior Unsecured Convertible Note due 2030<br>CUSIP: 90214JAD3 | February 1, 2030 | $147,000,000 | Unsecured | 4 |

## **Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| 2U, Inc. | 26-2335939 |
| 2U KEIH Holdco, LLC | 84-3873837 |
| 2U Harkins Road LLC | N/A |
| 2U NYC, LLC | N/A |
| CritiqueIt, Inc. | 26-2895532 |
| 2U GetSmarter, LLC | 82-3179643 |
| 2U GetSmarter (US), LLC | 82-3179802 |
| edX Boot Camps LLC | 84-1778904 |
| edX LLC | 87-1658554 |

ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS
OF
2U, INC.

JULY 22, 2024

The undersigned, being all of the members of the board of directors (the "Board") of 2U, Inc., a Delaware corporation (the "Company"), do hereby consent to the adoption of, and do hereby adopt by written consent, the following recitals and resolutions with the same force and effect as if they had been approved and adopted at a duly convened meeting of the Board and direct that this written consent be filed with the minutes of the proceedings of the Board:

RESTRUCTURING SUPPORT AGREEMENT

WHEREAS, the Board has reviewed and analyzed the materials presented by management and the Company's outside financial and legal advisors regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of the Company and its subsidiaries and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's business;

WHEREAS, the Board has reviewed and evaluated the proposed restructuring transaction involving the Company and certain of its subsidiaries that provides for, among other things, the execution of the Restructuring Support Agreement substantially in the form presented to the Board (including the exhibits and schedules thereto, the "Restructuring Support Agreement");

WHEREAS, the Transaction Committee has approved of the Restructuring Support Agreement and recommended that the Board enter into the Restructuring Support Agreement; and

WHEREAS, under the totality of the circumstances, the Board has determined that it is desirable and in the best interests of the Company and its stakeholders generally that the Company enter into the Restructuring Support Agreement, on the terms and conditions set forth therein.

NOW, THEREFORE, BE IT RESOLVED, that, under the totality of the circumstances and based on the recommendation of the Transaction Committee, the Restructuring Support Agreement is in the best interests of the Company and the form, terms and provisions of the Restructuring Support Agreement in substantially the form presented to the Board, together with such further modifications or changes thereto as any of the Authorized Officers of the Company (or any equivalent authorized person) deems necessary or advisable, including the terms and conditions set forth therein and the transactions contemplated thereby, be, and hereby are, approved, adopted, authorized and ratified by the Board in all respects;

FURTHER RESOLVED, that, based on the recommendation of the Transaction Committee, the Board hereby approves, adopts, authorizes and ratifies in all respects the Restructuring Support Agreement;

FURTHER RESOLVED, that, based on the recommendation of the Transaction Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to the extent applicable, to enter into the Restructuring Support Agreement and to enter into any agreements, documents, or instruments related thereto;

**FURTHER RESOLVED**, that the execution, delivery and performance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby, on the terms set forth in the Restructuring Support Agreement by the applicable parties, be, and hereby are, approved, adopted, authorized and ratified in all respects; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, in the name and on behalf of the Company, to execute and deliver and to cause the Company to perform, as applicable, all the obligations and actions pursuant to and in furtherance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby.

## CHAPTER 11 CASES

**WHEREAS**, the Board previously determined it was advisable and in the best interests of the Company and its stakeholders to review, consider, and, if appropriate, recommend potential in-court or out-of-court strategic alternatives available to the Company, including (without limitation) seeking financing or refinancing or undertaking a restructuring, reorganization, recapitalization, business combination, sale of equity or assets or change of control of the Company, whether by sale, merger, consolidation, or otherwise (any such potential strategic alternative, a "Potential Strategic Transaction");

