**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. DavisGeorge Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS**
**(A) AUTHORIZING THE DEBTORS TO PAY CERTAIN**
**PREPETITION TAXES AND FEES; AND (B) GRANTING RELATED RELIEF**

The debtors in possession (collectively, the "**_Debtors_**") in the above-captioned cases (the "**_Chapter 11 Cases_**") hereby file this motion (this "**_Motion_**") and respectfully state as follows:

**RELIEF REQUESTED**

1.     By this Motion, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as, respectively, **Exhibit A** (the "**_Proposed Interim Order_**") and **Exhibit B** (the "**_Proposed Final Order_**" and, together with the Proposed Interim Order, the "**_Proposed Orders_**"): (a) authorizing, but not directing, the Debtors, in their sole discretion, to

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

(i) pay amounts owed on account of any prepetition tax and fee obligations to certain international, federal, state, and local governmental entities, and quasi-governmental entities, and (ii) make payments to, and set off amounts owed from, certain non-Debtor affiliates or other Debtors on account of prepetition taxes and fees to certain international, federal, state, and local governmental entities, and quasi-governmental entities; and (b) granting related relief.

## JURISDICTION AND VENUE

2.    The United States Bankruptcy Court for the Southern District of New York (this "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.    The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 506(a), 507(a)(8), 541, 1107(a), and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Bankruptcy Rules 6003 and 6004, and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***").

## BACKGROUND

5.    The Debtors comprise a leading online education technology company providing over eighty million people worldwide with access to high-quality education, including graduate,

undergraduate, and non-degree programs.  Through a comprehensive platform, the Debtors enable

non-profit universities and colleges to offer a wide range of online courses and programs.  These

span diverse fields such as artificial intelligence, data science, business, healthcare, and education,

with over 4,600 programs accessible on the Debtors' platform, edX.org, which provides learners

with essential information on admissions, enrollment requirements, application processes,

curriculum, tuition, and completion times.  By consolidating a vast array of educational offerings

on a single platform, the Debtors offer flexible and affordable pathways for achieving professional

and educational goals.  Although operations are predominantly remote, the majority of the

Debtors' revenue flows into New York, where the Debtors hold their primary bank accounts, and

where they collaborate with prestigious institutions of higher education (many of which are located

here in New York City, including New York University, Columbia University, and Fordham

University), enhancing their reach and impact within the city and state.

6.       On the date hereof (the "**_Petition Date_**"), the Debtors filed voluntary petitions in

this Court commencing these Chapter 11 Cases.  The Debtors continue to manage and operate their

businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No

trustee or examiner has been requested, and no committee has been appointed in these Chapter 11

Cases.

7.       The factual background regarding the Debtors, including their business operations,

their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is

set forth in detail in the _Declaration of Matthew Norden, Chief Legal Officer and Chief Financial_

_Officer of the Debtors, in Support of Chapter 11 Petitions_ (the "**_Norden Declaration_**") and the

_Declaration of William Kocovski in Support of Chapter 11 Petitions and First Day Motions_ (the

"***Kocovski Declaration***" and, together with the Norden Declaration, the "***First Day Declarations***")

filed contemporaneously herewith, which are fully incorporated herein by reference.[2]

8.      These Chapter 11 Cases are "prepackaged" cases commenced for the purpose of

implementing an agreed restructuring of the Debtors' debt.  Prior to the Petition Date, the Debtors

entered into the Restructuring Support Agreement, dated as of July 24, 2024 (as may be amended,

modified or supplemented, the "***Restructuring Support Agreement***") with certain creditors

including (a) an ad hoc group of certain holders (the "***Ad Hoc Noteholder Group***") of 2.25%

convertible senior notes due May 1, 2025, issued under that certain Indenture, dated as of April

23, 2020 (the "***2025 Notes***") and 4.50% senior unsecured convertible notes due February 1, 2030,

issued under that certain Indenture, dated as of January 11, 2023 (the "***2030 Notes***" and, together

with the 2025 Notes, the "***Notes***") represented by Weil, Gotshal & Manges LLP, (b) Greenvale

Capital LLP ("***Greenvale***" and, together with the Ad Hoc Noteholder Group, the "***Consenting

Noteholders***") as holder of the Notes represented by Schulte Roth & Zabel LLP, and (c) an ad hoc

group of certain First Lien Lenders (the "***First Lien Ad Hoc Group***" and, together with the

Consenting Noteholders, the "***Consenting Stakeholders***") represented by Milbank LLP.  As of

July 24, 2024, the Consenting Stakeholders held approximately 82% of the Debtors' first lien

funded debt, 86.9% of the 2025 Notes, and 95.2% of the 2030 Notes.

9.      On the Petition Date, the Debtors filed a plan of reorganization reflecting the terms

of the Restructuring Support Agreement (as may be amended, modified or supplemented, the

"***Plan***") in addition to a disclosure statement with respect to the Plan (as may be amended,

modified or supplemented, the "***Disclosure Statement***").  The Plan contemplates that all Allowed

---

[2]    Capitalized terms used, but not defined in this Motion have the meanings ascribed to them in the First Day
Declarations.

General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired.[3]

10.     Prior to the Petition Date, the Debtors commenced solicitation of votes on the Plan from holders of Class 3 First Lien Claims and Class 4 Unsecured Notes Claims (each as defined in the Plan), the only classes entitled to vote under the Plan. Subject to this Court's approval, votes with respect to the Plan are due on August 21, 2024. On the Petition Date, the Debtors filed a motion seeking, among other things, (a) conditional approval of the Disclosure Statement, and (b) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan. The Debtors seek to obtain confirmation of the Plan as quickly as this Court's schedule and requisite notice periods will permit.

## THE DEBTORS' TAXES AND FEES

11.     In the ordinary course of their businesses, the Debtors incur various tax liabilities and fees—including administrator fees, sales, use and value-added taxes, franchise taxes, and personal property taxes (together with any other taxes, fees, assessments, or similar charges and any penalties, interest, or similar charges in respect of such taxes and fees, collectively, the "***Taxes and Fees***")—owed to the international, federal, state, and local governmental entities listed on **Exhibit C** attached hereto (the "***Authorities***").[4]

12.     As of the Petition Date, the Debtors estimate that they have accrued liabilities, which are not yet due and outstanding, in the approximate amount of $7,518,000 on account of

---

[3]     Contemporaneously with filing this Motion, the Debtors are filing a motion to seek this Court's authorization to reject certain unexpired commercial real property leases.

