**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR**
**ENTRY OF AN ORDER (A) AUTHORIZING THE**
**DEBTORS TO (I) FILE A CONSOLIDATED CREDITOR**
**MATRIX AND CONSOLIDATED LIST OF THE TOP THIRTY**
**UNSECURED CREDITORS AND (II) REDACT CERTAIN PERSONALLY**
**IDENTIFIABLE INFORMATION; (B) WAIVING REQUIREMENT TO FILE**
**LIST OF EQUITY SECURITY HOLDERS; AND (C) GRANTING RELATED RELIEF**

The debtors in possession (collectively, the "***Debtors***") in the above-captioned cases (the

"***Chapter 11 Cases***") hereby file this motion (this "***Motion***") and respectfully state as follows:

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "***Proposed Order***"):  (a) authorizing, but not directing, the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

Debtors, in their sole discretion, to (i) file and maintain a consolidated creditor list and mailing matrix (the "*Creditor Matrix*"), in lieu of a separate creditor list and mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor, and (iii) redact certain personally identifiable information; (b) waiving the requirement for Debtor 2U, Inc. to file a list of its equity security holders; and (c)  granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (this "*Court*") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal predicates for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"), Bankruptcy Rules 1007, 2002, and 9013-1, and rules 1007-1, 5075-1, and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*").

**BACKGROUND**

5.      The Debtors comprise a leading online education technology company providing over eighty million people worldwide with access to high-quality education, including graduate, undergraduate, and non-degree programs.  Through a comprehensive platform, the Debtors enable non-profit universities and colleges to offer a wide range of online courses and programs.  These span diverse fields such as artificial intelligence, data science, business, healthcare, and education, with over 4,600 programs accessible on the Debtors' platform, edX.org, which provides learners with essential information on admissions, enrollment requirements, application processes, curriculum, tuition, and completion times.  By consolidating a vast array of educational offerings on a single platform, the Debtors offer flexible and affordable pathways for achieving professional and educational goals.  Although operations are predominantly remote, the majority of the Debtors' revenue flows into New York, where the Debtors hold their primary bank accounts, and where they collaborate with prestigious institutions of higher education (many of which are located here in New York City, including New York University, Columbia University, and Fordham University), enhancing their reach and impact within the city and state.

6.      On the date hereof (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing these Chapter 11 Cases.  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested, and no committee has been appointed in these Chapter 11 Cases.

7.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Matthew Norden, Chief Legal Officer and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions* (the "***Norden Declaration***") and the

*Declaration of William Kocovski in Support of Chapter 11 Petitions and First Day Motions* (the "***Kocovski Declaration***" and, together with the Norden Declaration, the "***First Day Declarations***") filed contemporaneously herewith, which are fully incorporated herein by reference.[2]

8.     These Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing an agreed restructuring of the Debtors' debt.  Prior to the Petition Date, the Debtors entered into the Restructuring Support Agreement, dated as of July 24, 2024 (as may be amended, modified or supplemented, the "***Restructuring Support Agreement***") with certain creditors including (a) an ad hoc group of certain holders (the "***Ad Hoc Noteholder Group***") of 2.25% convertible senior notes due May 1, 2025, issued under that certain Indenture, dated as of April 23, 2020 (the "***2025 Notes***") and 4.50% senior unsecured convertible notes due February 1, 2030, issued under that certain Indenture, dated as of January 11, 2023 (the "***2030 Notes***" and, together with the 2025 Notes, the "***Notes***") represented by Weil, Gotshal & Manges LLP, (b) Greenvale Capital LLP ("***Greenvale***" and, together with the Ad Hoc Noteholder Group, the "***Consenting Noteholders***") as holder of the Notes represented by Schulte Roth & Zabel LLP, and (c) an ad hoc group of certain First Lien Lenders (the "***First Lien Ad Hoc Group***" and, together with the Consenting Noteholders, the "***Consenting Stakeholders***") represented by Milbank LLP.  As of July 24, 2024, the Consenting Stakeholders held approximately 82% of the Debtors' first lien funded debt, 86.9% of the 2025 Notes, and 95.2% of the 2030 Notes.

