**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>2U, Inc., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 24-11279 ([ ● ])<br><br>(Joint Administration Requested) |

**MOTION OF DEBTORS FOR**
**AN ORDER (A) ENFORCING AND RESTATING**
**SECTIONS 362, 365, 525, AND 541 OF THE BANKRUPTCY**
**CODE; (B) APPROVING FORM AND MANNER OF NOTICE TO**
**FOREIGN PARTIES IN INTEREST OF THE DEBTORS; (C) APPROVING**
**FORM AND MANNER OF NOTICE TO FOREIGN PARTIES IN INTEREST OF**
**THE NON-DEBTOR AFFILIATES; AND (D) GRANTING RELATED RELIEF**

The debtors in possession (collectively, the "***Debtors***") in the above-captioned cases (the

"***Chapter 11 Cases***") hereby file this motion (this "***Motion***") and respectfully state as follows:

**RELIEF REQUESTED**

1.    By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "***Proposed Order***"):  (a) enforcing and restating the automatic

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

stay provisions of section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), the anti-termination and anti-modification provisions of section 365 of the Bankruptcy Code, the anti-discrimination provisions of section 525 of the Bankruptcy Code, and the anti-*ipso facto* provision of section 541(c) of the Bankruptcy Code; (b) approving the form and manner of notice, substantially in the form attached as **Exhibit 1** to the Proposed Order (the "***Proposed Debtor Notice***"), to foreign parties in interest of the Debtors, confirming that the Debtors are subject to the supervision of the Bankruptcy Court and the protections of the Bankruptcy Code, including the aforementioned provisions in the preceding clause (a); (c) approving the form and manner of notice, substantially in the form attached as **Exhibit 2** to the Proposed Order (the "***Proposed Non-Debtor Notice***"), to foreign parties in interest of the Debtors' non-Debtor affiliates (the "***Non-Debtor Affiliates***"), confirming that the Non-Debtor Affiliates are not included in these Chapter 11 Cases and, thus, are not subject to the supervision of the Bankruptcy Court nor the provisions of the Bankruptcy Code that are the subject of this Motion; and (d) granting related relief.

2.     The Debtors seek the relief requested herein out of an abundance of caution and to assist them in better informing foreign parties in interest of the broad protections offered by the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code.  Instead, the Debtors seek to affirm those rights and believe that an order from this Court will help protect the Debtors against improper actions taken by, and provide clarity to, foreign parties in interest of the Debtors and their Non-Debtor Affiliates, maximizing the Debtors' opportunity for a successful reorganization.

## JURISDICTION AND VENUE

3.       The United States Bankruptcy Court for the Southern District of New York (this "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.       The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5.       The statutory and legal predicates for the relief requested herein are sections 105(a), 362, 365, 525, and 541 of the Bankruptcy Code, Bankruptcy Rules 6004 and 9020, and rules 9013-1(a) and 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***").

## BACKGROUND

6.       The Debtors comprise a leading online education technology company providing over eighty million people worldwide with access to high-quality education, including graduate, undergraduate, and non-degree programs.  Through a comprehensive platform, the Debtors enable non-profit universities and colleges to offer a wide range of online courses and programs.  These span diverse fields such as artificial intelligence, data science, business, healthcare, and education, with over 4,600 programs accessible on the Debtors' platform, edX.org, which provides learners

with essential information on admissions, enrollment requirements, application processes, curriculum, tuition, and completion times. By consolidating a vast array of educational offerings on a single platform, the Debtors offer flexible and affordable pathways for achieving professional and educational goals. Although operations are predominantly remote, the majority of the Debtors' revenue flows into New York, where the Debtors hold their primary bank accounts, and where they collaborate with prestigious institutions of higher education (many of which are located here in New York City, including New York University, Columbia University, and Fordham University), enhancing their reach and impact within the city and state.

7. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing these Chapter 11 Cases. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested, and no committee has been appointed in these Chapter 11 Cases.

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Matthew Norden, Chief Legal Officer and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions* (the "**Norden Declaration**") and the *Declaration of William Kocovski in Support of Chapter 11 Petitions and First Day Motions* (the "**Kocovski Declaration**" and, together with the Norden Declaration, the "**First Day Declarations**") filed contemporaneously herewith, which are fully incorporated herein by reference.[2]

---

[2]    Capitalized terms used, but not defined in this Motion have the meanings ascribed to them in the First Day Declarations.

