**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

<div align="center">

**MOTION OF DEBTORS FOR INTERIM AND FINAL
ORDERS (A) ESTABLISHING NOTIFICATION AND HEARING
PROCEDURES ON CERTAIN TRANSFERS OF INTERESTS IN,
AND CLAIMS AGAINST, THE DEBTORS, AND CLAIMS OF CERTAIN
WORTHLESS STOCK DEDUCTIONS; AND (B) GRANTING RELATED RELIEF**

</div>

The debtors in possession (collectively, the "***Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***") hereby file this motion (this "***Motion***") and respectfully state as follows:

<div align="center">

**RELIEF REQUESTED**

</div>

1.    By this Motion, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as, respectively, **Exhibit A** (the "***Proposed Interim Order***") and

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

**Exhibit B** (the "***Proposed Final Order***" and, together with the Proposed Interim Order, the "***Proposed Orders***"): (a) establishing notification and hearing procedures that must be complied with before certain transfers of interests in, and claims against, the Debtors are deemed effective, and certain worthless stock deductions with respect to equity securities of the Debtors can be taken, in order to protect the potential value of the Debtors' federal consolidated net operating losses (the "***NOLs***"), carryforwards of disallowed business interest expense under section 163(j) of title 26 of the United States Code (the "***Tax Code***"), and other tax benefits (collectively, the "***Tax Attributes***"); and (b) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (this "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal predicates for the relief requested herein are sections 105(a), 362, and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Bankruptcy Rules 3001, 3002, 6003, 6004, and 9014, and rule 9013-1(f) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***").

## **BACKGROUND**

5.      The Debtors comprise a leading online education technology company providing over eighty million people worldwide with access to high-quality education, including graduate, undergraduate, and non-degree programs.  Through a comprehensive platform, the Debtors enable non-profit universities and colleges to offer a wide range of online courses and programs.  These span diverse fields such as artificial intelligence, data science, business, healthcare, and education, with over 4,600 programs accessible on the Debtors' platform, edX.org, which provides learners with essential information on admissions, enrollment requirements, application processes, curriculum, tuition, and completion times.  By consolidating a vast array of educational offerings on a single platform, the Debtors offer flexible and affordable pathways for achieving professional and educational goals.  Although operations are predominantly remote, the majority of the Debtors' revenue flows into New York, where the Debtors hold their primary bank accounts, and where they collaborate with prestigious institutions of higher education (many of which are located here in New York City, including New York University, Columbia University, and Fordham University), enhancing their reach and impact within the city and state.

6.      On the date hereof (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing these Chapter 11 Cases.  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested, and no committee has been appointed in these Chapter 11 Cases.

7.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Matthew Norden, Chief Legal Officer and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions* (the "***Norden Declaration***") and the

3

*Declaration of William Kocovski in Support of Chapter 11 Petitions and First Day Motions* (the

"***Kocovski Declaration***" and, together with the Norden Declaration, the "***First Day Declarations***")

filed contemporaneously herewith, which are fully incorporated herein by reference.[2]

8.      These Chapter 11 Cases are "prepackaged" cases commenced for the purpose of

implementing an agreed restructuring of the Debtors' debt.  Prior to the Petition Date, the Debtors

entered into the Restructuring Support Agreement, dated as of July 24, 2024 (as may be amended,

modified or supplemented, the "***Restructuring Support Agreement***") with certain creditors

including (a) an ad hoc group of certain holders (the "***Ad Hoc Noteholder Group***") of 2.25%

convertible senior notes due May 1, 2025, issued under that certain Indenture, dated as of April

23, 2020 (the "***2025 Notes***") and 4.50% senior unsecured convertible notes due February 1, 2030,

issued under that certain Indenture, dated as of January 11, 2023 (the "***2030 Notes***" and, together

with the 2025 Notes, the "***Notes***") represented by Weil, Gotshal & Manges LLP, (b) Greenvale

Capital LLP ("***Greenvale***" and, together with the Ad Hoc Noteholder Group, the "***Consenting***

***Noteholders***") as holder of the Notes represented by Schulte Roth & Zabel LLP, and (c) an ad hoc

group of certain First Lien Lenders (the "***First Lien Ad Hoc Group***" and, together with the

Consenting Noteholders, the "***Consenting Stakeholders***") represented by Milbank LLP.  As of

July 24, 2024, the Consenting Stakeholders held approximately 82% of the Debtors' first lien

funded debt, 86.9% of the 2025 Notes, and 95.2% of the 2030 Notes.

9.      On the Petition Date, the Debtors filed a plan of reorganization reflecting the terms

of the Restructuring Support Agreement (as may be amended, modified or supplemented, the

"***Plan***") in addition to a disclosure statement with respect to the Plan (as may be amended,

modified or supplemented, the "***Disclosure Statement***").  The Plan contemplates that all Allowed

---

[2]      Capitalized terms used, but not defined in this Motion have the meanings ascribed to them in the First Day
Declarations.

General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired.[3]

10.    Prior to the Petition Date, the Debtors commenced solicitation of votes on the Plan from holders of Class 3 First Lien Claims and Class 4 Unsecured Notes Claims (each as defined in the Plan), the only classes entitled to vote under the Plan. Subject to this Court's approval, votes with respect to the Plan are due on August 21, 2024. On the Petition Date, the Debtors filed a motion seeking, among other things, (a) conditional approval of the Disclosure Statement, and (b) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan. The Debtors seek to obtain confirmation of the Plan as quickly as this Court's schedule and requisite notice periods will permit.

## DEBTORS' TAX ATTRIBUTES

11.    The Debtors possess certain Tax Attributes, including, as of December 31, 2023, (a) NOL carryforwards of approximately $830 million, and (b) carryforwards of disallowed business interest expense of approximately $175 million. The Debtors expect to generate additional amounts of Tax Attributes prior to the Effective Date (as defined in the Plan) in the 2024 taxable year. The Tax Attributes are valuable assets of the Debtors' estates. The Tax Code generally permits a corporation to carry forward its NOLs and disallowed business interest expense to reduce taxable income, thereby reducing the corporation's tax liability in future periods. *See* 26 U.S.C. §§ 163(j) and 172. Accordingly, absent any existing or intervening limitations and depending on future operating results, the Tax Attributes could significantly reduce the Debtors' U.S. federal income tax liability for current and future periods, including by offsetting any taxable

---

[3]    Contemporaneously with filing this Motion, the Debtors are filing a motion to seek this Court's authorization to reject certain unexpired commercial real property leases.

income that may result from transactions completed in connection with the Debtors' Plan. The Tax Attributes could therefore translate into future tax savings over time, which savings could substantially enhance the Debtors' value and contribute to the Debtors' restructuring efforts.

## A.    POTENTIAL LIMITATIONS ON USE OF THE DEBTORS TAX ATTRIBUTES

12.    The Debtors' ability to utilize the Tax Attributes to reduce future tax liability is subject to certain potential statutory limitations. Section 382 of the Tax Code limits the amount of U.S. federal taxable income that can be offset by a corporation's NOL carryforwards and carryforwards of disallowed business interest expense once that corporation has undergone an "ownership change" within the meaning of section 382 of the Tax Code (an "*Ownership Change*"). Pursuant to section 382 of the Tax Code, an Ownership Change generally occurs when the percentage of a corporation's equity held by one or more of its "5-percent shareholders" (each, as that term is used in section 382 of the Tax Code, a "*5-Percent Shareholder*") increases by more than fifty (50) percentage points above the lowest percentage of the corporation's equity owned by that shareholder(s) at any time during the relevant testing period (usually three years). *See id.* § 382(g).

13.    Similarly, an Ownership Change will occur if a 50-percent shareholder (which includes a shareholder who owns or owned, for federal or state income tax purposes, at least fifty percent (50%) of the stock at any time during the applicable three-year period) makes a claim of worthlessness under section 165(g) of the Tax Code with respect to common stock of 2U, Inc. (the "*2U Stock*," and such claim of worthlessness, a "*Worthless Stock Deduction*"). Section 382(g)(4)(D) of the Tax Code generally provides that if (a) a 50-percent shareholder in a corporation claims a worthless stock deduction for any taxable year, and (b) the 50-percent shareholder continues to hold the stock for which such worthless stock deduction was taken at the end of the taxable year, then the shareholder is treated as having acquired such stock on the first

6

day of the shareholder's next taxable year and is treated as never having owned such stock prior thereto for purposes of testing whether an Ownership Change has occurred. Thus, an Ownership Change occurs where a 50-percent shareholder claims a Worthless Stock Deduction.

14.    The Debtors believe that they have significant Tax Attributes that would be adversely affected by the occurrence of an Ownership Change during these Chapter 11 Cases. If an Ownership Change occurs, the availability and value the Tax Attributes would be severely limited or eliminated. Therefore, it is in the best interests of the Debtors and their stakeholders to restrict both the trading of 2U Stock and any claim of a Worthless Stock Deduction that could result in an Ownership Change *before* the effective date of a chapter 11 plan. Such a restriction would protect the Debtors' ability to use the Tax Attributes during these Chapter 11 Cases, in connection with a reorganization transaction, and in taxable years following emergence.

15.    In addition, the Plan involves the issuance of new common stock in 2U, Inc. (or any successor to 2U, Inc.) and the distribution of such stock to certain creditors in satisfaction, in whole or in part, of their respective claims (each, as defined in section 101(5) of the Bankruptcy Code, a "***Claim***") against the Debtors. This issuance and distribution is expected to result in an Ownership Change. Accordingly, the Debtors expect to seek to avail themselves of, and currently expect to qualify for, special relief afforded by section 382(l)(5) of the Tax Code for changes in ownership under a confirmed chapter 11 plan. Such relief, however, may not be available if the trading and accumulation of Claims prior to the effective date of a chapter 11 plan is left unrestricted. Therefore, it is in the best interests of the Debtors and their stakeholders to restrict the trading of certain Claims against the Debtors that could impair the Debtors' ability to qualify for the relief afforded by section 382(l)(5) of the Tax Code.

