**<u>Exhibit B</u>**

**Blackline**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 (~~●~~ **MEW**) |
| Debtors.[1] | (~~Joint Administration Requested~~**Jointly Administered**) |
| | **Related Docket No. 11** |

**INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION INSURANCE PROGRAMS OBLIGATIONS AND (II) MAINTAIN THEIR INSURANCE PROGRAMS POSTPETITION; AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] of the Debtors for an interim order (this "***Interim Order***"): (a) authorizing, but not directing, the Debtors, in their discretion, to (i) pay prepetition claims arising under their ordinary course Insurance Programs, if any, and (ii) maintain their Insurance Programs in the ordinary course postpetition; and (b) granting related relief; and this Court having reviewed the Motion and the First Day Declarations; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US-DOCS\~~152542874.1~~**152542874.2**

requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon the First Day Declarations and the record of the Hearing and all the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, to maintain and continue their Insurance Programs.

4. The Debtors are authorized, but not directed, to pay to the Insurers, Broker, and the Issuing Banks any amounts owed on account of the Insurance Programs or maintenance of the Insurance Programs, whether arising prepetition or postpetition, including the fees, costs, premiums, and commissions of the Broker in connection with the Insurance Programs and the Broker Contract, as applicable, in the ordinary course of business and in accordance with the Approved Budget; *provided*, that nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the final hearing to consider the relief requested in the Motion.  For the avoidance of doubt, this relief is

being granted out of an abundance of caution, as the Debtors do not anticipate any amounts coming due on account of the Insurance Programs.

5. The Debtors are authorized, but not directed, to renew, replace, modify, extend, or add to their Insurance Programs or the Broker Contract in the ordinary course of business as needed and in accordance with the Approved Budget, including but not limited to entering into new insurance policies, broker contracts, and letters of credit through renewal or purchase of new insurance coverage or insurance policies, broker contracts, and letters of credit, including but not limited to, in each case, by paying any premiums associated with "runoff" coverage triggered during the Chapter 11 Cases and/or by posting collateral as required by the Insurers, Broker, or Issuing Banks; *provided*, however, that the Debtors shall not be permitted to enter into any arrangement with a present or future Insurer outside of the ordinary course of business without prior court approval under 11 U.S.C. § 363(b)(1).

6. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for the Prepetition Insurance Programs Obligations that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' directions or representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Interim Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments, and any such banks and financial institutions shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Interim Order.

7. **Solely with respect to Letters of Credit issued prepetition by JPMorgan Chase Bank, N.A. and its affiliates (collectively, "*JPMC*") for which a Debtor has posted cash collateral to secure the related Letters of Credit Obligations, JPMC shall have a secured claim to the extent of the amount of cash collateral in the applicable cash collateral accounts held at JPMC, and may apply funds from the applicable cash collateral accounts in the event of a valid draw request from the beneficiary under such Letter of Credit to satisfy JPMC's secured claim arising from the applicable Letters of Credit Obligations without seeking further relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code and without the Debtors' further consent or further order of this Court, solely as it relates to the funds held by JPMC in the applicable cash collateral account; *provided*, *however*, that any such application of the cash collateral must be consistent with the terms and provisions of the existing agreements governing the applicable Letter of Credit between JPMC and the Debtors.**

8. ~~7.~~ Notwithstanding the relief granted in this Interim Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the DIP Order and the DIP Credit Documents (as defined in the DIP Order) and any orders governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating to the foregoing).  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order or the DIP Credit Documents.  To the extent there is any inconsistency between the terms of the DIP Order, the DIP Credit Documents, or any orders approving the Debtors' use of cash collateral, and the terms of this Interim Order, the terms of the DIP Order, the DIP Credit Documents, and such order approving the use of cash collateral, as applicable, shall control.

9.  8. The final hearing on the Motion (the "*Final Hearing*") will be held on [ ● ], at [ ● ] [ ● ].m. (Eastern Time).  Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Time) on [ ● ], 2024, and served on the following parties: (a) United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)); (b) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com)); (c) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com) and Scott Yousey (scott.yousey@lw.com)), proposed counsel for the Debtors; (d) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Group; (e) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)), counsel for the Ad Hoc Noteholder Group; (f) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; and (g) counsel to any statutory committee appointed in these Chapter 11 Cases.  In the event no objections to entry of a

final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

10. ~~9.~~ Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors), is to be construed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  Nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

11. ~~10.~~ The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

12. ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

13.    ~~12.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

14.    ~~13.~~ The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

15.    ~~14.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York  
Dated:_____, 2024

_____  
UNITED STATES BANKRUPTCY JUDGE