UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>2U, Inc., *et al.*,<br><br>　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 24-11279 (MEW)<br><br>(Jointly Administered)<br><br>**Related Docket No. 5** |

**ORDER (A) SCHEDULING A COMBINED HEARING
TO CONSIDER APPROVAL OF THE DISCLOSURE
STATEMENT AND CONFIRMATION OF THE PLAN;
(B) ESTABLISHING THE VOTING RECORD
DATE, VOTING DEADLINE, AND OTHER DATES;
(C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND
TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS
TO THE DISCLOSURE STATEMENT OR THE PLAN;
(D) APPROVING THE MANNER AND FORMS OF NOTICE AND
OTHER RELATED DOCUMENTS; (E) APPROVING EQUITY
RIGHTS OFFERING DOCUMENTS; (F) CONDITIONALLY WAIVING
REQUIREMENT OF FILING SCHEDULES AND STATEMENTS AND OF
CONVENING SECTION 341 MEETING OF CREDITORS;
<u>AND (G) GRANTING RELATED RELIEF</u>**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 1125, and 1126 and Rules 2002, 3003, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure, (a) scheduling a combined hearing at which the Court will consider approval of the Disclosure Statement and confirmation of the Plan; (b) establishing the voting record date, voting deadline and other related dates; (c) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Disclosure Statement or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Plan; (d) approving the manner and forms of notice and other related documents; (e) approving the equity rights offering documents; (f) conditionally, if the Plan is confirmed within 75 days of the Petition Date, waiving the requirements to (i) hold the Creditors' Meeting and (ii) file schedules of assets and liabilities, statements of financial affairs and 2015.3 Reports; and (g) granting related relief; and this Court having reviewed the Motion and the First Day Declarations; and this Court having determined that the relief set forth herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declarations and the record of the Hearing and all the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized to continue their prepetition solicitation in respect of the Plan, as set forth in the Motion, which commenced on July 24, 2024; *provided, however*, that:

2

(a) the provisions in prior ballots and notices stating that certain parties would be bound by third party releases except to the extent they elected to "opt out" of those releases shall be of no force and effect;

(b) holders of claims in Class 3 (First Lien Claims) and Class 4 (Unsecured Note Claims) shall receive notices in the form attached hereto as **Exhibit 8**, informing them that, notwithstanding the terms of the prior ballots and notices, they will not be bound by the proposed third party releases unless they vote in favor of the Plan; and

(c) holders of claims and interests in non-voting classes shall receive notices and "opt-in" forms identified below that clearly inform them that they may "opt into" the proposed third party releases but that they are not required to do so and will otherwise not be bound by any such releases.

To the extent the Debtors received any acceptances or rejections prior to the Petition Date, the Debtors may count such ballots.

**B.     Combined Hearing and Objections**

3. Pursuant to Bankruptcy Rule 3020(b)(2), the hearing to consider adequacy of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**") shall be on September 6, 2024, at 11:00 a.m. prevailing Eastern Time.

4. The Proposed Confirmation Schedule set forth in the Motion (and copied below) is hereby approved, except as may be modified herein.

| Event | Date/Deadline |
|---|---|
| Voting Record Date | July 22, 2024 |
| Commencement of Prepetition Solicitation | July 24, 2024 |
| Petition Date | July 25, 2024 |

3

| **Event** | **Date/Deadline** |
|---|---|
| Commencement of Equity Rights Offering | July 26, 2024 |
| Deadline to Publish Notice of Combined Hearing | July 31, 2024 (or as soon as reasonably practicable after entry of the Proposed Order) |
| Initial Plan Supplement Deadline | August 16, 2024 |
| Voting Deadline | August 26, 2024 at 5:00 p.m. prevailing Eastern Time |
| Objection Deadline for Combined Hearing | August 26, 2024 at 4:00 p.m. prevailing Eastern Time |
| Equity Rights Offering Termination | August 29, 2024 |
| Confirmation Brief and Reply Deadline | September 4, 2024 |
| Combined Hearing | September 6, 2024 at 11:00 a.m. prevailing Eastern Time |

5. Pursuant to Bankruptcy Rule 3020(b)(1), the deadline (the "***Objection Deadline***") for filing and serving objections to the Disclosure Statement or confirmation of the Plan ("***Objections***") shall be August 26, 2024 at 4:00 p.m. prevailing Eastern Time.

