**LATHAM & WATKINS LLP**

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | No. 24-11279 (MEW) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket Nos. 90 & 138 |

**NOTICE OF FILING OF REVISED ORDER**
**(A) APPROVING (I) THE DISCLOSURE STATEMENT**
**AND (II) CONFIRMING THE SECOND AMENDED**
**JOINT PREPACKAGED PLAN OF REORGANIZATION OF**
**2U, INC. AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11**
**OF THE BANKRUPTCY CODE, AND (B) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on August 23, 2024, the above-captioned debtors in possession (collectively, the "**Debtors**") filed the *Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 90] (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "**Plan**").[2]

**PLEASE TAKE FURTHER NOTICE** that on September 4, 2024, the Debtors filed the proposed *Order (A) Approving (I) the Disclosure Statement and (II) Confirming the Second*

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]  All capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to such terms in the Plan.

*Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, and (B) Granting Related Relief* [Docket No. 138] (the "***Proposed Confirmation Order***").

**PLEASE TAKE FURTHER NOTICE** that that annexed hereto as **Exhibit A** is the Debtors' revised proposed *Order (A) Approving (I) the Disclosure Statement and (II) Confirming the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, and (B) Granting Related Relief* (the "***Revised Proposed Confirmation Order***").  For the convenience of the Court and all parties in interest, a blackline comparing the Revised Proposed Confirmation Order against the Proposed Confirmation Order is attached hereto at **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the hearing to consider adequacy of the Disclosure Statement and confirmation of the Plan (the "***Combined Hearing***") is scheduled to commence at **11:00 a.m. (prevailing Eastern Time) on September 6, 2024**, which hearing shall be in person at the United States Bankruptcy Court for the Southern District of New York, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, Courtroom 617, One Bowling Green, New York, NY 10004.  If you wish to appear virtually at the hearing via Court Solutions, please email wiles.chambers@nysb.uscourts.gov to request approval prior to the hearing.  Parties and members of the public who wish to listen to the hearing by audio feed do not need approval and may do so by registering with Court Solutions. Parties may register with Court Solutions at www.Court-Solutions.com.  Information on how to register for, and use, the Court Solutions platform is available at https://help.court-solutions.com/hc/en-us.  **The Combined Hearing may be continued by the Court or by the Debtors without further notice other than by announcement of same in open court and/or by filing and serving a notice of adjournment.**

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to amend, revise, modify, or supplement the Proposed Confirmation Order prior to, at, or as a result of the Combined Hearing.

**LATHAM & WATKINS LLP**

Dated:    September 6, 2024
          New York, New York

By:    */s/ George A. Davis*
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  george.davis@lw.com
        george.klidonas@lw.com
        anu.yerramalli@lw.com
        randall.weber-levine@lw.com
        scott.yousey@lw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

<u>Revised Proposed Confirmation</u>

<u>Order</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (A) APPROVING**
**(I) THE DISCLOSURE STATEMENT**
**AND (II) CONFIRMING THE SECOND AMENDED**
**JOINT PREPACKAGED PLAN OF REORGANIZATION OF**
**2U, INC. AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11**
**OF THE BANKRUPTCY CODE, AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***")

having:

(a)    caused, on or about July 24, 2024, the distribution of the following solicitation materials (the "***Solicitation Materials***") to each Holder (a "***Voting Creditor***") of a Claim in the Classes that were entitled to vote on the Plan (i.e., Classes 3 and 4), as evidenced by the Certificate of Service of Solicitation Documents [Docket No. 81] filed on August 20, 2024:  (i) the *Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as the same may have been modified, supplemented, and amended, the "***Plan***"),[2] (ii) the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as the same may have been modified, supplemented, and amended, the "***Disclosure Statement***"), (iii) the proposed *Notice of (A) Commencement of Chapter 11 Cases; (B) Combined Hearing on Disclosure Statement, Confirmation of Joint Prepackaged Chapter 11 Plan, and Related Matters; and (C) Objection Deadlines and Summary of Debtors' Joint Prepackaged Chapter 11 Plan* (the "***Combined Notice***"), which provided a summary of the Plan; (iv) the proposed *Order (A) Scheduling a Combined Hearing to Consider Approval of the Disclosure Statement and Confirmation of the Plan; (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates; (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Disclosure Statement or the Plan; (D) Approving the Manner and Forms of Notice and Other*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

*Related Documents; (E) Approving Equity Rights Offering Documents; (F) Conditionally Waiving Requirements of Filing Schedules and Statements and of Convening Section 341 Meeting of Creditors; and (G) Granting Related Relief*; (v) the cover letter from the Debtors explaining the solicitation process; and (vi) ballots (including instructions and pre-addressed, postage pre-paid return envelopes) to be submitted by the Voting Creditors in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***");

(b)     commenced, on July 25, 2024 (the "***Petition Date***"), these chapter 11 cases (collectively, the "***Chapter 11 Cases***") by filing voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") for relief under chapter 11 of the Bankruptcy Code;

(c)     filed, on the Petition Date, (i) the Plan [Docket No. 19], (ii) the Disclosure Statement [Docket No. 20], and (iii) the *Motion of Debtors for Entry of an Order (A) Scheduling a Combined Hearing to Consider Approval of the Disclosure Statement and Confirmation of the Plan; (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates; (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Disclosure Statement or the Plan; (D) Approving the Manner and Forms of Notice and Other Related Documents; (E) Approving Equity Rights Offering Documents; (F) Conditionally Waiving Requirement of Filing Schedules and Statements and of Convening Section 341 Meeting of Creditors; and (G) Granting Related Relief* [Docket No. 5] (the "***Solicitation Procedures Motion***");

(d)     caused, on the Petition Date, the posting of the Debtors' first day motions, the Plan, the Disclosure Statement, and the ballots on the public website of Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC ("***Epiq***");

(e)     obtained, on July 30, 2024, entry of the order approving the Solicitation Procedures Motion [Docket No. 50] (the "***Solicitation Procedures Order***");

(f)     caused, on July 31, 2024, the distribution of (i) *Notice of (A) Non-Voting Status to Holders of Class 8 Existing Equity Interest and Class 9 Subordinated Claims in 2U, Inc. Deemed to Reject the Plan; and (B) Form to Opt-In to Third-Party Release* (the "***Notice of Non-Voting Status***") and the Combined Notice to Holders of Claims in Class 8 Existing Equity Interests and Class 9 Subordinated Claims, (ii) *Notice of Non-Voting Status to Holders of Claims Deemed to Accept the Plan* and the Combined Notice to Holders of Claims in Class 1 Other Secured Claims, Class 2 Other Priority Claims and Class 5 General Unsecured Claims, and (iii) the *Supplemental Notice to Holders of Claims in Classes 3 and 4 That Are Entitled to Vote to Accept or Reject the Plan* and the Combined Notice to Holders of Class 3 First Lien Claims and Holders of Class 4 Unsecured Notes Claims, as evidenced by the *Amended Certificate of Service* [Docket No. 84] filed on August 21, 2024;

(g)     caused, on August 1, 2024, the launch of the online opt-in portal and the posting of the link to the online opt-in portal on the public website of Epiq;

(h)     filed on August 2, 2024, the first amended version of the Plan [Docket No. 55];

(i)     caused publication of the Combined Notice setting forth the date and time set for the hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "***Combined Hearing***") in the national edition of *The Wall Street Journal* on August 5, 2024, and in the global edition of the *Financial Times* on August 6, 2024, as evidenced by the *Affidavit* and *Affidavit of Publication* [Docket No. 61] filed on August 14, 2024;

(j)     timely and properly filed and served, on August 16, 2024, (i) the *Notice of Filing of Plan Supplement for the First Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 71] (as may be amended, modified, or supplemented from time to time in accordance with the Plan and this Combined Order (as defined below), the "***Initial Plan Supplement***"), and (ii) *Notice of Extension of Deadline for Holders of Class 8 Existing Equity Interests and Class 9 Subordinated Claims in 2U, Inc. to Opt In to the Third-Party Release* [Docket No. 64];

(k)     caused, on August 16, 2024, the distribution of the Notice of Non-Voting Status to potential members of an uncertified class of plaintiffs in *Michael Beaumont v. 2U, Inc. et al.*, 8:24-cv-01723-DLB (D. Md. Jun. 13, 2024) as potential Holders of Class 9 Subordinated Claims, as evidenced by the *Certificate of Service* [Docket No. 83] filed on August 21, 2024;

(l)     caused, on August 20, 2024, the filing of the *Certificate of Service of Solicitation Documents* [Docket No. 81], which evidenced the distribution of the Solicitation Materials to the Voting Creditors;

(m)     filed on August 23, 2024, the second amended version of the Plan [Docket No. 90];

(n)     timely and properly filed and served, on August 23, 2024, the *Notice of Filing of the First Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 92] (as may be amended, modified, or supplemented from time to time in accordance with the Plan and this Combined Order, the "***First Amended Plan Supplement***"), as evidenced by the *Certificate of Service* [Docket No. 119] filed on September 4, 2024;

(o)     timely and properly filed and served, on September 4, 2024, the *Notice of Filing of the Second Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 118] (the "***Second Amended Plan Supplement***");

(p)     timely and properly filed and served, on September 4, 2024, the *Notice of Filing of the Third Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 121] (the "***Third Amended Plan Supplement***");

(q)     timely and properly filed and served, on September 4, 2024, the *Notice of Filing of the Fourth Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 135] (together with the Initial Plan Supplement, the First Amended Plan Supplement, the Second Amended Plan Supplement, and the Third Amended Plan Supplement, and as the same may be amended, modified, or supplemented from time to time in accordance with the Plan and this Combined Order, the "***Plan Supplement***");

(r)     caused, on September 4, 2024, the filing of the *Declaration of Jane Sullivan on behalf of Epiq Corporate Restructuring, LLC Regarding Tabulation of Ballots Cast on the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 131] (the "***Voting Report***"), which detailed the results of the Plan voting process;

(s)     filed on September 4, 2024: (i) the *Memorandum of Law in Support of (A) Approval of Debtors' Disclosure Statement and (B) Confirmation of Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "***Confirmation Brief***"), (ii) the *Declaration of William Kocovski in Support of (A) Confirmation of the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code; (B) Entry of a Final Order Approving the DIP Motion; and (C) the Backstop Motion* [Docket No. 128] (the "***Kocovski Declaration***"), (iii) the *Declaration of Matthew Norden, Chief Financial Officer and Chief Legal Officer of the Debtors, in Support of Confirmation of the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 136] (the "***Norden Declaration***"), and (iv) the *Declaration of Cullen Murphy in Support of Entry of Final Order (A) Authorizing the Debtors to (I) Obtain Junior Lien Postpetition Financing and (II) Use Cash Collateral; (B) Granting Liens and Superpriority Claims; (C) Granting Adequate Protection to Certain Parties; and (D) Granting Related Relief* [Docket No. 132] (the "***Murphy Declaration***"), (v) the *Declaration of Barak Klein in Support of (A) the Equity Rights Offering Backstop Motion; and (B) Confirmation of the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 129] (the "***Klein Declaration***"), (vi) the *Declaration of Ivona Smith in Support of Confirmation of the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 127] (together with the Kocovski Declaration, the Norden Declaration, the Murphy Declaration, the Klein Declaration, the Voting Report, and all other previously filed affidavits and

declarations filed in connection with the Plan and the Disclosure Statement, the "***Confirmation Declarations***"); and

(t)     operated their businesses and managed their properties during these Chapter 11 Cases as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

The Bankruptcy Court having:

(a)     reviewed the solicitation procedures regarding votes to accept or reject the Plan (the "***Solicitation Procedures***") and the Solicitation Procedures Order;

(b)     reviewed the Plan, the Disclosure Statement, the Plan Supplement, the Confirmation Brief, the Confirmation Declarations, the Voting Report, and all other filed pleadings, exhibits, statements, affidavits, declarations, and comments regarding Confirmation of the Plan, including all objections, statements, and reservations of rights made with respect thereto;

(c)     reviewed the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in <u>Article IX</u> of the Plan;

(d)     held the Combined Hearing on September 6, 2024, at 11:00 a.m., prevailing Eastern Time pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

(e)     heard the statements, arguments, and objections made by counsel in respect of Confirmation of the Plan;

(f)     overruled any and all objections to the Plan and Confirmation thereof and any and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated; and

(g)     taken judicial notice of the papers and pleadings filed and all orders entered in the Chapter 11 Cases.

