**Hearing Date and Time and Objection Deadline pending entry of an order approving the Motion to Shorten Notice with respect to this Motion, filed contemporaneously herewith.**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., *et al.*, | Case No. 24-11279 (MEW) |
| Reorganized Debtors.[1] | (Jointly Administered) |

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) CONSOLIDATING THE ADMINISTRATION OF ALL OUTSTANDING CLAIMS AND MISCELLANEOUS MATTERS UNDER 2U, INC.; (B) ENTERING A FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES; (C) AMENDING THE CAPTION OF THE LEAD CASE; AND (D) GRANTING RELATED RELIEF

The reorganized debtors (collectively, the "***Debtors***" or the "***Reorganized Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***") hereby file this motion (the "***Motion***") and respectfully state as follows:

### RELIEF REQUESTED

1.   By this Motion, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"): (a) consolidating the administration of all Outstanding Claims (as defined below) and any future miscellaneous

---

[1]   The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are:  2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).  The Reorganized Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

1

pleadings, matters, objections, or proceedings (collectively, the "**Miscellaneous Matters**") that may arise in these Chapter 11 Cases under 2U, Inc. (Case No. 24-11279 (MEW)) (the "**Lead Case**"); (b) entering a final decree closing the Chapter 11 Cases of the Debtors listed on Schedule 1 to the Proposed Order (such cases, the "**Closing Cases**" and, the Debtors in such Closing Cases, the "**Closing Debtors**"); (c) amending the caption as set forth in the Proposed Order for the Lead Case; and (d) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of New York (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), Bankruptcy Rule 3022 and rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## BACKGROUND

5. On July 25, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing these Chapter 11 Cases. On the Petition Date, the Court entered the order directing the joint administration of the Debtors' Chapter 11 Cases. The Debtors continued to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the

Bankruptcy Code. No trustee or examiner was requested, and no committee was appointed in these Chapter 11 Cases.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Matthew Norden, Chief Legal Officer and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions* [Docket No. 3] and the *Declaration of William Kocovski in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4].

7. On the Petition Date, the Debtors filed: (a) the *Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 19] and (b) the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 20] (the "**Disclosure Statement**").

8. On August 2, 2024, and August 23, 2024, respectively, the Debtors filed the *First Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 55], and the *Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 90] (as further amended, supplemented, or otherwise modified, the "**Plan**").[2]

9. On September 9, 2024, the Court entered the *Order (A) Approving (I) the Disclosure Statement and (II) Confirming the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code, and (B) Granting Related Relief* [Docket No. 176] (the "**Combined Order**"), thereby confirming the Plan and approving the Disclosure Statement.

10. The Plan went effective on September 13, 2024 (the "**Effective Date**"), and the Debtors filed the Notice of Effective Date on the same date [Docket No. 178].

11. Although there was no general bar date established in these Chapter 11 Cases, Article V.C of the Plan requires that any Person or Entity seeking to assert a Rejection Damages

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them herein or in the Plan.

3

Claim must file a Proof of Claim for such Rejection Damages Claim with the Voting and Claims Agent within thirty (30) days of the Effective Date. *See* Plan, Art. V.C. Accordingly, the deadline for each landlord to a rejected lease (each, a "**Landlord**") to file a Proof of Claim asserting a Rejection Damages Claim passed on October 15, 2024 (the "**Proof of Claim Deadline**").

12. Additionally, the Plan provides that the Reorganized Debtors shall continue to pay each Holder of an Allowed General Unsecured Claim in the ordinary course of business. *See* Plan, Art. III.B.5. Accordingly, Article VII.A.2 of the Plan provides that all Proofs of Claim (other than any Proof of Claim asserting a Rejection Damages Claim) Filed against the Debtors, regardless of the time of filing, shall be deemed withdrawn and expunged on the Effective Date. *See* Plan, Art. VII.A.2.

13. Fewer than 100 Proofs of Claim were filed in these Chapter 11 Cases, and all such Proofs of Claim (other than any Proof of Claim asserting a Rejection Damages Claim) were deemed withdrawn and expunged on the Effective Date. Pursuant to the terms of the Plan, the Debtors satisfied all Allowed Claims that were entitled to payment on the Effective Date and have continued paying Allowed General Unsecured Claims in the ordinary course of business. Further, all final fee applications and requests for payment of professional fees were heard and approved by the Court on November 21, 2024, pursuant to the *Omnibus Order Granting Application for Final Allowance of Compensation and Reimbursement of Expenses* [Docket No. 263] (the "**Omnibus Professional Fee Order**").