**WHEREAS**, the Board previously established and appointed a special transaction committee of the Board (the "Transaction Committee"), comprised solely of directors who (a) are not current officers or employees of the Company and are otherwise independent of the Company and (b) do not have an interest in any Potential Strategic Transaction that is or may be different from the interests of the Company and its stakeholders generally and are otherwise disinterested with respect to any Potential Strategic Transaction, to carry out the powers, responsibilities and obligations related to the review, consideration, evaluation, negotiation and recommendation of the approval or rejection of, a Potential Strategic Transaction (*provided*, in all cases, that entering into and/or consummating any Potential Strategic Transaction requires the approval of the Board); and

**WHEREAS**, the Transaction Committee has approved and determined in its good faith opinion that it is desirable and in the best interests of the Company and its stakeholders that the Company: (i) seek relief under the under the provisions of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), (ii) execute and deliver a Chapter 11 plan having terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer (as defined below), as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "Plan") and an associated disclosure statement (the "Disclosure Statement") and (iii) launch a prepetition process soliciting votes to accept or reject the Plan (the "Prepackaged Plan Solicitation").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, after consultation with management and the Company's professionals and advisors, that it is desirable and in the best interests of the Company, its creditors, and other interested parties, that the Company seek relief under the provisions of the Bankruptcy Code;

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee, the Company is hereby authorized, and each Authorized Officer (as defined below) shall be, and hereby is, authorized and directed on behalf of the Company to commence a case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by executing, verifying and delivering a voluntary petition in the name of the Company and the subsidiaries included on Exhibit A attached hereto under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of

2

New York (the "<u>Bankruptcy Court</u>") in such form and at such time as the Authorized Officer executing said petition shall determine;

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and directed on behalf of the Company, to seek to have the Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by its affiliated debtors, under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case, together with such other separate cases, the "<u>Chapter 11 Cases</u>");

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee, the Company, as a debtor and debtor in possession under the Bankruptcy Code, shall be, and hereby is, authorized to: (i) execute and deliver the Plan, the Disclosure Statement, the Prepackaged Plan Solicitation, and, in each case, any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "<u>Restructuring Transactions</u>"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan, Disclosure Statement, the Prepackaged Plan Solicitation, and the Restructuring Transactions;

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee: (i) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession under the Bankruptcy Code, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Officer may deem necessary or appropriate in connection with the Plan, the Disclosure Statement, the Prepackaged Plan Solicitation, the Restructuring Transactions, and any other related documents including any engagement letters, commitment letters, fee letters, credit documents or other documents in connections with the incurrence of indebtedness contemplated thereby (the "<u>Restructuring Documents</u>") and the Restructuring Transactions; (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; (iii) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (iv) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof;

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and

empowered, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement liens, as is reasonably necessary for the continuing affairs of the Company; and

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

## DIP CREDIT AGREEMENT

**WHEREAS**, the Board has determined that it is in the best interests of the Company and its stockholders (i) to consummate the transactions (the "DIP Transactions") contemplated by that certain Debtor-in-Possession Credit and Guaranty Agreement, to be dated on or about July 24, 2024, by and among 2U, Inc., the guarantors from time to time party thereto, the lenders party thereto, and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (the "DIP Credit Agreement"), with defined terms used herein having the meanings given such terms in the DIP Credit Agreement, (ii) to enter into, deliver and perform its obligations under the DIP Credit Agreement and any and all agreements, documents, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the DIP Credit Agreement (including, without limitation, payoff letters, intercreditor agreements, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, promissory notes, guaranties, security and pledge agreements, cash management agreements, assignments, collateral assignments, fee letters, engagement letters, commitment letters and other customary loan documents, third party collateral access agreements, insurance certificates, bailee letters, deposit account control agreements, securities account control agreements, Uniform Commercial Code financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents) (together with the DIP Credit Agreement, collectively, the "DIP Loan Documents") and any amendments, restatements, modifications and supplements to any of the foregoing, on such terms and conditions as any Authorized Officer, acting alone, deems to be in the best interests of the Company, and (iii) to authorize the payment of all fees and expenses in accordance with the DIP Loan Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that, based on the recommendation of the Transaction Committee, the DIP Transactions are in all respects authorized, approved and ratified and that any Authorized Officer is authorized and empowered (i) to execute and deliver or cause to be executed and delivered, and the secretary or any other Authorized Officer of the Company is authorized to attest to such execution or delivery of, in the name of and on behalf of the Company, the DIP Credit Agreement, any other DIP Loan Documents and any other document related to the consummation of the DIP Transactions, any amendments, restatements, modifications or supplements to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the DIP Transactions, (ii) to perform or cause to be performed on behalf of the Company, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Officer deems to be in the best interests of the Company, and (iii) to pay all fees and expenses in accordance with the DIP Loan Documents;