[4]     The schedule attached as **Exhibit C** reflects the Debtors' good-faith efforts to identify all applicable Authorities. The inclusion or exclusion of any person or entity from **Exhibit C** is not intended to be determinative of whether such person or entity is an Authority to whom Taxes and Fees may be owed. The Debtors reserve the right, in their sole discretion, to add or remove any Authority from **Exhibit C**.

Taxes and Fees.[5]  Specifically, the Debtors estimate that they owe the following accrued amounts on account of the following categories of Taxes and Fees:

| Category | Estimated Interim Amount | Estimated Final Amount |
|---|---|---|
| Administrator Fees | $50,000 | $75,000 |
| Sales, Use, and Value-Added Taxes | $105,000 | $6,935,000 |
| Franchise Taxes | $60,000 | $268,000 |
| Personal Property Taxes | $240,000 | $240,000 |
| Total | $455,000 | $7,518,000 |

13.    As further described below, the manner in which the Debtors' Taxes and Fees are paid varies.  With respect to certain Taxes and Fees, the Debtors pay the applicable Authority directly; with respect to other Taxes and Fees, the Debtors directly or indirectly (on behalf of themselves and other applicable Debtors and/or non-Debtor affiliates) contract with third-party administrator Vertex, Inc. (the "***Administrator***") to administer and deliver payments to the applicable Authorities.  In connection with its services, the Debtors pay the Administrator certain fees (the "***Administrator Fees***") in the ordinary course of business.  As of the Petition Date, the Debtors estimate that they owe the Administrator an aggregate amount of approximately $75,000 on account of accrued and unpaid prepetition Administrator Fees.

14.    By this Motion, the Debtors seek authority to (a) make payments directly to the Authorities, and/or make payments to, or set off amounts owed from, certain non-Debtor affiliates

---

[5]    In the ordinary course of business, the Debtors sometimes undergo audits and reviews conducted by the various Authorities.  As of the Petition Date, the Debtors are only involved in ongoing audits with certain New York and Texas Authorities for Debtor 2U, Inc.  Although the estimates of outstanding Taxes and Fees are based on a good-faith assessment of the existing amounts due on a prepetition basis, there is a possibility—because of audit rights—that one or more of the various Authorities may determine at a later date that the Debtors owe additional prepetition Taxes and Fees.  Additionally, the amount of prepetition Taxes and Fees which the Debtors request authority to pay includes amounts of prepetition Taxes and Fees that the applicable Authorities have not assessed against the Debtors, but which the Debtors have, in good faith and in an abundance of caution, estimated they may be obligated to pay in the event they come due after the Petition Date.  Nothing in this Motion is or should be construed as an admission of liability by the Debtors with respect to any audit and/or review, or any other assessment of liability by any relevant Authority, and the Debtors reserve all rights related thereto.  By this Motion, the Debtors request authority to pay any undisputed amounts that are later determined to be due.

or other Debtors on account of the Taxes and Fees, and (b) pay all accrued and unpaid prepetition Administrator Fees to avoid disruption of the Administrator's services at this critical juncture in these Debtors' Chapter 11 Cases, each in accordance with the Approved Budget (as defined in the DIP Order)[6]. Following the Petition Date, the Debtors intend to satisfy postpetition obligations on account of Taxes and Fees and Administrator Fees as they come due.

## A.    SALES, USE, AND VAT TAXES

15.    In the ordinary course, the Debtors collect and remit certain United States taxes related to the sale, use, consumption, and purchase of the Debtors' products and services (collectively "*Sales and Use Taxes*").  Specifically, in connection with the Debtors' "edX" courses in certain states, the Debtors collect the applicable sales taxes on payments made by learners for enrollment in various courses offered by the Debtors.  The Debtors then remit such Sales and Use Taxes to the applicable Authorities.  The Debtors also incur use taxes when they purchase materials and services from a vendor that is not registered to collect sales taxes for the state in which the property is delivered or the services are provided.  In these circumstances, vendors are not obligated to charge or remit sales taxes.  As purchasers, however, the Debtors must self-assess and pay the use taxes to the appropriate Authority.  The Debtors pay amounts owed to the Authorities for Sales and Use Taxes either directly or through the Administrator.

16.    The Debtors also incur, collect, and remit value-added taxes (also called "goods and services taxes" in some jurisdictions) (collectively, "*VAT Taxes*") in certain foreign jurisdictions.  VAT Taxes are general consumption taxes imposed at the point of entry or the point

---

[6]    "**DIP Order**" refers to that interim or final order, as applicable, approving the *Motion of Debtors for Interim and Final Orders (A) Authorizing the Debtors to (I) Obtain Junior Lien Postpetition Financing and (II) Use Cash Collateral; (B) Granting Liens and Superpriority Claims; (C) Granting Adequate Protection to Certain Parties; and (D) Granting Related Relief* (as may be amended, restated, or otherwise modified from time to time).

of sale of goods and services, depending on the applicable Authority.[7]  The jurisdictions in which the Debtors are currently subject to VAT Taxes include Australia, Canada, France, Germany, India, Italy, Japan, Kenya, South Korea, the Netherlands, Nigeria, Quebec, Saudi Arabia, Singapore, South Africa, Spain, and Turkey.

17.    The manner in which the Debtors pay VAT Taxes varies depending on the applicable Debtor.  Specifically, Debtor 2U GetSmarter (US), LLC collects and remits VAT Taxes on behalf of itself and certain foreign non-Debtor entities within the 2U GetSmarter group of companies as the invoicing party and registered VAT payer for the applicable jurisdictions.  Debtor 2U GetSmarter (US), LLC invoices the customer and then collects and remits VAT Taxes on behalf of certain foreign non-Debtor entities within the 2U GetSmarter group of companies out of such invoiced amount.  In addition, Debtor edX LLC also collects and remits VAT Taxes in connection with the sale of its edX courses and is the registered VAT payer in various jurisdictions. The Debtors pay amounts owed to the Authorities for VAT Taxes either directly or through the Administrator.  Any VAT Tax liability owed by the Debtors is paid on a quarterly, monthly, or annual basis, depending on the jurisdiction.

18.    As of the Petition Date, the Debtors estimate that they currently owe $110,000 in outstanding accrued prepetition amounts on account of Sales and Use Taxes and $6,825,000 in outstanding accrued prepetition amounts on account of actual and potential VAT Taxes.[8]  The

---

[7]    The Debtors' VAT Taxes include the Indian Equalization Levy taxes, which are due based on a percentage of sales in the country.