9.     On the Petition Date, the Debtors filed a plan of reorganization reflecting the terms of the Restructuring Support Agreement (as may be amended, modified or supplemented, the "***Plan***") in addition to a disclosure statement with respect to the Plan (as may be amended,

---

[2]     Capitalized terms used, but not defined in this Motion have the meanings ascribed to them in the First Day Declarations.

modified or supplemented, the "***Disclosure Statement***"). The Plan contemplates that all Allowed General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired.[3]

10.    Prior to the Petition Date, the Debtors commenced solicitation of votes on the Plan from holders of Class 3 First Lien Claims and Class 4 Unsecured Notes Claims (each as defined in the Plan), the only classes entitled to vote under the Plan. Subject to this Court's approval, votes with respect to the Plan are due on August 21, 2024. On the Petition Date, the Debtors filed a motion seeking, among other things, (a) conditional approval of the Disclosure Statement, and (b) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan. The Debtors seek to obtain confirmation of the Plan as quickly as this Court's schedule and requisite notice periods will permit.

## BASIS FOR RELIEF

### A.    CAUSE EXISTS TO AUTHORIZE THE DEBTORS TO PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX

11.    Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty largest unsecured claims against the debtor.

12.    In this case, authorizing the Debtors to file a consolidated Creditor Matrix, in lieu of a separate creditor list and mailing matrix for each Debtor, is warranted. The Debtors operate as an integrated business and share cash management and operational systems. Because Debtors

---

[3]    Contemporaneously with filing this Motion, the Debtors are filing a motion to seek this Court's authorization to reject certain unexpired commercial real property leases.

have thousands of creditors and other parties-in-interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be an unnecessarily burdensome and time-consuming task and would greatly increase the risk of error with respect to information already on computer systems maintained by the Debtors and their agents.  Moreover, with respect to the top unsecured creditor lists, the Debtors submit that filing separate top twenty (20) creditor lists for each Debtor—instead of one consolidated list of the Debtors' top thirty (30) unsecured creditors—would be of limited utility and potentially duplicative to an extent, especially in comparison to the time and expense it would cost to compile separate lists when the Debtors' management are trying to facilitate a smooth transition into chapter 11.

13.    Instead, the Debtors, in consultation with Epiq Corporate Restructuring, LLC ("*Epiq*"), their proposed claims and noticing agent, have prepared a single, consolidated list of the Debtors' creditors in electronic format.[4]  The Debtors are prepared to make the Creditor Matrix available in electronic form to any party-in-interest who requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of this Bankruptcy Court.  The Debtors submit that the proposed maintenance of the Creditor Matrix with Epiq is consistent with applicable Local Rules.

**B.    CAUSE EXISTS TO AUTHORIZE THE DEBTORS TO FILE A SINGLE CONSOLIDATED LIST OF THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS**

14.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the twenty (20) largest unsecured claims, excluding insiders."  Because certain of the Debtors share many creditors and the Debtors operate

---

[4]    Pursuant to Local Rule 5075-1, a debtor filing a petition with more than 250 creditors and equity interest holders in the aggregate, as is the case here, is required to retain an approved claims and noticing agent pursuant to an order of this Court.  Contemporaneously herewith, the Debtors have filed an application seeking the appointment of Epiq as their claims and noticing agent pursuant to 28 U.S.C. § 156(c).

as a single business enterprise, the Debtors request authority to file a single, consolidated list of

their thirty (30) largest general unsecured creditors, in lieu of a separate list of the top twenty (20)

unsecured creditors of each Debtor.

15.     Compiling separate top twenty (20) creditor lists for each individual Debtor would

be of limited utility and potentially duplicative to an extent, especially in comparison to the time

and expense it would cost to compile separate lists when the Debtors' management is trying to

facilitate a smooth transition into chapter 11.  Further, the Debtors believe a single, consolidated

list of the Debtors' thirty (30) largest unsecured, non-insider creditors will aid the United States

Trustee for Region 2 (the "***U.S. Trustee***") in its efforts to communicate with these creditors.  Filing

a single consolidated list of the thirty (30) largest unsecured creditors in these Chapter 11 Cases is

therefore appropriate.

**C.    CAUSE EXISTS TO WAIVE THE REQUIREMENT TO FILE A LIST OF EQUITY
        SECURITY HOLDERS**

16.     Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen (14) days after

the commencement of a chapter 11 case, a list of a debtor's equity security holders.  Bankruptcy

courts, however, have authority to modify or waive the requirements under Bankruptcy Rule 1007.

*See* Fed. R. Bankr. P. 1007(a)(3) ("unless the court orders otherwise, the debtor shall file . . . a list

of the debtor's equity security holders"); *see also* 11. U.S.C. § 105(a) ("The court may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title").