9.     These Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing an agreed restructuring of the Debtors' debt.  Prior to the Petition Date, the Debtors entered into the Restructuring Support Agreement, dated as of July 24, 2024 (as may be amended, modified or supplemented, the "***Restructuring Support Agreement***") with certain creditors including (a) an ad hoc group of certain holders (the "***Ad Hoc Noteholder Group***") of 2.25% convertible senior notes due May 1, 2025, issued under that certain Indenture, dated as of April 23, 2020 (the "***2025 Notes***") and 4.50% senior unsecured convertible notes due February 1, 2030, issued under that certain Indenture, dated as of January 11, 2023 (the "***2030 Notes***" and, together with the 2025 Notes, the "***Notes***") represented by Weil, Gotshal & Manges LLP, (b) Greenvale Capital LLP ("***Greenvale***" and, together with the Ad Hoc Noteholder Group, the "***Consenting Noteholders***") as holder of the Notes represented by Schulte Roth & Zabel LLP, and (c) an ad hoc group of certain First Lien Lenders (the "***First Lien Ad Hoc Group***" and, together with the Consenting Noteholders, the "***Consenting Stakeholders***") represented by Milbank LLP.  As of July 24, 2024, the Consenting Stakeholders held approximately 82% of the Debtors' first lien funded debt, 86.9% of the 2025 Notes, and 95.2% of the 2030 Notes.

10.     On the Petition Date, the Debtors filed a plan of reorganization reflecting the terms of the Restructuring Support Agreement (as may be amended, modified or supplemented, the "***Plan***") in addition to a disclosure statement with respect to the Plan (as may be amended, modified or supplemented, the "***Disclosure Statement***").  The Plan contemplates that all Allowed General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired.[3]

---

[3]    Contemporaneously with filing this Motion, the Debtors are filing a motion to seek this Court's authorization to reject certain unexpired commercial real property leases.

11.     Prior to the Petition Date, the Debtors commenced solicitation of votes on the Plan from holders of Class 3 First Lien Claims and Class 4 Unsecured Notes Claims (each as defined in the Plan), the only classes entitled to vote under the Plan.  Subject to this Court's approval, votes with respect to the Plan are due on August 21, 2024.  On the Petition Date, the Debtors filed a motion seeking, among other things, (a) conditional approval of the Disclosure Statement, and (b) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan.  The Debtors seek to obtain confirmation of the Plan as quickly as this Court's schedule and requisite notice periods will permit.

### THE COMPANY'S GLOBAL BUSINESS AND NETWORK

12.     To facilitate world-wide access to education, the Debtors and their Non-Debtor Affiliates (collectively, the "***Company***") rely on partnerships with colleges and universities (collectively, the "***University Customers***"), in addition to service providers, from across the world. Accordingly, the Company has material assets abroad, and many of the parties with whom the Company conducts business are located outside of the United States.  The Company's businesses are internationally integrated, and its ability to maintain its international operations and operate as a unified global company throughout these Chapter 11 Cases is imperative.

13.     The Debtors believe that many of their foreign University Customers, other customers, vendors, and other contract counterparties operating in various jurisdictions may be unfamiliar with chapter 11, including the scope of a debtor in possession's authority to operate its business and the import of the automatic stay.  Accordingly, certain of the Debtors' foreign creditors could attempt to assert liens against the Debtors' assets.  These creditors, and others, may attempt to seize assets located outside of the United States or take other actions violating the automatic stay to the detriment of the Debtors, their estates, and other parties in interest.

Furthermore, the Debtors provide technology and services to customers located outside of the United States. The Debtors owe certain of these customers prepetition and ongoing obligations, and such parties may attempt to obtain payment in violation of the automatic stay. Additionally, upon the commencement of these Chapter 11 Cases, foreign counterparties to certain executory contracts could attempt to terminate such contracts, including pursuant to *ipso facto* provisions in contravention of sections 362 and 365 of the Bankruptcy Code. Similarly, governmental units[4] outside of the United States may deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants held by a Debtor and required for the Debtors' ongoing business operations, in violation of section 525 of the Bankruptcy Code. Thus, out of an abundance of caution, the Debtors seek approval of the Proposed Debtor Notice, substantially in the form attached to the Proposed Order as **Exhibit 1**, notifying the Debtors' foreign parties in interest of the protections of the Bankruptcy Code that are the subject of this Motion.

14.     Moreover, the Non-Debtor Affiliates similarly have a substantial body of foreign University Customers, other customers, vendors, and other contract counterparties that are vital to their international operations, many of whom may be unsure of the impact of these Chapter 11 Cases on the Non-Debtor Affiliates. The Debtors believe that certain of these foreign parties in interest may be hesitant or, worse yet, refuse to conduct business with the Non-Debtor Affiliates under the mistaken assumption that the Non-Debtor Affiliates are part of these Chapter 11 Cases and subject to the protective provisions of the Bankruptcy Code. This would substantially impair

---

[4]     The Bankruptcy Code defines "governmental unit" as the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; *or other foreign or domestic government*." 11 U.S.C. § 101(27) (emphasis added). Thus, the protections of section 525(a) of the Bankruptcy Code apply broadly to local, state, and foreign governmental units.

and impede the operations of the Non-Debtor Affiliates, which would have a corresponding detrimental impact on the Debtors given the Company's substantial reliance on intercompany relationships to operate its global businesses. Accordingly, the Debtors believe it is equally important to notify these foreign parties in interest pursuant to the Proposed Non-Debtor Notice, substantially in the form attached to the Proposed Order as **Exhibit 2**, that the Non-Debtor Affiliates are not part of these Chapter 11 Cases, and thus not subject to the supervision of this Court nor the protections of the Bankruptcy Code.