**B.    PROPOSED PROCEDURES APPLICABLE TO 2U STOCK**

16.    By establishing procedures for monitoring the transfer of, and claims of Worthless Stock Deductions by a Majority Stockholder (as defined below) with respect to, 2U Stock (including indirect ownership of, and options or similar rights (within the meaning of applicable Treasury Regulations (as defined below)) to acquire 2U Stock (the "***Options***")), the Debtors can preserve their ability to seek necessary relief if it appears that any such transfers or claims may jeopardize the Debtors' ability to utilize their Tax Attributes.  Accordingly, by this Motion, the Debtors seek entry of the Proposed Orders establishing the below procedures (the "***Stock Procedures***") in order to monitor and potentially restrict acquisitions, dispositions and trading of 2U Stock, as well as claims of Worthless Stock Deductions by any Majority Stockholder (as defined below):

I.    **Definitions:**  For purposes of these Stock Procedures, the following terms have the following meanings:

a.    "***Beneficial ownership***" of 2U Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, Treasury Regulations, and rulings issued by the Internal Revenue Service (the "***IRS***"), and thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of 2U Stock.

b.    "***Disclosure Parties***" means (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and

8

Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

c. "*Entity*" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "*Treasury Regulations*"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of 2U Stock.

d. "*Majority Stockholder*" means (i) any person or Entity that beneficially owns at least 1,429,186 shares of 2U Stock (representing approximately 50% of all issued and outstanding shares of 2U Stock), or (ii) any person that would be a "*50-percent shareholder*" (within the meaning of section 382(g)(4)(D) of the Tax Code) with respect to its beneficial ownership of 2U Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

e. "*Substantial Stockholder*" means any person or Entity that beneficially owns at least 135,772 shares of 2U Stock (representing approximately 4.75% of all issued and outstanding shares of 2U Stock).

f. "*Worthless Stock Deduction*" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165(g) of the Tax Code with respect to beneficial ownership of 2U Stock.

## II.    Proposed Procedures for Trading 2U Stock and Options

a. Any purchase, sale, or other transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

b. Any person or Entity that now or hereafter beneficially owns 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibits A-1** and **B-1** attached to

the Proposed Orders, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Stockholder.  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

c.  At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) that would result in an increase in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity becoming a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibits A-2** and **B-2** attached to the Proposed Orders, of the intended transfer of beneficial ownership of 2U Stock.  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

d.  At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire such 2U Stock) that would result in a decrease in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity ceasing to be a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibits A-3** and **B-3** attached to the Proposed Orders, of the intended transfer of beneficial ownership of 2U Stock (the notices required to be filed and served under paragraph (c) and this paragraph (d) are each a "***Notice of Proposed Equity Transfer***").  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

e.  The Debtors and the Required Consenting Noteholders (as defined in the Plan) shall have 10 calendar days after receipt of a Notice of Proposed Equity Transfer to file with this Court and serve on the applicable Substantial Stockholder an objection to the proposed transfer of beneficial ownership described in the Notice of Proposed Equity Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.   If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed

solely as set forth in the Notice of Proposed Equity Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

f. The Debtors may, with the reasonable consent of the Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures contained in the Stock Procedures.

### III.    Proposed Procedures for Claiming a Worthless Stock Deduction

a. Any Worthless Stock Deduction in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

b. Any person or Entity that currently is or becomes a Majority Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibits A-4** and **B-4** attached to the Proposed Orders, on or before the later of (i) 20 calendar days after the date of the Notice of Interim Order (as defined below) and (ii) 10 calendar days after becoming a Majority Stockholder. At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

c. At least 14 calendar days prior to filing any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibits A-5** and **B-5** attached to the Proposed Orders (a "***Notice of Intent to Claim a Worthless Stock Deduction***"), of the intended Worthless Stock Deduction. At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

d. The Debtors and the Required Consenting Noteholders will have 10 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such Majority Stockholder an objection to any proposed Worthless Stock Deduction described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or the Required Consenting Noteholders file an objection, such Worthless Stock Deduction will not be effective unless approved by a final and non-appealable

order of this Court.    If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such Worthless Stock Deduction may proceed solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.   Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

e.  The Debtors may, with the reasonable consent of the Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures contained in the Stock Procedures.

**PROPOSED PROCEDURES APPLICABLE TO CLAIMS**

17.    As set forth in the Disclosure Statement, the Debtors have determined that the reorganized Debtors will likely qualify for and benefit from the application of section 382(l)(5) of the Tax Code and reasonably anticipate that the reorganized Debtors (or any successors thereto) (the "***Post-Emergence 2U***") will avail themselves of that relief.  Accordingly, by this Motion, the Debtors seek entry of the Proposed Orders, establishing the below procedures (the "***Claims Procedures***" and, together with the Stock Procedures, the "***Procedures***") in order to monitor and potentially restrict the trading and accumulation of Unsecured Notes Claims (as defined in the Claims Procedures) against the Debtors, which Claims Procedures are expected to allow the Debtors to preserve their ability to seek necessary relief if it appears that any acquisitions or dispositions of Unsecured Notes Claims would impair the Debtors' ability to utilize the Tax Attributes:

I.    **Definitions:**  For purposes of these Claims Procedures, the following terms have the following meanings:

a.    "***Beneficial ownership***" of a Claim shall be determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims owned or

acquired by its subsidiaries; (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired). For the avoidance of doubt, beneficial ownership of a Claim also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim pursuant to a plan of reorganization or any applicable bankruptcy court order.

b.      "*Unsecured Notes Claims*" means Claims arising under that certain (i) Indenture, dated as of April 23, 2020, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 2.25% Convertible Senior Notes due 2025; and (ii) Indenture, dated as of January 11, 2023, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 4.50% Senior Unsecured Convertible Notes due 2030.

c.      "*Substantial Claimholder*" means any person or Entity that beneficially owns a principal amount equal to or greater than $25,000,000 of Unsecured Notes Claims (representing an amount of Unsecured Notes Claims that would result in such person or Entity to beneficially own approximately 4.75% of 2U Stock immediately after emergence). For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons or Entities must be aggregated when testing for Substantial Claimholder status (for such purpose, a Claim is treated as if it were stock).

## II.    Proposed Claims Procedures

a.      Any purchase, sale, or other transfer of beneficial ownership of Unsecured Notes Claims in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

b.      Any person or entity that currently is or becomes a Substantial Claimholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibits A-6** and **B-6** attached to the Proposed Orders, on or before the later of (i) 20 calendar days after the date of the Notice of Interim Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Claimholder.

c.      At least 14 calendar days prior to effectuating any transfer of beneficial ownership of Unsecured Notes Claims that would result in an increase in the amount of Unsecured Notes Claims beneficially owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder, such Substantial Claimholder shall file with this Court and serve

on proposed counsel to the Debtors advance written notice, in the form of **Exhibits A-7** and **B-7** attached to the Proposed Orders, of the intended transfer of beneficial ownership of Claims (a "***Notice of Proposed Claims Transfer***").

d.    The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Claims Transfer to file with this Court and serve on the applicable Substantial Claimholder an objection to the proposed transfer of beneficial ownership of Unsecured Notes Claims described in the Notice of Proposed Claims Transfer on the grounds that such transfer may adversely affect the Debtors' ability to qualify for the special relief afforded by section 382(l)(5) of the Tax Code.  If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Claims Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

18.    To ensure parties in interest receive appropriate notice of the Procedures, the Debtors request that this Court approve of their proposal to send notices to the Notice Parties (as defined below): (a) substantially in the form attached hereto as **Exhibit A-8** (the "***Notice of Interim Order***"), following entry of the Proposed Interim Order; and (b) substantially in the form attached hereto as **Exhibit B-8** (the "***Notice of Final Order***"), following entry of the Proposed Final Order.

19.    Upon receipt of the Notice of Interim Order or Notice of Final Order, any transfer agent for any 2U Stock or Unsecured Notes Claims shall be required to send such Notice of Interim Order or Notice of Final Order to all holders of 2U Stock or Unsecured Notes Claims registered with such transfer agent (the "***Registered Holders***") no later than five business days after being served with the Notice of Interim Order or Notice of Final Order.   Any such Registered Holder, including the Depository Trust Company, or if any such nominee is serviced by a mailing agent, said mailing agent (collectively, the "***Nominees***"), shall be required, in turn, to provide such Notice of Interim Order to any holder for whose account such Registered Holder holds such 2U Stock or Unsecured Notes Claims.    The Notice of Interim Order will provide information as to

14

the Procedures and include notice of a final hearing and an opportunity to object before entry of

the Proposed Final Order.

## BASIS FOR RELIEF

**A.    THE TAX ATTRIBUTES ARE PROPERTY OF THE DEBTORS' ESTATES AND ARE ENTITLED TO COURT PROTECTION**

20.    Section 541 of the Bankruptcy Code provides that property of the estate comprises,

among other things, "all legal or equitable interests of the debtor in property as of the

commencement of the case."  11 U.S.C. § 541(a)(1).  The Tax Attributes are property of the

Debtors' estates.  *Prudential Lines Inc.*, 928 F.2d 565, 573 (2d Cir. 1991) ("We hold that the right

to a carryforward attributable to its . . . NOL was property of [the debtor's] bankruptcy estate."),

*cert. denied*, 502 U.S. 821 (1991); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling &*

*Stamping Corp.*), 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) (same).  In Prudential Lines, the

Bankruptcy Court for the Southern District of New York enjoined a parent corporation from taking

a worthless stock deduction with respect to its wholly owned debtor subsidiary on the grounds that

doing so would destroy its debtor-subsidiary's NOLs.  In issuing the injunction, the court held that

a "debtor's potential ability to utilize [net operating losses] is property of [the] estate."  107 B.R.

at 838.

21.    Moreover, section 362(a)(3) of the Bankruptcy Code stays "any act [of a person or

entity] to obtain possession of property of the estate or of property from the estate or to exercise

control over property of the estate."  11 U.S.C. § 362(a)(3).  Accordingly, any act of a holder of a

debtor's equity securities that causes the termination or limits use of the NOLs violates the

automatic stay.  *See*, *e.g.*, *Prudential Lines*, 928 F.2d at 574 (holding that causing the termination

of or adversely affecting the value of a debtor's NOL violates the automatic stay); *In re Phar-Mor,*

*Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("the sale of stock is prohibited by § 362(a)(3)

as an exercise of control over the NOL, which is property of the estate."); *In re Grossman's, Inc.*, Case No. 97-695 (PJW) (Bankr. D. Del. Oct. 9, 1997) (noting that the debtors' net operating loss carry-forwards are property of the debtors' estates protected by the automatic stay provisions of the Bankruptcy Code); *In re White Metal Rolling & Stamping Corp.*, 222 B.R, 417, 424 (Bankr. S.D.N.Y, 1998). A bankruptcy court may also issue a permanent injunction to protect a debtor's NOLs pursuant to the court's equitable powers under section 105(a) of the Bankruptcy Code. *Prudential Lines*, 928 F.2d at 574.