6. Objections, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any Claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so as to be **actually received** by each of the following parties (the "***Notice Parties***") on or before the Objection Deadline:

> i. 2U, INC., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202, Attn: Paul S. Lalljie (plalljie@2u.com), Matthew Norden (mnorden@2u.com), and Lillian Brownstein (lbrownstein@2u.com);

4

    ii.    Proposed counsel to the Debtors, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020, Attn: George A. Davis (george.davis@lw.com); George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall Weber-Levine (randall.weber-levine@lw.com) and Scott Yousey (scott.yousey@lw.com);

    iii.    Counsel to the Ad Hoc First Lien Lender Group, Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com));

    iv.    Counsel to the Ad Hoc Noteholder Group, Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com);

    v.    Counsel to Greenvale, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com));

    vi.    the Office of the U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov), Daniel Rudewicz (daniel.rudewicz@usdoj.gov), and Brian Masumoto (brian.masumoto@usdoj.gov)); and

    vii.    Counsel to any statutory committee if appointed.

7.    Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before September 3, 2024. To the extent applicable, Local Rule 9006-1 is hereby waived in its entirety.

**C.    Establishment of Voting Record Date**

8.    Pursuant to Bankruptcy Rule 3017(d), July 22, 2024, shall be the voting record date (the "***Voting Record Date***") with respect to all Claims. The Debtors shall use the Voting Record Date for determining which Entities are entitled to, as applicable, receive Solicitation Packages, vote to accept or reject the Plan and receive notice of the Combined Hearing.

5

**D.     Approval of Notices and Solicitation Procedures**

  **I.    Duties of Claims and Noticing Agent**

9.      The Claims and Noticing Agent shall continue to assist the Debtors in, among other things, (a) mailing Combined Notices to Holders of Claims in Non-Voting Classes and other non-voting parties entitled to notice, (b) distributing Solicitation Packages by e-mail and mail, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on Ballots cast for or against the Plan by Holders of Claims against the Debtors, (e) responding to inquiries from creditors and stakeholders relating to the Plan, the Disclosure Statement, the Ballots and (f) if necessary, contacting Holders of Claims and Interests regarding the Plan and their Ballots.

10.     The Claims and Noticing Agent is also authorized to accept Ballots via electronic online transmission solely through (a) a customized online balloting portal on the Debtors' case website or (b) by e-mail (solely to the extent and in accordance with the instructions provided on the applicable Ballot). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

  **II.   Notices and Ballots**

11.     The Combined Notice attached hereto as **Exhibit 1**, in combination with the supplemental notice to holders of claims in Classes 3 and 4 set forth in Exhibit 8, complies with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Prepack Guidelines and is hereby approved and deemed to be sufficient and appropriate under the circumstances.

12.     Service of the Combined Notice as set forth in the Motion and herein (and supplemented by the notice attached as Exhibit 8 as to holders of claims in Classes 3 and 4) is sufficient notice of the Petition Date, the Combined Hearing, the Objection Deadline, and

6

procedures for objecting to approval of the Disclosure Statement and to Confirmation of the Plan, and satisfies Bankruptcy Rule 3017 and Part X.D of the Prepack Guidelines.