**NOW, THEREFORE**, it appearing to the Bankruptcy Court that notice of the Combined Hearing and the opportunity for any party in interest to object to approval of the Disclosure Statement and Confirmation has been adequate and appropriate as to all Entities affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Combined Hearing establish just cause for the relief granted herein; and upon the record of the Combined Hearing and the representations made thereat; and after due deliberation thereon and good cause appearing

therefor,

IT IS DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

**A.      Findings and Conclusions**

1.      The findings and conclusions set forth herein and on the record of the Combined Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  All findings of fact and conclusions of law announced by the Bankruptcy Court at the Combined Hearing in relation to approval of the Disclosure Statement and confirmation of the Plan are hereby incorporated into this Combined Order.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**B.      Jurisdiction and Venue**

2.      Venue in the Bankruptcy Court was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during these Chapter 11 Cases.  Approval of the Disclosure Statement and Confirmation of the Plan are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(L). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  The Bankruptcy Court has exclusive jurisdiction to determine whether the Disclosure Statement contains adequate information for purposes of section 1125 of the Bankruptcy Code.

**C.      Burden of Proof**

3.      The Debtors have met their burden of proving that the Plan complies with each element of sections 1129(a) and, to the extent applicable, 1129(b) of the Bankruptcy Code by a preponderance of the evidence.

**D.      Notice of the Combined Hearing**

4.      Notice of the Combined Hearing was appropriate and satisfactory and is approved in all respects.  All parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were given due, proper,

adequate, timely, and sufficient notice of the Combined Hearing in accordance with the Disclosure Statement and Solicitation Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations and such parties had an adequate opportunity to appear and be heard with respect thereto.  No other or further notice is required.

**E.      Combined Hearing on the Disclosure Statement and Plan Confirmation**

5.      Given (i) that all Allowed General Unsecured Claims are unimpaired under section 1124 of the Bankruptcy Code under the Plan, (ii) the overwhelming support from the Holders of Claims in the voting Classes that have casted ballots on the Plan, and (iii) the Debtors need to preserve their customer relationships and emerge from chapter 11 as expeditiously as possible, it is appropriate to hold a Combined Hearing on the Debtors' request for approval of the Disclosure Statement and Confirmation of the Plan under sections 105(d)(2)(B)(vi) and 1125(g) of the Bankruptcy Code and Bankruptcy Rule 3018(b).

**F.      Voting**

6.      As evidenced by the Voting Report, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and applicable non-bankruptcy law.

**G.      Approval of the Disclosure Statement**

7.      The Disclosure Statement is approved in all respects as containing adequate information under section 1125 of the Bankruptcy Code and complying with applicable non-bankruptcy law under section 1125(g) of the Bankruptcy Code, and the solicitation of the Solicitation Materials also complies with applicable non-bankruptcy law.

**H.      Confirmation of the Plan**

8.      The Plan, a copy of which is attached hereto as **<u>Exhibit A</u>**, as amended by this order (the "***Combined Order***"), is confirmed pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan, the documents contained in the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed to effectuate, implement, or

consummate the transactions contemplated by the Plan (including the Restructuring Transactions), and all amendments and modifications thereof made in accordance with the Plan and this Combined Order, are hereby approved by this Combined Order; *provided* that the Debtors, subject to the Restructuring Support Agreement, may make non-material modifications to the Plan, as supplemented by the Plan Supplement, prior to the Effective Date.

9.      The documents contained in the Plan Supplement and otherwise entered into in connection with the Plan are integral to the Plan and are approved by the Bankruptcy Court, and the Debtors and the Reorganized Debtors (as applicable) are authorized to take all actions necessary or appropriate under the Plan and the Plan Supplement documents to effectuate the Plan, the Restructuring Transactions and the other transactions contemplated under the Plan.

10.     The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Combined Order.  The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date.  The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Combined Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

**I.      Post-Confirmation Notices**

11.     The Debtors shall cause to be served (a) a notice of the entry of this Combined Order and occurrence of the Effective Date substantially in form attached hereto as **Exhibit B** (the "***Confirmation Notice***"), and (b) a notice of the conversion of the Reorganized Parent substantially in the form attached hereto as **Exhibit C** (the "***Conversion Notice***"), upon (i) all parties listed in the creditor matrix maintained by Epiq and (ii) such additional persons and entities as deemed appropriate by the Debtors, no later than five (5) business days after the Effective Date; *provided* that no notice of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed notice of the Combined Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," or "forwarding order expired,"

or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address.  The Debtors shall cause the Confirmation Notice to be published in the national edition of *The Wall Street Journal* and the global edition of the *Financial Times* or another similar newspaper or publication, as the Debtors deem appropriate, within seven (7) business days after the Effective Date.

**J.**      **Objections**

12.      All objections, responses, statements, reservations of rights, and comments in opposition to the approval of the Disclosure Statement and/or Confirmation of the Plan (whether filed or not filed, formal or informal), other than those withdrawn, waived, settled, resolved prior to the Combined Hearing, or otherwise resolved on the record of the Combined Hearing and/or herein, are hereby overruled.  The record of the Combined Hearing is hereby closed.

**K.**      **Good-Faith Proposal of the Plan**

13.      The Plan has been proposed in good faith and not by any means forbidden by law. In so finding, the Bankruptcy Court has considered the totality of the circumstances of these Chapter 11 Cases.  The Plan is the result of extensive, good-faith, and arm's-length negotiations among the Debtors and their principal constituencies, each of whom shall be deemed to have acted in "good faith" under section 1125(e) of the Bankruptcy Code.  The transactions contemplated by the Plan are proposed in good faith, are in the best interests of the Debtors and the Estates, and will serve to maximize value for all stakeholders.

**L.**      **Solicitation**

14.      The Solicitation Procedures complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, and all other applicable non-bankruptcy rules, laws, and regulations.

**M.**      **Good-Faith Solicitation**

15.      Based on the record before the Bankruptcy Court, the Debtors have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable rules, laws, and regulations.  Pursuant to section 1125(e) of

the Bankruptcy Code, the Debtors and each of their respective Affiliates, agents, representatives, members, principals, shareholders, officers, directors, managers, proxyholders, employees, advisors, and attorneys have participated in good faith and in compliance with the Bankruptcy Code in the offer, issuance, sale, and purchase of securities offered and sold under the Plan or the Equity Rights Offering and any previous plan, and, therefore, none of the foregoing parties or individuals, or the Reorganized Debtors have any liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes on the Plan or the offer, issuance, sale, or purchase of the Securities offered and sold under the Plan, the Equity Rights Offering, and any previous plan.

**N.      Acceptance of Plan as Modified**

16.      Any amendments and modifications to the Plan since the filing thereof, including as reflected herein, and incorporated into and reflected in the Plan, are approved in accordance with section 1127(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules, and do not require additional disclosure or solicitation.

**O.      Immediate Binding Effect**

17.      Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062, or otherwise, this Combined Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.  The terms of this Combined Order, the Plan, and the documents, instruments and transactions contained or described in the Plan and the Plan Supplement (including the Restructuring Transactions Memorandum) shall be immediately effective and enforceable and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(g), 6006(d), or 7062, and shall be deemed binding upon the Debtors, the Reorganized Debtors, and any and all Holders of Claims or Interests (irrespective of whether Holders of such Claims or Interests have or are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors, and notwithstanding whether or not such Person or Entity: (a)

will receive or retain any property, or interest in property, under the Plan; (b) has Filed a Proof of Claim in these Chapter 11 Cases; or (c) failed to vote to accept or reject the Plan, affirmatively voted to reject the Plan, or is conclusively presumed to reject the Plan.

**P.     Restructuring Transactions**

18.     The Debtors and the Reorganized Debtors, as applicable, and each of their officers, members, directors (whether executive directors, non-executive directors, independent directors or otherwise), and managers are authorized to take, or cause to be taken, and may take, all actions as may be necessary or appropriate to consummate and implement the provisions of the Plan prior to, on, and after the Effective Date, including implementing and consummating the transactions set forth in the Restructuring Transactions Memorandum (including the conversion of Reorganized Parent to a limited liability company) and such other actions as may be necessary or appropriate to effectuate a corporate restructuring or reorganization of their respective businesses or to otherwise simplify the overall organizational structure of the Reorganized Debtors.   Such restructuring, reorganization or transactions may include:   (a) the execution and delivery of appropriate agreements or other documents of merger, consolidation, restructuring, disposition, liquidation, conversion, or dissolution containing terms that are consistent with the terms of the Plan and that satisfy the applicable requirements of applicable law and such other terms to which the applicable entities may agree; (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, duty, or obligation on terms consistent with the terms of the Plan and having such other terms to which the applicable entities may agree; (c) the filing of appropriate certificates or articles of merger, consolidation, conversion, or dissolution pursuant to applicable law, including the execution and delivery of the New Corporate Governance Documents, and the filing of tax elections; (d) the execution and delivery of the Amended and Restated Credit Documents and entry into the Amended and Restated Credit Facility; (e) the execution and delivery of the Exit Facility Documents and entry into the Exit Facility; (f) pursuant to the Equity Rights Offering Documents, the implementation and consummation of the Equity Rights Offering, the issuance of rights to

subscribe for New Common Interests pursuant to the Equity Rights Offering Procedures to the Holders of Unsecured Notes Claims, and the issuance and distribution of the New Common Interests in connection therewith and the Plan; (g) the issuance and distribution of the New Common Interests as set forth in the Plan; and (h) all other actions that the applicable entities determine to be necessary or appropriate, in form and substance acceptable to the Required Consenting Creditors, including (i) converting the Reorganized Parent to a limited liability company as set forth in the Conversion Notice, and (ii) making filings or recordings that may be required by applicable law in connection with such transactions, but in all cases subject to the terms and conditions of the Plan and the Definitive Documents and any required consents or approvals.

19.     This Combined Order is and shall be deemed to, pursuant to both section 1123 and section 363 of the Bankruptcy Code, authorize and approve, among other things, the actions and transactions described in paragraph 18 of this Combined Order and all other actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan (including the Restructuring Transactions Memorandum).

20.     Each Governmental Unit is hereby authorized to accept any and all documents, mortgages, security agreements, financing statements, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan (including the Plan Supplement), the Amended and Restated Credit Documents, the Exit Facility Documents, the New Common Interests Documents, the Equity Rights Offering Documents, the New Corporate Governance Documents, and this Combined Order.

**Q.     Amended and Restated Credit Documents**

21.     The Amended and Restated Credit Documents are hereby approved and are essential elements of the Plan, necessary for the consummation thereof, and in the best interests of the Debtors, the Estates, and the Debtors' stakeholders. The Amended and Restated Credit Documents were negotiated in good faith and at arm's length and entered into in the Debtors' exercise of reasonable business judgment for legitimate business purposes. The Debtors have

provided sufficient and adequate notice of the material terms of the Amended and Restated Credit Documents.

22.     On the Effective Date, the Debtors and the Reorganized Debtors, as applicable, are authorized to execute and deliver, and to consummate the transactions contemplated by or permitted under, the Amended and Restated Credit Documents—including, for the avoidance of doubt, converting the First Lien Claims into the Amended and Restated Loans in accordance with the Restructuring Transactions Memorandum—without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity (other than as expressly required by the Amended and Restated Credit Documents).  On the Effective Date, the Amended and Restated Credit Documents shall constitute legal, valid, binding, and authorized indebtedness and obligations of the Reorganized Debtors, enforceable in accordance with their respective terms and such indebtedness and obligations shall not be, and shall not be deemed to be, enjoined or subject to discharge, impairment, release or avoidance under the Plan, this Combined Order or on account of the Confirmation or Consummation of the Plan.  The votes of the Holders of Claims in Class 3 to accept the Plan are deemed to be a direction to the First Lien Agent under the First Lien Credit Agreement to effectuate the Restructuring Transactions, including, without limitation, entry into the Amended and Restated Credit Facility (and any transactions related thereto).  On and as of the Effective Date, all Holders of Amended and Restated Loans shall be deemed to be parties to the Amended and Restated Credit Documents without the need for execution by such Holders.