14. As a result, the only matter that is currently pending in these Chapter 11 Cases is the Reorganized Debtors' efforts to resolve the nine (9) Proofs of Claim asserting Rejection Damages Claims that were filed before the Proof of Claim Deadline (collectively, the "***Outstanding Claims***"). Five (5) of the Outstanding Claims are against 2U, Inc. As shown in the following chart (which lists the Closing Cases and the Outstanding Claims in each), four (4) of the Outstanding Claims are against Debtors in the Closing Cases:

| Entity Name | Case Number | Outstanding Claims |
|---|---|---|
| edX LLC | 24-11278 | 1 |
| 2U GetSmarter (US), LLC | 24-11280 | 0 |
| 2U Harkins Road LLC | 24-11281 | 1 |
| 2U NYC, LLC | 24-11282 | 1 |
| 2U KEIH Holdco, LLC | 24-11283 | 0 |
| CritiqueIt, Inc. | 24-11284 | 0 |
| edX Boot Camps, LLC | 24-11285 | 1 |
| 2U GetSmarter, LLC | 24-11286 | 0 |

**BASIS FOR RELIEF**

A. **Consolidation of Claims and Miscellaneous Matters Under the Lead Case**

15. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and further that "no provision of this title shall be construed to preclude the court from . . . taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules." 11 U.S.C. § 105(a); *see also Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) (recognizing a bankruptcy court's broad discretion under section 105(a) to do what is necessary to meet the circumstances of a case). Courts in this district have exhibited that this broad discretion includes consolidating the administration of outstanding claims and remaining matters to one pending chapter 11 case. *See e.g.*, *In re Garrett Motion Inc.*, Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. July 30, 2021) [Docket No. 1414] (authorizing the

5

consolidation of outstanding claims and other post-effective date matters into lead case and entering a final decree closing affiliate cases); *JCK Legacy Company*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Mar. 18, 2021), [Docket No. 1140] (same); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. July 29, 2019), [Docket No. 929] (same); *In re Westinghouse Electric Company LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Sept. 25, 2018), [Docket No. 3956] (same); *In re AMR Corporation, et al*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Sept. 4, 2018), [Docket No. 13034] (same).

16. For administrative convenience and efficiency, and to save the Reorganized Debtors' significant costs, the Reorganized Debtors request that all Outstanding Claims and any Miscellaneous Matters be consolidated and transferred under the Lead Case for administration and final distribution. To date, the Debtors have paid approximately $731,275 in fees to the United States Trustee as part of these Chapter 11 Cases, including $250,000 for 2U, Inc., and $481,000 for the Closing Debtors. The Reorganized Debtors believe that being required to continue to pay the United States Trustee fees for all of the Reorganized Debtors is inefficient and reduces resources that would otherwise be available to, among other things, pay any allowed amounts of the Outstanding Claims and invest in the Reorganized Debtors' businesses going forward.

17. Further, creditors and other stakeholders, including the Landlords, will be unaffected by the proposed consolidation of these Chapter 11 Cases because the administration of the Outstanding Claims and any Miscellaneous Matters that arise will be preserved and resolved in the Lead Case. Additionally, prior to and since the Petition Date, 2U, Inc. has been responsible for making monthly payments to Landlords on behalf of the Debtors various leases, including the leases that are the subject of the Outstanding Claims. As a result, any distributions ultimately required on any allowed Outstanding Claims will be satisfied in accordance with the terms of the Plan and in line with historical practices. Accordingly, the Debtors assert that ample justification exists to consolidate the administration of the Outstanding Claims and any Miscellaneous Matters under the Lead Case.

**B.      Entry of a Final Decree Closing the Closing Cases**

18.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy Rule 3022, which implements section 350(a) of the Bankruptcy Code, further provides that "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

19.     Although the phrase "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules or the Local Rules, the Advisory Committee Notes to Bankruptcy Rule 3022 (the "*Committee Notes*") set forth the following non-exclusive list of factors to be considered in determining whether an estate has been fully administered:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991 Amendment).  The Committee Notes further provide the "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed" and "[t]he court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *Id*.

20.     Courts generally use the six factors listed in the Committee Notes to determine whether a case has been fully administered.  *See, e.g.*, *In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999).  The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree.  *See Kliegl Bros.*, 238 B.R. at 542 ("The factors set forth in the [Committee] Note are plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case."); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994); *In re Mold Makers Inc.*, 124 B.R.

7

766, 768 (Bankr. N.D. Ill. 1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case.").