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee, any Authorized Officer is hereby authorized and empowered, in the name and on behalf of the Company, to negotiate, execute and deliver the DIP Credit Agreement and the other DIP Loan Documents (including, without limitation, any borrowing request and any letter of credit requests), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or

appropriate to the performance of the Company's obligations or the exercise of the Company's rights pursuant to the DIP Credit Agreement and the other DIP Loan Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of the Company with such negotiation, execution and delivery of the DIP Credit Agreement and the other DIP Loan Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board;

**FURTHER RESOLVED**, that, based on the recommendation of the Transaction Committee, the incurrence of indebtedness, any guarantee of indebtedness, the grant of security interests and pledges by the Company as contemplated in the DIP Loan Documents, and any additional liens pursuant to any additional mortgage agreements, security agreements, pledge agreements or deeds of trust that the DIP Credit Agreement may require, and the execution and filing of documents, agreements, financing statements, mortgages and instruments in connection therewith, are hereby authorized, approved, and adopted, as applicable;

**FURTHER RESOLVED**, that, to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "Controlling Company"), in each case, of any other company (a "Controlled Company"), each Authorized Officer of the Company, who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that the Company is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Officer is herein authorized to take on behalf of such Controlling Company; and

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates or documents heretofore executed and acts heretofore done in connection with the DIP Transactions approved by these resolutions and any other transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents are hereby ratified, confirmed, approved and adopted in all respects, and these resolutions have not been modified, rescinded or amended and are in full force and effect.

<u>**EQUITY RIGHTS OFFERING**</u>

**WHEREAS**, in connection with the Chapter 11 Cases, the Company will issue to holders of 2.25% Convertible Senior Notes due 2025, issued under that certain Indenture, dated as of April 23, 2020, and holders of 4.50% Senior Unsecured Convertible Notes due 2030, issued under that certain Indenture, dated as of January 11, 2023 (collectively, the "Unsecured Noteholders"), certain subscription rights ("Subscription Rights") to purchase new common equity to be issued and outstanding upon emergence (the "Equity Rights Offering"), in accordance with the terms and conditions described in the Plan, the Equity Rights Offering procedures as set forth in the Plan, any Equity Rights Offering backstop commitment letter to be entered into by and among the Company and the equity commitment parties party thereto from time to time (the "Equity Rights Offering Backstop Commitment Letter"), any other agreement, document or instrument delivered or entered into pursuant thereto or in connection therewith as may be deemed necessary or appropriate by each Authorized Officer (together with the Equity Rights Offering Backstop Commitment Letter, collectively, the "Equity Rights Offering Documents").