[8]    As further described in footnote 7, the amount of prepetition VAT Taxes that the Debtors request authority to pay includes amounts of prepetition VAT Taxes that the applicable Authorities have not assessed against the Debtors, but which the Debtors have, in good faith and in an abundance of caution, estimated they may be obligated to pay in the event they come due after the Petition Date.  Nothing in this Motion is or should be construed as an admission of liability by the Debtors with respect to any audit and/or review, or any other assessment of liability by any relevant Authority, and the Debtors reserve all rights related thereto.  By this Motion, the Debtors request authority to pay any undisputed amounts that are later determined to be due.

Debtors request authority to pay any prepetition amounts that may come due on account of such Sales and Use Taxes and VAT Taxes in accordance with the Approved Budget.  Following the Petition Date, the Debtors intend to make future payments on account of any postpetition Sales and Use Taxes and VAT Taxes in the ordinary course.

## B.    FRANCHISE TAXES

19.    As a result of their business operations in certain jurisdictions, the Debtors are also subject to franchise tax liabilities in various states, including franchise fees in Delaware, franchise or net-worth based taxes in multiple jurisdictions, and gross-margin taxes in Texas (collectively, the "***Franchise Taxes***").  Generally, the Debtors pay the Franchise Taxes in quarterly estimates and file returns for such taxes to the applicable Authorities annually.  Additionally, the Debtors are subject to gross receipts taxes in certain jurisdictions, which are taxes imposed upon the Debtors based on the volume of their sales of certain products and services distributed to those respective jurisdictions.  The Debtors generally pay gross receipts taxes in the ordinary course of business as they come due.

20.    As of the Petition Date, the Debtors estimate that they currently have $268,000 in outstanding accrued prepetition amounts on account of Franchise Taxes.  The Debtors request authority to pay any prepetition amounts that may come due on account of Franchise Taxes in accordance with the Approved Budget.  Following the Petition Date, the Debtors intend to make future payments on account of any postpetition Franchise Taxes in the ordinary course.

## C.    PERSONAL PROPERTY TAXES

21.    The Debtors are also subject to personal property tax liabilities levied by the governments of certain states and localities where the Debtors have operations in the United States and personal property such as equipment and furniture ("***Personal Property Taxes***").  The Debtors typically pay Personal Property Taxes in the ordinary course as such taxes are invoiced (generally,

in arrears and for the prior year or quarter depending on how the relevant tax is assessed). Payment of Personal Property Taxes is critical, as failure to pay certain Personal Property Taxes may give rise to liens in favor of the applicable Authority on the Debtors' relevant property to secure payment of the unpaid Personal Property Taxes. Nonpayment of Personal Property Taxes could also result in additional fees and penalties. The Debtors pay amounts owed to the Authorities for Personal Property Taxes directly.

22.     As of the Petition Date, the Debtors estimate that they currently have $240,000 in outstanding accrued prepetition amounts on account of Personal Property Taxes. The Debtors request authority to pay any prepetition amounts that may come due on account of such Personal Property Taxes in accordance with the Approved Budget. Following the Petition Date, the Debtors intend to make future payments on account of postpetition Personal Property Taxes in the ordinary course in accordance with the Approved Budget.

**BASIS FOR RELIEF**

**A.     PAYMENT OF PREPETITION TAXES AND FEES IS A VALID EXERCISE OF THE DEBTORS' FIDUCIARY DUTIES**

23.     Authority for the payment of the Taxes and Fees is found in sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors, operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code, are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Courts have recognized that implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.*

24.     The *CoServ* court held that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.* That

court specifically held that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate," and also when the payment was to "sole suppliers of a given product." *Id.* at 497-98.  The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

> *Id*.

25.     Payment of the Taxes and Fees meets each *CoServ* element.  As described above, the Debtors have narrowly tailored the list of Authorities to include those international, federal, state, and local governmental and quasi-governmental units that satisfy the criteria described above.  If the Debtors do not pay their prepetition Taxes and Fees, the respective Authorities may prevent the Debtors from conducting business in applicable jurisdictions, subject the Debtors to audits, seek to lift the automatic stay, and perhaps impose liens, all of which would disrupt the Debtors' operations and harm all parties in interest.   The potential harm and economic disadvantage that would stem from the Debtors inability to conduct business is grossly disproportionate to the amount of the prepetition claims that may be paid.  Finally, with respect to each Authority, the Debtors have examined other options in place of payment of Taxes and Fees to the applicable Authorities and have determined that, to avoid significant disruption of the Debtors' business operations, there exists no practical or legal alternative to payment of the Taxes and Fees.  Therefore, the Debtors respectfully submit that they can only meet their fiduciary duties

as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code by payment of the Taxes and Fees.

**B.    FUNDS RELATED TO CERTAIN PREPETITION TAXES AND FEES MAY BE HELD IN TRUST AND ARE NOT PROPERTY OF THE DEBTORS' ESTATES**

26.    The Debtors submit that certain of the taxes that they have collected or withheld are held in trust for the benefit of the entities to which payment is owed or on behalf of who such payment is being made.  Accordingly, these taxes are not property of the Debtors' estates under section 541 of the Bankruptcy Code, and such funds are therefore not available for the satisfaction of creditors' claims.  *See Begier v. IRS*, 496 U.S. 53, 63-67 (1990) (trust fund taxes are not property of estate); *DeChiaro v. New York State Tax Com'n*, 760 F.2d 432, 435-36 (2d Cir. 1985) (holding that state law sales taxes are "trust fund" taxes); *Al Copeland Enters., Inc. v. Tex. (In re Al Copeland Enters.)*, 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and not property of the debtor's estate); *Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas. Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1061-62 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of the debtor's estate).  Instead, the Debtors may be obligated to remit such funds to the applicable Authority.  Accordingly, no court authority may be needed to make these payments, and this relief is requested out of an abundance of caution.

**C.    ABSENT THE REQUESTED RELIEF, THE DEBTORS' OFFICERS AND DIRECTORS MAY BE PERSONALLY LIABLE FOR NON-PAYMENT OF CERTAIN TAXES AND FEES**

27.    Additionally, under the laws of many states and countries, officers and directors may be held directly or personally liable for the nonpayment of certain types of taxes.  *See*, *e.g.*, I.R.C. § 6672 (imposing personal liability in connection with nonpayment of employment taxes).

It is, therefore, in the best interest of the Debtors' estates and consistent with the reorganization

policy of the Bankruptcy Code to eliminate the possibility that officers and directors could become

subject to time-consuming and potentially damaging distractions.