17.     The Debtors submit that 2U, Inc.'s requirement to file a list of all equity security

holders should be waived in these Chapter 11 Cases.  As an initial matter, 2U, Inc. is a public

reporting company with the Securities and Exchange Commission (the "***SEC***") and 2U, Inc.'s

common stock (the "***2U Common Stock***") currently is registered with the SEC under Section 12(g)

of the Securities Exchange Act of 1934, as amended. 2U Common Stock is listed under the ticker symbol "TWOU" on the Nasdaq Global Select Market. As of the Petition Date, there were approximately 2,805,321 shares of 2U Common Stock outstanding with average daily trading volume of approximately 74,130 shares.

18.    Although the Debtors maintain a list of registered holders of 2U Common Stock, the Debtors do not maintain a separate list of the beneficial holders of 2U Common Stock. As a result, it is not feasible for the Debtors to prepare a complete list of all the names and addresses of the current beneficial holders of 2U Common Stock.[5]    Accordingly, the Debtors respectfully request that the requirement under Bankruptcy Rule 1007(a)(3) to file a list of all holders of 2U Common Stock be waived. As an alternative to preparing a complete list of holders of 2U Common Stock, the Debtors will include all registered holders of 2U Common Stock on the Creditor Matrix.

## D.    CAUSE EXISTS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS

19.    Section 107(c) of the Bankruptcy Code is a codified exception to the general rule of access and protects individuals from potential harm caused by the disclosure of confidential information. Specifically, section 107(c) of the Bankruptcy Code provides, in relevant part, that:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)    Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B)    Other information contained in a paper described in subparagraph (A).

---

[5]    2U, Inc. filed with its petition a list of significant holders of 2U Common Stock.

11. U.S.C. § 107(c)(1).  As such, this Court has discretion to authorize redaction of personally identifiable information that, if disclosed, could create an undue risk of identity theft or other unlawful injury to an individual or their property.  *See, e.g.*, *In re Endo Int'l PLC*, 2022 WL 16640880, at *10 (Bankr. S.D.N.Y Nov. 2, 2022).

20.    In addition, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors and their non-Debtor affiliates do business.  For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "***CCPA***"), which provides individuals domiciled in California the right to, among other things, request their collected personal information, including postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties.  Violators risk injunctions and civil penalties of up to $2,500 for each violation and up to $7,500 for each intentional violation.  Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California ("***CCPA Entities***") that collect and process consumers' personal data and satisfy one of the following criteria: (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information.  Cal. Civ. Code § 1798.140(c)(1).  The Debtors likely qualify as CCPA Entities because the Debtors' annual gross revenue exceeds $25 million.

21.    Other jurisdictions also have privacy protection regulations that may apply to the Debtors.  For example, the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "***UK GDPR***"), the European General Data Protection Regulation (the "***EU GDPR***"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing) of

9

information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("***Personal Data***").  The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data.  The legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of the Chapter 11 Cases.  In addition, the UK GDPR and EU GDPR require that any processing comply with the data minimization principle, which requires that any processing must be necessary in relation to its purpose.  The right of individual creditors not to have their unredacted names and home and email addresses disclosed on the public docket would likely override the legitimate interest of disclosing such information to facilitate the Chapter 11 Cases.  Disclosure in an unredacted form therefore risks breaching the UK GDPR and EU GDPR on account of (a) having no legal basis and (b) breaching the minimization principle.  The EU GDPR and/or the UK GDPR may apply to the Debtors, as certain of the Debtors may process data relating to their creditors, current and former employees (collectively, the "***Employees***"), and customers, in the context of an establishment in a member state of the European Economic Area and/or in the United Kingdom.

22.    It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases, including the Creditor Matrix, the following personally identifiable information of the Debtors' current and former employees, independent contractors, customers, creditors, equity security holders (solely to the extent they are natural persons), and any other natural persons:  (a) names, (b) home and email addresses, and (c) any other personally identifiable information.  Such redaction is warranted because, among other reasons, the publication of such information may violate United States privacy laws, the CCPA,

the UK GDPR, the EU GDPR, and other similar laws and could be used to perpetrate identify theft

or phishing scams or to harass or stalk such individuals, exposing the Debtors to potential civil

liability and significant financial penalties.  Absent the relief requested herein, the Debtors could

jeopardize the privacy and safety of individual parties in interest in the Chapter 11 Cases by

publishing their names and home addresses without any advance notice or opportunity to opt out

or take protective measures.