### BASIS FOR RELIEF

**A. ENFORCING THE PROTECTIONS OF SECTIONS 362, 365, 525, AND 541(C) OF THE BANKRUPTCY CODE AND PROVIDING NOTICE TO THE COMPANY'S FOREIGN PARTIES IN INTEREST IS NECESSARY TO THE DEBTORS' REORGANIZATION**

    **I. The Automatic Stay Provisions of Section 362 of the Bankruptcy Code Apply Extraterritorially**

15. As a result of the commencement of these Chapter 11 Cases, the automatic stay imposed pursuant to section 362 of the Bankruptcy Code enjoins (subject to certain enumerated exceptions) all persons and all governmental units from, among other things: (a) commencing or continuing any judicial, administrative, or other proceeding against the Debtors that was or could have been commenced before the Petition Date; (b) recovering upon a claim against any of the Debtors that arose before the Petition Date; (c) enforcing a judgment against any of the Debtors or property of their estates that was obtained before the Petition Date; and (d) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the Petition Date. *See* 11 U.S.C. § 362(a).

16. The injunction contained in section 362 of the Bankruptcy Code is a core protection for debtors, providing them with a "breathing spell from [their] creditors," which, in combination with other provisions of the Bankruptcy Code, is essential to the Debtors' ability to reorganize

successfully.  *See* H.R. Rep. No. 95-595, at 340 (1977).  The automatic stay becomes effective immediately upon the filing of a bankruptcy case and applies both in the United States and extraterritorially.  *See, e.g.*, *In re Soundview Elite, Ltd.*, 503 B.R. 571, 584 (Bankr. S.D.N.Y. 2014) ("U.S. law is clear that immediately upon the filing of the Debtors' chapter 11 petition, the U.S. automatic stay became effective, both in the U.S. and extraterritorially" (citations omitted)).

17.    Given its fundamental importance to a debtor's reorganization, courts have broadly construed the Bankruptcy Code's automatic stay provisions to apply worldwide.  *See, e.g.*, *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998) ("Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate."); *In re NextWave Pers. Commc'ns. Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000) ("The automatic stay is broadly written and broadly construed."); *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 08-1789 (BRL), 2012 WL 1570859, at *84-85 (S.D.N.Y. May 4, 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 767-68 (Bankr. S.D.N.Y. 1996) ("the stay applies to actions against the debtor and his property outside the U.S.").

18.    As such, the automatic stay established by section 362 of the Bankruptcy Code applies to both the Debtors' foreign and domestic creditors, regardless of location, and any creditor that violates the stay may face sanctions by this Court.  *See* 11 U.S.C. § 362; *see also In re Soundview Elite*, 503 B.R. at 584.  However, domestic and foreign creditors unfamiliar with the automatic stay or the scope thereof may attempt to proceed against the Debtors' worldwide property, businesses, operations, or assets despite the commencement of these Chapter 11 Cases. Any such unilateral self-help action would adversely affect the Debtors' operations and potentially

jeopardize the Debtors' reorganization efforts, resulting in irreparable harm to the Debtors' estates.

Accordingly, the Debtors believe the Proposed Order is necessary to ensure creditor compliance

with the automatic stay.

**II.    Sections 365 and 541 of the Bankruptcy Code Prohibit Parties to a Contract
from Terminating or Modifying Such Contract Against the Debtors**

19.    Section 365(e)(1)(B) of the Bankruptcy Code prohibits the Debtors' contract

counterparties from terminating or modifying such contracts, including any right or obligation

thereunder, solely because of a provision in such contract or lease that is conditioned on (a) the

insolvency or financial condition of any Debtor at any time before the closing of these Chapter 11

Cases; or (b) the commencement of these Chapter 11 Cases.    11 U.S.C. § 365(e)(1)(B).

Section 365 of the Bankruptcy Code also prohibits third parties, absent court approval, from

enforcing the terms of a contract against the Debtors.  *See NLRB v. Bildisco & Bildisco*, 465

U.S. 513, 531-32 (1984).    Thus, section 365(e) of the Bankruptcy Code invalidates so-called

contractual *ipso facto* provisions that provide for the termination of a contract based solely upon a

party's insolvency, financial condition, or commencement of a chapter 11 case.