22.     Similar to NOLs, other Tax Attributes constitute property of a debtor's estate under section 541 of the Bankruptcy Code, and as such, courts have authority to implement certain protective measures to preserve them as well. *See, e.g., In re Delta Air Lines, Inc.*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (finding that tax credit carryforwards are property of the debtors' estates and subsequently approving notification procedures and restrictions on certain transfers of claims against and interests in the debtors to protect, among other things, the tax credit carryforwards); *In re Quicksilver Res. Inc.*, Case No. 15-10585 (LSS) (Bankr. D. Del. April 17, 2015).

23.     Accordingly, because the Debtors' Tax Attributes are property of their estates, this Court has authority under sections 362 and 105(a) of the Bankruptcy Code to enforce the automatic stay by restricting the transfer of claims against and interests in the Debtors, and the taking of any worthlessness deductions with respect to 2U Stock that would jeopardize the Debtors' ability to fully utilize these valuable assets.

## B.    THE PROCEDURES ARE NECESSARY AND IN THE BEST INTERESTS OF THE DEBTORS, THEIR ESTATES, AND THEIR CREDITORS

24.     Preserving the availability of the Debtors' Tax Attributes is crucial to avoid the potential incurrence of tax liability during these Chapter 11 Cases or future tax periods.

Consequently, the Debtors believe that the Stock Procedures should be established immediately to ensure that trading in, and claiming Worthless Stock Deductions with respect to, 2U Stock are closely monitored and made subject to Court approval.  Further, the Debtors' ability to implement a restructuring that qualifies under section 382(l)(5) of the Tax Code could be seriously impaired unless the Claims Procedures are established.

25.    The Debtors respectfully submit that the Stock Procedures must be implemented as soon as possible.  Even if a transfer of 2U Stock or a Worthless Stock Deduction claim were deemed null and void under section 362 of the Bankruptcy Code or as a result of a final order of this Court that prohibited such a transfer or a Worthless Stock Deduction claim retroactively to the Petition Date, under federal income tax law, such transfer of 2U Stock or Worthless Stock Deduction claim nevertheless may be regarded as having occurred for tax purposes, in which case the Debtors' estates could suffer an irrevocable loss of value.  Accordingly, if a transfer of 2U Stock or Worthless Stock Deduction claim occurs that result in an Ownership Change *before* the effective date of a chapter 11 plan of reorganization, the Debtors' ability to realize the value of their Tax Attributes may be permanently diminished.  The relief requested, therefore, is crucial to prevent an irrevocable diminution of the value of the Debtors' estates.

26.    It is in the best interests of the Debtors and their stakeholders to restrict trading in, and Worthless Stock Deduction claims with respect to, 2U Stock that could result in an Ownership Change *before* the effective date of a chapter 11 plan of reorganization.  This restriction would permit the Debtors to utilize the Tax Attributes, if necessary, to offset gain or other income recognized in connection with the Debtors' ownership of their assets and operation of their business.  If such an Ownership Change were to occur, however, the annual amount of usable Tax Attributes would be expected to be severely diminished.

27.     The limitations imposed by section 382 of the Tax Code in the context of an Ownership Change that occurs *pursuant to* a confirmed chapter 11 plan are significantly more relaxed than those applicable outside of chapter 11.  *See* 26 U.S.C. § 382(l)(5), (6).  Under section 382(l)(5) of the Tax Code (the "***Section 382(l)(5) Safe Harbor***"), a corporation is not subject to the annual limitation ordinarily imposed by section 382 of the Tax Code with respect to an Ownership Change, *provided*, that the Ownership Change resulted from the consummation of a chapter 11 plan or pursuant to any applicable bankruptcy court order and that the debtor's pre-Ownership Change shareholders and/or "qualified creditors" (as hereinafter defined) emerge from the reorganization owning at least fifty percent (50%) of the total value and voting power of the reorganized debtor's stock immediately after the Ownership Change.  *Id*. § 382(l)(5)(A).

28.     Under section 382(l)(5)(E) of the Tax Code and the applicable Treasury Regulations, a creditor whose Claim is exchanged for stock of the reorganized debtor under a chapter 11 plan or pursuant to any applicable bankruptcy court order is, for purposes of section 382 of the Tax Code, a "qualified creditor" (each, a "***Qualified Creditor***") if such creditor's Claim either (a) has been owned by such creditor for eighteen (18) or more months prior to the Petition Date or (b) arose in the ordinary course of the debtor's business and was at all times beneficially owned by such creditor.  Creditors also may be classified as Qualified Creditors, despite not satisfying either of these conditions, if such creditors meet the criteria set forth in Treasury Regulations section 1.382-9(d)(3) (the "***De Minimis Rule***").  Under the De Minimis Rule, a debtor may, for purposes of the Section 382(l)(5) Safe Harbor, "treat indebtedness as always having been owned by the beneficial owner of the indebtedness immediately before the ownership change if the beneficial owner is not, immediately after the ownership change, either a 5-percent shareholder or an entity through which a 5-percent shareholder owns an indirect ownership interest" in the

debtor. 26 C.F.R. § 1.382-9(d)(3). If a creditor is treated as having continuously owned its

Claim(s) under the De Minimis Rule, such creditor will be regarded as a Qualified Creditor so long

as the particular Claim(s) that it holds either (a) arose in the ordinary course of the debtor's

business or (b) came into existence (or is treated under the applicable tax rules as having come into

existence) at least eighteen (18) months prior to the Petition Date.

29.     Although there can be no assurance that the Section 382(l)(5) Safe Harbor will be

available to the Debtors, it is crucial that the Debtors preserve the ability and flexibility to take

advantage of the Section 382(l)(5) Safe Harbor. Because the determination of whether a creditor

is a Qualified Creditor, in whole or in part, depends on the nature of its Claims and whether it has

held its Claims (within the meaning of the applicable Treasury Regulations) until the effective date

of the chapter 11 plan, transfers of Claims by creditors before such date could impair or preclude

Debtors' ability to satisfy the requirements of the Section 382(l)(5) Safe Harbor (assuming those

requirements would otherwise be satisfied). The Debtors submit that implementing the Claims

Procedures will ensure that the Debtors retain flexibility to comply with the requirements of the

Section 382(l)(5) Safe Harbor and thus to preserve the Tax Attributes to the fullest extent possible.

30.     In all circumstances, it is in the best interest of the Debtors and their stakeholders

for this Court to grant the requested relief in order to prevent an Ownership Change prior to the

effective date of a chapter 11 plan.

## C.    THE REQUESTED RELIEF IS NARROWLY TAILORED

31.     The requested relief does not bar all trading of, or taking Worthless Stock

Deductions with respect to, 2U Stock or all trading of Claims against the Debtors. The Debtors

seek only to establish procedures enabling them to monitor those types of trading in, or Worthless

Stock Deductions with respect to, 2U Stock and trading in Claims that pose a serious risk under

either the section 382 Ownership Change test or the section 382(l)(5) Safe Harbor, so as to preserve

19

the Debtors' ability to seek substantive relief if it appears that a proposed trade or Worthless Stock Deduction would jeopardize the use of their Tax Attributes. The procedures requested by the Debtors herein would permit most trading in 2U Stock and Claims to continue subject only to Bankruptcy Rules 3001(e) and 3002 and applicable securities, corporate, and other laws. The restrictions on claiming Worthless Stock Deductions would apply only to Majority Stockholders, and even then would not prohibit such deductions entirely, but would merely require them to be postponed to taxable years ending after the Debtors emerge from chapter 11 protection. Because of the Tax Attributes' importance to the Debtors' restructuring and future taxable periods, and thus to all parties in interest, implementation of the requested relief outweighs subjecting a limited number of transfers and Worthless Stock Deductions to the procedures described above.

32.    Moreover, the Debtors submit that the foregoing notice procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the counterparties with a notice and an opportunity to object and attend a hearing. *See*, *e.g.*, *In re Colo. Mountain Cellars, Inc.*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that hearing is not required to satisfy Bankruptcy Rule 9014). Furthermore, the proposed notice procedures protect the due process rights of the parties in interest.

33.    Generally, after a Tax Attribute is limited under section 382 of the Tax Code, its use is limited forever. The relief sought herein is necessary to avoid an irrevocable loss or reduction in the availability of the Tax Attributes and the irreparable harm which could be caused by unrestricted trading in, and Worthless Stock Deductions with respect to, 2U Stock and in Claims against the Debtors, and the Debtors' resulting inability to offset taxable income with its Tax Attributes to the fullest extent permitted by the Tax Code.

**D.      PRECEDENT CASES SUPPORT GRANT OF THE REQUESTED RELIEF**

34.      The relief requested in this Motion is similar to relief granted by numerous courts, including this Court in other chapter 11 cases in this district.  *See, e.g., In re Centric Brands, Inc.*, Case No. 20-22637 (SHL) (Bankr. S.D.N.Y. May 20, 2020) [Docket No. 67] (order establishing notice and hearing procedures that must be satisfied before certain transfers of claims and traded equity securities or of any beneficial interest therein, including Options to acquire such equity securities, and takings of Worthless Stock Deductions with respect of such equity securities, could be deemed effective); *In re Ditech Holding Corp.,* Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Mar. 19, 2019) [Docket No. 72] (same); *In re Aéropostale, Inc.,* Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. June 3, 2016) [Docket No. 93] (same); *In re The Great Atlantic & Pacific Tea Company, Inc.,* Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 11, 2015) [Docket No. 103]; *In re AMR Corp.,* Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2012) [Docket No. 62]; *In re Delta Air Lines, Inc.,* Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Dec. 20, 2005); *In re Northwest Airlines Corp*., Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Oct. 28, 2005).

**D.      BANKRUPTCY RULE 6003 HAS BEEN SATISFIED, AND BANKRUPTCY RULE 6004 SHOULD BE WAIVED**

35.      Under Bankruptcy Rule 6003, this Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  The Debtors respectfully submit that Bankruptcy Rule 6003 does not apply to the relief requested herein because the Debtors are not, by this Motion, seeking to use, sell, or lease property of their estates. *See* Fed. Bankr. R. P. 6004 Advisory Comm.'s note to 2011 amend. ("[T]he rule does not prohibit the court from entering orders in the first 21 days of the case that ***may relate*** to the motion and

applications set out in (a), (b), and (c) of Bankruptcy Rule 6003; it is only prohibited from granting the relief requested by those motions or applications" (emphasis added)).  Notwithstanding the foregoing, even if the Court were to find that Bankruptcy Rule 6003 applied to this Motion, the relief requested herein is necessary to avoid immediate and irreparable harm and, therefore, Bankruptcy Rule 6003 is satisfied.