13. The forms of Ballots which have been used in connection with solicitation of votes on, and confirmation of, the Plan and that are attached hereto as **Exhibits 2, 3-A and 3-B**, and the form of the Cover Letter sent to holders of claims in Class 3 and Class 4 that is attached hereto as **Exhibit 4**, (a) are sufficiently consistent with Official Form No. 314 and the forms attached to the Prepack Guidelines, (b) adequately address the particular needs of these Chapter 11 Cases and (c) are each appropriate for the applicable Class of Claims entitled under the Plan to vote to accept or reject the Plan, and are hereby approved; *provided, however,* that the provisions in the ballots previously sent to holders of claims in Classes 3 and 4 regarding the applicability of third party releases to creditors who do not "opt out" of such releases shall be of no force and effect, and holders of claims in Classes 3 and 4 shall not be bound to third party releases except to the extent they manifest their consent to such releases by voting in favor of the Plan; and *provided further*, that the supplemental notice in the form attached Exhibit 8 to this Order shall be sent to the holders of such claims.

14. Pursuant to Part III.B(i) of the Prepack Guidelines, the Debtors are authorized to continue to accept Ballots distributed prior to the Petition Date until the Voting Deadline, and are further authorized to count such Ballots as votes to accept or reject the Plan; *provided*, that the "opt-out" provisions of such Ballots with respect to third party releases shall be disregarded.

15. Claims in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), and Class 5 (General Unsecured Claims), are Unimpaired and, thus, the Holders of such Unimpaired Claims are conclusively presumed to accept the Plan pursuant to Bankruptcy Code section 1126(f), and the Debtors are not required to solicit their vote with respect to such Unimpaired Claims.

16. The Debtors shall not be obligated to deliver Solicitation Packages or Ballots to Holders of Unimpaired Claims and Interests. Rather, in lieu thereof and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of such Unimpaired Claims and Interests (a) the Combined Notice; and (b) a notice, substantially in the form of **Exhibit 5** attached hereto (the "*Unimpaired Claims Notice*").

17. Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests) shall be, at the option of the Debtors, either reinstated or canceled and released, with no distribution made on account of such Intercompany Claims or Intercompany Interests. The Holders of such Claims and Interests will be conclusively presumed to have accepted the Plan or conclusively deemed to have rejected the Plan. Because the Holders of such Claims and Interests are Affiliates of the Debtors, the Debtors shall not be obligated to deliver Solicitation Packages or Ballots to Holders of Intercompany Claims or Intercompany Interests and any requirement to deliver a notice with respect to the Holders of such Claims and Interests under Bankruptcy Rule 3017(d) shall be waived.

18. Class 8 (Existing Equity Interests) and Class 9 (Subordinated Claims) do not retain or receive any property under the Plan on account of their Claims or Interests, and are, therefore, deemed to reject the Plan pursuant to Bankruptcy Code section 1126(g). The Debtors shall not be obligated to deliver Solicitation Packages or Ballots to Holders of Claims or Interests in Class 8 or Class 9. In accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of such Claims and Interests (a) the Combined Notice, (b) a notice, substantially in the form of **Exhibit 6** attached hereto (the "*Notice of Non-Voting Status*"); and (c) an Opt-In Form in the form attached to the Notice of Non-Voting Status.

19. The Debtors shall not be required to deliver Ballots or Solicitation Packages to counterparties to the Debtors' executory contracts and unexpired leases who do not have scheduled Claims or Claims based upon filed Proofs of Claim. Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the counterparties to the Debtors' executory contracts and unexpired leases the Combined Notice.

20. Subject to entry of the Combined Order, the Unimpaired Claims Notice, the Notice of Non-Voting Status, and the Opt-In Form attached to the Notice of Non-Voting Status, are conditionally approved.

**III.   Content and General Transmittal of Solicitation Packages; Notice of Combined Hearing**

21. The Debtors shall file the Plan Supplement with this Court on or before August 16, 2024 (the "***Initial Plan Supplement Deadline***"), and may amend or supplement the Plan Supplement as necessary thereafter. If the Objection Deadline is extended, the Debtors shall be authorized to file the Plan Supplement by the date that is seven (7) days prior to such extended Objection Deadline, as applicable.

22. To the extent that section 1125(b) of the Bankruptcy Code requires the Debtors' prepetition solicitation of acceptances for the Plan to be pursuant to an approved disclosure statement in order to continue on a postpetition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest objecting to approval of the Disclosure Statement at the Combined Hearing.