23.     On the Effective Date, all of the Liens and security interests to be granted in accordance with the Amended and Restated Credit Documents shall:  (a) be deemed to be granted; (b) be legal, binding, and enforceable Liens on and security interests in the collateral granted thereunder in accordance with the terms of the Amended and Restated Credit Documents; (c) be deemed automatically perfected on the Effective Date (without any further action being required by the Debtors or the Reorganized Debtors, as applicable, the applicable agent, or any of the applicable lenders), having the priority set forth in the Amended and Restated Credit Documents

and subject only to such Liens and security interests as may be permitted under the Amended and Restated Credit Documents; and (d) not be subject to avoidance, recovery, turnover, recharacterization, or subordination (including equitable subordination) for any purposes whatsoever and shall not constitute preferential transfers, fraudulent conveyances, or other voidable transfers under the Bankruptcy Code or any applicable non-bankruptcy law. The Debtors or the Reorganized Debtors, as applicable, and the Entities granted such Liens and security interests are authorized to make all filings and recordings and to obtain all governmental approvals and consents necessary to establish and perfect such Liens and security interests under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the absence of the Plan and this Combined Order (it being understood that perfection shall occur automatically by virtue of the entry of this Combined Order, and any such filings, recordings, approvals, and consents shall not be required) and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties.

24.    The proceeds of the Amended and Restated Credit Facility may be used by the Reorganized Debtors to make distributions pursuant to the Plan.

**R.    Exit Facility Documents**

25.    The Exit Facility Documents are hereby approved and are essential elements of the Plan, necessary for the consummation thereof, and in the best interests of the Debtors, the Estates, and the Debtors' stakeholders. The Exit Facility Documents were negotiated in good faith and at arm's length and entered into in the Debtors' exercise of reasonable business judgment for legitimate business purposes. The Debtors have provided sufficient and adequate notice of the material terms of the Exit Facility Documents.

26.    On the Effective Date, the Debtors and the Reorganized Debtors, as applicable, are authorized to execute and deliver, and to consummate the transactions contemplated by or permitted under, the Exit Facility Documents—including, for the avoidance of doubt, converting all or a portion of the Allowed DIP Claims into the Exit Loans—without further notice to or order

of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity (other than as expressly required by the Exit Facility Documents).  On the Effective Date, the Exit Facility Documents shall constitute legal, valid, binding, and authorized indebtedness and obligations of the Reorganized Debtors, enforceable in accordance with their respective terms and such indebtedness and obligations shall not be, and shall not be deemed to be, enjoined or subject to discharge, impairment, release or avoidance under the Plan, this Combined Order or on account of the Confirmation or Consummation of the Plan.

27.     On the Effective Date, all of the Liens and security interests to be granted in accordance with the Exit Facility Documents shall: (a) be deemed to be granted; (b) be legal, binding, and enforceable Liens on and security interests in the collateral granted thereunder in accordance with the terms of the Exit Facility Documents; (c) be deemed automatically perfected on the Effective Date (without any further action being required by the Debtors or the Reorganized Debtors, as applicable, the applicable agent, or any of the applicable lenders), having the priority set forth in the Exit Facility Documents and subject only to such Liens and security interests as may be permitted under the Exit Facility Documents; and (d) not be subject to avoidance, recovery, turnover, recharacterization, or subordination (including equitable subordination) for any purposes whatsoever and shall not constitute preferential transfers, fraudulent conveyances, or other voidable transfers under the Bankruptcy Code or any applicable non-bankruptcy law.  The Debtors or the Reorganized Debtors, as applicable, and the Entities granted such Liens and security interests are authorized to make all filings and recordings and to obtain all governmental approvals and consents necessary to establish and perfect such Liens and security interests under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the absence of the Plan and this Combined Order (it being understood that perfection shall occur automatically by virtue of the entry of this Combined Order, and any such filings, recordings, approvals, and consents shall not be required) and will thereafter

cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties.

28. The proceeds of the Exit Facility may be used by the Reorganized Debtors to make distributions pursuant to the Plan.

**S.    Issuance and Distribution of the New Common Interests**

29. On the Effective Date, the Reorganized Parent shall issue or reserve for issuance all of the New Common Interests issued or issuable in accordance with the terms of the Plan, the New Common Interests Documents, the New Corporate Governance Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum, subject to dilution on the terms described in the Plan and the Restructuring Support Agreement.  The issuance of the New Common Interests for distribution pursuant to the Plan, New Common Interests Documents, the New Corporate Governance Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum is authorized without the need for further corporate action, and all of the shares of New Common Interests issued or issuable pursuant to the Plan, New Common Interests Documents, the New Corporate Governance Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum shall be duly authorized, validly issued, fully paid, and non-assessable.

30. This Combined Order constitutes (a) the approval by the Bankruptcy Court of the New Common Interests Documents, the New Corporate Governance Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum, and all transactions contemplated thereby and all actions to be taken, undertakings to be made, and obligations to be incurred by the Debtors, the Reorganized Debtors and Holders of the New Common Interests in connection therewith, and (b) authorization by the Bankruptcy Court for the Debtors and the Reorganized Debtors (as applicable) to enter into and execute the New Common Interests Documents, the New Corporate Governance Documents and such other documents as may be required to effectuate the New Common Interests.  Executed versions of the New Common Interests Documents and the New Corporate Governance Documents shall be deemed to be valid,

binding, and enforceable in accordance with their terms, and each holder of the New Common Interests shall be bound thereby, in each case without the need for execution by any party thereto other than the Reorganized Parent.

**T.      Equity Rights Offering**

31.      The Equity Rights Offering Documents are hereby approved and are essential elements of the Plan, necessary for the consummation thereof, and in the best interests of the Debtors, the Estates, and the Debtors' stakeholders.  The Equity Rights Offering Documents were negotiated in good faith and at arm's length and entered into in the Debtors' exercise of reasonable business judgment for legitimate business purposes.  The Debtors have provided sufficient and adequate notice of the material terms of the Equity Rights Offering Documents.

32.      On the Effective Date, pursuant to the Plan and the Equity Rights Offering Documents, the Debtors shall issue New Common Interests to the Holders of Unsecured Notes Claims as set forth in the Plan and the Equity Rights Offering Documents.  Each Holder of Unsecured Notes Claims may exercise either all, a portion of, or none of its rights in exchange for Cash.  Such rights are not separately transferrable or detachable from the Unsecured Notes Claims. The Reorganized Parent is authorized to issue the New Common Interests issuable pursuant to such exercise of rights on the Effective Date pursuant to the terms of the Plan and the Equity Rights Offering Documents without the need for further corporate action and all of the shares of New Common Interests issued or issuable pursuant to the Equity Rights Offering Documents shall be duly authorized, validly issued, fully paid and non-assessable.

33.      The proceeds of the Equity Rights Offering may be used by the Reorganized Debtors to make distributions pursuant to the Plan and fund general corporate purposes.

**U.      Exemption from Securities Laws**

34.      The offering and sale by the Reorganized Parent of any New Common Interests to the Holders of Unsecured Notes Claims pursuant to the Plan, the Equity Rights Offering, the Equity Rights Offering Backstop Commitment Letter or otherwise in exchange for Claims pursuant to Article III of the Plan may be exempt from the registration requirements of Section 5

of the Securities Act and any other applicable United States, State, or local law requiring registration for the offer or sale of a security, pursuant to section 1145(a) of the Bankruptcy Code. To the extent section 1145(a) of the Bankruptcy Code is not applicable, the Reorganized Parent may rely upon section 4(a)(2) of the Securities Act, and/or any other exemption from registration under the Securities Act.  Any and all such New Common Interests offered and sold under the Plan in reliance on the exemption provided by section 1145(a) of the Bankruptcy Code will be freely tradable under the Securities Act by the recipients thereof, subject to:  (a) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act; (b) compliance with any applicable U.S. federal, state or foreign securities laws, if any, and any rules and regulations of the SEC, if any, applicable at the time of any future transfer of such Securities; (c) the restrictions, if any, on the transferability of such Securities in the New Common Interests Documents; and (d) any other applicable regulatory approval.

35.     Any and all such New Common Interests (a) offered in reliance on the exemption provided by section 1145 of the Bankruptcy Code and received by recipients who are deemed to be "underwriters" (as such term is defined in section 1145(b) of the Bankruptcy Code) or (b) offered in reliance on the exemption provided by section 4(a)(2) of the Securities Act and/or another exemption from registration under the Securities Act, shall be deemed "restricted securities" that may not be offered, sold, exchanged, assigned, or otherwise transferred unless they are registered under the Securities Act or an exemption from registration under the Securities Act is available and in compliance with any applicable state or foreign securities laws.  The availability of the exemption under section 1145 of the Bankruptcy Code or any other applicable securities laws shall not be a condition to the occurrence of the Effective Date.

**V.      Release of Liens and Claims; Cancellation of Existing Agreements and Interests**

36.     The release, cancellation, termination, extinguishment, and discharge of all Liens, Claims, mortgages, deeds of trust, or other security interests against the assets or property of the Debtors or the Estates described in <u>Article IV.M</u> of the Plan, and the cancellation of all notes,

bonds, indentures, certificates, securities, purchase rights, options, warrants, collateral agreements, subordination agreements, or other instruments or documents directly or indirectly evidencing, creating, or relating to any indebtedness or obligations of the Debtors giving rise to any rights or obligations relating to Claims against or Interests in the Debtors described in Article IV.Q of the Plan (subject to the limitations set forth in Article IV.M and Article IV.Q of the Plan ), are necessary to implement the Plan and are hereby approved. Such provisions are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtors, the Estates, and Holders of Claims and Interests.

37.    To the fullest extent provided under section 1141(c) and other applicable provisions of the Bankruptcy Code, except as otherwise provided in the Plan, this Combined Order, or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Article VI of the Plan, all Liens, Claims, mortgages, deeds of trust, or other security interests against the assets or property of the Debtors or the Estates shall be fully and automatically released, canceled, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person or Entity; *provided* that the Liens granted to the First Lien Agent pursuant to the First Lien Credit Documents shall remain in full force and effect solely to the extent provided for in the Plan, the Amended and Restated Credit Documents, and the other Definitive Documents.  The filing of this Combined Order with any federal, state, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens, Claims and other interests to the extent provided in the immediately preceding sentence.  Any Person or Entity holding such Liens, Claims or interests shall, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver to the Reorganized Debtors such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Reorganized Debtors.

38.    Notwithstanding anything to the contrary in the First Lien Credit Documents or DIP Documents, the bank account with Citizens Bank, N.A. maintained by Epiq Corporate Restructuring LLC (account number ending in 8154) and any funds contained therein (the "***ERO Funds***") shall not constitute property of the Debtors' bankruptcy estates or Collateral (as defined in the First Lien Credit Agreement or the DIP Credit Agreement) and are not subject to any Liens, including but not limited to Prepetition Liens, DIP Liens and Adequate Protection Liens (as defined in the DIP Orders).  In the event that the Effective Date does not occur by September 13, 2024 (unless otherwise extended by the Required Consenting Noteholders), the ERO Funds shall be returned to the applicable Convertible Noteholder (as defined in the Equity Rights Offering Documents) as soon as reasonably practicable, but in no event less than five (5) Business Days from such date.

**W.    Treatment of Executory Contracts and Unexpired Leases**

39.    Entry of this Combined Order constitutes an order of the Bankruptcy Court approving the assumption or assumption and assignment, as applicable, of such Executory Contracts or Unexpired Leases as set forth in the Article V of the Plan, pursuant to sections 365(a) and 1123 of the Bankruptcy Code; *provided* that entry of this Combined Order does not constitute a determination by the Bankruptcy Court that any contract, instrument, release, indenture, or other agreement constitutes an Executory Contract or Unexpired Lease, as applicable, under applicable non-bankruptcy law, with the rights of all parties regarding such matter being fully reserved and preserved in all respects, and the Bankruptcy Court retains jurisdiction pursuant to Article X of the Plan to resolve any matters related to Executory Contracts or Unexpired Leases.

40.    Except as set forth in Article V.H. of the Plan, to the extent any provision in any Executory Contract or Unexpired Lease assumed, or assumed and assigned, pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption, or assumption and assignment, of such Executory Contract or Unexpired Lease (including any "change of control" provision) or as a result of any of the Restructuring Transactions (including the conversion of Reorganized Parent to a limited liability company), then

such provision shall be deemed modified such that the transactions contemplated by the Plan (including the Restructuring Transactions) shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during these Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

## X.    Discharge, Release, Injunction, and Related Provisions

41.    The settlement, release, discharge, exculpation, injunction and related provisions in the Plan are an integral part of and essential to the implementation of the Plan, and approval thereof is warranted. Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan (including, for the avoidance of doubt, the treatment of Class 5 General Unsecured Claims in Article III of the Plan), the Definitive Documents, or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action against the Debtors of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the

Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted the Plan. Subject to the limitations set forth in this paragraph, this Combined Order is a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.