21. Upon consummation of the Restructuring Transactions contemplated under the Plan on the Effective Date, the Closing Cases were "fully administered" within the meaning of section 350 of the Bankruptcy Code. Specifically, the Closing Cases satisfy almost all of the factors set forth in the Committee Notes, including the following: (a) the Combined Order has become final; (b) any distributions contemplated by the Plan, including of the Amended and Restated Loans, rights to participate in the Rights Offering, and New Common Interests, have been completed; (c) there are no open adversary proceedings or contested matters in the Closing Cases and any adversary proceedings or contested matters arising after entry of the Proposed Order will be resolved in the Lead Case; (d) the Reorganized Debtors have assumed the management of substantially all of the property dealt with by the Plan; and (e) all transactions, payments, and distributions required by the Plan have been or are being implemented by the Reorganized Debtors in a manner consistent with the Plan.

22. The Reorganized Debtors also request that the Court close these chapter 11 cases in light of the fact that, without such closure, the Closing Debtors will continue to owe quarterly fees to the United States Trustee under section 1930(a)(6) of title 28 of the U.S. Code and such fees will impose a significant burden on, but no benefit to, the Closing Debtors at a time in which it is critical that the Reorganized Debtors focus on their business. Section 1930(a)(6) of title 28 of the U.S. Code requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Thus, unless and until the Court enters a final decree and order closing these Chapter 11 Cases of the Closing Debtors, quarterly fees will continue to be due to the United States Trustee, causing an unnecessary financial burden to the Reorganized Debtors. As of the date hereof, the Debtors have paid all fees due and payable pursuant to section 1930(a)(6) of title 28 of the United States Code. The Closing Debtors will make final payments due, if any, to the United States Trustee as soon as reasonably practicable after entry of the Proposed Order, and the Debtor in the Lead Case will continue to pay quarterly

fees due to the United States Trustee for the Lead Case. Additionally, the Lead Case will remain open and provide a forum for the resolution of the Outstanding Claims and any Miscellaneous Matters. The closing of the Closing Cases will therefore increase efficiency and reduce administrative costs and burdens on the Closing Debtors without prejudice to any Holders of Claims.

23. Furthermore, a final decree closing the case after the estate is fully administered does not deprive the Court of jurisdiction to enforce or interpret its own orders and does not prevent the Court from reopening any of the Closing Cases for cause pursuant to section 350(b) of the Bankruptcy Code. *See* Advisory Committee Note. Parties-in-interest will not be prejudiced as the Court will retain jurisdiction over the Lead Case, pursuant to section 350(b) of the Bankruptcy Code, to reopen the Closing Cases for further administration in the unlikely event that the need to do so arises. As explained by the Committee Notes, a case should not be kept open "only because of the possibility that the court's jurisdiction may be invoked in the future." *See id*.

24. As a result of the foregoing, it is appropriate for the Court to enter a final decree closing the Closing Cases.

**C.    Updating the Case Caption**

25. Consistent with the Court's broad powers in the administration of cases under title 11 pursuant to section 105(a) of the Bankruptcy Code, the Debtors request that the caption for the Lead Case be changed to reflect the closing of the Closing Cases under the following updated case caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
|     Reorganized Debtor. | (Jointly Administered) |

[FN1] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: 2U, Inc. (5939). The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

26.     Further, Bankruptcy Rule 1005 and Local Rule 9004-2 set forth the requisite information for bankruptcy court captions, including the name of the debtor.  Therefore, consistent with the Bankruptcy Rules, and the Local Rules, the Debtors respectfully request that the case captions and ECF filing system for the Lead Case be changed as set forth herein.

27.     Based on the foregoing, the Debtors submit that ample justification exists to update the caption for the Lead Case.

## NOTICE

28.     Notice of this Motion will be given to:  (a) the United States Trustee for Region 2; (b) Milbank LLP as counsel to the Ad Hoc First Lien Group; (c) the administrative agent and collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the indenture trustees for the Unsecured Notes; (g) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) the Landlords; and (i) all parties entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that, under the circumstances, no other or further notice is required.

29.     A copy of this Motion is available from (a) this Court's website, www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

## NO PRIOR MOTION

30.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that this Court (a) enter the order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

**LATHAM & WATKINS LLP**

Dated: December 3, 2024
New York, New York

By: */s/ George A. Davis*
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  george.davis@lw.com
  george.klidonas@lw.com
  anu.yerramalli@lw.com
  randall.weber-levine@lw.com
  scott.yousey@lw.com

*Counsel to the Reorganized Debtors*