**NOW, THEREFORE, BE IT RESOLVED**, that the Equity Rights Offering and the execution and delivery by the Company of the Equity Rights Offering Documents and the performance by the

Company of its obligations and the exercise by the Company of its rights thereunder are hereby approved and authorized in all respects;

**FURTHER RESOLVED**, that each Authorized Officer be, and hereby is, authorized and empowered, for and on behalf of the Company, to negotiate, approve, execute, amend, enter into and/or effect, as applicable, the Equity Rights Offering Documents in such form and with such terms and conditions as such Authorized Officer may deem necessary, appropriate or advisable, such determination to be conclusively evidenced by the execution and delivery of such Equity Rights Offering Documents in final form; and

**FURTHER RESOLVED**, that each Authorized Officer be, and hereby is, authorized and empowered, for and on behalf of the Company, to do and perform all such acts and to enter into, execute and deliver all such other documents that, in the judgment of the Authorized Officer taking such actions, are necessary, advisable or appropriate to effect and carry out the purposes and intent of the Equity Rights Offering, the Equity Rights Offering Documents and the Subscription Rights.

## RETENTION OF PROFESSIONALS

**NOW, THEREFORE, BE IT RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain (i) Latham & Watkins LLP to act as bankruptcy counsel for the Company, (ii) Moelis & Company LLC to act as investment banker for the Company, (iii) AlixPartners, LLP to act as financial advisor for the Company and (iv) Epiq Corporate Restructuring, LLC to act as noticing, solicitation and subscription agent for the Company, in each case, in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby approves and adopts the Non-Employee Director Compensation Policy Amendment.

## GENERAL AUTHORITY AND RATIFICATION OF CONSISTENT ACTIONS

**NOW, THEREFORE, BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto (including, without limitation, the DIP Transactions, the DIP Loan Documents, the Equity Rights Offering and the Equity Rights Offering Documents), be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

**FURTHER RESOLVED**, that all actions taken and agreements and documents executed by the Authorized Officers, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects;

**FURTHER RESOLVED**, that each Authorized Officer, acting alone, is authorized and directed on behalf of the Company to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of the Company or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of the Company under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board;

**FURTHER RESOLVED**, that the Board hereby approves of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of the Company and hereby authorizes the Company to approve the transactions, and hereby authorizes the Company to enter into and perform each of their respective obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Officer" shall mean and include the Chief Executive Officer, President, Chief Financial Offer, Chief Legal Officer, Chief Accounting Officer, Controller, Treasurer, General Counsel, Secretary, Assistant Secretary, or any Assistant Secretary, Executive Vice President or Senior Vice President, of the Company.

*[Signature Pages Follow]*

7

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board, have executed this written consent as of the date first written above.

_____
Paul Lalljie (Jul 23, 2024 07:37 EDT)
Paul S. Lalljie

_____
Paul A. Maeder

_____
Tim Haley (Jul 22, 2024 19:42 PDT)
Timothy M. Haley

_____
Ivona Smith

_____
Coretha Rushing (Jul 23, 2024 00:59 EDT)
Coretha M. Rushing

_____
Robert Stavis (Jul 23, 2024 06:45 EDT)
Robert M. Stavis

_____
Earl Lewis (Jul 22, 2024 22:51 EDT)
Earl Lewis

_____
Edward Macias (Jul 23, 2024 13:29 CDT)
Edward S. Macias

**Exhibit A**

1. 2U Harkins Road LLC
2. 2U KEIH Holdco, LLC
3. 2U NYC, LLC
4. CritiqueIt, Inc.
5. edX Boot Camps LLC
6. edX LLC
7. GetSmarter (US), LLC
8. GetSmarter, LLC