28.    The Chapter 11 Cases are complicated due to, among other things, the nature of the

Debtors' businesses, and the Debtors' focus should be on addressing their operational and financial

issues in a manner that will maximize recoveries.  In this context, the payment of the Taxes and

Fees will not negatively affect the recoveries of creditors in the Chapter 11 Cases, particularly in

view of the priority or secured status of a significant portion of such obligations.  Moreover, the

payment amount will likely be offset in no small part by the amount of postpetition resources that

the Debtors will conserve by obviating the need to spend time and money to address disputes with

the Taxing Authorities that are unnecessary and wasteful of the resources of the Debtors and this

Court.

**D.    PAYING THE PREPETITION TAXES AND FEES IS AN EXERCISE OF SOUND
BUSINESS JUDGMENT**

29.    To the extent that use of the property of the Debtors' estates is implicated here, the

relief requested herein is appropriate under section 363(b) of the Bankruptcy Code.  Under section

363(b)(1) of the Bankruptcy Code, a debtor may, in the exercise of its sound business judgment

and after notice and a hearing, "use, sell or lease, other than in the ordinary course of business,

property of the estate." 11 U.S.C. § 363(b)(1).  Generally, the debtor is only required to "articulate

some business justification, other than the mere appeasement of major creditors," for the proposed

use of property.  *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *see also*

*In re Cont'l Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (holding that section 363(b) of the

Bankruptcy Code requires that "there must be some articulated business justification for using,

selling or leasing the property outside the ordinary course of business"); *In re Lionel Corp.*, 722

F.2d 1063, 1071 (2d Cir. 1983) ("a judge determining a § 363(b) application [must] expressly find

. . . a good business reason to grant such an application").  This standard prohibits other parties

from second guessing the debtor's business judgment if the debtor has shown that the proposed

use will benefit the debtor's estate.  *See In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr.

S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as

distinct from a decision made arbitrarily or capriciously), courts will generally not entertain

objections to the debtor's conduct").

30.    The relief requested herein easily satisfies the foregoing standards.  If the Debtors

are unable to pay the Taxes and Fees to the Taxing Authorities in full and on time, the Debtors'

estates will be worse off.  Failure to timely pay, or a precautionary withholding by the Debtors of

payment of, the Taxes and Fees may cause the Taxing Authorities to take precipitous action,

including preventing the Debtors from conducting business in certain jurisdictions, accelerating

monthly installment payments, increasing the number of audits of the Debtors' business, and

requiring additional lien filings and significant administrative maneuvering at the expense of the

Debtors' time and resources.  Prompt and regular payment of the Taxes and Fees will avoid this

unnecessary governmental action.

31.    Moreover, to the extent that the Taxes and Fees are secured by liens on the Debtors'

property, interest and penalties may accrue postpetition.  By paying the Taxes and Fees, the

Debtors reduce the risk of larger claims accruing in the Authorities' favor because prompt payment

will avoid the imposition of liens and accrual of interest and penalties on account of the Taxes and

Fees.

32.    Payment of the Taxes and Fees is also appropriate given that a significant portion

of them, as discussed below, are afforded priority status.  Moreover, the amounts paid will likely

be offset by the amount of postpetition resources that the Debtors will not have to expend in

disputes with the Authorities—complications that, in the context of these cases, would needlessly

waste the resources of the Debtors and this Court.  For all these reasons, paying the Taxes and Fees

reflects a sound exercise of the Debtors' business judgment and should be approved.

E.    **PAYING THE TAXES AND FEES IS NECESSARY TO THE DEBTORS' REORGANIZATION**

33.    The Debtors should also be authorized to pay the Taxes and Fees under

section 105(a) of the Bankruptcy Code and the "doctrine of necessity."  Section 105(a) of the

Bankruptcy Code provides that this Court "may issue any order, process or judgment that is

necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Courts have

interpreted this provision to authorize payments on prepetition claims where the payments are

"needed to facilitate the rehabilitation of the debtor" under what is known as the "necessity of

payment doctrine."  *See In re Fin. News Network Inc*., 134 B.R. 732, 735–36 (Bankr. S.D.N.Y.

1991) ("The 'doctrine of necessity' stands for the principle that a bankruptcy court may allow pre-

plan payments of prepetition obligations where such payments are critical to the debtor's

reorganization."); *Ionosphere*, 98 B.R. at 175–76 ("This rule recognizes the existence of the

judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such

payment is essential to the continued operation of the debtor."); *see also In re Just for Feet, Inc.*,

242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) "provides a statutory basis for

the payment of pre-petition claims" under necessity of payment doctrine).

34.    Because of the adverse consequences that could follow if the Taxes and Fees are

not paid, doing so is necessary to the Debtors' reorganization.  The Debtors' very ability to

continue operations and sales in jurisdictions where the Taxes and Fees are not paid could be

imperiled.  Even where the consequences are not so severe, the potential for disruption, distraction,

and incurring unnecessary costs is very real and could thwart the Debtors' efforts to maximize value and reorganize successfully. Accordingly, the Debtors should be authorized to pay the Taxes and Fees under section 105(a) of the Bankruptcy Code and the "doctrine of necessity."

## F.    CERTAIN TAXES AND FEES MAY BE SECURED OR PRIORITY CLAIMS UNDER THE BANKRUPTCY CODE

35.    To the extent that the Taxes and Fees are priority claims pursuant to section 507(a)(8) of the Bankruptcy Code, or secured claims pursuant to section 506(a) of the Bankruptcy Code, their payment should be authorized on the basis that they are required to be paid in full as a condition to satisfying the plan confirmation requirements under section 1129 of the Bankruptcy Code or, in any event, that they would be entitled to payment before any prepetition non-priority unsecured claim. *See* 11 U.S.C. §§ 506(a), 507(a)(8); 1129(a)(9)(C) & (D). It is likely the vast majority of the Taxes and Fees constitute either priority claims under section 507(a)(8) or secured claims under section 506(a) of the Bankruptcy Code. Therefore, the Debtors' payment of the Taxes and Fees now, in all likelihood, will affect only the timing of the payments and not the amounts to be received by the Authorities. Moreover, by paying legitimate tax claims now, the Debtors will avoid any unnecessary fees, interest, or penalties that might otherwise be asserted. Other creditors and parties in interest, therefore, will not be prejudiced— and, indeed, will ultimately benefit—if the relief sought herein is granted by this Court.