23.    Inclusion of personally identifiable information can be used to perpetrate identity

theft or to locate survivors of domestic violence, harassment, or stalking.  Several courts in this

jurisdiction and others have expounded on the importance of authorizing debtors to redact

individuals' personally identifiable information, in particular home addresses.  *See e.g.*, *In re*

*Genesis Glob. Holdco, LLC*, Case No. 23-11063 (SHL) (Bankr. S.D.N.Y. Aug. 4, 2023) [Docket

No. 581] (concluding that the publication of names, home addresses, and email addresses

"heighten[s] the risk of identity theft and other harm"); *Endo Int'l*, 2022 WL 16640880, at *10

(granting the Debtors' request to seal sensitive personal information and noting that "the risks of

identity theft, stalking, and intimate partner violence are real, not theoretical"); *In re Forever 21,*

*Inc.*, Case No. 19-12122 (KG), Dec. 19, 2019 Hr'g Tr. at 60:22–25 (Bankr. D. Del. Dec. 20, 2019)

("We live in a new age in which the theft of personal identification is a real risk, as is injury to

persons who, for personal reasons, seek to have their addresses withheld").

24.    Furthermore, in at least one recent chapter 11 case, the abusive former partner of a

debtor's employee used the publicly accessible creditor and employee information filed in the

chapter 11 case to track the employee at her new address, which had not been publicly available

until then, forcing the employee to change addresses again.  *See In re Charming Charlie Holdings,*

*Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) (describing incident which occurred during Charming Charlie's 2017 bankruptcy cases).

25.     Finally, the Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other related filings (a) the Clerk of this Court; (b) the U.S. Trustee; (c) counsel to any official committee appointed in these Chapter 11 Cases; and (d) any party in interest, upon a request reasonably related to these Chapter 11 Cases directed to the Debtors.

## PRECEDENT CASES SUPPORT GRANT OF THE REQUESTED RELIEF

26.     Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors and waiver of the requirement to file a list of equity security holders*. See, e.g., In re Voyager Aviation Hold., LLC*, Case No. 23-11177 (JPM) (Bankr. S.D.N.Y. Jul. 28, 2023) [Docket No. 35] (authorizing the debtors to prepare a list of creditors in lieu of submitting a separate mailing matrix for each debtor); *In re Lumileds Holding B.V.*, Case No. 22-11155 (LGB) (Bankr. S.D.N.Y. Aug. 31, 2022) [Docket No. 67] (same); *In re Pareteum Corp.*, Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) [Docket No. 32] (same); *In re Endo International plc*, Case No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 24, 2022) [Docket No. 107] (waiving requirement to file a list of equity security holders); *In re GTT Communications, Inc.*, Case No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) [Docket No. 67] (authorizing the debtors to prepare a list of creditors in lieu of submitting a separate mailing matrix for each debtor and waiving requirement to file a list of equity security holders); *In re Frontier Commc'ns. Corp.*, Case No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) [Docket No. 362] (authorizing the debtors to prepare a list of creditors in lieu of submitting a separate mailing matrix for each debtor*).

27.     Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates.  *See, e.g., In re Voyager Aviation Hold., LLC*, Case No. 23-11177 (JPM) (Bankr. S.D.N.Y. July 28, 2023) [Docket No. 35] (providing authorization for the debtors to file a consolidated list of their thirty largest unsecured creditors); *In re Lumileds Holding B.V.*, Case No. 22-11155 (LGB) (Bankr. S.D.N.Y. Aug. 31, 2022) [Docket No. 67] (same); *In re Pareteum Corp.*, Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) [Docket No. 32] (providing authorization for the debtors to file a consolidated list of their thirty largest unsecured creditors); *In re Frontier Commc'ns. Corp.*, Case No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) [Docket No. 362] (providing authorization for the debtors to file a single list of their fifty largest unsecured creditors).

28.     Courts in this jurisdiction have also approved relief similar to the relief requested herein with respect to the redaction of personally identifiable information.  *See, e.g., In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y. Aug. 4, 2023) [Docket No. 581] (authorizing debtors to redact and file under seal certain personally identifiable information on the creditor matrix and similar documents filed with the court); *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) [Docket No. 55] (same); *In re Voyager Digital Holdings, Inc.*, et al., Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022) [Docket No. 54] (same); *In re Lumileds Holding B.V.,* Case No. 20-11155 (LGB) (Bankr. S.D.N.Y. Sept. 8, 2022) [Docket No. 79] (same); *In re Automotores Gildemeister SpA,* et al., Case No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 14, 2021) [Docket No. 117] (same); *In re Centric Brands Inc.*, Case No. 20-22637 (SHL) (Bankr. S.D.N.Y. Sept. 23, 2020) [Docket No. 664] (same).