20.    Similarly, provisions in agreements, transfer instruments, or applicable

non-bankruptcy law are unenforceable if any such provision "restricts or conditions transfer of

such interest by the debtor" or:

> is conditioned on the insolvency or financial condition of the debtor,
> on the commencement of a case under this title, or on the
> appointment of or taking possession by a trustee in a case under this
> title or a custodian before such commencement, and that effects or
> gives an option to effect a forfeiture, modification, or termination of
> the debtor's interest in property.

11 U.S.C. § 541(c)(1).

21.    Courts have held that the automatic stay under section 362 of the Bankruptcy Code

precludes non-debtor parties from unilaterally terminating contracts with debtors absent a court

order.  *See In re Calpine Corp.*, No. 06-10678, 2009 Bankr. LEXIS 1041, at *15 (Bankr. S.D.N.Y.

May 7, 2009).  Moreover, "[c]ourts have consistently held that contract rights are property of the

estate."  *In re Enron Corp.*, 300 B.R. 201, 212 (Bankr. S.D.N.Y. 2003) (quoting *Elder-Beerman*

*Stores Corp. v. Thomasville Furniture Indus., Inc. (In re Elder-Beerman Stores Corp.)*, 195 B.R.

1019, 1023 (Bankr. S.D. Ohio 1996)).  As noted above, section 362 of the Bankruptcy Code

prohibits third parties from exercising control over property of the estate. 11 U.S.C. § 362(a).

Accordingly, the Bankruptcy Code prohibits third parties from modifying or terminating contracts

absent court approval, subject to certain express statutory exceptions.  *See, e.g.*, *Bildisco*, 465

U.S. at 532 (holding that while the debtor may enforce the terms of the contract against the creditor,

the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to

assumption by the debtor).

22.     Nevertheless, the Debtors believe that, upon learning of the commencement of

these Chapter 11 Cases, their executory contract counterparties outside of the United States may

seek to terminate such executory contracts pursuant to bankruptcy termination provisions

contained therein, the enforcement of which would be in direct violation of the Bankruptcy Code.

Any such action would harm the Debtors' operations and potentially jeopardize their

reorganization efforts.  Accordingly, the Debtors believe a court order is necessary to ensure the

continuation of the Debtors' contracts.

### III.    Section 525 of the Bankruptcy Code Prohibits Governmental Units from Discriminating Against the Debtors

23.     Section 525 of the Bankruptcy Code prohibits governmental units from, among

other things:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter,

franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the

Debtors; or (c) discriminating against the Debtors with respect to such a grant solely on account

of (i) the commencement of these Chapter 11 Cases; (ii) the Debtors' insolvency; or (iii) the fact

that the Debtors have not paid a debt that is dischargeable in these Chapter 11 Cases.  11 U.S.C.

§ 525(a); *see also FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 307 (2003) ("The

government is not to revoke a bankruptcy debtor's license [under section 525(a) of the Bankruptcy

Code] solely because of a failure to pay his debts.").

24.     In light of the global nature of the Debtors' businesses, the Debtors are subject to

regulation and oversight by both domestic and foreign governmental units.  Certain of the foreign

governmental units may not be cognizant of the protections afforded to the Debtors by section 525

of the Bankruptcy Code and, therefore, may inadvertently contravene its provisions.  By this

Motion, the Debtors seek to ensure that governmental units, both domestic and abroad, do not

hamper the Debtors' operations in contravention of the protections of section 525 of the

Bankruptcy Code.

25.     Moreover, the Debtors, through entry of the Proposed Order and service of the

Proposed Debtor Notice attached as **Exhibit 1** thereto, seek to reinforce and inform such

governmental entities and other parties in interest of the existence and implications of sections 362,

365, 541, and 525 of the Bankruptcy Code.

**B.    PROVIDING NOTICE TO THE NON-DEBTOR AFFILIATES' FOREIGN PARTIES IN INTEREST IS NECESSARY TO THE DEBTORS' REORGANIZATION**

26.     As noted above, the Non-Debtor Affiliates also maintain international operations

and conduct business with many foreign parties in interest worldwide, who may not be familiar

with the Bankruptcy Code nor U.S. bankruptcy proceedings and may be unaware that the

Non-Debtor Affiliates are excluded from these Chapter 11 Cases.  The Debtors believe it is

imperative to communicate to the Non-Debtor Affiliates' foreign parties in interest that the

Non-Debtor Affiliates are not included in these Chapter 11 Cases and, thus, are not subject to this Court's supervision nor the provisions of the Bankruptcy Code.