36.    To the extent that Bankruptcy Rule 6003 applies to the relief requested herein, the Debtors submit that the relief requested herein satisfies the "immediate and irreparable harm" standard of Bankruptcy Rule 6003.  As discussed in detail above and in the Kocovski Declaration, immediate and irreparable harm would result if the relief herein is not granted.  Authorizing the Debtors to implement certain protective procedures related to certain transfers of claims against and interests in the Debtors or any Beneficial Ownership therein, and granting the other relief requested herein, is integral to the Debtors' ability to maintain the value of their estate postpetition. Failure to receive the requested relief immediately would expose the Debtors to significant tax consequences, irreparably jeopardizing the Debtors' ability to maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that this Court approve the relief requested in this Motion on an emergency basis.

37.    Additionally, with respect to any aspect of the relief sought herein that constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a), to the extent not satisfied, and of the fourteen-day stay under Bankruptcy Rule 6004(h).  As described above, the relief that the Debtors seek in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.  The Debtors thus submit that the requested

waiver of the notice requirements of Bankruptcy Rule 6004(a) and of the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is appropriate, as the exigent nature of the relief sought herein justifies immediate unstayed relief.

## RESERVATION OF RIGHTS

38.    Nothing in this Motion shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If this Court enters any order granting the relief sought herein, any payment made pursuant to such order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**MOTION PRACTICE**

39.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**NOTICE**

40.    Notice of this Motion will be given to:  (a) the United States Trustee for Region 2; (b) Milbank LLP as counsel to the First Lien Ad Hoc Group; (c) the administrative agent and collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the indenture trustees for the Notes; (g) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) the United States Attorney's Office for the Southern District of New York; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) all known registered holders of 2U Stock and Unsecured Notes Claims and all known Nominees that hold 2U Stock or Unsecured Notes Claims in "street name" for beneficial holders (with instructions to serve down to the beneficial holders of 2U Stock or Unsecured Notes Claims, as applicable); and (l) all parties entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "***Notice Parties***").  The Debtors submit that, under the circumstances, no other or further notice is required.

41.    A  copy  of  this  Motion  is  available  from  (a)  this  Court's  website, www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

**NO PRIOR MOTION**

42. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed

Interim Order and, following a noticed hearing on the relief sought, the Proposed Final Order,

granting the relief requested in this Motion and such other and further relief as may be just and

proper.

<div align="center">

**LATHAM & WATKINS LLP**

</div>

Dated:    July 25, 2024                By:    */s/ George A. Davis*
          New York, New York          George A. Davis
                                       George Klidonas
                                       Anupama Yerramalli
                                       Randall C. Weber-Levine
                                       Scott Yousey
                                       1271 Avenue of the Americas
                                       New York, NY 10020
                                       Telephone: (212) 906-1200
                                       Facsimile: (212) 751-4864
                                       Email:  george.davis@lw.com
                                               george.klidonas@lw.com
                                               anu.yerramalli@lw.com
                                               randall.weber-levine@lw.com
                                               scott.yousey@lw.com

                                       *Proposed Counsel to the Debtors and Debtors in
                                       Possession*

# **EXHIBIT A**

## **Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## INTERIM ORDER (A) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS, AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[2] of the Debtors for an interim order (this "***Interim Order***"): (a) establishing notification and hearing procedures that must be complied with before certain transfers of interests in, and claims against, the Debtors are deemed effective, and certain worthless stock deductions with respect to equity securities of the Debtors can be taken, in order to protect the potential value of the Debtors' federal consolidated net operating losses (the "***NOLs***"), carryforwards of disallowed business interest expense under section 163(j) of the title 26 of the United States Code (the "***Tax Code***"), and other tax benefits (collectively, the "***Tax Attributes***"); and (b) granting related relief; and this Court having reviewed the Motion and the First Day Declarations; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon the First Day Declarations and the record of the Hearing and all the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

4.      The following restrictions, notification requirements, and other procedures (the "***Stock Procedures***") are hereby approved and shall apply to all trading and transfers of, and claiming a Worthless Stock Deduction with respect to, beneficial ownership of 2U Stock or Options to acquire 2U Stock; *provided*, that the Debtors may, with the reasonable consent of the Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Stock Procedures:

US-DOCS\142298748

**Definitions:** For purposes of these Stock Procedures, the following terms have the following meanings:

a.   "***Beneficial ownership***" of 2U Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, Treasury Regulations, and rulings issued by the Internal Revenue Service (the "***IRS***"), and thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of 2U Stock.

b.   "***Disclosure Parties***" means (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

c.   "***Entity***" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "***Treasury Regulations***"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of 2U Stock.

d.   "***Majority Stockholder***" means (i) any person or Entity that beneficially owns at least 1,429,186 shares of 2U Stock (representing approximately 50% of all issued and outstanding shares of 2U Stock), or (ii) any person that would be a "***50-percent***"

*shareholder*" (within the meaning of section 382(g)(4)(D) of the Tax Code) with respect to its beneficial ownership of 2U Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

e.    "***Substantial Stockholder***" means any person or Entity that beneficially owns at least 135,772 shares of 2U Stock (representing approximately 4.75% of all issued and outstanding shares of 2U Stock).

f.    "***Worthless Stock Deduction***" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165(g) of the Tax Code with respect to beneficial ownership of 2U Stock.

**Procedures for Trading 2U Stock and Options**

a.    Any person or Entity that now or hereafter beneficially owns 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit A-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Interim Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Stockholder.  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

b.    At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) that would result in an increase in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity becoming a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit A-2** attached hereto, of the intended transfer of beneficial ownership of 2U Stock.  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

c.    At least 14 calendar days prior to effectuating any transfer of beneficial ownership 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire such 2U Stock) that would result in a decrease in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity ceasing to be a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit A-3** attached hereto, of the intended transfer of beneficial ownership of 2U Stock (the notices required to be filed and served under paragraph

(b) and this paragraph (c) are each a "***Notice of Proposed Equity Transfer***").  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

d.      The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Equity Transfer to file with this Court and serve on the applicable Substantial Stockholder an objection to the proposed transfer of beneficial ownership described in the Notice of Proposed Equity Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.   If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.   If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Equity Transfer.   Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

**Procedures for Claiming a Worthless Stock Deduction**

a.      Any person or Entity that currently is or becomes a Majority Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit A-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Interim Order (as defined below) and (ii) 10 calendar days after becoming a Majority Stockholder.   At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

b.      At least 14 calendar days prior to filing any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit A-5** attached hereto (a "***Notice of Intent to Claim a Worthless Stock Deduction***"), of the intended Worthless Stock Deduction.  At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

c.      The Debtors and the Required Consenting Noteholders will have 10 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such Majority Stockholder an objection to any proposed

US-DOCS\142298748

Worthless Stock Deduction described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or the Required Consenting Noteholders file an objection, such Worthless Stock Deduction will not be effective unless approved by a final and non-appealable order of this Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such Worthless Stock Deduction may proceed solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

5.      Any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) and/or any Worthless Stock Deduction claim with respect to beneficial ownership of 2U Stock (including indirect ownership of, and Options to acquire, 2U Stock) in violation of the Stock Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

6.      The following restrictions, notification requirements and other procedures with respect to Claims against the Debtors (the "***Claims Procedures***" and together with the Stock Procedures, the "***Procedures***") are hereby approved, and shall apply to all transfers of Unsecured Notes Claims against the Debtors from and after the Petition Date; *provided*, that the Debtors may, with the reasonable consent of the Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Claims Procedures:

**Definitions:**   For purposes of these Claims Procedures, the following terms have the following meanings:

a.      "***Beneficial ownership***" of a Claim shall be determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims owned or acquired by its subsidiaries; (ii) ownership by a holder's family members;

(iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired). For the avoidance of doubt, beneficial ownership of a Claim also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim pursuant to a plan of reorganization or any applicable bankruptcy court order.

b.      "*Unsecured Notes Claims*" means Claims arising under that certain (i) Indenture, dated as of April 23, 2020, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 2.25% Convertible Senior Notes due 2025; and (ii) Indenture, dated as of January 11, 2023, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 4.50% Senior Unsecured Convertible Notes due 2030.

c.      "*Substantial Claimholder*" means any person or Entity that beneficially owns a principal amount equal to or greater than $25,000,000 of Unsecured Notes Claims (representing an amount of Unsecured Notes Claims that would result in such person or Entity to beneficially own 4.75% of 2U Stock immediately after emergence). For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons or Entities must be aggregated when testing for Substantial Claimholder status (for such purpose, a Claim is treated as if it were stock).

**Claims Procedures**

a.      Any person or entity that currently is or becomes a Substantial Claimholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit A-6** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Interim Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Claimholder. At the election of the Substantial Claimholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Claimholder's taxpayer identification number and the amount of Unsecured Notes Claims that the Substantial Claimholder beneficially owns.

b.      At least 14 calendar days prior to effectuating any transfer of beneficial ownership of Unsecured Notes Claims that would result in an increase in the amount of Unsecured Notes Claims beneficially owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder, such Substantial Claimholder shall file with this Court and serve on proposed counsel to the Debtors advance written notice, in the form of **Exhibit A-7** attached hereto, of the intended transfer of beneficial ownership of Claims (a "*Notice of Proposed Claims Transfer*"). At the election of the Substantial Claimholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Claimholder's taxpayer identification number and the amount of Unsecured Notes Claims that the Substantial

Claimholder beneficially owns.

c.      The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Claims Transfer to file with this Court and serve on the applicable Substantial Claimholder an objection to the proposed transfer of beneficial ownership of Unsecured Notes Claims described in the Notice of Proposed Claims Transfer on the grounds that such transfer may adversely affect the Debtors' ability to qualify for the special relief afforded by section 382(l)(5) of the Tax Code.  If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Claims Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

7.      Any purchase, sale, or other transfer of beneficial ownership of Unsecured Notes Claims in violation of the Claims Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

8.      The Debtors shall serve the Notice of Interim Order setting forth the procedures authorized herein substantially in the form annexed hereto as **Exhibit A-8** (the "***Notice of Interim Order***") on the Notice Parties as described in the Motion, such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, and no further notice of the Procedures shall be necessary.