23. Subject to entry of the Combined Order, the Solicitation Package used to solicit votes to accept or reject the Plan as set forth in the Motion is conditionally approved with the

exceptions noted elsewhere in this Order regarding the proposed "opt-out" provisions regarding third party releases.

24. The Debtors shall provide copies of the Solicitation Package (other than a Ballot) and the Plan Supplement to: (a) the United States Trustee for Region 2; (b) Milbank LLP as counsel to the Ad Hoc First Lien Lender Group; (c) the administrative agent and collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the indenture trustees for the Notes; (g) the United States Attorney's Office for the Southern District of New York; (h) the Internal Revenue Service; (i) the Securities and Exchange Commission; and (j) those parties that have requested notice pursuant to Bankruptcy Rule 2002, as of the date of mailing the Solicitation Package or filing the Plan Supplement (as applicable).

25. In addition to mailing the Combined Notice to all parties that received the Combined Notice (other than parties to whom notice is not required pursuant to paragraph 29 of this Order), the Debtors shall mail the Combined Notice to all parties in interest listed on the Debtors' creditor matrix as soon as practicable after entry of this Order.

26. The Debtors shall publish the Combined Notice on July 31, 2024, or as soon as reasonably practicable following entry of this Order, in the national edition of *The Wall Street Journal* and the global edition of the *Financial Times*, or another similar newspaper or publication, as the Debtors deem appropriate, and shall be authorized (but not required) to publish the Combined Notice in such trade or other local publications of general circulation as the Debtors shall determine. The Debtors are authorized to make reasonable payments necessary for such publication.

27. Publication of the Combined Notice as described herein shall constitute sufficient notice of the Combined Hearing to persons who do not otherwise receive notice by mail as provided for in this Order.

28. The Debtors shall deliver a supplemental notice regarding the Third Party Release in the form attached as **Exhibit 8** to the Holders of Claims in Class 3 and Class 4, whose votes to accept or reject the Plan were solicited before the Petition Date.

### IV.    Exceptions to Solicitation Requirements

29. Notwithstanding anything in this Order to the contrary, the Debtors shall not be required to send Solicitation Packages, Ballots, individual solicitation materials, or other notices to any person or entity to whom the Debtors mailed the Combined Notice and had such notice returned by the United States Postal Service marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or any similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

30. In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots via electronic, online transmissions, solely through (a) a customized online balloting portal on the Debtors' case website to be maintained by the Claims and Noticing Agent, and (b) e-mail (solely to the extent and in accordance with the instructions provided on the applicable Ballot). Entities entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the online balloting portal (which allows a Holder to submit an electronic signature). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**D.     Voting Deadline and Procedures for Vote Tabulation**

31.    5:00 p.m. Prevailing Eastern Time on August 26, 2024 (the "*Voting Deadline*") is the last date and time by which Ballots for accepting or rejecting the Plan, and opting into the Third-Party Release, must be received by the Claims and Noticing Agent in order to be counted; *provided*, that the Debtors may extend the Voting Deadline as they deem appropriate.

32.    Any timely received Ballot that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan, and the vote amounts for Holders of Class 3 First Lien Claims and Holders of Class 4 Unsecured Notes Claims shall be based on the amount of each eligible Holder's Claims as of the Voting Record Date.

33.    The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

a. Any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

b. Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

c. Any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

d. Any Ballot that is properly completed, executed and timely filed, but (i) does not indicate an acceptance or rejection of the Plan, (ii) indicates both an acceptance and rejection of the Plan, or (iii) partially accepts and partially rejects the Plan;

e. Any Ballot submitted by facsimile, telecopy or electronic mail;

f. Any unsigned Ballot, provided that any Ballot submitted through E-Ballot will be deemed to contain a valid signature;

g. Any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Claims and Noticing Agent) or the Debtors' financial or legal advisors; or

h. Any Ballot not cast in accordance with the procedures approved in this Order.