42.    The Debtor Releases set forth at Article IX.B of the Plan represent a valid exercise of the Debtors' business judgment. The Third-Party Releases set forth at Article IX.C of the Plan are consensual. The exculpation provisions set forth at Article IX.E of the Plan meet the standard to which fiduciaries are held, and the injunction provisions set forth at Article IX.G of the Plan serve to effectuate both the release and exculpation provisions. Further, the Disclosure Statement and each ballot contain sufficient disclosure of the Third-Party Releases, and the Releasing Parties have consented to the Third-Party Releases. The discharge, compromises, settlements, releases, exculpations, injunctions, and related provisions set forth in the Plan (including Article IX of the Plan) are approved and authorized in their entirety and will be effective immediately and binding on all Persons and Entities on the Effective Date. For the avoidance of doubt, nothing in the Plan shall limit or otherwise release the attorneys for any party in these cases from liability to their respective clients pursuant to rule 1.8(h) of the New York Rules of Professional Conduct.

**Y.    Exemption from Stamp or Similar Taxes Pursuant to Section 1146(a) of the Bankruptcy Code**

43.    To the fullest extent permitted by to section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange pursuant to or in connection with the Plan or any of the other Definitive Documents shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States or by any other Governmental Unit, and this Combined Order shall constitute an order and direction to, and shall be deemed to order and direct, the appropriate federal, state or local (domestic or foreign) governmental officials, officers or agents, wherever

located and by whomever appointed, to forgo the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents evidencing such action or event without the payment of any such Stamp or Similar Tax or governmental assessment.  Such exemption specifically applies, without limitation, to (a) all actions, agreements and documents necessary to evidence and implement the provisions of, transactions contemplated by and the distributions to be made under the Plan and any of the other Definitive Documents (including the Restructuring Transactions); (b) the issuance, distribution, transfer, or exchange of any debt, securities, and/or other interests of the Debtors or the Reorganized Debtors, including the Amended and Restated Loans, the Exit Loans, the New Common Interests, and/or related instruments or documentation; (c) the maintenance, modification, consolidation, termination, refinancing, recording or creation of any security interests, mortgage, deed, trust, and/or Lien; (d) the making, assignment, or recording of any lease or sublease; (e) the grant of collateral, security for any or all of the Amended and Restated Loans, Exit Loans and/or other indebtedness; or (f) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any of the Definitive Documents, deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan (including the Restructuring Transactions).

**Z.    Provisions Regarding the United States**

44.    Nothing in this Combined Order or the Plan shall effect a release of any Claim against the Released Parties by the United States Government or any of its agencies or any state and local authority, including, without limitation, any Claim arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state and local authority, nor shall anything in this Combined Order or the Plan enjoin the United States or any state or local authority from bringing any Claim, suit, action, or other proceedings against the Released Parties for any liability whatsoever, including, without limitation, any Claim, suit, or action arising under the Internal Revenue Code, the environmental laws, or any criminal laws of

the United States or any state or local authority, nor shall anything in this Combined Order or the Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state and local authority against the Released Parties; *provided*, that nothing in this Combined Order or the Plan shall alter any legal or equitable rights or defenses of any Released Party under applicable Law with respect to any such Claim, suit, action, liability, or other proceeding; *provided further* that nothing in this paragraph shall be deemed to waive, modify, limit or otherwise affect Articles IX.H or XI.L of the Plan or the provisions of sections 525 or 1146(a) of the Bankruptcy Code.

## AA.    Provisions Regarding Certain Leases

45.    Notwithstanding anything to the contrary in the Plan or this Combined Order, with respect to Debtors' (i) lease for premises in Los Angeles, California (the "***Los Angeles Lease***") with landlord Olive/Hill Street Partners LLC ( "***Los Angeles Landlord***") and (ii) lease for premises in Denver, Colorado (the "***Denver Lease***") with landlord BPREP 707 17TH Street LLC ( "***Denver Landlord***"), the Los Angeles Landlord and the Denver Landlord may, in the ordinary course, exercise their respective remedies of setoff or recoupment as permitted by (x) the terms of the Los Angeles Lease or the Denver Lease, as applicable, and (y) applicable bankruptcy and non-bankruptcy law.

## BB.    Provisions Regarding Partner Contracts

46.    Upon the Effective Date, except as otherwise provided in the Plan or the Combined Order, each Executory Contract between a Debtor and a nonprofit institution of higher education (each a "***Partner***," and each such Executory Contract, as amended, restated, amended and restated, supplemented, or otherwise modified, a "***Partner Contract***") shall be assumed under section 365 of the Bankruptcy Code by the applicable Reorganized Debtor, without the need for any further notice or action, order, or approval of the Bankruptcy Court; *provided, however*, if a Partner has submitted either a formal or informal objection to the Plan or the Combined Order (each, a "***Covered Partner***") alleging a prepetition breach or default under a Partner Contract, or the

inability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) thereunder, or any other matter pertaining to assumption thereof, such Partner Contract shall be deemed not assumed, and such Covered Partner shall cooperate with the Reorganized Debtors to resolve such dispute in accordance with the applicable dispute resolution provisions of its Partner Contract; *provided*, *that* if the parties cannot resolve such disputes in the manner provided thereunder, this Court shall hear such dispute, and the applicable Partner Contract shall be deemed not assumed, unless or until such dispute is resolved either (a) in accordance with the applicable dispute resolution provisions, or (b) by a Final Order resolving such dispute and authorizing either the assumption or rejection of the Partner Contract.  For the avoidance of doubt, each of the parties to a Covered Partner's disputed Partner Contract shall continue to perform its obligations under such Partner Contract during the foregoing dispute resolution process, and disputes of the type described in this paragraph shall not prevent or delay implementation of the Plan or the occurrence of the Effective Date.  Notwithstanding anything to the contrary in the Plan or this Combined Order (a) assumption by the Reorganized Debtors of a Covered Partner's Partner Contracts shall not effect a release of any General Unsecured Claim or Cure Claim of a Covered Partner against the applicable Debtor or Reorganized Debtor arising prepetition under such Covered Partner's Partner Contract, and any such Claims shall continue as Claims against the applicable Reorganized Debtor, in each case, unless and until such Claims are settled among the parties or liquidated and paid in the ordinary course and (b) nothing in the Plan, the Combined Order or otherwise shall constitute or be deemed to constitute a waiver or release of any Claims or Causes of Action by the Debtors or Reorganized Debtors against any Covered Partner.  For the avoidance of doubt, nothing in this paragraph shall be deemed (a) an implication or admission as to the amount of, basis for, or validity of any Claim against the Debtors or Reorganized Debtors; (b) a waiver of any of the Debtors' or Reorganized Debtors' right to dispute any Claim or of any of the Debtors' claims, counterclaims or defenses, all of which shall vest in the Reorganized Debtors following the Effective Date; or (c) an implication or admission that any particular Claim is of a type specified herein.

**CC.    Occurrence of Effective Date**

47.     The Effective Date shall occur on the date determined by the Debtors, with the consent of the Required Consenting Noteholders, on which the conditions set forth in Article VIII.A of the Plan have been satisfied or, if applicable, waived pursuant to Article VIII.B of the Plan.

**DD.    Substantial Consummation**

48.     "Substantial consummation" of the Plan, as defined in section 1101(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

**EE.    Nonseverability of Plan Provisions Upon Confirmation**

49.     The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Combined Order.  The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Combined Order does not diminish or impair the effectiveness of enforceability of such article, section, or provision.

**FF.    Waiver of Section 341(a) Meeting and Requirement to File Statements of Assets and Liabilities**

50.     As of the date of this Combined Order, the requirement that the U.S. Trustee convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code is hereby waived.

51.     Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtors to file any list, schedule, or statement with the Bankruptcy Court or the U.S. Trustee is permanently waived as to any such list, schedule, or statement not filed as of the Confirmation Date.

**GG.    Inconsistency**

52.    In the event of any inconsistency between the Plan (including the Plan Supplement) and this Combined Order, this Combined Order shall govern to the extent of such inconsistency. In the event of an inconsistency between the Plan (without reference to the Plan Supplement) and the Plan Supplement, the terms of the relevant document in the Plan Supplement shall control (unless stated otherwise in such Plan Supplement document or in this Combined Order).

**HH.    Stay of Confirmation**

53.    This Combined Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), 6006(g), or 7062.

**II.    Miscellaneous**

54.    Article IX.A of the Plan is hereby amended by deleting "Class 4 General Unsecured Claims" and replacing it with "Class 5 General Unsecured Claims."

55.    Except as otherwise provided in this Combined Order, if any or all of the provisions of this Combined Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Bankruptcy Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or Reorganized Debtors, as applicable, prior to the effective date of any such reversal, stay, modification, or vacatur of this Combined Order.  Any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Combined Order prior to the effective date of any such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Combined Order, the Plan, the Plan Supplement, or any amendments or modifications to the foregoing.

56.    Subject to Article II.E of the Plan (including the submission of estimates and invoices by the First Lien Agent and its counsel and the objection procedures set forth therein), the Restructuring Fees and Expenses shall include the reasonable and documented fees, costs, and expenses of the First Lien Agent and its counsel incurred in connection with the negotiation, formulation, preparation, execution, delivery, implementation, consummation and/or enforcement

of the Restructuring Support Agreement, the Plan, the other Definitive Documents, the Restructuring Transactions, and the transactions contemplated thereby.

**JJ.    Retention of Jurisdiction**

57.    The Bankruptcy Court shall retain jurisdiction over all matters arising in, arising under or related to the Chapter 11 Cases and the Plan to the fullest extent legally permissible.

**KK.    Final Order**

58.    This Combined Order is a final order and the period within which an appeal must be filed commences upon the entry hereof.

New York, New York
Dated: _____, 2024

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**Plan**

**<u>Exhibit B</u>**

**Confirmation Notice**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 (MEW) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. [ ● ]** |

**NOTICE OF (A) ENTRY OF ORDER
(I) APPROVING THE DISCLOSURE STATEMENT
AND (II) CONFIRMING THE SECOND AMENDED
JOINT PREPACKAGED PLAN OF REORGANIZATION
OF 2U, INC. AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11
OF THE BANKRUPTCY CODE; AND (B) OCCURRENCE OF EFFECTIVE DATE**

**TO ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN
INTEREST:**

   **PLEASE TAKE NOTICE** that on [ ● ], 2024, the United States Bankruptcy Court for
the Southern District of New York (the "***Bankruptcy Court***"), entered an order [Docket No. [ ● ]]
(the "***Combined Order***") approving the *Disclosure Statement for the Joint Prepackaged Plan of
Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code*
[Docket No. 20] (as the same may have been modified, supplemented, and amended, the
"***Disclosure Statement***") and confirming the *Second Amended Joint Prepackaged Plan of*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC,
LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U
GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington,
Virginia 22202.

*Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 90] (as modified, amended, and including all supplements and exhibits thereto, the "***Plan***")[2] (attached as **Exhibit A** to the Combined Order) of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***").

      **PLEASE TAKE FURTHER NOTICE** that the Effective Date occurred on [ ● ], 2024.

      **PLEASE TAKE FURTHER NOTICE** that the Combined Order, the Plan, or any other document filed in these Chapter 11 Cases, may be obtained free of charge by: (a) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov; (b) contacting the Office of the Clerk of the Court at United States Bankruptcy Court for the Southern District of New York; (c) on the website of the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC ("***Epiq***"), at https://dm.epiq11.com/2U; or (d) contacting Epiq directly at (877) 525-5725 (toll free U.S. and Canada) and (360) 803-4441 (International).

      **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has approved certain discharge, release, exculpation, injunction, and related provisions in Article IX of the Plan.

      **PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtors, the Reorganized Debtors, any Holder of a Claim or an Interest, and such Holder's respective predecessors, successors, and assigns, whether or not the Claim or the Interest of such Holder is Impaired under the Plan, and whether or not such Holder voted to accept the Plan.