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   2U, Inc., *et al.* |
| United States Bankruptcy Court for the:   Southern District of New York |
| Case Number (If known): |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCIATION 50 SOUTH SIXTH STREET SUITE 1290 MINNEAPOLIS, MN  55402 | CONTACT: EMILIA GAZZUOLO & IRIS MUNOZ PHONE: 612-217-5640 EGAZZUOLO@WILMINGTONTRUST.COM; IMUNOZ@WILMINGTONTRUST.COM | SENIOR UNSECURED CONVERTIBLE NOTES DUE 2025 | | | | $380,000,000.00 |
| 2 | WILMINGTON TRUST, NATIONAL ASSOCIATION 50 SOUTH SIXTH STREET SUITE 1290 MINNEAPOLIS, MN  55402 | CONTACT: EMILIA GAZZUOLO & IRIS MUNOZ PHONE: 612-217-5640 EGAZZUOLO@WILMINGTONTRUST.COM; IMUNOZ@WILMINGTONTRUST.COM | SENIOR UNSECURED CONVERTIBLE NOTES DUE 2030 | | | | $147,000,000.00 |
| 3 | MARYLAND DEPARTMENT OF COMMERCE 401 EAST PRATT STREET 17TH FLOOR BALTIMORE, MD  21202 | CONTACT: MARY DIFERNDINANDO PHONE: 401-767-6300 MARY.DIFERNDINANDO@MARYLAND.GOV | LOAN | | | | $2,000,000.00 |
| 4 | HARVARDX 125 MT. AUBURN STREET CAMBRIDGE, MA  02138 | CONTACT: BURMAA NERGUI PHONE: 617-384-0435 MKAN.HSPH@HARVARD.EDU ; BURMAA_NERGUI@HARVARD.EDU | UNIVERSITY PARTNER | | | | $1,938,602.75 |
| 5 | CIGNA HEALTH AND LIFE 900 COTTAGE GROVE ROAD BLOOMFIELD, CT  06002 | CONTACT: ASHLEY ELLIS PHONE: 804-688-3411 ASHLEY.ELLIS@CIGNAHEALTHCARE.COM | TRADE PAYABLE | | | | $1,710,361.76 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  PRINCE GEORGES COUNTY WAYNE K. CURREY ADMINISTRATION BUILDING 1301 MCCORMICK DRIVE SUITE 4000 LARGO, MD  20774 | CONTACT: DAWN MEDLEY PHONE: 301-883-6904 DRMEDLEY@FSCFIRST.COM | LOAN | | | | $1,500,000.00 |
| 7  AMAZON WEB SERVICES P.O. BOX 84023 SEATTLE, WA  98124-8423 | CONTACT: GREG DEVINE PHONE: 206-266-1000 AWS-RECEIVABLES-SUPPORT@AMAZON.COM;<br><br>DEVINEG@AMAZON.COM | TRADE PAYABLE | | | | $1,091,007.09 |
| 8  MASSACHUSETTS INSTITUTE OF TECHNOLOGY (MIT) 77 MASSACHUSETTS AVENUE CAMBRIDGE, MA  02139 | CONTACT: BRYAN ADKISON PHONE: 617-258-6723 WIRE-TRANSFERS@MIT.EDU;<br><br>BADKISON@MIT.EDU | UNIVERSITY PARTNER | | | | $976,741.57 |
| 9  RED VENTURES EDUCATION 1423 RED VENTURES DRIVE FORT MILL, SC  29707 | CONTACT: BEN BRAUN PHONE: 704-971-2300 HIGHEREDINVOICES@REDVENTURES.COM | TRADE PAYABLE | | | | $966,231.50 |
| 10  COLUMBIA UNIVERSITY 540 MUDD MC 4719 500 WEST 120TH STREET NEW YORK, NY  10027 | CONTACT: SEAN WIGGINS PHONE: 212-854-6447 ST2840@COLUMBIA.EDU;<br><br>SEAN.WIGGINS@COLUMBIA.EDU | UNIVERSITY PARTNER | | | | $950,803.73 |
| 11  SPI GLOBAL CONTENT HOLDING 77 ROBINSON ROAD 13-00 ROBINSON SINGAPORE  068896 SINGAPORE | CONTACT: SWAPNI RAUT PHONE: 609-512-4050 SWAPNIL.RAUT@LEARNINGMATE.COM | TRADE PAYABLE | | | | $889,346.26 |