36.    In addition, claims of certain non-Debtor affiliates on account of Taxes and Fees paid on behalf of the Debtors may be secured. As discussed above, the Debtors make payments on behalf of certain non-Debtor affiliates on account of certain Taxes and Fees. The Debtors then allocate the appropriate portion of the amounts paid on account of the Taxes and Fees to the applicable non-Debtor affiliates and such amounts are then reconciled pursuant to an intercompany process. Such non-Debtor affiliates' rights to set off amounts owed to them by the Debtors on

16

account of the Taxes and Fees are expressly preserved under section 553(a) of the Bankruptcy

Code, which provides, in pertinent part, that the Bankruptcy Code "does not affect any right of a

creditor to offset a mutual debt owing by such creditor to the debtor that arose before the

commencement of the case . . . against a claim of such creditor that arose before the

commencement of the case." 11 U.S.C. § 553(a).  Moreover, any claims by non-Debtor affiliates

for amounts that are subject to setoff are secured under section 506(a) of the Bankruptcy Code,

which provides, in pertinent part, that "[a]n allowed claim of a creditor . . . that is subject to setoff

under Section 553 of this title, is a secured claim . . . to the extent of the amount subject to setoff."

*Id.* at § 506(a)(1).

## G.    PRECEDENT CASES SUPPORT GRANT OF THE REQUESTED RELIEF

37.    The relief requested in this Motion is similar to relief granted by numerous courts,

including this Court in other chapter 11 cases in this district.  *See, e.g.*, *In re Credivalores -*

*Crediservicios S.A.*, Case No. 24-10837 (DSJ) (Bankr. S.D.N.Y. June 12, 2024) [Docket No. 73]

(granting final relief to pay prepetition taxes and fees); *In re Acorda Therapeutics, Inc.*, Case No.

24-22284 (DSJ) (Bankr. S.D.N.Y. Apr. 26, 2024) [Docket No. 105] (same); *In re GOL Linhas*

*Aèreas Inteligentes S.A.*, Case No. 24-10118 (MG) (Bankr. S.D.N.Y. Feb. 22, 2024) [Docket No.

171] (same); *In re Troika Media Grp., Inc.*, Case No. 23-11969 (DSJ) (Bankr. S.D.N.Y. Jan. 2,

2024) [Docket No. 66] (same); *In re Mercon Coffee Corp.*, Case No. 23-11945 (MEW) (Bankr.

S.D.N.Y. Jan. 11, 2024) [Docket No. 106] (same); *In re Benitago Inc.*, Case No. 23-11394 (SHL)

(Bankr. S.D.N.Y. Sept. 28, 2023) [Docket No. 69] (same); *In re Voyager Aviation Holdings, LLC*,

Case No. 23-11177 (JPM) (Bankr. S.D.N.Y. Aug. 24, 2023) [Docket No. 103] (same); *In re Vice*

*Grp. Holding Inc.*, Case No. 23-10738 (JPM) (Bankr. S.D.N.Y. June 15, 2023) [Docket No. 154]

(same); *In re PacificCo Inc.*, Case No. 23-10470 (PB) (Bankr. S.D.N.Y. Apr. 28, 2023) [Docket

No. 152] (same); *In re Genesis Glob. Holdco, LLC*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.

Feb. 24, 2023) [Docket No. 97] (same); *In re Lumileds Holding B.V.*, Case No. 22-11155 (LGB)

(Bankr. S.D.N.Y. Sep. 21, 2022) [Docket No. 122] (same); *In re SAS AB*, Case No. 22-10925

(MEW) (Bankr. S.D.N.Y. Aug. 4, 2022) [Docket No. 176] (same).

**H.    THIS COURT SHOULD AUTHORIZE BANKS TO HONOR AND PAY CHECKS ISSUED AND ELECTRONIC FUNDS TRANSFERRED TO PAY THE PREPETITION TAXES AND FEES**

38.    The Debtors further request that this Court authorize, but not direct, their banking

institutions and all other applicable banks and other financial institutions to receive, process,

honor, and pay any and all checks drawn or electronic funds relating to the Taxes and Fees,

regardless of whether such checks were presented before or after the Petition Date.  The Debtors

expect to have sufficient liquidity to pay such amounts as they become due in the ordinary course

of business, and under the Debtors' existing cash management system, checks or wire transfer

requests can be readily identified as relating to an authorized payment of the Taxes and Fees.  As

such, the Debtors believe that checks or wire transfer requests, other than those relating to

authorized payments, will not be honored inadvertently.  The Debtors also seek authority to issue

new postpetition checks or effect new electronic fund transfers on account of the Taxes and Fees

to replace any prepetition checks or electronic fund transfer requests that may be dishonored or

rejected as a result of the commencement of these Chapter 11 Cases.

**I.    NO PARTY WILL BE PREJUDICED BY THE RELIEF REQUESTED IN THIS MOTION**

39.    No party in interest will be prejudiced by the relief requested by this Motion

because the Taxes and Fees are unimpaired under the Plan and will be paid in full.  Thus, the relief

requested herein seeks to alter only the timing, not the amount or priority, of such payments.

Moreover, authority to pay the Taxes and Fees in the ordinary course of business is necessary to

avoid the risk of the incurrence of penalties, tax liens, and disruption to the Debtors' businesses.

**J.     BANKRUPTCY RULE 6003 HAS BEEN SATISFIED, AND BANKRUPTCY RULE 6004 SHOULD BE WAIVED**

40.     Certain aspects of the relief requested herein may, if granted, be subject to Bankruptcy Rule 6003.  Under Bankruptcy Rule 6003, this Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  The Debtors believe an immediate and orderly transition into Chapter 11 is critical to the viability of their operations and the success of these Chapter 11 Cases.  As discussed in detail above and in the Kocovski Declaration, immediate and irreparable harm would result if the relief herein is not granted.  Failure to pay certain Taxes and Fees may give rise to liens in favor of the applicable Authority on the Debtors' relevant property to secure payment of those Taxes and Fees, thereby cause irreparable harm to the Debtors.  Nonpayment of Taxes and Fees could also result in the Debtors' incurrence of additional fees and penalties.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that this Court approve the relief requested in this Motion on an emergency basis.

41.     Additionally, with respect to any aspect of the relief sought herein that constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a), to the extent not satisfied, and of the fourteen-day stay under Bankruptcy Rule 6004(h).  As described above, the relief that the Debtors seek in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.  The Debtors thus submit that the requested waiver of the notice requirements of Bankruptcy Rule 6004(a) and of the fourteen-day stay

imposed by Bankruptcy Rule 6004(h) is appropriate, as the exigent nature of the relief sought herein justifies immediate unstayed relief.