## RESERVATION OF RIGHTS

29.     Nothing in this Motion shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If this Court enters any order granting the relief sought herein, any payment made pursuant to such order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## MOTION PRACTICE

30.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

31.     Notice of this Motion will be given to:  (a) the United States Trustee for Region 2; (b) Milbank LLP as counsel to the First Lien Ad Hoc Group; (c) the administrative agent and

collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the indenture trustees for the Notes; (g) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) the United States Attorney's Office for the Southern District of New York; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; and (k) all parties entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that, under the circumstances, no other or further notice is required.

32.     A copy of this Motion is available from (a) this Court's website, www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

## **NO PRIOR MOTION**

33.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

**LATHAM & WATKINS LLP**

Dated: July 25, 2024
New York, New York

By: */s/ George A. Davis*
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864
Email:        george.davis@lw.com
              george.klidonas@lw.com
              anu.yerramalli@lw.com
              randall.weber-levine@lw.com
              scott.yousey@lw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

16

## __EXHIBIT A__

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[6] | (Joint Administration Requested) |

## ORDER (A) AUTHORIZING THE
## DEBTORS TO (I) FILE A CONSOLIDATED CREDITOR
## MATRIX AND CONSOLIDATED LIST OF THE TOP THIRTY
## UNSECURED CREDITORS AND (II) REDACT CERTAIN PERSONALLY
## IDENTIFIABLE INFORMATION; (B) WAIVING REQUIREMENT TO FILE
## LIST OF EQUITY SECURITY HOLDERS; AND (C) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[7] of the Debtors for an order (this "***Order***") (a) authorizing, but not directing, the Debtors, in their sole discretion, to (i) file and maintain a consolidated creditor list and mailing matrix (the "***Creditor Matrix***"), in lieu of a separate creditor list and mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor, and (iii) redact certain personally identifiable information; (b) waiving the requirement for Debtor 2U, Inc. to file a list of its equity security holders; and (c)  granting related relief; and this Court having reviewed the Motion and the First Day Declarations; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

---

[6]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[7]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*of Reference from the United States District Court for the Southern District of New York*, dated

January 31, 2012; and consideration of the Motion and the relief requested therein being a core

proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order

consistent with Article III of the United States Constitution; and venue being proper before this

Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and a hearing having been

held to consider the relief requested in the Motion (the "***Hearing***"); and upon the First Day

Declarations and the record of the Hearing and all the proceedings before this Court; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      All objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.      The Debtors are authorized, but not directed, to file and maintain a consolidated

Creditor Matrix, and the requirements under section 521(a)(1) of the Bankruptcy Code,

Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and General Order M-399 (Bankr. S.D.N.Y. May

17, 2010) that each Debtor file a separate list of creditors and upload a separate mailing matrix on

this Court's electronic filing system are waived.

4.      The Debtors are authorized, but not directed, to file a consolidated list of their top

thirty (30) unsecured creditors in lieu of each Debtor filing a list of its top twenty (20) unsecured

creditors.

5.      The Debtors are authorized to redact from any paper filed or to be filed with the

Court in the Chapter 11 Cases, including the Creditor Matrix, the following personally identifiable

information of the Debtors' current and former employees, independent contractors, customers, creditors, equity security holders (solely to the extent they are natural persons), and any other natural persons:  (a) names, (b) home and email addresses, and (c) any other personally identifiable information.  The Debtors shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Order to (a) the Court, the U.S. Trustee, and counsel to any official committee appointed in the Chapter 11 Cases and (b) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these Chapter 11 Cases; *provided*, that any receiving party shall not transfer or otherwise provide such unredacted document(s) to any person or entity not party to the request.  The Debtors shall inform the Court and the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.  The rights of all parties in the Chapter 11 Cases to object to the relief set forth in this paragraph, for any reason, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.  In the event a party in interest is required by the Bankruptcy Rules to serve the entire Creditor Matrix, such party may request that the Debtors direct their Claims and Noticing Agent (as defined below) to provide service to any creditor whose information is redacted on the Creditor Matrix, and the Debtors shall promptly give such direction.

6.      As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these Chapter 11 Cases (the "***Claims and Noticing Agent***"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated Creditor Matrix and make such consolidated Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form to such requesting party if such requesting party is unable to access the Creditor Matrix electronically).

3

7.      The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file a list of

the holders of 2U Common Stock within fourteen (14) days of the Petition Date is waived.

8.      The Debtors are authorized and empowered to take all actions necessary or

appropriate to implement the relief granted in this Order.

9.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.


New York, New York
Dated:_____, 2024

_____
UNITED STATES BANKRUPTCY JUDGE