27.    The Debtors fear some third parties may be hesitant or, worse yet, refuse to conduct business with Non-Debtor Affiliates under the mistaken assumption that the Non-Debtor Affiliates are debtors in these Chapter 11 Cases, which would likely impede or impair the operations of the Non-Debtor Affiliates abroad.  Given that the Debtors and the Non-Debtor Affiliates rely on intercompany relationships to facilitate the Company's global business, any disruption to the Non-Debtor Affiliates' operations would impact the Debtors' operations and, thus, the Debtors' reorganization efforts.  The Debtors believe that clarifying to foreign parties in interest that the Non-Debtor Affiliates are not debtors in these Chapter 11 Cases (and, accordingly, not subject to this Court's supervision nor the provisions of the Bankruptcy Code) by providing such parties in interest with the Proposed Non-Debtor Notice, substantially in the form attached as **Exhibit 2** to the Proposed Order, will sustain the confidence of, and the Company's continuing business relationships with, the parties in interest of the Non-Debtor Affiliates.

## C.    THE RELIEF REQUESTED SHOULD BE GRANTED UNDER SECTION 105(A) OF THE BANKRUPTCY CODE

28.    Section 105(a) of the Bankruptcy Code authorizes this Court to grant the Proposed Order and approve the Proposed Debtor Notice and Proposed Non-Debtor Notice.  Section 105(a) vests in this Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction.  *See, e.g.*, *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986); *MacArthur Co. v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 837 F.2d 89, 93 (2d Cir. 1988).

29.     Although sections 362, 365, 525, and 541 of the Bankruptcy Code are self-executing, entry of the Proposed Order and service of the Proposed Debtor Notice and the Proposed Non-Debtor Notice will aid the Debtors in explaining to their creditors, particularly their foreign creditors, the existence and broad scope of these protections and their applicability to (a) the Debtors and Non-Debtor Affiliates and (b) their respective creditors and other parties in interest.  Specifically, it will help ensure that:  (a) creditors are less likely to seize the Debtors' assets or take other actions violating the automatic stay; (b) parties to executory contracts with the Debtors continue to perform their duties and obligations thereunder; (c) governmental units do not unfairly discriminate or take action against the Debtors in violation of the Bankruptcy Code; and (d) the business relationships of foreign parties with the Non-Debtor Affiliates are not unnecessarily impeded or ceased altogether.  As such, the relief requested herein will facilitate the Debtors' orderly transition into chapter 11 and minimize the disruption of their businesses.

30.     Accordingly, the Debtors request that this Court grant the Proposed Order, which substantially restates the applicable provisions of sections 362, 365, 525, and 541 of the Bankruptcy Code, and approves the Proposed Debtor Notice and Proposed Non-Debtor Notice.  In addition, given the vulnerability of the Debtors' operations to immediate disruption if parties violate these provisions of the Bankruptcy Code, the Debtors seek authority to immediately serve or file a notice of a party's violation of the Bankruptcy Code.

**D.    PRECEDENT CASES SUPPORT GRANT OF THE REQUESTED RELIEF**

31.     The relief requested in this Motion is similar to relief granted by numerous courts, including this Court in other chapter 11 cases in this district.  *See*, *e.g.*, *In re Lumileds Holding B.V.*, Case No. 22-11155 (LGB) (Bankr. S.D.N.Y. Aug. 31, 2022) [Docket No. 71] (entering order restating and enforcing the protections of sections 362 and 525 of the Bankruptcy Code); *In re Endo International plc*, Case No. 22-22549 (JLG) (Bankr. S.D.N.Y Aug 19, 2022) [Docket No.

88] (same); *In re Toisa Ltd.*, Case No. 17-10184 (SCC) (Bankr. S.D.N.Y. Jan. 30, 2017) [Docket No. 14] (same); *In re Ezra Holdings, Ltd.*, Case No. 17-22405 (RDD) (Bankr. S.D.N.Y. March 27, 2017) [Docket No. 28] (same); *In re NII Holding, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) [Docket No. 29] (same); *In re Nautilus Holdings Ltd.*, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014) [Docket No. 30] (same); *In re Excel Marine Carriers Ltd.*, Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. July 3, 2013) [Docket No. 34] (same).[5]

## **RESERVATION OF RIGHTS**

32.    Nothing in this Motion shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If this Court enters any order granting the relief sought herein, any payment made pursuant to such order is not intended

---

[5]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders, however, are available on request.

and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## MOTION PRACTICE

33.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

34.    Notice of this Motion will be given to:  (a) the United States Trustee for Region 2; (b) Milbank LLP as counsel to the First Lien Ad Hoc Group; (c) the administrative agent and collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the indenture trustees for the Notes; (g) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) the United States Attorney's Office for the Southern District of New York; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; and (k) all parties entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that, under the circumstances, no other or further notice is required.

35.    A copy of this Motion is available from (a) this Court's website, www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

## NO PRIOR MOTION

36.    The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order

granting the relief requested in this Motion and such other and further relief as may be just and

proper.