9.      All registered and Nominee holders of 2U Stock or Unsecured Notes Claims shall within (3) business days of the receipt of the Notice of Interim Order send the Notice of Interim Order to any holder for whose benefit such registered or Nominee holder holds such 2U Stock.

10.     The notices substantially in the forms annexed hereto as **Exhibit A-1**, **Exhibit A-2**, **Exhibit A-3**, **Exhibit A-4**, **Exhibit A-5**, **Exhibit A-6**, **Exhibit A-7**, and **Exhibit A-8** are hereby approved.

9

11.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rules 3001(e) and 3002 and any other applicable law, and do not excuse compliance therewith.

12.     The final hearing on the Motion (the "*Final Hearing*") will be held on [ ● ], at [ ● ] [ ● ].m. (Eastern Time).  Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Time) on [ ● ], 2024, and served on the following parties: (a) United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)); (b) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (c) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com) and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (d) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Group; (e) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (f) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff

(reuben.dizengoff@srz.com)), counsel to Greenvale; and (g) counsel to any statutory committee appointed in these Chapter 11 Cases.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

13.     Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors), is to be construed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  Nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

14.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

15.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

US-DOCS\142298748

16.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the

relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

17.     The Debtors are authorized and empowered to take all actions necessary or

appropriate to implement the relief granted in this Interim Order.

18.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated:_____, 2024

_____
UNITED STATES BANKRUPTCY JUDGE

US-DOCS\142298748

## **Exhibit A-1**

**Form of Substantial Stock Ownership Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## <u>NOTICE OF SUBSTANTIAL STOCK OWNERSHIP</u>

   **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Interim Order***"),[2] the undersigned party (the "***Filer***") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

  (i)    _____ shares of common stock issued by 2U, Inc. (the "***2U Stock***"), and/or

  (ii)   Options to acquire _____ shares of 2U Stock.

   **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

   **PLEASE TAKE FURTHER NOTICE** that the following table sets forth (a) the number of shares of 2U Stock and/or the number of shares of 2U Stock underlying Options to acquire 2U Stock beneficially owned by the Filer; and (b) the date(s) on which such 2U Stock and/or Options to acquire 2U Stock were acquired.

| *Class* | *Shares Beneficially Owned* | *Shares Underlying Options Beneficially Owned* | *Date(s) Acquired* |
|---|---|---|---|
| Common Stock |  |  |  |
| Common Stock |  |  |  |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Interim Order.

| Common Stock | | | |
|---|---|---|---|

<center>(Attach additional pages if necessary.)</center>

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice, are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

<div style="margin-left:40%">

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

</div>

**Exhibit A-2**

**Form of Acquisition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE 2U STOCK

    **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Interim Order***"),[2] the undersigned (the "***Filer***") hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of common stock issued by 2U, Inc. (the "***2U Stock***") and/or Options to acquire 2U Stock (a "***Proposed Transfer***").

    **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Stock Ownership with the Court and served copies thereof on the Disclosure Parties.

    **PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns _____ shares of 2U Stock or Option to acquire _____ share of 2U Stock.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the Filer proposes to purchase, acquire, or otherwise accumulate _____ shares of 2U Stock or an Option to acquire _____ shares of 2U Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own _____ shares of 2U Stock (including any Options to acquire 2U Stock) after such transfer becomes effective.

    **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

    **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Interim Order.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

    **PLEASE TAKE FURTHER NOTICE** that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

    **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of 2U Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit A-3</u>**

**Form of Disposition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

### NOTICE OF INTENT TO SELL, TRADE,
### OR OTHERWISE TRANSFER 2U STOCK

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief, entered by the United States Bankruptcy Court for the Southern District of New York* (the "**Court**") [Docket No. [ ● ]] (with all exhibits thereto, the "***Interim Order***"),[2] the undersigned party (the *"**Filer**"*) hereby provides notice of its intention to sell, trade, or otherwise transfer or dispose of one or more shares of common stock issued by 2U, Inc. (the "***2U Stock***") and/or Options to acquire 2U Stock (a "***Proposed Transfer***").

        **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Stock Ownership with the Court and served copies thereof on the Disclosure Parties.

        **PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns _____ shares of 2U Stock or Options to acquire _____ share of 2U Stock.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the Filer proposes to sell, trade, or otherwise transfer or dispose of _____ shares of 2U Stock or an Option to acquire _____ shares of 2U Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own _____ shares of 2U Stock (including any Options to acquire 2U Stock) after such transfer becomes effective.

        **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

        **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Interim Order.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring or disposing of additional shares of 2U Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**Exhibit A-4**

**Form of Majority Stockholder Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## <u>NOTICE OF STATUS AS A MAJORITY STOCKHOLDER</u>

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Interim Order***"),[2] the undersigned party (the "***Filer***") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Stockholder.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2024, the Filer beneficially owns _____ shares of common stock issued by 2U, Inc. (the "***2U Stock***"). The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such 2U Stock in an amount sufficient for the Filer to qualify as a Majority Stockholder:

| *Number of Shares of 2U Stock Beneficially Owned* | *Date(s) Acquired* |
|---|---|
| | |
| | |
| | |
| | |

(Attach additional pages if necessary.)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Interim Order.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice, are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit A-5</u>**

**Form of Worthless Stock Deduction Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF INTENT TO CLAIM A
## WORTHLESS STOCK DEDUCTION

           **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief, entered by the United States Bankruptcy Court for the Southern District of New York* (the "**Court**") [Docket No. [ ● ]] (with all exhibits thereto, the "***Interim Order***"),[2] the undersigned party (the *"**Filer**"*) hereby provides notice of its intention to claim a Worthless Stock Deduction with respect to its common stock issued by 2U, Inc (a "***Proposed Deduction***").

           **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Status as a Majority Stockholder with the Court and served copies thereof on the Disclosure Parties.

           **PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns _____ shares of common stock issued by 2U, Inc. ("***2U Stock***").

           **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to _____ shares of 2U Stock.

           **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

           **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Interim Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 ((Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Deduction described herein. If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Deduction will not be effective unless approved by a final and non-appealable order of the Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, then after expiration of such period the Proposed Deduction may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party claiming a Worthless Stock Deduction with respect to its shares of 2U Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**Exhibit A-6**

**Form of Notice of Substantial Claim Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Interim Order***"),[2] the undersigned party (the "***Filer***") hereby provides notice that, as of the date hereof, the Filer is/has become a Substantial Claimholder.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2024, the Filer beneficially owns _____ in principal amount of Unsecured Notes Claims. The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such Unsecured Notes Claims in an amount sufficient for the Filer to qualify as a Substantial Claimholder:

| *Principal Amount of Unsecured Notes Claims Beneficially Owned* | *Date(s) Acquired* |
|---|---|
| | |
| | |
| | |
| | |

(Attach additional pages if necessary.)

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Interim Order.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice, are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit A-7</u>**

**Form of Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE UNSECURED NOTES CLAIM

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Interim Order***"),[2] the undersigned (the "***Filer***") hereby provides notice of its intention to purchase, acquire, or otherwise accumulate Unsecured Notes Claims against 2U, Inc. (a "***Proposed Transfer***").

        **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Claim Ownership with the Court and served copies thereof on the Disclosure Parties.

        **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the principal amount of Unsecured Notes Claims beneficially owned by the Filer and the date(s) on which the Filer acquired or otherwise became the beneficial owner of such Unsecured Notes Claims:

| *Principal Amount of Unsecured Notes Claims Beneficially Owned* | *Date(s) Acquired* |
|---|---|
| | |
| | |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Interim Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the Filer proposes to purchase, acquire, or otherwise accumulate the following Claims on the following dates:

| Principal Amount of Unsecured Notes Claims to be Acquired | Date(s) of Proposed Transfer |
|---|---|
|  |  |
|  |  |

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If neither the Debtors or the Required Consenting Noteholders

object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

    **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional Unsecured Notes Claims will each require an additional notice filed with the Court to be served in the same manner as this Notice.

    Respectfully submitted,

    _____

    [Name of Filer]

    By: _____
    Name: _____

    Address: _____
    _____
    _____
    Telephone: _____
    Facsimile: _____
    Date: _____

**<u>Exhibit A-8</u>**

**Notice of Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.¹ | (Joint Administration Requested) |

**NOTICE OF INTERIM ORDER (A) ESTABLISHING NOTIFICATION AND
HEARING PROCEDURES ON CERTAIN TRANSFERS OF INTERESTS IN
AND CLAIMS AGAINST, THE DEBTORS, AND CLAIMS OF CERTAIN
WORTHLESS STOCK DEDUCTIONS; (B) GRANTING RELATED RELIEF**

    **PLEASE TAKE NOTICE** that, on July [24], 2024 (the "***Petition Date***"), the above-captioned debtors and debtors in possession (the "***Debtors***"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

    **PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for trading in certain claims against 2U, Inc. ("***2U***") and in common stock issued by 2U ("***2U Stock***") and claims of worthlessness with respect to 2U Stock (the "***Motion***").

    **PLEASE TAKE FURTHER NOTICE** that on [ ● ], the United States Bankruptcy Court for the Southern District of New York (the "***Court***") entered an *Interim Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief, entered by the United States Bankruptcy Court for the Southern District of New York* [Docket No. [ ● ]](the "***Interim Order***") approving the procedures set forth below in order to preserve the Debtors' Tax Attributes (as defined in the Motion). Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Interim Order.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the following restrictions, notification requirements, and other procedures (the "***Stock Procedures***") are approved by the Court and shall apply to all trading and transfers of, and claiming a Worthless Stock Deduction with respect to, beneficial ownership of 2U Stock or Options (as defined below) to acquire 2U Stock; *provided*, that the Debtors may, with the reasonable consent of the Required

---

¹   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Stock Procedures:

**Definitions:**   For purposes of these Stock Procedures, the following terms have the following meanings:

a.      "*Beneficial ownership*" of 2U Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, Treasury Regulations, and rulings issued by the Internal Revenue Service (the "*IRS*"), and thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of 2U Stock.

b.      "*Disclosure Parties*" means (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

c.      "*Entity*" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "*Treasury Regulations*"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of 2U Stock.

d.      "***Majority Stockholder***" means (i) any person or Entity that beneficially owns at least 1,429,186 shares of 2U Stock (representing approximately 50% of all issued and outstanding shares of 2U Stock), or (ii) any person that would be a "***50-percent shareholder***" (within the meaning of section 382(g)(4)(D) of the Tax Code) with respect to its beneficial ownership of 2U Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

e.      "***Option***" means any option or similar right (within the meaning of applicable Treasury Regulations) to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

f.      "***Substantial Stockholder***" means any person or Entity that beneficially owns at least 135,772 shares of 2U Stock (representing approximately 4.75% of all issued and outstanding shares of 2U Stock).

g.      "***Worthless Stock Deduction***" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165(g) of the Tax Code with respect to beneficial ownership of 2U Stock.