34. Any duplicate Ballots will only be counted once.

35. Subject to any contrary order of the Court and except as otherwise set forth herein, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Claims and Noticing Agent.

36. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast which attempt to vote the same Claim prior to the Voting Deadline, the last Ballot received by the Claims and Noticing Agent prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots, *provided*, *however*, that where an ambiguity exists as to which Ballot was the latest mailed, the Claims and Noticing Agent reserves the right to contact the creditor and tabulate the vote according to such voter's stated intent. This procedure is without prejudice to the Debtors' rights to object to the validity of the superseding Ballots on any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes.

37. Claims splitting is not permitted and creditors who vote must vote all of their Claims within a particular class to either accept or reject the Plan. If Claimants submit Ballots on account of multiple Claims within the Voting Class, the Claims and Noticing Agent shall tabulate such votes in the aggregate amount and as one (1) vote for numerosity purposes.

**E.    The Equity Rights Offering, the Equity Rights Offering Documents and the Commencement of the Equity Rights Offering**

38. The Equity Rights Offering Documents attached hereto as **Exhibit 7** are approved and the Debtors are authorized to commence the Equity Rights Offering in accordance with and as described in the Equity Rights Offering Documents, the Plan and the Disclosure Statement.

13

**F.      Extension and Conditional Waivers of the 341 Meeting and the Filing of the Schedules, SOFAs and 2015.3 Reports**

39.     The U.S. Trustee need not and shall not convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code unless the Plan is not confirmed by September 6, 2024, without prejudice to the Debtors' right to request further extensions thereof.

40.     Cause exists to waive the requirement that the Debtors file the Schedules, SOFAs and 2015.3 Reports if the Plan is confirmed within seventy-five (75) days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; provided that such deadline to file the Schedules, SOFAs and 2015.3 Reports may be further extended, without further motion by the Debtors, upon further order from this Court submitted on certification of counsel, filed on the docket and served on the Notice Parties, with prior consent of the U.S. Trustee (which consent may be by email); provided, further, that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors and the U.S. Trustee are unable to reach agreement pursuant to the preceding proviso).

**VI.    Compliance with Prepack Guidelines**

41.     The Motion complies with Part III of the Prepack Guidelines. Notwithstanding the fact that the Debtors may seek to confirm the Plan pursuant to 11 U.S.C. § 1129(b), these Chapter 11 Cases shall be treated as Prepackaged Chapter 11 Cases (as defined in the Prepack Guidelines) pursuant to Part III.C of the Prepack Guidelines.

**V.     Miscellaneous**

42.     The service of Solicitation Packages and other notices and documents described herein in the time and manner set forth in this Order constitutes adequate and sufficient notice of the Combined Hearing and no further notice is necessary.

43. Nothing in the Motion or this Order, or the relief granted herein (including any actions taken or payments made by the Debtors), shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

44. Notwithstanding any applicable Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

45. The Debtors and the Claims and Noticing Agent are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

46. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

47. Copies of the Plan and Disclosure Statement (including after the Initial Plan Supplement Deadline, the Plan Supplement) and all pleadings and orders of the Bankruptcy Court are publicly available, for a fee via PACER at: www.nysb.uscourts.gov, or free of charge from the Claims and Noticing Agent by visiting the Debtors' restructuring website at https://dm.epiq11.com/2U. Such documents and pleadings may also be obtained by: (a) calling the Debtors' restructuring hotline at 877-525-5725 (U.S.) or +1 360-803-4441 (international); and/or (b) writing to 2U, Inc. *et al.*, c/o Epiq Corporate Restructuring, 10300 SW Allen Blvd, Beaverton, Oregon, 97005, or by email to tabulation@epiqglobal.com with "2U" in the subject line.

Dated: New York, New York
      July 29, 2024

                                                            **s/Michael E. Wiles**
                                                            HONORABLE MICHAEL E. WILES
                                                            UNITED STATES BANKRUPTCY JUDGE