      **PLEASE TAKE FURTHER NOTICE** that the Plan and the Combined Order contain other provisions that may affect your rights. You are encouraged to review the Plan and the Combined Order in their entirety.

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, PLEASE CONTACT EPIQ BY CALLING (877) 525-5725 (TOLL FREE U.S. AND CANADA) OR (360) 803-4441 (INTERNATIONAL).**

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan and the Confirmation Order, as applicable.

**LATHAM & WATKINS LLP**

Dated:    [ ● ], 2024                  By:    _/s/_____
        New York, New York             George A. Davis
                                     George Klidonas
                                     Anupama Yerramalli
                                     Randall C. Weber-Levine
                                     Scott Yousey
                                     1271 Avenue of the Americas
                                     New York, NY 10020
                                     Telephone: (212) 906-1200
                                     Facsimile: (212) 751-4864
                                     Email:  george.davis@lw.com
                                             george.klidonas@lw.com
                                             anu.yerramalli@lw.com
                                             randall.weber-levine@lw.com
                                             scott.yousey@lw.com

                                   *Proposed Counsel to the Debtors and*
                                   *Debtors in Possession*

**Exhibit C**

**Conversion Notice**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 (MEW) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. [ ● ]** |

**NOTICE OF CONVERSION OF**
**THE REORGANIZED PARENT TO A DELAWARE LIMITED LIABILITY COMPANY**

**TO ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN**
**INTEREST:**

    **PLEASE TAKE NOTICE** that on [ ● ], 2024, the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), entered an order [Docket No. [ ● ]] (the "***Combined Order***") approving the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 20] (as the same may have been modified, supplemented, and amended, the "***Disclosure Statement***") and confirming the *Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 90] (as modified, amended, and including all supplements and exhibits thereto, the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

"**_Plan_**")[2] (attached as **<u>Exhibit A</u>** to the Combined Order) of the above-captioned debtors and debtors in possession (collectively, the "**_Debtors_**").

**PLEASE TAKE FURTHER NOTICE** that the Effective Date occurred on [ ● ], 2024.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Plan, the Restructuring Transactions Memorandum (which was filed as Exhibit E to the Plan Supplement [Docket No. 118], and the Combined Order, on the Effective Date, the Reorganized Parent converted to a Delaware limited liability company that will file on the Effective Date an IRS Form 8832 pursuant to which it will elect to be classified as an association taxable as a corporation for U.S. federal income tax purposes effective as of the conversion.

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, the Plan, the Combined Order, the Restructuring Transactions Memorandum, or any other document filed in these Chapter 11 Cases, may be obtained free of charge by: (a) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov; (b) contacting the Office of the Clerk of the Court at United States Bankruptcy Court for the Southern District of New York; (c) on the website of the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC ("**_Epiq_**"), at https://dm.epiq11.com/2U; or (d) contacting Epiq directly at (877) 525-5725 (toll free U.S. and Canada) and (360) 803-4441 (International).

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, PLEASE CONTACT EPIQ BY CALLING (877) 525-5725 (TOLL FREE U.S. AND CANADA) OR (360) 803-4441 (INTERNATIONAL).**

---

[2]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan and the Confirmation Order, as applicable.

LATHAM & WATKINS LLP

Dated:    [ ● ], 2024              By:   /s/
         New York, New York              George A. Davis
                                         George Klidonas
                                         Anupama Yerramalli
                                         Randall C. Weber-Levine
                                         Scott Yousey
                                         1271 Avenue of the Americas
                                         New York, NY 10020
                                         Telephone: (212) 906-1200
                                         Facsimile: (212) 751-4864
                                         Email:  george.davis@lw.com
                                                 george.klidonas@lw.com
                                                 anu.yerramalli@lw.com
                                                 randall.weber-levine@lw.com
                                                 scott.yousey@lw.com

                                         *Proposed Counsel to the Debtors and
                                         Debtors in Possession*

**Exhibit B**

Blackline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (A) APPROVING**
**(I) THE DISCLOSURE STATEMENT**
**AND (II) CONFIRMING THE SECOND AMENDED**
**JOINT PREPACKAGED PLAN OF REORGANIZATION OF**
**2U, INC. AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11**
**OF THE BANKRUPTCY CODE, AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***")

having:

(a)     caused, on or about July 24, 2024, the distribution of the following solicitation materials (the "***Solicitation Materials***") to each Holder (a "***Voting Creditor***") of a Claim in the Classes that were entitled to vote on the Plan (i.e., Classes 3 and 4), as evidenced by the Certificate of Service of Solicitation Documents [Docket No. 81] filed on August 20, 2024:  (i) the *Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as the same may have been modified, supplemented, and amended, the "***Plan***"),[2] (ii) the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as the same may have been modified, supplemented, and amended, the "***Disclosure Statement***"), (iii) the proposed *Notice of (A) Commencement of Chapter 11 Cases; (B) Combined Hearing on Disclosure Statement, Confirmation of Joint Prepackaged Chapter 11 Plan, and Related Matters; and (C) Objection Deadlines and Summary of Debtors' Joint Prepackaged Chapter 11 Plan* (the "***Combined Notice***"), which provided a summary of the Plan; (iv) the proposed *Order (A) Scheduling a Combined Hearing to Consider Approval of the Disclosure Statement and Confirmation of the Plan; (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates; (C) Approving Procedures for*

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

*Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Disclosure Statement or the Plan; (D) Approving the Manner and Forms of Notice and Other Related Documents; (E) Approving Equity Rights Offering Documents; (F) Conditionally Waiving Requirements of Filing Schedules and Statements and of Convening Section 341 Meeting of Creditors; and (G) Granting Related Relief*; (v) the cover letter from the Debtors explaining the solicitation process; and (vi) ballots (including instructions and pre-addressed, postage pre-paid return envelopes) to be submitted by the Voting Creditors in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***");

(b)     commenced, on July 25, 2024 (the "***Petition Date***"), these chapter 11 cases (collectively, the "***Chapter 11 Cases***") by filing voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") for relief under chapter 11 of the Bankruptcy Code;

(c)     filed, on the Petition Date, (i) the Plan [Docket No. 19], (ii) the Disclosure Statement [Docket No. 20], and (iii) the *Motion of Debtors for Entry of an Order (A) Scheduling a Combined Hearing to Consider Approval of the Disclosure Statement and Confirmation of the Plan; (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates; (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Disclosure Statement or the Plan; (D) Approving the Manner and Forms of Notice and Other Related Documents; (E) Approving Equity Rights Offering Documents; (F) Conditionally Waiving Requirement of Filing Schedules and Statements and of Convening Section 341 Meeting of Creditors; and (G) Granting Related Relief* [Docket No. 5] (the "***Solicitation Procedures Motion***");

(d)     caused, on the Petition Date, the posting of the Debtors' first day motions, the Plan, the Disclosure Statement, and the ballots on the public website of Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC ("***Epiq***");

(e)     obtained, on July 30, 2024, entry of the order approving the Solicitation Procedures Motion [Docket No. 50] (the "***Solicitation Procedures Order***");

(f)     caused, on July 31, 2024, the distribution of (i) *Notice of (A) Non-Voting Status to Holders of Class 8 Existing Equity Interest and Class 9 Subordinated Claims in 2U, Inc. Deemed to Reject the Plan; and (B) Form to Opt-In to Third-Party Release* (the "***Notice of Non-Voting Status***") and the Combined Notice to Holders of Claims in Class 8 Existing Equity Interests and Class 9 Subordinated Claims, (ii) *Notice of Non-Voting Status to Holders of Claims Deemed to Accept the Plan* and the Combined Notice to Holders of Claims in Class 1 Other Secured Claims, Class 2 Other Priority Claims and Class 5 General Unsecured Claims, and (iii) the *Supplemental Notice to Holders of Claims in Classes 3 and 4 That Are Entitled to Vote to Accept or Reject the Plan* and the Combined Notice to

Holders of Class 3 First Lien Claims and Holders of Class 4 Unsecured Notes Claims, as evidenced by the *Amended Certificate of Service* [Docket No. 84] filed on August 21, 2024;

(g)    caused, on August 1, 2024, the launch of the online opt-in portal and the posting of the link to the online opt-in portal on the public website of Epiq;

(h)    filed on August 2, 2024, the first amended version of the Plan [Docket No. 55];

(i)    caused publication of the Combined Notice setting forth the date and time set for the hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**") in the national edition of *The Wall Street Journal* on August 5, 2024, and in the global edition of the *Financial Times* on August 6, 2024, as evidenced by the *Affidavit* and *Affidavit of Publication* [Docket No. 61] filed on August 14, 2024;

(j)    timely and properly filed and served, on August 16, 2024, (i) the *Notice of Filing of Plan Supplement for the First Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 71] (as may be amended, modified, or supplemented from time to time in accordance with the Plan and this Combined Order (as defined below), the "**Initial Plan Supplement**"), and (ii) *Notice of Extension of Deadline for Holders of Class 8 Existing Equity Interests and Class 9 Subordinated Claims in 2U, Inc. to Opt In to the Third-Party Release* [Docket No. 64];

(k)    caused, on August 16, 2024, the distribution of the Notice of Non-Voting Status to potential members of an uncertified class of plaintiffs in *Michael Beaumont v. 2U, Inc. et al.*, 8:24-cv-01723-DLB (D. Md. Jun. 13, 2024) as potential Holders of Class 9 Subordinated Claims, as evidenced by the *Certificate of Service* [Docket No. 83] filed on August 21, 2024;

(l)    caused, on August 20, 2024, the filing of the *Certificate of Service of Solicitation Documents* [Docket No. 81], which evidenced the distribution of the Solicitation Materials to the Voting Creditors;

(m)    filed on August 23, 2024, the second amended version of the Plan [Docket No. 90];

(n)    timely and properly filed and served, on August 23, 2024, the *Notice of Filing of the First Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 92] (as may be amended, modified, or supplemented from time to time in accordance with the Plan and this Combined Order, the "**First Amended Plan Supplement**"), as evidenced by the *Certificate of Service* [Docket No. 119] filed on September 4, 2024;

(o)  timely and properly filed and served, on September 4, 2024, the *Notice of Filing of the Second Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 118] (the "***Second Amended Plan Supplement***");

(p)  timely and properly filed and served, on September 4, 2024, the *Notice of Filing of the Third Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 121] (the "***Third Amended Plan Supplement***");

(q)  timely and properly filed and served, on September 4, 2024, the *Notice of Filing of the Fourth Amended Plan Supplement for the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 135] (together with the Initial Plan Supplement, the First Amended Plan Supplement, the Second Amended Plan Supplement, and the Third Amended Plan Supplement, and as the same may be amended, modified, or supplemented from time to time in accordance with the Plan and this Combined Order, the "***Plan Supplement***");

(r)  caused, on September 4, 2024, the filing of the *Declaration of Jane Sullivan on behalf of Epiq Corporate Restructuring, LLC Regarding Tabulation of Ballots Cast on the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 131] (the "***Voting Report***"), which detailed the results of the Plan voting process;

(s)  filed on September 4, 2024: (i) the *Memorandum of Law in Support of (A) Approval of Debtors' Disclosure Statement and (B) Confirmation of Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "***Confirmation Brief***"), (ii) the *Declaration of William Kocovski in Support of (A) Confirmation of the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code; (B) Entry of a Final Order Approving the DIP Motion; and (C) the Backstop Motion* [Docket No. 128] (the "***Kocovski Declaration***"), (iii) the *Declaration of Matthew Norden, Chief Financial Officer and Chief Legal Officer of the Debtors, in Support of Confirmation of the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 136] (the "***Norden Declaration***"), and (iv) the *Declaration of Cullen Murphy in Support of Entry of Final Order (A) Authorizing the Debtors to (I) Obtain Junior Lien Postpetition Financing and (II) Use Cash Collateral; (B) Granting Liens and Superpriority Claims; (C) Granting Adequate Protection to Certain Parties; and (D) Granting Related Relief* [Docket No. 132] (the "***Murphy Declaration***"), (v) the *Declaration of Barak Klein in Support of (A) the Equity Rights Offering Backstop Motion; and (B) Confirmation of the Second*

*Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 129] (the "***Klein Declaration***"), (vi) the *Declaration of Ivona Smith in Support of Confirmation of the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 127] (together with the Kocovski Declaration, the Norden Declaration, the Murphy Declaration, the Klein Declaration, the Voting Report, and all other previously filed affidavits and declarations filed in connection with the Plan and the Disclosure Statement, the "***Confirmation Declarations***"); and

(t)     operated their businesses and managed their properties during these Chapter 11 Cases as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

The Bankruptcy Court having:

(a)     reviewed the solicitation procedures regarding votes to accept or reject the Plan (the "***Solicitation Procedures***") and the Solicitation Procedures Order;

(b)     reviewed the Plan, the Disclosure Statement, the Plan Supplement, the Confirmation Brief, the Confirmation Declarations, the Voting Report, and all other filed pleadings, exhibits, statements, affidavits, declarations, and comments regarding Confirmation of the Plan, including all objections, statements, and reservations of rights made with respect thereto;

(c)     reviewed the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in Article IX of the Plan;

(d)     held the Combined Hearing on September 6, 2024, at 11:00 a.m., prevailing Eastern Time pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

(e)     heard the statements, arguments, and objections made by counsel in respect of Confirmation of the Plan;

(f)     overruled any and all objections to the Plan and Confirmation thereof and any and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated; and

(g)     taken judicial notice of the papers and pleadings filed and all orders entered in the Chapter 11 Cases.