| 12  GUILD EDUCATION INC 370 17TH STREET SUITE 300 DENVER, CO  80202 | CONTACT: BRITTANY MITCHELL PHONE: 720-378-5452 AR@GUILDEDUCATION.COM | TRADE PAYABLE | | | | $797,585.36 |
| 13  THE FRIDAY CONFERENCE CENTER (UNC-CHAPEL HILL) 100 FRIDAY CENTER DRIVE CHAPEL HILL, NC  27599 | CONTACT: JOHN ALBRECHTSEN PHONE: 919-962-3000 JOHN.ALBRECHTSEN@UNC.EDU | UNIVERSITY PARTNER | | | | $705,747.80 |
| 14  MCCOMBS SCHOOL OF BUSINESS FOUNDATION 2110 SPEEDWAY STOP, B6000 AUSTIN, TX  78712-1750 | CONTACT: ERIN STEPPE & PATRICIA MARTINEZ PHONE: 732-939-6688 ERIN.STEPPE@AUSTIN.UTEXAS.EDU;<br><br>PATRICIA.MARTINEZ@MCCOMBS.UTEXAS.EDU | UNIVERSITY PARTNER | | | | $636,877.60 |
| 15  BOARD OF REGENTS, UNIVERSITY OF CALIFORNIA 2195 HEARST AVE., RM  159 BERKELEY, CA  94720-1101 | CONTACT: ANGELA CHANG PHONE: 510-642-1466 ANGELACHANG@ISCHOOL.BERKELEY.EDU | UNIVERSITY PARTNER | | | | $623,100.84 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16   RUTGERS UNIVERSITY LIFELONG LEARNING CENTER 3 RUTGERS PLAZA 3RD FLOOR NEW BRUNSWICK, NJ  08901 | CONTACT: HYUN-JA LEEANDRE LEPINE PHONE: 848-932-6554 HYUNJA@DOCS.RUTGERS.EDU; ANDRE.LEPINE@RUTGERS.EDU | UNIVERSITY PARTNER | | | | $605,396.62 |
| 17   BANNER EDGE MEDIA 14350 NORTH 87TH STREET SUITE 110 SCOTTSDALE, AZ  85260 | CONTACT: JENAY HENNING PHONE: 480-254-8741 JENAY@BANNEREDGMEDIA.COM | TRADE PAYABLE | | | | $527,860.00 |
| 18   UNIVERSITY OF CENTRAL FLORIDA 12424 RESEARCH PARKWAY SUITE 300 ORLANDO, FL  32826 | CONTACT: JANA BREBURDOVA PHONE: 407-882-0247 JANA.BREBURDOVA@UCF.EDU | UNIVERSITY PARTNER | | | | $478,178.27 |
| 19   YALE UNIVERSITY TREASURY SERVICES P.O. BOX. 208087 NEW HAVEN, CT  06520-8087 | CONTACT: ELIZABETH ROESSLER PHONE: 203-785-7207 CONTROLLERS.OFFICE@YALE.EDU; ELIZABETH.ROESSLER@YALE.EDU | UNIVERSITY PARTNER | | | | $477,609.90 |
| 20   RFR/K 55 PROSPECT OWNER LLC P.O. BOX 780887 SUITE 204 PHILADELPHIA, PA  19177-0887 | CONTACT: MEISHA PARIS PHONE: 917-647-5309 MPARRIS@RFR.COM | RENT | | | | $457,567.20 |
| 21   EPWERY JOSE P. VARELA 532 70000 COLONIA DEL SACRAMENTO COLONIA URUGUAY | CONTACT: GUSTAVO SANTUCHO PHONE: +598-4522-0505 GUSTAVOSANTUCHO@GMAIL.COM | TRADE PAYABLE | | | | $457,563.84 |
| 22   MICHIGAN STATE UNIVERSITY HANNAH ADMINISTRATION BLDG 426 AUDITORIUM RD, RM 110 EAST LANSING, MI  48824 | CONTACT: STACEY NYEKEN BEER PHONE: 517-353-3530 NYESL@MSU.EDU; BEERK@MSU.EDU | UNIVERSITY PARTNER | | | | $421,236.05 |
| 23   NORTHWESTERN UNIVERSITY 339 EAST CHICAGO AVE WIEBOLDT HALL 6TH FLOOR CHICAGO, IL  60611-3008 | CONTACT: JEANNINE PUCHTEL & ERICA WILKE BOVA PHONE: 847-467-1908 JPUCHTEL@NORTHWESTERN.EDU; ERICA.BOVA@NORTHWESTERN.EDU | UNIVERSITY PARTNER | | | | $339,392.06 |