## RESERVATION OF RIGHTS

42.     Nothing in this Motion shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If this Court enters any order granting the relief sought herein, any payment made pursuant to such order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## MOTION PRACTICE

43.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**NOTICE**

44.     Notice of this Motion will be given to:  (a) the United States Trustee for Region 2;
(b) Milbank LLP as counsel to the First Lien Ad Hoc Group; (c) the administrative agent and
collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel
to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the
indenture trustees for the Notes; (g) the parties included on the Debtors' consolidated list of thirty
(30) largest unsecured creditors; (h) the United States Attorney's Office for the Southern District
of New York; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k)
the Authorities; and (l) all parties entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors
submit that, under the circumstances, no other or further notice is required.

45.     A copy of this Motion is available from (a) this Court's website,
www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and
noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

**NO PRIOR MOTION**

46.     The Debtors have not made any prior motion for the relief sought in this Motion to
this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Interim Order and, following a noticed hearing on the relief sought, the Proposed Final Order, granting the relief requested in this Motion and such other and further relief as may be just and proper.

**LATHAM & WATKINS LLP**

Dated:    July 25, 2024            By:    */s/ George A. Davis*
       New York, New York            George A. Davis
           George Klidonas
           Anupama Yerramalli
           Randall C. Weber-Levine
           Scott Yousey
           1271 Avenue of the Americas
           New York, NY 10020
           Telephone: (212) 906-1200
           Facsimile: (212) 751-4864
           Email:  george.davis@lw.com
                 george.klidonas@lw.com
                 anu.yerramalli@lw.com
                 randall.weber-levine@lw.com
                 scott.yousey@lw.com

           *Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[2] of the Debtors for an interim order (this "***Interim Order***"): (a) authorizing, but not directing, the Debtors, in their sole discretion, to pay any prepetition Taxes and Fees owing to the Authorities; and (b) granting related relief; and this Court having reviewed the Motion and the First Day Declarations; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

held to consider the relief requested in the Motion (the "*Hearing*"); and upon the First Day

Declarations and the record of the Hearing and all the proceedings before this Court; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      All objections to the entry of this Interim Order, to the extent not withdrawn or

settled, are overruled.

3.      The Debtors are authorized, but not directed, in their discretion to (a) pay to the

Authorities all Taxes and Fees relating to the period prior to the Petition Date, as set forth in the

table below; and (b) make payments to, or set off against amounts owed from, non-Debtor affiliates

or the other Debtors, on account of all Taxes and Fees relating to the period prior to the Petition

Date, as set forth in the table below and in accordance with the Approved Budget; *provided*, that

nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate

any payments not otherwise due prior to the date of the Final Hearing (as defined below) to

consider the relief requested in the Motion.

| Category | Estimated Interim Amount | Estimated Final Amount |
|---|---|---|
| Administrator Fees | $50,000 | $75,000 |
| Sales, Use, and Value-Added Taxes | $105,000 | $6,935,000 |
| Franchise Taxes | $60,000 | $268,000 |
| Personal Property Taxes | $240,000 | $240,000 |
| Total | $455,000 | $7,518,000 |

4.      The Debtors are authorized to pay the Administrator Fees in the amount of $50,000.

5.      The Debtors' banks and financial institutions are authorized to receive, process,

honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or

issued on the Debtors' bank accounts before the Petition Date for the Taxes and Fees that have not

been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' directions or representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Interim Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments, and any such banks and financial institutions shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Interim Order.

6.    Notwithstanding the relief granted in this Interim Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the DIP Order and the DIP Credit Documents (as defined in the DIP Order) and any orders governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating to the foregoing). Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order or the DIP Credit Documents. To the extent there is any inconsistency between the terms of the DIP Order, the DIP Credit Documents, or any orders approving the Debtors' use of cash collateral, and the terms of this Interim Order, the terms of the DIP Order, the DIP Credit Documents, and such order approving the use of cash collateral, as applicable, shall control.

7.    The final hearing on the Motion (the "***Final Hearing***") will be held on [ ● ], at [ ● ] [ ● ].m. (Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Time) on [ ● ], 2024, and served on the following parties: (a) United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel

(rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian

Masumoto (brian.masumoto@usdoj.gov)); (b) 2U, Inc., 2345 Crystal Drive, Suite 1100,

Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden

(mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (c) Latham & Watkins LLP,

1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis

(george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli

(anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com) and Scott

Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (d) Milbank LLP, 55 Hudson

Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow

(tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First

Lien Ad Hoc Group; (e) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153

(Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin

Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (f) Schulte,

Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian

(kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff

(reuben.dizengoff@srz.com)), counsel to Greenvale; and (g) counsel to any statutory committee

appointed in these Chapter 11 Cases. In the event no objections to entry of a final order on the

Motion are timely received, this Court may enter such final order without need for the Final

Hearing.

8.    Nothing in the Motion or this Interim Order or the relief granted herein (including

any actions taken or payments made by the Debtors), is to be construed as (a) an implication or

admission as to the amount of, basis for, or validity of any claim against the Debtors under the

Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other

party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  Nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

9.      The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

10.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

11.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

12.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated:_____, 2024

_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

### FINAL ORDER (A) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[2] of the Debtors for a final order (this "***Final Order***"): (a) authorizing, but not directing, the Debtors, in their sole discretion, to pay any prepetition Taxes and Fees owing to the Authorities; and (b) granting related relief; and this Court having reviewed the Motion and the First Day Declarations; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

held, if necessary, to consider the relief requested in the Motion (the "***Hearing***"); and upon the

First Day Declarations and the record of the Hearing and all the proceedings before this Court; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED on a final basis, as set forth herein.

2.      All objections to the entry of this Final Order, to the extent not withdrawn or settled,

are overruled.

3.      The Debtors are authorized, but not directed, in their sole discretion to (a) pay to

the Authorities all Taxes and Fees relating to the period prior to the Petition Date, as set forth in

the table below; and (b) make payments to, or set off against amounts owed from, non-Debtor

affiliates or the other Debtors, on account of all Taxes and Fees relating to the period prior to the

Petition Date, as set forth in the table below and in accordance with the Approved Budget.

| Category | Estimated Final Amount |
|---|---|
| Administrator Fees | $75,000 |
| Sales, Use, and Value-Added Taxes | $6,935,000 |
| Franchise Taxes | $268,000 |
| Personal Property Taxes | $240,000 |
| **Total** | $7,518,000 |

4.      The Debtors are authorized to pay the Administrator Fees in the amount of $75,000.

5.      The Debtors' banks and financial institutions are authorized to receive, process,

honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or

issued on the Debtors' bank accounts before the Petition Date for the Taxes and Fees that have not

been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers,

or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary),

and are authorized to rely on the Debtors' directions or representations as to which checks, drafts,

transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Final Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments, and any such banks and financial institutions shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Final Order.