**LATHAM & WATKINS LLP**

Dated:    July 25, 2024                    By:    */s/ George A. Davis*
        New York, New York            George A. Davis
                                      George Klidonas
                                      Anupama Yerramalli
                                      Randall C. Weber-Levine
                                      Scott Yousey
                                      1271 Avenue of the Americas
                                      New York, NY 10020
                                      Telephone: (212) 906-1200
                                      Facsimile: (212) 751-4864
                                      Email:  george.davis@lw.com
                                              george.klidonas@lw.com
                                              anu.yerramalli@lw.com
                                              randall.weber-levine@lw.com
                                              scott.yousey@lw.com

                                    *Proposed Counsel to the Debtors and Debtors in*
                                    *Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

### ORDER (A) ENFORCING AND RESTATING SECTIONS 362, 365, 525, AND 541 OF THE BANKRUPTCY CODE; (B) APPROVING FORM AND MANNER OF NOTICE TO FOREIGN PARTIES IN INTEREST OF THE DEBTORS; (C) APPROVING FORM AND MANNER OF NOTICE TO FOREIGN PARTIES IN INTEREST OF THE NON-DEBTOR AFFILIATES; AND (D) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[2] of the Debtors for an order (this "***Order***"):  (a) enforcing and restating the automatic stay provisions of section 362 of the Bankruptcy Code, the anti-termination and anti-modification provisions of section 365 of the Bankruptcy Code, the anti-discrimination provisions of section 525 of the Bankruptcy Code, and the anti-*ipso facto* provision of section 541(c) of the Bankruptcy Code; (b) approving the form and manner of notice, substantially in the form attached as **Exhibit 1** hereto (the "***Proposed Debtor Notice***"), to foreign parties in interest of the Debtors, confirming that the Debtors are subject to the supervision of the Bankruptcy Court and the protections of the Bankruptcy Code, including the foregoing provisions; (c) approving the form and manner of notice, substantially in the form attached as **Exhibit 2** hereto (the "***Proposed Non-Debtor Notice***"), to foreign parties in interest of the Non-Debtor Affiliates, confirming that the Non-Debtor Affiliates are not debtors in these Chapter 11 Cases and, thus, are

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

not subject to the supervision of the Bankruptcy Court nor the provisions of the Bankruptcy Code

that are the subject of the Motion; and (d) granting related relief; and this Court having reviewed

the Motion and the First Day Declarations; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties in interest; and this Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

*of Reference from the United States District Court for the Southern District of New York*, dated

January 31, 2012; and consideration of the Motion and the relief requested therein being a core

proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order

consistent with Article III of the United States Constitution; and venue being proper before this

Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and a hearing having been

held to consider the relief requested in the Motion (the "***Hearing***"); and upon the First Day

Declarations and the record of the Hearing and all the proceedings before this Court; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      All objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.      Subject to any relevant provisions or exceptions to the automatic stay contained in

section 362(b) of the Bankruptcy Code and applicable law, and the right of any party in interest to

seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all

persons (including individuals, partnerships, corporations, and other entities, and all those acting

on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign jurisdiction (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf), are hereby stayed, restrained, and enjoined from:

(a)    commencing or continuing any judicial, administrative, or other action or proceeding (including, but not limited to, any bankruptcy, liquidation, suspension of payments, or any and all other similar proceedings in a foreign jurisdiction) against the Debtors that was or could have been commenced before the Petition Date, or an act to recover a claim against the Debtors that arose before the Petition Date;

(b)    taking any action to collect, assess, or recover a claim against the Debtors that arose before the Petition Date;

(c)    enforcing a judgment or order obtained before the Petition Date against the Debtors or against property of their estates, whether located in the United States or in any foreign jurisdiction;

(d)    taking any action to obtain possession of property of the Debtors' estates or to exercise control over property of their estates wherever located in the United States or in any foreign jurisdiction, or interfere in any way with the conduct by the Debtors of their businesses, including (without limitation) attempts to interfere with contract rights or seize or reclaim any equipment, supplies, or other assets the Debtors use in their businesses;

(e)    taking any action to create, perfect, or enforce any lien against property of any of the Debtors' estates;

(f)    taking any action to create, perfect, or enforce any lien to the extent that such lien secures a claim that arose before the Petition Date;

(g)    the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine; and

(h)    offsetting any debt owing to any of the Debtors that arose before the Petition Date.

4.    All persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from in any way seizing, attaching,

US-DOCS\151682853.16

foreclosing upon, levying against, or in any other way interfering with any and all property (including, for the avoidance of doubt, any contract rights) of any of the Debtors, wherever located.

5.      Pursuant to and to the extent set forth in section 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions in the Bankruptcy Code and applicable law, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on (a) the insolvency or financial condition of any Debtor at any time before the closing of these Chapter 11 Cases; or (b) the commencement of these Chapter 11 Cases.

6.      Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, and subject to any relevant provisions or exceptions in the Bankruptcy Code and applicable law, a foreign or domestic governmental unit may not:  (a) deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors; (b) place conditions upon such a grant to the Debtors; or (c) discriminate against the Debtors with respect to such a grant, on account of (i) the commencement of these Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in these Chapter 11 Cases.