**Procedures for Trading 2U Stock and Options**

a.      Any person or Entity that now or hereafter beneficially owns 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit A-1** attached to the Interim Order, on or before the later of (i) 20 calendar days after the date of this Notice of Interim Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Stockholder. At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

b.      At least 14 calendar days prior to effectuating any transfer of beneficial ownership 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) that would result in an increase in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity becoming a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit A-2** attached to the Interim Order, of the intended transfer of beneficial ownership of 2U Stock. At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

c.    At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire such 2U Stock) that would result in a decrease in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity ceasing to be a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit A-3** attached to the Interim Order, of the intended transfer of beneficial ownership of 2U Stock (the notices required to be filed and served under paragraph (b) and this paragraph (c) are each a "***Notice of Proposed Equity Transfer***").  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

d.    The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Equity Transfer to file with this Court and serve on the applicable Substantial Stockholder an objection to the proposed transfer of beneficial ownership described in the Notice of Proposed Equity Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Equity Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10- day waiting period.

**Procedures for Claiming a Worthless Stock Deduction**

a.    Any person or Entity that currently is or becomes a Majority Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit A-4** attached to the Interim Order, on or before the later of (i) 20 calendar days after the date of the Notice of Final Order (as defined below) and (ii) 10 calendar days after becoming a Majority Stockholder.  At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

b.    At least 14 calendar days prior to filing any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit A-5** attached to the Interim Order (a "***Notice of Intent to Claim a***

***Worthless Stock Deduction***"), of the intended Worthless Stock Deduction.  At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

c.       The Debtors and the Required Consenting Noteholders will have 10 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such Majority Stockholder an objection to any proposed Worthless Stock Deduction described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Required Consenting Noteholders file an objection, such Worthless Stock Deduction will not be effective unless approved by a final and non-appealable order of this Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such Worthless Stock Deduction may proceed solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the following restrictions, notification requirements, and other procedures (the "***Claims Procedures***" and together with the Stock Procedures, the "***Procedures***") are approved by the Court and shall apply to all transfers of Unsecured Notes Claims (as defined below) against the Debtors from and after the Petition Date; *provided*, that the Debtors may, with the reasonable consent of the Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Claims Procedures:

**Definitions:**   For purposes of these Claims Procedures, the following terms have the following meanings:

a.       "***Beneficial ownership***" of a Claim shall be determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims owned or acquired by its subsidiaries; (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired).  For the avoidance of doubt, beneficial ownership of a Claim also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim pursuant to a plan of reorganization or any applicable bankruptcy court order.

b.   "***Unsecured Notes Claims***" means Claims arising under that certain (i) Indenture, dated as of April 23, 2020, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 2.25% Convertible Senior Notes due 2025; and (ii) Indenture, dated as of January 11, 2023, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 4.50% Senior Unsecured Convertible Notes due 2030.

c.   "***Substantial Claimholder***" means any person or Entity that beneficially owns a principal amount equal to or greater than $25,000,000 of Unsecured Notes Claims (representing an amount of Unsecured Notes Claims that would result in such person or Entity to beneficially own 4.75% of 2U Stock immediately after emergence).  For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons or Entities must be aggregated when testing for Substantial Claimholder status (for such purpose, a Claim is treated as if it were stock).

**Proposed Claims Procedures**

a.   Any person or entity that currently is or becomes a Substantial Claimholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit A-6** attached to the Interim Order, on or before the later of (i) 20 calendar days after the date of this Notice of Interim Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Claimholder.  At the election of the Substantial Claimholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Claimholder's taxpayer identification number and the amount of Unsecured Notes Claims that the Substantial Claimholder beneficially owns.

b.   At least 14 calendar days prior to effectuating any transfer of beneficial ownership of Unsecured Notes Claims that would result in an increase in the amount of Unsecured Notes Claims beneficially owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder, such Substantial Claimholder shall file with this Court and serve on proposed counsel to the Debtors advance written notice, in the form of **Exhibit A-7** attached to the Interim Order, of the intended transfer of beneficial ownership of Claims (a "***Notice of Proposed Claims Transfer***").  At the election of the Substantial Claimholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Claimholder's taxpayer identification number and the amount of Unsecured Notes Claims that the Substantial Claimholder beneficially owns.

c.   The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Claims Transfer to file with this Court and serve on the applicable Substantial Claimholder an objection to the proposed transfer of beneficial ownership of Unsecured Notes Claims described in the Notice of Proposed Claims Transfer on the grounds that such transfer may adversely affect

the Debtors' ability to qualify for the special relief afforded by section 382(l)(5) of the Tax Code. If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Claims Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, upon written request, the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC ("***Epiq***"), will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE** that Epiq can be contacted by: (a) calling 877-525-5725 (Toll Free U.S.) or +1 360-803-4441 (International) or (b) emailing tabulation@epiqglobal.com with reference to "2U" in the subject line. You may also visit the Debtors' restructuring website at https://dm.epiq11.com/2U. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee at www.nysb.uscourts.gov or free of charge at https://dm.epiq11.com/2U.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE OR THE INTERIM ORDER SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF 2U STOCK OR UNSECURED NOTES CLAIMS, OR THE TAKING OF ANY WORTHLESSNESS DEDUCTION WITH RESPECT TO 2U STOCK IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rules 3001 and 3002 and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.

**PLEASE TAKE FURTHER NOTICE** that if no written objections to the Motion are timely filed, served and received in accordance with the requirements set forth below, a final order will be submitted which will provide that the Motion shall be granted in its entirety on a final basis. If timely written objections are filed, served and received, a hearing (the "***Hearing***") to consider approval of the Motion on a final basis will be held at _:__ _.m. prevailing Eastern Time on _____, 2024 before Judge _____.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to final approval of the Motion must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed on or before 4:00

p.m. prevailing Eastern Time on _____, 2024 (the "*Objection Deadline*") with the Clerk for the United States Bankruptcy Court for the Southern District of New York and (d) be served on the following parties so as to be **ACTUALLY RECEIVED** on or before the Objection Deadline: (i) United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)); (ii) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (iii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com) and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iv) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com)), counsel for the First Lien Ad Hoc Group; (v) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 ((Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (vi) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Adam C. Harris (adam.harris@srz.com) and David A. Curtiss (david.curtiss@srz.com)), counsel to Greenvale; and (vii) counsel to any statutory committee appointed in the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and that if no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, then the Bankruptcy Court may enter a final order granting the Motion **without further notice**.

Dated:    [ ● ], 2024
New York, New York

**<u>EXHIBIT B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## FINAL ORDER (A) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS, AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[2] of the Debtors for a final order (this "***Final Order***"): (a) establishing notification and hearing procedures that must be complied with before certain transfers of interests in, and claims against, the Debtors are deemed effective, and certain worthless stock deductions with respect to equity securities of the Debtors can be taken, in order to protect the potential value of the Debtors' federal consolidated net operating losses (the "***NOLs***"), carryforwards of disallowed business interest expense under section 163(j) of the title 26 of the United States Code (the "***Tax Code***"), and other tax benefits (collectively, the "***Tax Attributes***"); and (b) granting related relief; and this Court having reviewed the Motion and the First Day Declarations; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*District Court for the Southern District of New York*, dated January 31, 2012; and consideration of

the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2);

and this Court having authority to enter a final order consistent with Article III of the United States

Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it

appearing that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and a hearing having been held, if necessary, to consider the relief requested

in the Motion (the "**Hearing**"); and upon the First Day Declarations and the record of the Hearing

and all the proceedings before this Court; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED on a final basis, as set forth herein.

2.      All objections to the entry of this Final Order, to the extent not withdrawn or settled,

are overruled.

3.      The Debtors' Tax Attributes are property of the Debtors' estates and are protected

by section 362(a) of the Bankruptcy Code.

4.      The following restrictions, notification requirements, and other procedures (the

"**Stock Procedures**") are hereby approved and shall apply to all trading and transfers of, and

claiming a Worthless Stock Deduction with respect to, beneficial ownership of 2U Stock or

Options to acquire 2U Stock; *provided*, that the Debtors may, with the reasonable consent of the

Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and

notification procedures set forth in the Stock Procedures:

> **Definitions:**    For purposes of these Stock Procedures, the following terms have the
> following meanings:
>
> a.      "**Beneficial ownership**" of 2U Stock shall be determined in accordance with
>         applicable rules under section 382 of the Tax Code, Treasury Regulations, and

2

rulings issued by the Internal Revenue Service (the "***IRS***"), and thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of 2U Stock.

b.    "***Disclosure Parties***"    means (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

c.    "***Entity***" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "***Treasury Regulations***"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of 2U Stock.

d.    "***Majority Stockholder***" means (i) any person or Entity that beneficially owns at least 1,429,186 shares of 2U Stock (representing approximately 50% of all issued and outstanding shares of 2U Stock), or (ii) any person that would be a "***50-percent shareholder***" (within the meaning of section 382(g)(4)(D) of the Tax Code) with respect to its beneficial ownership of 2U Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

3

e.      "***Substantial Stockholder***" means any person or Entity that beneficially owns at least 135,772 shares of 2U Stock (representing approximately 4.75% of all issued and outstanding shares of 2U Stock).

f.      "***Worthless Stock Deduction***" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165(g) of the Tax Code with respect to beneficial ownership of 2U Stock.