**NOW, THEREFORE**, it appearing to the Bankruptcy Court that notice of the Combined Hearing and the opportunity for any party in interest to object to approval of the Disclosure Statement and Confirmation has been adequate and appropriate as to all Entities affected or to be

affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Combined Hearing establish just cause for the relief granted herein; and upon the record of the Combined Hearing and the representations made thereat; and after due deliberation thereon and good cause appearing therefor,

IT IS DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

**A.    Findings and Conclusions**

1.    The findings and conclusions set forth herein and on the record of the Combined Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  All findings of fact and conclusions of law announced by the Bankruptcy Court at the Combined Hearing in relation to approval of the Disclosure Statement and confirmation of the Plan are hereby incorporated into this Combined Order.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**B.    Jurisdiction and Venue**

2.    Venue in the Bankruptcy Court was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during these Chapter 11 Cases. Approval of the Disclosure Statement and Confirmation of the Plan are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(L). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  The Bankruptcy Court has exclusive jurisdiction to determine whether the Disclosure Statement contains adequate information for purposes of section 1125 of the Bankruptcy Code.

**C.    Burden of Proof**

3.    The Debtors have met their burden of proving that the Plan complies with each element of sections 1129(a) and, to the extent applicable, 1129(b) of the Bankruptcy Code by a preponderance of the evidence.

**D.      Notice of the Combined Hearing**

4.      Notice of the Combined Hearing was appropriate and satisfactory and is approved in all respects.  All parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were given due, proper, adequate, timely, and sufficient notice of the Combined Hearing in accordance with the Disclosure Statement and Solicitation Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations and such parties had an adequate opportunity to appear and be heard with respect thereto.  No other or further notice is required.

**E.      Combined Hearing on the Disclosure Statement and Plan Confirmation**

5.      Given (i) that all Allowed General Unsecured Claims are unimpaired under section 1124 of the Bankruptcy Code under the Plan, (ii) the overwhelming support from the Holders of Claims in the voting Classes that have casted ballots on the Plan, and (iii) the Debtors need to preserve their customer relationships and emerge from chapter 11 as expeditiously as possible, it is appropriate to hold a Combined Hearing on the Debtors' request for approval of the Disclosure Statement and Confirmation of the Plan under sections 105(d)(2)(B)(vi) and 1125(g) of the Bankruptcy Code and Bankruptcy Rule 3018(b).

**F.      Voting**

6.      As evidenced by the Voting Report, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and applicable non-bankruptcy law.

**G.      Approval of the Disclosure Statement**

7.      The Disclosure Statement is approved in all respects as containing adequate information under section 1125 of the Bankruptcy Code and complying with applicable non-bankruptcy law under section 1125(g) of the Bankruptcy Code, and the solicitation of the Solicitation Materials also complies with applicable non-bankruptcy law.

**H.     Confirmation of the Plan**

8.     The Plan, a copy of which is attached hereto as **Exhibit A**, as amended by this order (the "**Combined Order**"), is confirmed pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, the documents contained in the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed to effectuate, implement, or consummate the transactions contemplated by the Plan (including the Restructuring Transactions), and all amendments and modifications thereof made in accordance with the Plan and this Combined Order, are hereby approved by this Combined Order; *provided* that the Debtors, subject to the Restructuring Support Agreement, may make non-material modifications to the Plan, as supplemented by the Plan Supplement, prior to the Effective Date.

9.     The documents contained in the Plan Supplement and otherwise entered into in connection with the Plan are integral to the Plan and are approved by the Bankruptcy Court, and the Debtors and the Reorganized Debtors (as applicable) are authorized to take all actions necessary or appropriate under the Plan and the Plan Supplement documents to effectuate the Plan, the Restructuring Transactions and the other transactions contemplated under the Plan.

10.     The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Combined Order.  The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date.  The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Combined Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

**I.     Post-Confirmation Notices**

11.     The Debtors shall cause to be served (a) a notice of the entry of this Combined Order and occurrence of the Effective Date substantially in form attached hereto as **Exhibit B** (the "**Confirmation Notice**"), and (b) a notice of the conversion of the Reorganized Parent substantially in the form attached hereto as **Exhibit C** (the "**Conversion Notice**"), upon (i) all

parties listed in the creditor matrix maintained by Epiq and (ii) such additional persons and entities as deemed appropriate by the Debtors, no later than five (5) business days after the Effective Date; *provided* that no notice of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed notice of the Combined Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. The Debtors shall cause the Confirmation Notice to be published in the national edition of *The Wall Street Journal* and the global edition of the *Financial Times* or another similar newspaper or publication, as the Debtors deem appropriate, within seven (7) business days after the Effective Date.

**J.     Objections**

12.     All objections, responses, statements, reservations of rights, and comments in opposition to the approval of the Disclosure Statement and/or Confirmation of the Plan (whether filed or not filed, formal or informal), other than those withdrawn, waived, settled, resolved prior to the Combined Hearing, or otherwise resolved on the record of the Combined Hearing and/or herein, are hereby overruled. The record of the Combined Hearing is hereby closed.

**K.     Good-Faith Proposal of the Plan**

13.     The Plan has been proposed in good faith and not by any means forbidden by law. In so finding, the Bankruptcy Court has considered the totality of the circumstances of these Chapter 11 Cases. The Plan is the result of extensive, good-faith, and arm's-length negotiations among the Debtors and their principal constituencies, each of whom shall be deemed to have acted in "good faith" under section 1125(e) of the Bankruptcy Code. The transactions contemplated by the Plan are proposed in good faith, are in the best interests of the Debtors and the Estates, and will serve to maximize value for all stakeholders.

**L.    Solicitation**

14.    The Solicitation Procedures complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, and all other applicable non-bankruptcy rules, laws, and regulations.

**M.    Good-Faith Solicitation**

15.    Based on the record before the Bankruptcy Court, the Debtors have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable rules, laws, and regulations.  Pursuant to section 1125(e) of the Bankruptcy Code, the Debtors and each of their respective Affiliates, agents, representatives, members, principals, shareholders, officers, directors, managers, proxyholders, employees, advisors, and attorneys have participated in good faith and in compliance with the Bankruptcy Code in the offer, issuance, sale, and purchase of securities offered and sold under the Plan or the Equity Rights Offering and any previous plan, and, therefore, none of the foregoing parties or individuals, or the Reorganized Debtors have any liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes on the Plan or the offer, issuance, sale, or purchase of the Securities offered and sold under the Plan, the Equity Rights Offering, and any previous plan.

**N.    Acceptance of Plan as Modified**

16.    Any amendments and modifications to the Plan since the filing thereof, including as reflected herein, and incorporated into and reflected in the Plan, are approved in accordance with section 1127(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules, and do not require additional disclosure or solicitation.

**O.    Immediate Binding Effect**

17.    Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062, or otherwise, this Combined Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.  The terms of this Combined Order, the Plan, and the documents, instruments and transactions contained or described in the Plan and the Plan

Supplement (including the Restructuring Transactions Memorandum) shall be immediately effective and enforceable and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(g), 6006(d), or 7062, and shall be deemed binding upon the Debtors, the Reorganized Debtors, and any and all Holders of Claims or Interests (irrespective of whether Holders of such Claims or Interests have or are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors, and notwithstanding whether or not such Person or Entity: (a) will receive or retain any property, or interest in property, under the Plan; (b) has Filed a Proof of Claim in these Chapter 11 Cases; or (c) failed to vote to accept or reject the Plan, affirmatively voted to reject the Plan, or is conclusively presumed to reject the Plan.

**P.    Restructuring Transactions**

18.    The Debtors and the Reorganized Debtors, as applicable, and each of their officers, members, directors (whether executive directors, non-executive directors, independent directors or otherwise), and managers are authorized to take, or cause to be taken, and may take, all actions as may be necessary or appropriate to consummate and implement the provisions of the Plan prior to, on, and after the Effective Date, including implementing and consummating the transactions set forth in the Restructuring Transactions Memorandum (including the conversion of Reorganized Parent to a limited liability company) and such other actions as may be necessary or appropriate to effectuate a corporate restructuring or reorganization of their respective businesses or to otherwise simplify the overall organizational structure of the Reorganized Debtors.  Such restructuring, reorganization or transactions may include:  (a) the execution and delivery of appropriate agreements or other documents of merger, consolidation, restructuring, disposition, liquidation, conversion, or dissolution containing terms that are consistent with the terms of the Plan and that satisfy the applicable requirements of applicable law and such other terms to which the applicable entities may agree; (b) the execution and delivery of appropriate

instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, duty, or obligation on terms consistent with the terms of the Plan and having such other terms to which the applicable entities may agree; (c) the filing of appropriate certificates or articles of merger, consolidation, conversion, or dissolution pursuant to applicable law, including the execution and delivery of the New Corporate Governance Documents, and the filing of tax elections; (d) the execution and delivery of the Amended and Restated Credit Documents and entry into the Amended and Restated Credit Facility; (e) the execution and delivery of the Exit Facility Documents and entry into the Exit Facility; (f) pursuant to the Equity Rights Offering Documents, the implementation and consummation of the Equity Rights Offering, the issuance of rights to subscribe for New Common Interests pursuant to the Equity Rights Offering Procedures to the Holders of Unsecured Notes Claims, and the issuance and distribution of the New Common Interests in connection therewith and the Plan; (g) the issuance and distribution of the New Common Interests as set forth in the Plan; and (h) all other actions that the applicable entities determine to be necessary or appropriate, in form and substance acceptable to the Required Consenting Creditors, including (i) converting the Reorganized Parent to a limited liability company as set forth in the Conversion Notice, and (ii) making filings or recordings that may be required by applicable law in connection with such transactions, but in all cases subject to the terms and conditions of the Plan and the Definitive Documents and any required consents or approvals.

19.     This Combined Order is and shall be deemed to, pursuant to both section 1123 and section 363 of the Bankruptcy Code, authorize and approve, among other things, the actions and transactions described in paragraph 18 of this Combined Order and all other actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan (including the Restructuring Transactions Memorandum).

20.     Each Governmental Unit is hereby authorized to accept any and all documents, mortgages, security agreements, financing statements, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan (including

the Plan Supplement), the Amended and Restated Credit Documents, the Exit Facility Documents, the New Common Interests Documents, the Equity Rights Offering Documents, the New Corporate Governance Documents, and this Combined Order.

**Q.    Amended and Restated Credit Documents**

21.    The Amended and Restated Credit Documents are hereby approved and are essential elements of the Plan, necessary for the consummation thereof, and in the best interests of the Debtors, the Estates, and the Debtors' stakeholders.  The Amended and Restated Credit Documents were negotiated in good faith and at arm's length and entered into in the Debtors' exercise of reasonable business judgment for legitimate business purposes.  The Debtors have provided sufficient and adequate notice of the material terms of the Amended and Restated Credit Documents.