| 24   KFORCE INC P.O. BOX 277997 ATLANTA, GA  30384-7997 | CONTACT: JEFFREY HACKMAN PHONE: 877-453-6723 REMITS@KFORCE.COM | TRADE PAYABLE | | | | $325,720.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25   THE UNIVERSITY OF TEXAS AT AUSTIN P.O. BOX 7518 AUSTIN, TX  78713-7518 | CONTACT: HEATHER VAN LIGTEN & JOSH CLEMENTS PHONE: 512-471-4141 HEATHER.VANLIGTEN@AUSTIN.UTEXAS.EDU; J.CLEMENTS@AUSTIN.UTEXAS.EDU | UNIVERSITY PARTNER | | | | $321,051.24 |
| 26   UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE 9201 UNIVERSITY CITY BOULEVARD CHARLOTTE, NC  28223 | CONTACT: KATIE ADDISON & JEFF ANDERSON PHONE: 704-687-8900 GENERALACCOUNTING@UNCC.EDU; JANDERSON@CHARLOTTE.EDU | UNIVERSITY PARTNER | | | | $314,479.59 |
| 27   GEORGE WASHINGTON UNIVERSITY COLLEGE OF PROFESSIONAL STUDIES 802 21ST ST NW, STE 301 WASHINGTON, DC  20052 | CONTACT: KREDA BOCI PHONE: 202-994-2083 KBOCI@GWU.EDU | UNIVERSITY PARTNER | | | | $313,840.44 |
| 28   BRIGHT LABS SERVICES LLC 485 LEXINGTON AVENUE 10TH FLOOR NEW YORK, NY  10017 | CONTACT: ROBERT BIRD PHONE: 718-916-7021 ROBERT.BIRD@ANKURA.COM | TRADE PAYABLE | | | | $298,029.33 |
| 29   THE UNIVERSITY OF UTAH 1901 E S CAMPUS DR,  2175 SALT LAKE CITY, UT  84112 | CONTACT: STERLING MOORE & JONLEE ALVARO PHONE: 801-587-4619 STERLING.MOORE@UTAH.EDU; U6039172@UTAH.EDU; IRIS.MOULTON@UTAH.EDU | UNIVERSITY PARTNER | | | | $286,817.20 |
| 30   MARKETPLACE OPERATIONS INC C/O FUNARO & CO., P.C. 350 5TH AVENUE 41ST FLOOR NEW YORK, NY  10118 | CONTACT: SONNY ANAND PHONE: 610-209-8657 FINREPORTS@FORBESADVISOR.COM; SONNY.ANAND@FUNARO.COM | TRADE PAYABLE | | | | $265,170.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 2U, Inc., | ) | Case No. 24-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| ARK Investment Management LLC | 11.4% |

Fill in this information to identify the case and this filing:

Debtor Name  2U, Inc.

United States Bankruptcy Court for the:          Southern District of New York

                                                                                              (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐ Schedule H: Codebtors *(Official Form 206H)*

☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration **Corporate Ownership Statement and Form201A** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
                                                                ☒ */s/ Matthew Norden*
          **07/25/2024**                            _____
          MM/DD/YYYY                               Signature of individual signing on behalf of debtor
                                                                **Matthew Norden**
                                                                Printed name
                                                                **Chief Legal Officer/Chief Financial Officer**
                                                                Position or relationship to debtor