6.      Notwithstanding the relief granted in this Final Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the DIP Order and the DIP Credit Documents (as defined in the DIP Order) and any orders governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating to the foregoing). Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order or the DIP Credit Documents. To the extent there is any inconsistency between the terms of the DIP Order, the DIP Credit Documents, or any orders approving the Debtors' use of cash collateral, and the terms of this Final Order, the terms of the DIP Order, the DIP Credit Documents, and such order approving the use of cash collateral, as applicable, shall control.

7.      Nothing in the Motion, the Interim Order, or this Final Order, or the relief granted herein (including any actions taken or payments made by the Debtors), is to be construed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity or perfection or seek

avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt,

or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an

admission as to the validity, priority, enforceability, or perfection of any lien on, security interest

in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any

party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which

may exist against any entity under the Bankruptcy Code or any other applicable law.  Nothing

contained in this Final Order shall be deemed to increase, reclassify, elevate to an administrative

expense status, or otherwise affect any claim to the extent it is not paid.

8.      The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

9.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final

Order shall be effective and enforceable immediately upon entry hereof.

10.     The Debtors are authorized and empowered to take all actions necessary or

appropriate to implement the relief granted in this Final Order.

11.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated:_____, 2024

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT C**

**List of Taxing Authorities**

**List of Taxing Authorities**

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| ARIZONA DEPARTMENT OF REVENUE | PO BOX 29085 PHOENIX, AZ 85038 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| ARIZONA DEPARTMENT OF REVENUE | PO BOX 29085 PHOENIX, AZ 85038 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| AUSTRALIAN TAX OFFICE | GPO 9990 SYDNEY NSW 2001 AUSTRALIA | VAT TAXES |
| CALIFORNIA FRANCHISE TAX BOARD | PO BOX 942857 SACRAMENTO, CA 94257-0531 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| CANADA REVENUE AGENCY | SUDBURY TAX CENTRE P.O. BOX 20000, STATION A SUDBURY, ON P3A 5C1 CANADA | VAT TAXES |
| CITY AND COUNTY OF DENVER | COLORADO DEPT OF REVENUE DENVER, CO 80261-0004 UNITED STATES OF AMERICA | PERSONAL PROPERTY TAXES |
| CITY AND COUNTY OF DENVER | COLORADO DEPT OF REVENUE DENVER, CO 80261-0004 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| CITY OF PHILADELPHIA DEPARTMENT OF REVENUE | PO BOX 8722 HARRISBURG, PA 17105-8722 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| COMPTROLLER OF MARYLAND | 301 W PRESTON ST, ROOM 203 ATTN: VOLUNTARY DISCLOSURE OFC BALTIMORE, MD 21201 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| CONNECTICUT DEPARTMENT OF REVENUE SERVICES | P.O. BOX 5089 HARTFORD, CT 06102-5089 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| CONNECTICUT DEPARTMENT OF REVENUE SERVICES | P.O. BOX 5089 HARTFORD, CT 06102-5089 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| DELAWARE DIVISION OF CORPORATIONS | 2711 CENTERVILLE RD WILMINGTON, DE 19808 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| DEPARTMENT OF REVENUE WASHINGTON STATE | SEC'Y OF STATE, CORP DIVISION 801 CAPITOL WAY S PO BOX 40234 OLYMPIA, WA 98504-0234 | SALES AND USE TAXES |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| | UNITED STATES OF AMERICA | |
| DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE | OFFICE OF TAX & REVENUE P.O.BOX 419 WASHINGTON, DC 20044 UNITED STATES OF AMERICA | GROSS RECEIPT TAXES |
| DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE | OFFICE OF TAX & REVENUE P.O.BOX 419 WASHINGTON, DC 20044 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE | OFFICE OF TAX & REVENUE P.O.BOX 419 WASHINGTON, DC 20044 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| FEDERAL INLAND REVENUE SERVICES | REVENUE HOUSE, 15 SOKODE CRESCENT, WUSE ZONE 5, ABUJA NIGERIA | VAT TAXES |
| FLORIDA DEPARTMENT OF REVENUE | PO BOX 5139 VOLUNTARY DISCLOSURE PROGRAM TALLAHASSEE, FL 32314-5139 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| GEORGIA DEPARTMENT OF REVENUE | GEORGIA DEPARTMENT OF REVENUE PROCESSING CENTER ATLANTA, GA 30374-0239 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| INDIA INCOME TAX DEPARTMENT | ROOM NO. 501, MAYUR BHAWAN, CONNAUGHT CIRCUS, NEW DELHI INDIA | VAT TAXES |
| INLAND REVENUE AUTHORITY OF SINGAPORE | 55 NEWTON RD, REVENUE HOUSE, SINGAPORE 307987 SINGAPORE | VAT TAXES |
| IOWA DEPARTMENT OF REVENUE | IOWA SECRETARY OF STATE BUSINESS SERVICES DIVISION DES MOINES, IA 50319 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| KENTUCKY DEPARTMENT OF REVENUE | 501 HIGH ST, STATION 38 FRANKFORT, KY 40601-2103 | FRANCHISE TAXES |
| KENYA REVENUE ADMINISTRATION | TIMES TOWER BUILDING HAILE SELASSIE AVENUE P. O. BOX 48240 - 00100 KENYA | VAT TAXES |