7.      Pursuant to and to the extent set forth in section 541(c) of the Bankruptcy Code, and subject to any relevant provisions or exceptions in the Bankruptcy Code and applicable law, any interest of the Debtors in property becomes property of the estates, notwithstanding any provision in any agreement, transfer instrument, or applicable non-bankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors, or (b) is conditioned on the

4

insolvency or financial condition of the Debtors or on the commencement of these Chapter 11 Cases, and that effectuates or gives an option to effectuate a forfeiture, modification, or termination of the Debtors' interest in property.

8.     This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under, section 362, 365, 525, and 541 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

9.     The Debtors are authorized, but not directed, to provide notice to parties of these Chapter 11 Cases and a list of Debtors and Non-Debtor Affiliates.  The Debtors are authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, or any other materials filed in these Chapter 11 Cases to any foreign party in interest at the Debtors' discretion.

10.     Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

11.     In accordance with the Bankruptcy Code, the Bankruptcy Rules, and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to terminate, annul, modify, or condition the injunctive relief herein.

12.     The form of the Proposed Debtor Notice, attached as **<u>Exhibit 1</u>** hereto, is approved. The Debtors are authorized, but not directed, to serve the Proposed Debtor Notice upon the Debtors' creditors, governmental units, or other regulatory authorities, and/or interested parties wherever located.

13.     The form of the Proposed Non-Debtor Notice, attached as **<u>Exhibit 2</u>** hereto, is approved.  The Debtors are authorized, but not directed, to serve the Proposed Non-Debtor Notice

US-DOCS\151682853.16

upon the Non-Debtor Affiliates' creditors, governmental units, or other regulatory authorities, and/or interested parties wherever located.

14.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated:_____, 2024

_____
UNITED STATES BANKRUPTCY JUDGE

US-DOCS\151682853.16

## **<u>EXHIBIT 1</u>**

**Proposed Debtor Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

### NOTICE TO DEBTORS' FOREIGN PARTIES IN INTEREST
### OF ENTRY OF ORDER ENFORCING AND RESTATING
### SECTIONS 362, 365, 525, AND 541 OF THE BANKRUPTCY CODE

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A FOREIGN CUSTOMER, VENDOR, OR OTHER PARTY IN INTEREST OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT WITH AN ATTORNEY IF YOU HAVE ANY QUESTIONS.**

**PLEASE TAKE NOTICE** that the debtors in possession (the "***Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Court***") on July 25, 2024 (the "***Petition Date***"). The Chapter 11 Cases are pending before the Honorable Judge [ ● ], United States Bankruptcy Judge, and are being jointly administered under the lead case *In re 2U Inc.*, et al., Case No. 24-[ ● ] ([ ● ]). The Debtors are listed on **Exhibit A** annexed hereto.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating,

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

statutory stay or injunction, applicable to all entities, and protects the Debtors from, among other

things:

(a)    commencing or continuing any judicial, administrative, or other action or proceeding (including, but not limited to, any bankruptcy, liquidation, suspension of payments, or any and all other similar proceedings in a foreign jurisdiction) against the Debtors that was or could have been commenced before the Petition Date, or an act to recover a claim against the Debtors that arose before the Petition Date;

(b)    taking any action to collect, assess, or recover a claim against the Debtors that arose before the Petition Date;

(c)    enforcing a judgment or order obtained before the Petition Date against the Debtors or against property of their estates, whether located in the United States or in any foreign jurisdiction;

(d)    taking any action to obtain possession of property of the Debtors' estates or to exercise control over property of their estates wherever located in the United States or in any foreign jurisdiction, or interfere in any way with the conduct by the Debtors of their businesses, including (without limitation) attempts to interfere with contract rights or seize or reclaim any equipment, supplies, or other assets the Debtors use in their businesses;

(e)    taking any action to create, perfect, or enforce any lien against property of any of the Debtors' estates;

(f)    taking any action to create, perfect, or enforce any lien to the extent that such lien secures a claim that arose before the Petition Date;

(g)    the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine; and

(h)    offsetting any debt owing to any of the Debtors that arose before the Petition Date.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (A) Enforcing and Restating Sections 362, 365, 525, and 541 of the Bankruptcy Code; (B) Approving Form and Manner of Notice to Non U.S. Parties in Interest of the Debtors; (C) Approving Form and Manner*

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party in the Chapter 11 Cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

*of Notice to Non U.S. Parties in Interest of the Non-Debtor Affiliates; and (D) Granting Related Relief* (the "**Order**") [Docket No. [ ● ]], entered on [ ● ], 2024, and attached hereto as **Exhibit B**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), including persons party to a contract or agreement with the Debtors and governmental units, whether of the United States, any state or locality therein, or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims, interests, causes of action, or other legal or equitable remedies, or otherwise exercise any rights in law or equity, against the Debtors or their estates must do so in front of the Court pursuant to the Bankruptcy Code and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, and to the extent provided in section 525 of the Bankruptcy Code, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, and to the extent provided in section 365 of the Bankruptcy Code, parties to contracts or agreements with the

Debtors are prohibited from terminating such contracts or agreements because of a Debtors' bankruptcy filing, except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Bankruptcy Rule 9020, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law, including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by: (a) accessing the Debtors' publicly available website providing information regarding the Chapter 11 Cases, located online at https://dm.epiq11.com/2U; or (b) contacting the below proposed counsel for the Debtors.