**Procedures for Trading 2U Stock and Options**

a.      Any person or Entity that now or hereafter beneficially owns 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit B-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Final Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Stockholder.  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

b.      At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) that would result in an increase in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity becoming a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit B-2** attached hereto, of the intended transfer of beneficial ownership of 2U Stock.  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

c.      At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire such 2U Stock) that would result in a decrease in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity ceasing to be a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit B-3** attached hereto, of the intended transfer of beneficial ownership of 2U Stock (the notices required to be filed and served under paragraph (b) and this paragraph (c) are each a "***Notice of Proposed Equity Transfer***").  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may

be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

d.      The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Equity Transfer to file with this Court and serve on the applicable Substantial Stockholder an objection to the proposed transfer of beneficial ownership described in the Notice of Proposed Equity Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.   If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.   If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Equity Transfer.   Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

**Procedures for Claiming a Worthless Stock Deduction**

a.      Any person or Entity that currently is or becomes a Majority Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit B-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Final Order (as defined below) and (ii) 10 calendar days after becoming a Majority Stockholder.   At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

b.      At least 14 calendar days prior to filing any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit B-5** attached hereto (a "***Notice of Intent to Claim a Worthless Stock Deduction***"), of the intended Worthless Stock Deduction.   At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

c.      The Debtors and the Required Consenting Noteholders will have 10 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such Majority Stockholder an objection to any proposed Worthless Stock Deduction described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.   If the Debtors or the Required Consenting

Noteholders file an objection, such Worthless Stock Deduction will not be effective unless approved by a final and non-appealable order of this Court.   If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such Worthless Stock Deduction may proceed solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.    Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

5.    Any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) and/or any Worthless Stock Deduction claim with respect to beneficial ownership of 2U Stock (including indirect ownership of, and Options to acquire, 2U Stock) in violation of the Stock Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

6.    The following restrictions, notification requirements and other procedures with respect to Claims against the Debtors (the "***Claims Procedures***" and together with the Stock Procedures, the "***Procedures***") are hereby approved, and shall apply to all transfers of Unsecured Notes Claims against the Debtors from and after the Petition Date; *provided*, that the Debtors may, with the reasonable consent of the Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Claims Procedures:

**Definitions:**   For purposes of these Claims Procedures, the following terms have the following meanings:

a.    "***Beneficial ownership***" of a Claim shall be determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims owned or acquired by its subsidiaries; (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired).  For the avoidance

of doubt, beneficial ownership of a Claim also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim pursuant to a plan of reorganization or any applicable bankruptcy court order.

b.      "*Unsecured Notes Claims*" means Claims arising under that certain (i) Indenture, dated as of April 23, 2020, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 2.25% Convertible Senior Notes due 2025; and (ii) Indenture, dated as of January 11, 2023, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 4.50% Senior Unsecured Convertible Notes due 2030.

c.      "*Substantial Claimholder*" means any person or Entity that beneficially owns a principal amount equal to or greater than $25,000,000 of Unsecured Notes Claims (representing an amount of Unsecured Notes Claims that would result in such person or Entity to beneficially own 4.75% of 2U Stock immediately after emergence). For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons or Entities must be aggregated when testing for Substantial Claimholder status (for such purpose, a Claim is treated as if it were stock).

**Claims Procedures**

a.      Any person or entity that currently is or becomes a Substantial Claimholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit B-6** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Final Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Claimholder. At the election of the Substantial Claimholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Claimholder's taxpayer identification number and the amount of Unsecured Notes Claims that the Substantial Claimholder beneficially owns.

b.      At least 14 calendar days prior to effectuating any transfer of beneficial ownership of Unsecured Notes Claims that would result in an increase in the amount of Unsecured Notes Claims beneficially owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder, such Substantial Claimholder shall file with this Court and serve on proposed counsel to the Debtors advance written notice, in the form of **Exhibit B-7** attached hereto, of the intended transfer of beneficial ownership of Claims (a "*Notice of Proposed Claims Transfer*"). At the election of the Substantial Claimholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Claimholder's taxpayer identification number and the amount of Unsecured Notes Claims that the Substantial Claimholder beneficially owns.

c.    The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Claims Transfer to file with this Court and serve on the applicable Substantial Claimholder an objection to the proposed transfer of beneficial ownership of Unsecured Notes Claims described in the Notice of Proposed Claims Transfer on the grounds that such transfer may adversely affect the Debtors' ability to qualify for the special relief afforded by section 382(l)(5) of the Tax Code.  If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Claims Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

7.    Any purchase, sale, or other transfer of beneficial ownership of Unsecured Notes Claims in violation of the Claims Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

8.    The Debtors shall serve the Notice of Final Order setting forth the procedures authorized herein substantially in the form annexed hereto as **Exhibit B-8** (the "***Notice of Final Order***") on the Notice Parties as described in the Motion, such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, and no further notice of the Procedures shall be necessary.

9.    All registered and Nominee holders of 2U Stock or Unsecured Notes Claims shall within (3) business days of the receipt of the Notice of Final Order send the Notice of Final Order to any holder for whose benefit such registered or Nominee holder holds such 2U Stock.

10.    The notices substantially in the forms annexed hereto as **Exhibit B-1**, **Exhibit B-2**, **Exhibit B-3**, **Exhibit B-4**, **Exhibit B-5**, **Exhibit B-6**, **Exhibit B-7**, and **Exhibit B-8** are hereby approved.

11.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rules 3001(e) and 3002 and any other applicable law, and do not excuse compliance therewith.

12.     Nothing in the Motion, the Interim Order, or this Final Order, or the relief granted herein (including any actions taken or payments made by the Debtors), is to be construed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  Nothing contained in this Final Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

13.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

14.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

15.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated:_____, 2024

_____
  UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B-1</u>**

**Form of Substantial Stock Ownership Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ⬤ ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

   **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ⬤ ]] (with all exhibits thereto, the "***Final Order***"),[2] the undersigned party (the "***Filer***") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

  (i)   _____ shares of common stock issued by 2U, Inc. (the "***2U Stock***"), and/or

  (ii)  Options to acquire _____ shares of 2U Stock.

   **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

   **PLEASE TAKE FURTHER NOTICE** that the following table sets forth (a) the number of shares of 2U Stock and/or the number of shares of 2U Stock underlying Options to acquire 2U Stock beneficially owned by the Filer; and (b) the date(s) on which such 2U Stock and/or Options to acquire 2U Stock were acquired.

| Class | Shares Beneficially Owned | Shares Underlying Options Beneficially Owned | Date(s) Acquired |
|---|---|---|---|
| Common Stock | | | |
| Common Stock | | | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Final Order.

| Common Stock | | | |
|---|---|---|---|

<div align="center">(Attach additional pages if necessary.)</div>

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice, are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 ((Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

<div align="center">*[Remainder of Page Intentionally Left Blank]*</div>

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

## Exhibit B-2

## Form of Acquisition Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE 2U STOCK

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Final Order***"),[2] the undersigned (the "***Filer***") hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of common stock issued by 2U, Inc. (the "***2U Stock***") and/or Options to acquire 2U Stock (a "***Proposed Transfer***").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Stock Ownership with the Court and served copies thereof on the Disclosure Parties.

      **PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns _____ shares of 2U Stock or Option to acquire _____ share of 2U Stock.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the Filer proposes to purchase, acquire, or otherwise accumulate _____ shares of 2U Stock or an Option to acquire _____ shares of 2U Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own _____ shares of 2U Stock (including any Options to acquire 2U Stock) after such transfer becomes effective.

      **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

      **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Final Order.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

PLEASE TAKE FURTHER NOTICE that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of 2U Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit B-3</u>**

**Form of Disposition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER 2U STOCK

   **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief, entered by the United States Bankruptcy Court for the Southern District of New York* (the "**Court**") [Docket No. [ ● ]] (with all exhibits thereto, the "**Final Order**"),[2] the undersigned party (the "***Filer***") hereby provides notice of its intention to sell, trade, or otherwise transfer or dispose of one or more shares of common stock issued by 2U, Inc. (the "***2U Stock***") and/or Options to acquire 2U Stock (a "***Proposed Transfer***").

   **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Stock Ownership with the Court and served copies thereof on the Disclosure Parties.

   **PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns _____ shares of 2U Stock or Options to acquire _____ share of 2U Stock.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the Filer proposes to sell, trade, or otherwise transfer or dispose of _____ shares of 2U Stock or an Option to acquire _____ shares of 2U Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own _____ shares of 2U Stock (including any Options to acquire 2U Stock) after such transfer becomes effective.

   **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

   **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Final Order.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

PLEASE TAKE FURTHER NOTICE that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring or disposing of additional shares of 2U Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit B-4</u>**

**Form of Majority Stockholder Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF STATUS AS A MAJORITY STOCKHOLDER

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Final Order***"),[2] the undersigned party (the "***Filer***") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Stockholder.

        **PLEASE TAKE FURTHER NOTICE** that, as of _____, 2024, the Filer beneficially owns _____ shares of common stock issued by 2U, Inc. (the "***2U Stock***"). The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such 2U Stock in an amount sufficient for the Filer to qualify as a Majority Stockholder:

| *Number of Shares of 2U Stock Beneficially Owned* | *Date(s) Acquired* |
|---|---|
| | |
| | |
| | |
| | |

<div align="center">(Attach additional pages if necessary.)</div>

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice, are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit B-5</u>**

**Form of Worthless Stock Deduction Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF INTENT TO CLAIM A
## WORTHLESS STOCK DEDUCTION

    **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief, entered by the United States Bankruptcy Court for the Southern District of New York* (the "**Court**") [Docket No. [ ● ]] (with all exhibits thereto, the "***Final Order***"),[2] the undersigned party (the "***Filer***") hereby provides notice of its intention to claim a Worthless Stock Deduction with respect to its common stock issued by 2U, Inc (a "***Proposed Deduction***").

    **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Status as a Majority Stockholder with the Court and served copies thereof on the Disclosure Parties.

    **PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns _____ shares of common stock issued by 2U, Inc. ("***2U Stock***").

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to _____ shares of 2U Stock.

    **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

    **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 ((Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Deduction described herein. If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Deduction will not be effective unless approved by a final and non-appealable order of the Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, then after expiration of such period the Proposed Deduction may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party claiming a Worthless Stock Deduction with respect to its shares of 2U Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**Exhibit B-6**

**Form of Notice of Substantial Claim Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

           **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") [Docket No. [ ● ]] (with all exhibits thereto, the "***Final Order***"),[2] the undersigned party (the "***Filer***") hereby provides notice that, as of the date hereof, the Filer is/has become a Substantial Claimholder.

           **PLEASE TAKE FURTHER NOTICE** that, as of _____, 2024, the Filer beneficially owns _____ in principal amount of Unsecured Notes Claims. The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such Unsecured Notes Claims in an amount sufficient for the Filer to qualify as a Substantial Claimholder:

| *Principal Amount of Unsecured Notes Claims Beneficially Owned* | *Date(s) Acquired* |
|---|---|
| | |
| | |
| | |
| | |

(Attach additional pages if necessary.)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice, are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____
Telephone: _____
Facsimile: _____
Date: _____

## **Exhibit B-7**

**Form of Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE UNSECURED NOTES CLAIM

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief*, entered by the United States Bankruptcy Court for the Southern District of New York (the "***Court***") [Docket No. [ ● ]] (with all exhibits thereto, the "***Final Order***"),[2] the undersigned (the "***Filer***") hereby provides notice of its intention to purchase, acquire, or otherwise accumulate Unsecured Notes Claims against 2U, Inc. (a "***Proposed Transfer***").