22.    On the Effective Date, the Debtors and the Reorganized Debtors, as applicable, are authorized to execute and deliver, and to consummate the transactions contemplated by or permitted under, the Amended and Restated Credit Documents—including, for the avoidance of doubt, converting the First Lien Claims into the Amended and Restated Loans in accordance with the Restructuring Transactions Memorandum—without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity (other than as expressly required by the Amended and Restated Credit Documents).  On the Effective Date, the Amended and Restated Credit Documents shall constitute legal, valid, binding, and authorized indebtedness and obligations of the Reorganized Debtors, enforceable in accordance with their respective terms and such indebtedness and obligations shall not be, and shall not be deemed to be, enjoined or subject to discharge, impairment, release or avoidance under the Plan, this Combined Order or on account of the Confirmation or Consummation of the Plan.  The votes of the Holders of Claims in Class 3 to accept the Plan are deemed to be a direction to the First Lien Agent under the First Lien Credit Agreement to effectuate the Restructuring Transactions, including, without limitation, entry into the Amended and Restated Credit Facility (and any transactions related

thereto).  On and as of the Effective Date, all Holders of Amended and Restated Loans shall be deemed to be parties to the Amended and Restated Credit Documents without the need for execution by such Holders.

23.    On the Effective Date, all of the Liens and security interests to be granted in accordance with the Amended and Restated Credit Documents shall:  (a) be deemed to be granted; (b) be legal, binding, and enforceable Liens on and security interests in the collateral granted thereunder in accordance with the terms of the Amended and Restated Credit Documents; (c) be deemed automatically perfected on the Effective Date (without any further action being required by the Debtors or the Reorganized Debtors, as applicable, the applicable agent, or any of the applicable lenders), having the priority set forth in the Amended and Restated Credit Documents and subject only to such Liens and security interests as may be permitted under the Amended and Restated Credit Documents; and (d) not be subject to avoidance, recovery, turnover, recharacterization, or subordination (including equitable subordination) for any purposes whatsoever and shall not constitute preferential transfers, fraudulent conveyances, or other voidable transfers under the Bankruptcy Code or any applicable non-bankruptcy law.  The Debtors or the Reorganized Debtors, as applicable, and the Entities granted such Liens and security interests are authorized to make all filings and recordings and to obtain all governmental approvals and consents necessary to establish and perfect such Liens and security interests under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the absence of the Plan and this Combined Order (it being understood that perfection shall occur automatically by virtue of the entry of this Combined Order, and any such filings, recordings, approvals, and consents shall not be required) and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties.

24.    The proceeds of the Amended and Restated Credit Facility may be used by the Reorganized Debtors to make distributions pursuant to the Plan.

**R.      Exit Facility Documents**

25.     The Exit Facility Documents are hereby approved and are essential elements of the Plan, necessary for the consummation thereof, and in the best interests of the Debtors, the Estates, and the Debtors' stakeholders.  The Exit Facility Documents were negotiated in good faith and at arm's length and entered into in the Debtors' exercise of reasonable business judgment for legitimate business purposes.  The Debtors have provided sufficient and adequate notice of the material terms of the Exit Facility Documents.

26.     On the Effective Date, the Debtors and the Reorganized Debtors, as applicable, are authorized to execute and deliver, and to consummate the transactions contemplated by or permitted under, the Exit Facility Documents—including, for the avoidance of doubt, converting all or a portion of the Allowed DIP Claims into the Exit Loans—without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity (other than as expressly required by the Exit Facility Documents).  On the Effective Date, the Exit Facility Documents shall constitute legal, valid, binding, and authorized indebtedness and obligations of the Reorganized Debtors, enforceable in accordance with their respective terms and such indebtedness and obligations shall not be, and shall not be deemed to be, enjoined or subject to discharge, impairment, release or avoidance under the Plan, this Combined Order or on account of the Confirmation or Consummation of the Plan.

27.     On the Effective Date, all of the Liens and security interests to be granted in accordance with the Exit Facility Documents shall: (a) be deemed to be granted; (b) be legal, binding, and enforceable Liens on and security interests in the collateral granted thereunder in accordance with the terms of the Exit Facility Documents; (c) be deemed automatically perfected on the Effective Date (without any further action being required by the Debtors or the Reorganized Debtors, as applicable, the applicable agent, or any of the applicable lenders), having the priority set forth in the Exit Facility Documents and subject only to such Liens and security interests as may be permitted under the Exit Facility Documents; and (d) not be subject

to avoidance, recovery, turnover, recharacterization, or subordination (including equitable subordination) for any purposes whatsoever and shall not constitute preferential transfers, fraudulent conveyances, or other voidable transfers under the Bankruptcy Code or any applicable non-bankruptcy law.  The Debtors or the Reorganized Debtors, as applicable, and the Entities granted such Liens and security interests are authorized to make all filings and recordings and to obtain all governmental approvals and consents necessary to establish and perfect such Liens and security interests under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the absence of the Plan and this Combined Order (it being understood that perfection shall occur automatically by virtue of the entry of this Combined Order, and any such filings, recordings, approvals, and consents shall not be required) and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties.

28.    The proceeds of the Exit Facility may be used by the Reorganized Debtors to make distributions pursuant to the Plan.

**S.    Issuance and Distribution of the New Common Interests**

29.    On the Effective Date, the Reorganized Parent shall issue or reserve for issuance all of the New Common Interests issued or issuable in accordance with the terms of the Plan, the New Common Interests Documents, the New Corporate Governance Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum, subject to dilution on the terms described in the Plan and the Restructuring Support Agreement.  The issuance of the New Common Interests for distribution pursuant to the Plan, New Common Interests Documents, the New Corporate Governance Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum is authorized without the need for further corporate action, and all of the shares of New Common Interests issued or issuable pursuant to the Plan, New Common Interests Documents, the New Corporate Governance

Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum shall be duly authorized, validly issued, fully paid, and non-assessable.

30.     This Combined Order constitutes (a) the approval by the Bankruptcy Court of the New Common Interests Documents, the New Corporate Governance Documents, the Equity Rights Offering Documents and the Restructuring Transactions Memorandum, and all transactions contemplated thereby and all actions to be taken, undertakings to be made, and obligations to be incurred by the Debtors, the Reorganized Debtors and Holders of the New Common Interests in connection therewith, and (b) authorization by the Bankruptcy Court for the Debtors and the Reorganized Debtors (as applicable) to enter into and execute the New Common Interests Documents, the New Corporate Governance Documents and such other documents as may be required to effectuate the New Common Interests.  Executed versions of the New Common Interests Documents and the New Corporate Governance Documents shall be deemed to be valid, binding, and enforceable in accordance with their terms, and each holder of the New Common Interests shall be bound thereby, in each case without the need for execution by any party thereto other than the Reorganized Parent.

**T.     Equity Rights Offering**

31.     The Equity Rights Offering Documents are hereby approved and are essential elements of the Plan, necessary for the consummation thereof, and in the best interests of the Debtors, the Estates, and the Debtors' stakeholders.  The Equity Rights Offering Documents were negotiated in good faith and at arm's length and entered into in the Debtors' exercise of reasonable business judgment for legitimate business purposes.  The Debtors have provided sufficient and adequate notice of the material terms of the Equity Rights Offering Documents.

32.     On the Effective Date, pursuant to the Plan and the Equity Rights Offering Documents, the Debtors shall issue New Common Interests to the Holders of Unsecured Notes Claims as set forth in the Plan and the Equity Rights Offering Documents.  Each Holder of Unsecured Notes Claims may exercise either all, a portion of, or none of its rights in exchange for Cash.  Such rights are not separately transferrable or detachable from the Unsecured Notes

Claims.  The Reorganized Parent is authorized to issue the New Common Interests issuable pursuant to such exercise of rights on the Effective Date pursuant to the terms of the Plan and the Equity Rights Offering Documents without the need for further corporate action and all of the shares of New Common Interests issued or issuable pursuant to the Equity Rights Offering Documents shall be duly authorized, validly issued, fully paid and non-assessable.

33.    The proceeds of the Equity Rights Offering may be used by the Reorganized Debtors to make distributions pursuant to the Plan and fund general corporate purposes.

**U.    Exemption from Securities Laws**

34.    The offering and sale by the Reorganized Parent of any New Common Interests to the Holders of Unsecured Notes Claims pursuant to the Plan, the Equity Rights Offering, the Equity Rights Offering Backstop Commitment Letter or otherwise in exchange for Claims pursuant to Article III of the Plan may be exempt from the registration requirements of Section 5 of the Securities Act and any other applicable United States, State, or local law requiring registration for the offer or sale of a security, pursuant to section 1145(a) of the Bankruptcy Code.  To the extent section 1145(a) of the Bankruptcy Code is not applicable, the Reorganized Parent may rely upon section 4(a)(2) of the Securities Act, and/or any other exemption from registration under the Securities Act.  Any and all such New Common Interests offered and sold under the Plan in reliance on the exemption provided by section 1145(a) of the Bankruptcy Code will be freely tradable under the Securities Act by the recipients thereof, subject to:  (a) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act; (b) compliance with any applicable U.S. federal, state or foreign securities laws, if any, and any rules and regulations of the SEC, if any, applicable at the time of any future transfer of such Securities; (c) the restrictions, if any, on the transferability of such Securities in the New Common Interests Documents; and (d) any other applicable regulatory approval.

35.    Any and all such New Common Interests (a) offered in reliance on the exemption provided by section 1145 of the Bankruptcy Code and received by recipients who are deemed to

be "underwriters" (as such term is defined in section 1145(b) of the Bankruptcy Code) or (b) offered in reliance on the exemption provided by section 4(a)(2) of the Securities Act and/or another exemption from registration under the Securities Act, shall be deemed "restricted securities" that may not be offered, sold, exchanged, assigned, or otherwise transferred unless they are registered under the Securities Act or an exemption from registration under the Securities Act is available and in compliance with any applicable state or foreign securities laws. The availability of the exemption under section 1145 of the Bankruptcy Code or any other applicable securities laws shall not be a condition to the occurrence of the Effective Date.

**V.    Release of Liens and Claims; Cancellation of Existing Agreements and Interests**

36.    The release, cancellation, termination, extinguishment, and discharge of all Liens, Claims, mortgages, deeds of trust, or other security interests against the assets or property of the Debtors or the Estates described in Article IV.M of the Plan, and the cancellation of all notes, bonds, indentures, certificates, securities, purchase rights, options, warrants, collateral agreements, subordination agreements, or other instruments or documents directly or indirectly evidencing, creating, or relating to any indebtedness or obligations of the Debtors giving rise to any rights or obligations relating to Claims against or Interests in the Debtors described in Article IV.Q of the Plan (subject to the limitations set forth in Article IV.M and Article IV.Q of the Plan ), are necessary to implement the Plan and are hereby approved. Such provisions are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtors, the Estates, and Holders of Claims and Interests.

37.    To the fullest extent provided under section 1141(c) and other applicable provisions of the Bankruptcy Code, except as otherwise provided in the Plan, this Combined Order, or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Article VI of the Plan, all Liens, Claims, mortgages, deeds of trust, or other security interests against the assets or property of the Debtors or the Estates shall

be fully and automatically released, canceled, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person or Entity; *provided* that the Liens granted to the First Lien Agent pursuant to the First Lien Credit Documents shall remain in full force and effect solely to the extent provided for in the Plan, the Amended and Restated Credit Documents, and the other Definitive Documents.  The filing of this Combined Order with any federal, state, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens, Claims and other interests to the extent provided in the immediately preceding sentence.  Any Person or Entity holding such Liens, Claims or interests shall, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver to the Reorganized Debtors such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Reorganized Debtors.

**38.    Notwithstanding anything to the contrary in the First Lien Credit Documents or DIP Documents, the bank account with Citizens Bank, N.A. maintained by Epiq Corporate Restructuring LLC (account number ending in 8154) and any funds contained therein (the "*ERO Funds*") shall not constitute property of the Debtors' bankruptcy estates or Collateral (as defined in the First Lien Credit Agreement or the DIP Credit Agreement) and are not subject to any Liens, including but not limited to Prepetition Liens, DIP Liens and Adequate Protection Liens (as defined in the DIP Orders).  In the event that the Effective Date does not occur by September 13, 2024 (unless otherwise extended by the Required Consenting Noteholders), the ERO Funds shall be returned to the applicable Convertible Noteholder (as defined in the Equity Rights Offering Documents) as soon as reasonably practicable, but in no event less than five (5) Business Days from such date.**

**W.    Treatment of Executory Contracts and Unexpired Leases**

**39.**    ~~38.~~ Entry of this Combined Order constitutes an order of the Bankruptcy Court approving the assumption or assumption and assignment, as applicable, of such Executory Contracts or Unexpired Leases as set forth in the Article V of the Plan, pursuant to sections 365(a) and 1123 of the Bankruptcy Code; *provided* that entry of this Combined Order does not constitute a determination by the Bankruptcy Court that any contract, instrument, release, indenture, or other agreement constitutes an Executory Contract or Unexpired Lease, as applicable, under applicable non-bankruptcy law, with the rights of all parties regarding such matter being fully reserved and preserved in all respects, and the Bankruptcy Court retains jurisdiction pursuant to Article X of the Plan to resolve any matters related to Executory Contracts or Unexpired Leases.