| LOS ANGELES COUNTY TAX COLLECTOR | PO BOX 514818 LOS ANGELES, CA 90051-4818 UNITED STATES OF AMERICA | PERSONAL PROPERTY TAXES |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| LOS ANGELES OFFICE OF FINANCE | 200 NORTH MAIN STREET, CHE ROOM 920 ATTN DEPUTY CITY ATTRNY-FRANK OROZCO, JR LOS ANGELES, CA 90012 UNITED STATES OF AMERICA | GROSS RECEIPT TAXES |
| MASSACHUSETTS DEPARTMENT OF REVENUE | PO BOX 7089 BOSTON, MA 02204-7089 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| MINNESOTA DEPARTMENT OF REVENUE | 600 ROBERT ST ST PAUL, MN 55101 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| MONTANA DEPARTMENT OF REVENUE | DEPARTMENT OF REVENUE PO BOX 8021 HELENA, MT 59604-8021 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| MYORANGECOUNTRYNC | PO BOX 580235 CHARLOTTE, NC 28258-0235 UNITED STATES OF AMERICA | PERSONAL PROPERTY TAXES |
| NATIONAL TAX AUTHORITY JAPAN | KASUMIGASEKI OFFICE, KASUMIGASEKI 3-1-1, CHIYODA-KU, TOKYO 100-8978 JAPAN | VAT TAXES |
| NATIONAL TAX SERVICE (SOUTH KOREA) | 61, MAESAN-RO, PALDAL-GU, SUWON-SI, GYEONGGI-DO, 16456 SOUTH KOREA | VAT TAXES |
| NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINSTRATION | NH DRA P.O. BOX 1265 CONCORD, NH 03302-1265 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| NEW JERSEY DIVISION OF TAXATION | CORPORATION SERVICE COMPANY 830 BEAR TAVERN ROAD WEST TRENTON, NJ 08628 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| NEW MEXICO TAXATION AND REVENUE | 325 DON GASPAR SUITE 300 SANTA FE, NM 87501 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| NEW YORK CITY DEPARTMENT OF FINANCE | NYC DEPARTMENT OF FINANCE PO BOX 3933 NEW YORK, NY 10008-3933 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| NEW YORK DEPARTMENT OF TAXATION AND FINANCE | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE ALBANY, NY 12227-0001 | FRANCHISE TAXES |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| | UNITED STATES OF AMERICA | |
| NEW YORK DEPARTMENT OF TAXATION AND FINANCE | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE ALBANY, NY 12227-0001 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| NORTH CAROLINA DEPARTMENT OF REVENUE | NORTH CAROLINA DEPARTMENT OF REVENUE P.O. BOX 25000 RALEIGH, NC 27640-0520 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| OFFICE OF THE REVENUE COMMISSIONERS | COLLECTOR-GENERAL'S DIVISION SARSFIELD HOUSE FRANCIS STREET LIMERICK V94 R972 | VAT TAXES |
| OHIO DEPARTMENT OF TAXATION | PO BOX 182131 COLUMBUS, OH 43218-2131 | GROSS RECEIPT TAXES |
| OKLAHOMA TAX COMMISSION | 300 N BROADWAY AVE OKLAHOMA CITY, OK 73102 | FRANCHISE TAXES |
| OREGON DEPARTMENT OF REVENUE | PO BOX 14780 SALEM, OR 97309-0469 UNITED STATES OF AMERICA | GROSS RECEIPT TAXES |
| OREGON DEPARTMENT OF REVENUE | PO BOX 14780 SALEM, OR 97309-0469 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| PALM BEACH COUNTY PROP. APPRAISER | 301 NORTH OLIVE AVENUE, WEST PALM BEACH, FL 33401 | PERSONAL PROPERTY TAXES |
| PENNSYLVANIA DEPARTMENT OF REVENUE | PA DEPARTMENT OF REVENUE PO BOX 280404 HARRISBURG, PA 17128-0404 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| PRINCE GEORGE'S COUNTY, MD | PO BOX 17578 BALTIMORE, MD 21297 UNITED STATES OF AMERICA | PERSONAL PROPERTY TAXES |
| REVENU QUEBEC | 3300, BOULEVARD DE LA COTE-VERTU 2$^E$ ETAGE. SAINT-LAURENT QUEBEC H4R 2B7 CANADA | VAT TAXES |
| RHODE ISLAND DIVISION OF TAXATION | 1 CAPITOL HILL PROVIDENCE, RI 02908 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| RHODE ISLAND DIVISION OF TAXATION | 1 CAPITOL HILL PROVIDENCE, RI 02908 | FRANCHISE TAXES |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| | UNITED STATES OF AMERICA | |
| SAN FRANCISCO TREASURER AND TAX COLLECTOR | 1 DR CARLTON B GOODLETT PL # 140 SAN FRANCISCO, CA 94102 | GROSS RECEIPT TAXES |
| SOUTH AFRICAN REVENUE SERVICES | LE HAE LA SARS BUILDING, 299 BRONKHORST STREET, NEW MUCKLENEUK, BROOKLYN, PRETORIA SOUTH AFRICA | VAT TAXES |
| SOUTH CAROLINA DEPARTMENT OF REVENUE | 300A OUTLET POINTE BOULEVARD COLUMBIA, SC 29210 | SALES AND USE TAXES |
| SOUTH CAROLINA DEPARTMENT OF REVENUE | 300A OUTLET POINTE BOULEVARD COLUMBIA, SC 29210 | FRANCHISE TAXES |
| STATE OF ALABAMA, DEPARTMENT OF REVENUE | 50 N RIPLEY ST MONTGOMERY, AL 36130 | FRANCHISE TAXES |
| STATE OF HAWAII DEPARTMENT OF TAXATION | PO BOX 259 HONOLULU, HI 96809-0259 | SALES AND USE TAXES |
| STATE OF TENNESSEE DEPARTMENT OF REVENUE | ANDREW JACKSON STATE OFC BLDG 500 DEADERICK ST NASHVILLE, TN 37242 UNITED STATES OF AMERICA | GROSS RECEIPT TAXES |
| STATE OF TENNESSEE DEPARTMENT OF REVENUE | ANDREW JACKSON STATE OFC BLDG 500 DEADERICK ST NASHVILLE, TN 37242 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| STATE OF TENNESSEE DEPARTMENT OF REVENUE | ANDREW JACKSON STATE OFC BLDG 500 DEADERICK ST NASHVILLE, TN 37242 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | COMPTROLLER OF PUBLIC ACCOUNTS P.O.BOX 149359 AUSTIN, TX 78714-9359 UNITED STATES OF AMERICA | FRANCHISE TAXES |
| TURKEY REVENUE ADMINISTRATION | GELIR İDARESI BAŞKANLIĞI DEVLET MAHALLESI MERASIM CAD. NO:9/1 ÇANKAYA, ANKARA TURKEY | VAT TAXES |
| UTAH STATE TAX COMMISSION | 210 N 1950 W SALT LAKE CITY, UT 84134 UNITED STATES OF AMERICA | SALES AND USE TAXES |
| UTAH STATE TAX COMMISSION | 210 N 1950 W SALT LAKE CITY, UT 84134 UNITED STATES OF AMERICA | FRANCHISE TAXES |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| VERMONT DEPARTMENT OF TAXES | 133 STATE ST<br>MONTPELIER, VT 05602 | FRANCHISE TAXES |
| WISCONSIN DEPARTMENT OF REVENUE | 2135 RIMROCK RD<br>MADISON, WI 53713 | FRANCHISE TAXES |
| ZAKAT, TAX, CUSTOMS AUTHORITY (ZATCA) | AL MUGHRIZAT, RIYADH<br>12484 RIYADH, CENTRAL<br>PROVINCE 12484<br>SAUDI ARABIA | VAT TAXES |