**LATHAM & WATKINS LLP**

Dated:    [ ● ], 2024       By:    _____
        New York, New York       George A. Davis
                              George Klidonas
                              Anupama Yerramalli
                              Randall C. Weber-Levine
                              Scott Yousey
                              1271 Avenue of the Americas
                              New York, NY 10020
                              Telephone: (212) 906-1200
                              Facsimile: (212) 751-4864
                              Email:  george.davis@lw.com
                                            george.klidonas@lw.com
                                          anu.yerramalli@lw.com
                                          randall.weber-levine@lw.com
                                          scott.yousey@lw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**List of Debtors**

| | |
|---|---|
| 1. | 2U, Inc. |
| 2. | edX LLC |
| 3. | 2U GetSmarter, LLC |
| 4. | 2U Harkins Road LLC |
| 5. | 2U NYC, LLC |
| 6. | 2U KEIH Holdco, LLC |
| 7. | CritiqueIt, Inc. |
| 8. | edX Boot Camps LLC |
| 9. | 2U GetSmarter (US), LLC |

**<u>EXHIBIT B</u>**

**Order**

## **EXHIBIT 2**

**Proposed Non-Debtor Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE TO FOREIGN PARTIES IN INTEREST**
**OF THE DEBTORS' NON-DEBTOR AFFILIATES**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A FOREIGN PARTY IN INTEREST OF THE NON-DEBTOR AFFILIATES OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT WITH AN ATTORNEY IF YOU HAVE ANY QUESTIONS.**

**PLEASE TAKE NOTICE** that the debtors in possession (the "***Debtors***") in the above-captioned case (the "***Chapter 11 Cases***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Court***") on July 25, 2024 (the "***Petition Date***"). The Chapter 11 Cases are pending before the Honorable Judge [ ● ], United States Bankruptcy Judge, and are being jointly administered under the lead case *In re 2U Inc., et al.,* Case No. 24-[ ● ] ([ ● ]).

**PLEASE TAKE FURTHER NOTICE** that ___***ONLY***___ the Debtors in the Chapter 11 Cases are subject to the supervision of the Court and the protections of the Bankruptcy Code. Certain of the Debtors' domestic and foreign affiliates have ___***NOT FILED FOR CHAPTER 11 PROTECTION***___ (the "***Non-Debtor Affiliates***") and are ___***NOT***___ subject to the supervision of the Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

nor the provisions of the Bankruptcy Code.  The Non-Debtor Affiliates are listed on **Exhibit A** hereto.  Accordingly, your relationship with the Non-Debtor Affiliates is not subject to the supervision of the Court nor the provisions of the Bankruptcy Code.

  **PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by: (a) accessing the Debtors' publicly available website providing information regarding the Chapter 11 Cases, located online at https://dm.epiq11.com/2U; or (b) contacting the below proposed counsel for the Debtors.

**LATHAM & WATKINS LLP**

Dated:    [ ● ], 2024
      New York, New York

By:    _____
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  george.davis@lw.com
        george.klidonas@lw.com
        anu.yerramalli@lw.com
        randall.weber-levine@lw.com
        scott.yousey@lw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**List of Non-Debtor Affiliates**

| Foreign Entities That Are **NOT** Chapter 11 Debtors | |
|---|---|
| 1. | 2U GetSmarter (UK) Limited |
| 2. | 2U Group (UK) Limited |
| 3. | edX Boot Camps (Australia) Pty Limited |
| 4. | edX Boot Camps (Canada) ULC |
| 5. | edX Boot Camps (Germany) GmbH |
| 6. | edX Boot Camps (UK) Limited |
| 7. | edX Boot Camps Mexico S. de R.L. de C.V. |
| 8. | Get Educated International Proprietary Limited |
| 9. | Get Educated Proprietary Limited |
| 10. | GetSmarter Online Ltd. |
| 11. | K2017143886 Proprietary Limited |
| Domestic Entities That Are **NOT** Chapter 11 Debtors | |
| 1. | 2U HK LLC |
| 2. | TES, Inc. |
| 3. | TES, LLC |
| 4. | TESI Merger Sub, Inc. |