        **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Claim Ownership with the Court and served copies thereof on the Disclosure Parties.

        **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the principal amount of Unsecured Notes Claims beneficially owned by the Filer and the date(s) on which the Filer acquired or otherwise became the beneficial owner of such Unsecured Notes Claims:

| *Principal Amount of Unsecured Notes Claims Beneficially Owned* | *Date(s) Acquired* |
|---|---|
| | |
| | |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the Filer proposes to purchase, acquire, or otherwise accumulate the following Claims on the following dates:

| Principal Amount of Unsecured Notes Claims to be Acquired | Date(s) of Proposed Transfer |
|---|---|
|  |  |
|  |  |

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (a) filed with the Court, One Bowling Green, Courtroom [ ● ], New York, New York 10004-1408 and (b) served upon (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Required Consenting Noteholders have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors or the Required Consenting Noteholders file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If neither the Debtors or the Required Consenting Noteholders

object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

> **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional Unsecured Notes Claims will each require an additional notice filed with the Court to be served in the same manner as this Notice.

<div align="center">Respectfully submitted,</div>

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit B-8</u>**

**Notice of Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 ([ ● ]) |
| Debtors.[1] | (Joint Administration Requested) |

### NOTICE OF FINAL ORDER (A) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES ON CERTAIN TRANSFERS OF INTERESTS IN AND CLAIMS AGAINST, THE DEBTORS, AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS; (B) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on July [24], 2024 (the "***Petition Date***"), the above-captioned debtors and debtors in possession (the "***Debtors***"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for trading in certain claims against 2U, Inc. ("***2U***") and in common stock issued by 2U ("***2U Stock***") and claims of worthlessness with respect to 2U Stock (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE** that on [ ● ], the United States Bankruptcy Court for the Southern District of New York (the "***Court***") entered an *Final Order (A) Establishing Notification and Hearing Procedures on Certain Transfers of Interests In and Claims Against, the Debtors, and Claims of Certain Worthless Stock Deductions; (B) Granting Related Relief, entered by the United States Bankruptcy Court for the Southern District of New York* [Docket No. [ ● ]](the "***Final Order***") approving the procedures set forth below in order to preserve the Debtors' Tax Attributes (as defined in the Motion). Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the following restrictions, notification requirements, and other procedures (the "***Stock Procedures***") are approved by the Court and shall apply to all trading and transfers of, and claiming a Worthless Stock Deduction with respect to, beneficial ownership of 2U Stock or Options (as defined below) to acquire 2U Stock; *provided*, that the Debtors may, with the reasonable consent of the Required

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Stock Procedures:

**Definitions:** For purposes of these Stock Procedures, the following terms have the following meanings:

a.    "***Beneficial ownership***" of 2U Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, Treasury Regulations, and rulings issued by the Internal Revenue Service (the "***IRS***"), and thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of 2U Stock.

b.    "***Disclosure Parties***" means (i) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com), and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (iii) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Lender Group; (iv) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (v) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (vi) Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)).

c.    "***Entity***" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "***Treasury Regulations***"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of 2U Stock.

d.    "*Majority Stockholder*" means (i) any person or Entity that beneficially owns at least 1,429,186 shares of 2U Stock (representing approximately 50% of all issued and outstanding shares of 2U Stock), or (ii) any person that would be a "*50-percent shareholder*" (within the meaning of section 382(g)(4)(D) of the Tax Code) with respect to its beneficial ownership of 2U Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

e.    "*Option*" means any option or similar right (within the meaning of applicable Treasury Regulations) to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

f.    "*Substantial Stockholder*" means any person or Entity that beneficially owns at least 135,772 shares of 2U Stock (representing approximately 4.75% of all issued and outstanding shares of 2U Stock).

g.    "*Worthless Stock Deduction*" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165(g) of the Tax Code with respect to beneficial ownership of 2U Stock.

**Procedures for Trading 2U Stock and Options**

a.    Any person or Entity that now or hereafter beneficially owns 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit B-1** attached to the Final Order, on or before the later of (i) 20 calendar days after the date of this Notice of Final Order and (ii) 10 calendar days after becoming a Substantial Stockholder. At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

b.    At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire 2U Stock) that would result in an increase in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity becoming a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit B-2** attached to the Final Order, of the intended transfer of beneficial ownership of 2U Stock. At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

c.      At least 14 calendar days prior to effectuating any transfer of beneficial ownership of 2U Stock (including indirectly or through the issuance, transfer or exercise of Options to acquire such 2U Stock) that would result in a decrease in the amount of 2U Stock beneficially owned by a Substantial Stockholder or would result in a person or Entity ceasing to be a Substantial Stockholder, such Substantial Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit B-3** attached to the Final Order, of the intended transfer of beneficial ownership of 2U Stock (the notices required to be filed and served under paragraph (b) and this paragraph (c) are each a "***Notice of Proposed Equity Transfer***").  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

d.      The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Equity Transfer to file with this Court and serve on the applicable Substantial Stockholder an objection to the proposed transfer of beneficial ownership described in the Notice of Proposed Equity Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Equity Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10- day waiting period.

**Procedures for Claiming a Worthless Stock Deduction**

a.      Any person or Entity that currently is or becomes a Majority Stockholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of **Exhibit B-4** attached to the Final Order, on or before the later of (i) 20 calendar days after the date of the Notice of Final Order (as defined below) and (ii) 10 calendar days after becoming a Majority Stockholder.  At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

b.      At least 14 calendar days prior to filing any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with this Court and serve on the Disclosure Parties advance written notice, in the form of **Exhibit B-5** attached to the Final Order (a "***Notice of Intent to Claim a***

*Worthless Stock Deduction*"), of the intended Worthless Stock Deduction.  At the election of the Substantial Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of 2U Stock that the Substantial Stockholder beneficially owns.

c.       The Debtors and the Required Consenting Noteholders will have 10 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such Majority Stockholder an objection to any proposed Worthless Stock Deduction described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Required Consenting Noteholders file an objection, such Worthless Stock Deduction will not be effective unless approved by a final and non-appealable order of this Court.  If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such Worthless Stock Deduction may proceed solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the following restrictions, notification requirements, and other procedures (the "*Claims Procedures*" and together with the Stock Procedures, the "*Procedures*") are approved by the Court and shall apply to all transfers of Unsecured Notes Claims (as defined below) against the Debtors from and after the Petition Date; *provided*, that the Debtors may, with the reasonable consent of the Required Consenting Noteholders, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Claims Procedures:

**Definitions:**   For purposes of these Claims Procedures, the following terms have the following meanings:

a.       "*Beneficial ownership*" of a Claim shall be determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims owned or acquired by its subsidiaries; (ii) ownership by a holder's family members; (iii) ownership by any Entity; and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired).  For the avoidance of doubt, beneficial ownership of a Claim also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim pursuant to a plan of reorganization or any applicable bankruptcy court order.

b.   "*Unsecured Notes Claims*" means Claims arising under that certain (i) Indenture, dated as of April 23, 2020, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 2.25% Convertible Senior Notes due 2025; and (ii) Indenture, dated as of January 11, 2023, by and between 2U, Inc., as issuer, and Wilmington Trust, National Association, as trustee, governing 2U, Inc.'s 4.50% Senior Unsecured Convertible Notes due 2030.

c.   "*Substantial Claimholder*" means any person or Entity that beneficially owns a principal amount equal to or greater than $25,000,000 of Unsecured Notes Claims (representing an amount of Unsecured Notes Claims that would result in such person or Entity to beneficially own 4.75% of 2U Stock immediately after emergence).  For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons or Entities must be aggregated when testing for Substantial Claimholder status (for such purpose, a Claim is treated as if it were stock).

**Proposed Claims Procedures**

a.   Any person or entity that currently is or becomes a Substantial Claimholder shall file with this Court and serve on the Disclosure Parties a notice of such status, in the form of __Exhibit B-6__ attached to the Final Order, on or before the later of (i) 20 calendar days after the date of this Notice of Final Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Claimholder.  At the election of the Substantial Claimholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Claimholder's taxpayer identification number and the amount of Unsecured Notes Claims that the Substantial Claimholder beneficially owns.

b.   At least 14 calendar days prior to effectuating any transfer of beneficial ownership of Unsecured Notes Claims that would result in an increase in the amount of Unsecured Notes Claims beneficially owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder, such Substantial Claimholder shall file with this Court and serve on proposed counsel to the Debtors advance written notice, in the form of __Exhibit B-7__ attached to the Final Order, of the intended transfer of beneficial ownership of Claims (a "*Notice of Proposed Claims Transfer*").  At the election of the Majority Stockholder, the notice to be filed with the Court (but not the notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number and the amount of 2U Stock that the Majority Stockholder beneficially owns.

c.   The Debtors and the Required Consenting Noteholders shall have 10 calendar days after receipt of a Notice of Proposed Claims Transfer to file with this Court and serve on the applicable Substantial Claimholder an objection to the proposed transfer of beneficial ownership of Unsecured Notes Claims described in the Notice of Proposed Claims Transfer on the grounds that such transfer may adversely affect

the Debtors' ability to qualify for the special relief afforded by section 382(l)(5) of the Tax Code. If the Debtors or the Required Consenting Noteholders file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If neither the Debtors or the Required Consenting Noteholders object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Claims Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, upon written request, the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC ("***Epiq***"), will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE** that Epiq can be contacted by: (a) calling 877-525-5725 (Toll Free U.S.) or +1 360-803-4441 (International) or (b) emailing tabulation@epiqglobal.com with reference to "2U" in the subject line. You may also visit the Debtors' restructuring website at https://dm.epiq11.com/2U. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee at www.nysb.uscourts.gov or free of charge at https://dm.epiq11.com/2U.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE OR THE FINAL ORDER SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF 2U STOCK OR UNSECURED NOTES CLAIMS, OR THE TAKING OF ANY WORTHLESSNESS DEDUCTION WITH RESPECT TO 2U STOCK IN VIOLATION OF THE FINAL ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rules 3001 and 3002 and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.

Dated:     [ ● ], 2024
              New York, New York