**40.**    ~~39.~~ Except as set forth in Article V.H. of the Plan, to the extent any provision in any Executory Contract or Unexpired Lease assumed, or assumed and assigned, pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption, or assumption and assignment, of such Executory Contract or Unexpired Lease (including any "change of control" provision) or as a result of any of the Restructuring Transactions (including the conversion of Reorganized Parent to a limited liability company), then such provision shall be deemed modified such that the transactions contemplated by the Plan (including the Restructuring Transactions) shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.   Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during these Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

**X.    Discharge, Release, Injunction, and Related Provisions**

**41.**    ~~40.~~ The settlement, release, discharge, exculpation, injunction and related provisions in the Plan are an integral part of and essential to the implementation of the Plan, and approval thereof is warranted.  Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan (including, for the avoidance of doubt, the treatment of Class 5 General Unsecured Claims in Article III of the Plan), the Definitive Documents, or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action against the Debtors of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not:  (a) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted the Plan.  Subject to the limitations set forth in this paragraph, this Combined Order is a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.

**42.**    ~~41.~~ The Debtor Releases set forth at Article IX.B of the Plan represent a valid exercise of the Debtors' business judgment.  The Third-Party Releases set forth at Article IX.C of the Plan are consensual.  The exculpation provisions set forth at Article IX.E of the Plan meet the standard to which fiduciaries are held, and the injunction provisions set forth at Article IX.G of the Plan serve to effectuate both the release and exculpation provisions. Further, the Disclosure Statement and each ballot contain sufficient disclosure of the Third-Party Releases, and the Releasing Parties have consented to the Third-Party Releases.  The discharge, compromises, settlements, releases, exculpations, injunctions, and related provisions set forth in the Plan (including Article IX of the Plan) are approved and authorized in their entirety and will be effective immediately and binding on all Persons and Entities on the Effective Date.  For the avoidance of doubt, nothing in the Plan shall limit or otherwise release the attorneys for any party in these cases from liability to their respective clients pursuant to rule 1.8(h) of the New York Rules of Professional Conduct.

Y.    **Exemption from Stamp or Similar Taxes Pursuant to Section 1146(a) of the Bankruptcy Code**

**43.**    ~~42.~~ To the fullest extent permitted by to section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange pursuant to or in connection with the Plan or any of the other Definitive Documents shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States or by any other Governmental Unit, and this Combined Order shall constitute an order and direction to, and shall be deemed to order and direct, the appropriate federal, state or local (domestic or foreign) governmental officials, officers or agents, wherever located and by whomever appointed, to forgo the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents evidencing such action or event without the payment of any such Stamp or Similar Tax or governmental assessment.  Such exemption specifically applies, without limitation, to (a) all actions, agreements and documents necessary to evidence and implement the provisions of, transactions contemplated by and the distributions to be made under the Plan and any of the other

Definitive Documents (including the Restructuring Transactions); (b) the issuance, distribution, transfer, or exchange of any debt, securities, and/or other interests of the Debtors or the Reorganized Debtors, including the Amended and Restated Loans, the Exit Loans, the New Common Interests, and/or related instruments or documentation; (c) the maintenance, modification, consolidation, termination, refinancing, recording or creation of any security interests, mortgage, deed, trust, and/or Lien; (d) the making, assignment, or recording of any lease or sublease; (e) the grant of collateral, security for any or all of the Amended and Restated Loans, Exit Loans and/or other indebtedness; or (f) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any of the Definitive Documents, deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan (including the Restructuring Transactions).

**Z.    Provisions Regarding the United States**

**44.**    ~~43.~~ Nothing in this Combined Order or the Plan shall effect a release of any Claim against the Released Parties by the United States Government or any of its agencies or any state and local authority, including, without limitation, any Claim arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state and local authority, nor shall anything in this Combined Order or the Plan enjoin the United States or any state or local authority from bringing any Claim, suit, action, or other proceedings against the Released Parties for any liability whatsoever, including, without limitation, any Claim, suit, or action arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state or local authority, nor shall anything in this Combined Order or the Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state and local authority against the Released Parties; *provided*, that nothing in this Combined Order or the Plan shall alter any legal or equitable rights or defenses of any Released Party under

applicable Law with respect to any such Claim, suit, action, liability, or other proceeding; *provided further* that nothing in this paragraph shall be deemed to waive, modify, limit or otherwise affect <u>Articles IX.H</u> or <u>XI.L</u> of the Plan or the provisions of sections 525 or 1146(a) of the Bankruptcy Code.

## AA.    Provisions Regarding Certain Leases

**45.**    ~~44.~~ Notwithstanding anything to the contrary in the Plan or this Combined Order, with respect to Debtors' (i) lease for premises in Los Angeles, California (the "***Los Angeles Lease***") with landlord Olive/Hill Street Partners LLC ( "***Los Angeles Landlord***") and (ii) lease for premises in Denver, Colorado (the "***Denver Lease***") with landlord BPREP 707 17TH Street LLC ( "***Denver Landlord***"), the Los Angeles Landlord and the Denver Landlord may, in the ordinary course, exercise their respective remedies of setoff or recoupment as permitted by (x) the terms of the Los Angeles Lease or the Denver Lease, as applicable, and (y) applicable bankruptcy and non-bankruptcy law.

## BB.    Provisions Regarding Partner Contracts

**46.**    ~~45.~~ Upon the Effective Date, except as otherwise provided in the Plan or the Combined Order, each Executory Contract between a Debtor and a nonprofit institution of higher education (each a "***Partner***," and each such Executory Contract, as amended, restated, amended and restated, supplemented, or otherwise modified, a "***Partner Contract***") shall be assumed under section 365 of the Bankruptcy Code by the applicable Reorganized Debtor, without the need for any further notice or action, order, or approval of the Bankruptcy Court; *provided, however*, if a Partner has submitted either a formal or informal objection to the Plan or the Combined Order (each, a "***Covered Partner***") alleging a prepetition breach or default under a Partner Contract, or the inability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) thereunder, or any other matter pertaining to assumption thereof, such Partner Contract shall be deemed not assumed, and such Covered Partner shall cooperate with the Reorganized Debtors to resolve such dispute in accordance with the applicable dispute resolution provisions of its Partner

Contract; *provided*, *that* if the parties cannot resolve such disputes in the manner provided thereunder, this Court shall hear such dispute, and the applicable Partner Contract shall be deemed not assumed, unless or until such dispute is resolved either (a) in accordance with the applicable dispute resolution provisions, or (b) by a Final Order resolving such dispute and authorizing either the assumption or rejection of the Partner Contract.  For the avoidance of doubt, each of the parties to a Covered Partner's disputed Partner Contract shall continue to perform its obligations under such Partner Contract during the foregoing dispute resolution process, and disputes of the type described in this paragraph shall not prevent or delay implementation of the Plan or the occurrence of the Effective Date.  Notwithstanding anything to the contrary in the Plan or this Combined Order (a) assumption by the Reorganized Debtors of a Covered Partner's Partner Contracts shall not effect a release of any General Unsecured Claim or Cure Claim of a Covered Partner against the applicable Debtor or Reorganized Debtor arising prepetition under such Covered Partner's Partner Contract, and any such Claims shall continue as Claims against the applicable Reorganized Debtor, in each case, unless and until such Claims are settled among the parties or liquidated and paid in the ordinary course and (b) nothing in the Plan, the Combined Order or otherwise shall constitute or be deemed to constitute a waiver or release of any Claims or Causes of Action by the Debtors or Reorganized Debtors against any Covered Partner.  For the avoidance of doubt, nothing in this paragraph shall be deemed (a) an implication or admission as to the amount of, basis for, or validity of any Claim against the Debtors or Reorganized Debtors; (b) a waiver of any of the Debtors' or Reorganized Debtors' right to dispute any Claim or of any of the Debtors' claims, counterclaims or defenses, all of which shall vest in the Reorganized Debtors following the Effective Date; or (c) an implication or admission that any particular Claim is of a type specified herein.

## CC.    Occurrence of Effective Date

**47.**    ~~46.~~ The Effective Date shall occur on the date determined by the Debtors, with the consent of the Required Consenting Noteholders, on which the conditions set forth in Article

VIII.A of the Plan have been satisfied or, if applicable, waived pursuant to Article VIII.B of the Plan.

**DD.    Substantial Consummation**

**48.**    ~~47.~~ "Substantial consummation" of the Plan, as defined in section 1101(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

**EE.    Nonseverability of Plan Provisions Upon Confirmation**

**49.**    ~~48.~~ The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Combined Order. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Combined Order does not diminish or impair the effectiveness of enforceability of such article, section, or provision.

**FF.    Waiver of Section 341(a) Meeting and Requirement to File Statements of Assets and Liabilities**

**50.**    ~~49.~~ As of the date of this Combined Order, the requirement that the U.S. Trustee convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code is hereby waived.

**51.**    ~~50.~~ Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtors to file any list, schedule, or statement with the Bankruptcy Court or the U.S. Trustee is permanently waived as to any such list, schedule, or statement not filed as of the Confirmation Date.

**GG.    Inconsistency**

**52.**    ~~51.~~ In the event of any inconsistency between the Plan (including the Plan Supplement) and this Combined Order, this Combined Order shall govern to the extent of such inconsistency. In the event of an inconsistency between the Plan (without reference to the Plan Supplement) and the Plan Supplement, the terms of the relevant document in the Plan

Supplement shall control (unless stated otherwise in such Plan Supplement document or in this Combined Order).

**HH.    Stay of Confirmation**

**53.**    ~~52.~~ This Combined Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), 6006(g), or 7062.

**II.    Miscellaneous**

**54.**    ~~53.~~ Article IX.A of the Plan is hereby amended by deleting "Class 4 General Unsecured Claims" and replacing it with "Class 5 General Unsecured Claims."

**55.**    ~~54.~~ Except as otherwise provided in this Combined Order, if any or all of the provisions of this Combined Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Bankruptcy Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or Reorganized Debtors, as applicable, prior to the effective date of any such reversal, stay, modification, or vacatur of this Combined Order.  Any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Combined Order prior to the effective date of any such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Combined Order, the Plan, the Plan Supplement, or any amendments or modifications to the foregoing.

**56.**    ~~55.~~ Subject to Article II.E of the Plan (including the submission of estimates and invoices by the First Lien Agent and its counsel and the objection procedures set forth therein), the Restructuring Fees and Expenses shall include the reasonable and documented fees, costs, and expenses of the First Lien Agent and its counsel incurred in connection with the negotiation, formulation, preparation, execution, delivery, implementation, consummation and/or enforcement of the Restructuring Support Agreement, the Plan, the other Definitive Documents, the Restructuring Transactions, and the transactions contemplated thereby.

**JJ.      Retention of Jurisdiction**

     **57.**    ~~56.~~ The Bankruptcy Court shall retain jurisdiction over all matters arising in, arising under or related to the Chapter 11 Cases and the Plan to the fullest extent legally permissible.

**KK.    Final Order**

     **58.**    ~~57.~~ This Combined Order is a final order and the period within which an appeal must be filed commences upon the entry hereof.

New York, New York
Dated: _____, 2024

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Plan**

**Exhibit B**

**Confirmation Notice**

**<u>Exhibit C</u>**

**Conversion Notice**

| Summary report: Litera Compare for Word 11.7.0.54 Document comparison done on 9/6/2024 9:00:21 AM | |
|---|---|
| **Style name:** L&W with Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://usdocs.lw.com/US-DOCS/152925759/16 | |
| **Modified DMS:** iw://usdocs.lw.com/US-DOCS/152925759/17 | |
| **Changes:** | |
| **Add** | 25 |
| **Delete** | 23 |
| *Move From* | 0 |
| *Move To* | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| *Table moves to* | 0 |
| *Table moves from* | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 48 |