**Presentment Date and Time: January 17, 2025, 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: January 14, 2025, 4:00 p.m. (Prevailing Eastern Time)**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF**
**STIPULATION FOR AGREED PROTECTIVE ORDER**

**PLEASE TAKE NOTICE** that, 2U, LLC (the "***Reorganized Debtor***"), on behalf of itself and its reorganized debtor affiliates (collectively, the "***Reorganized Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***"), in accordance with Rule 9013-2 of the Local Bankruptcy Rules for the Southern District of New York, will present the proposed *Stipulation for Agreed Protective Order*, attached hereto as Exhibit 1 (the "***Stipulation***"), for signature to the Honorable Michael E. Wiles, United States Bankruptcy Judge, Courtroom 617 at the United States

---

[1] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: 2U, Inc. (5939). The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), One Bowling Green, New York, New York 10004, on **January 17, 2025, at 12:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to entry of an order approving the Stipulation must be filed and served on or before **January 14, 2025, at 4:00 p.m. (Prevailing Eastern Time)** (the "***Objection Deadline***").

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are received by the Objection Deadline, the relief requested in the Stipulation may be granted without further notice or a hearing. If an objection is timely filed, a hearing will be scheduled to consider the Stipulation before the Bankruptcy Court at a date and time to be announced.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Stipulation can be viewed and/or obtained by: (a) accessing this Court's website at www.nysb.uscourts.gov; (b) contacting the Office of the Clerk of the Court at United States Bankruptcy Court for the Southern District of New York; (c) on the website of the Reorganized Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC ("***Epiq***"), at https://dm.epiq11.com/2U; or (d) contacting Epiq directly at (877) 525-5725 (toll free U.S. and Canada) and (360) 803-4441 (International).

|  | **LATHAM & WATKINS LLP** |
|---|---|
| Dated: January 10, 2025<br>New York, New York | By:  */s/ George A. Davis*<br>George A. Davis<br>George Klidonas<br>Anupama Yerramalli<br>Randall C. Weber-Levine<br>Scott Yousey<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email:  george.davis@lw.com<br>             george.klidonas@lw.com<br>             anu.yerramalli@lw.com<br>             randall.weber-levine@lw.com<br>             scott.yousey@lw.com<br><br>*Counsel to the Reorganized Debtors* |

**Exhibit 1**
**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[2] | (Jointly Administered) |

**STIPULATION FOR AGREED PROTECTIVE ORDER**

**WHEREAS**, on July 25, 2024, 2U, LLC (f/k/a 2U, Inc.) ("2U") and its former debtor affiliates[3] (collectively, the "Debtors" or "Reorganized Debtors") filed voluntary petitions for bankruptcy relief under title 11 of the United States Code;

**WHEREAS**, on October 10, 2024, KCP Harkins Fee Owner, LLC ("KCP" and, together with 2U, collectively the "Parties" and each a "Party") filed (i) proof of claim no. 10052, asserting a rejection damages claim against Debtor 2U Harkins Road, LLC, in the amount of not less than $8,436,223.47 and (ii) proof of claim no. 10051, asserting a rejection damages claim against Debtor 2U, Inc., in the amount of not less than $10,436,223.47 ((i) and (ii) together the "KCP Proofs of Claim");

**WHEREAS**, on December 16, 2024, 2U filed an objection to the KCP Proofs of Claim [Dkt No. 281] (the "Claims Objection");

**WHEREAS**, on December 20, 2024, in connection with the Claims Objection, 2U served requests for the production of documents, interrogatories, and a 30(b)(6) deposition notice on KCP;

---

[2] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: 2U, Inc. (5939). The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[3] The additional Debtors in these cases were: edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802).

1

**WHEREAS**, the Parties may seek additional discovery relating to or in connection with the Bankruptcy Case (as defined below), the KCP Proofs of Claim, or the Claims Objection (individually, a "Request", and collectively, "Requests");

**WHEREAS**, the Discovery Material (as defined below) provided in response to such Requests may include Confidential Information (as defined below); and

**WHEREAS**, the Parties agree that this Agreement will govern production of any and all documents and information by KCP to 2U in response to the Requests, and will further govern any production of any and all documents and information by 2U to KCP, pursuant to any Requests that KCP may make to 2U;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:** This Agreed Protective Order (the "Order") governs any document, information, or other thing that has been or will be produced or disclosed by a Party to the other Party in the chapter 11 case captioned *In re 2U, Inc.,* Case No. 24-11279 (MEW) (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Court") in response to any Requests (collectively, the "Discovery Materials"). Discovery Materials include, without limitation, testimony adduced at depositions; responses to interrogatories; responses to requests for admission (and documents produced in connection with such responses); and documents and things produced voluntarily or in response to any type of Request.

## TERMS OF AGREED ORDER

1. **Confidential Information**. As used in this Order, "Confidential Information" means all documents, data, reports, interpretations, forecasts, financial and business projections, records, agreements, contracts, business plans, marketing materials and vendor agreements or programs (whether in oral or written form, electronically stored, or otherwise) containing or

2

otherwise reflecting information provided by or on behalf of either Party or any of the Parties' respective Representatives (as defined below) before, on, or after the date hereof, and all reproductions of such information (whether in written form, electronically stored, or otherwise or substantially derived from the information described above), that the producing Party designates as "Confidential" in accordance with Paragraph 3 below upon the producing Party's reasonable and good faith belief that such information is confidential or sensitive proprietary, personal, commercial, financial, or business information or that is otherwise subject to protection under a pre-existing agreement or applicable law or regulation. Accordingly, for example, "Confidential Information" does not include information that (a) is or becomes generally available to the public other than as a result of disclosure by a Party or any of the Parties' Representatives in breach of this Order; (b) was lawfully within a Party's possession prior to it being furnished to such Party in response to a Request; (c) becomes available to a Party from a source other than the producing Party or any of its Representatives, provided that such source is not, to such receiving Party's knowledge, bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, the producing Party with respect to such information; or (d) is independently developed by a receiving Party without reference to or reliance upon any Confidential Information furnished to such receiving Party by or on behalf of the producing Party.

2. **Use and Disclosure of Confidential Information.** Subject to the terms of this Order, each Party shall (i) keep the Confidential Information confidential in accordance with the terms of this Order; (ii) not disclose any Confidential Information except in accordance with the terms of this Order; (iii) not use any Confidential Information in any way other than in connection with the Bankruptcy Case; and (iv) hold and treat all Confidential Information in confidence and with the same degree of care that such Party exercises with regard to its own Confidential

Information; *provided, however,* that each Party may disclose any Confidential Information (A) to the other Party subject to this Order; (B) to the Parties' outside counsel; (C) to the extent permitted pursuant to paragraph 9 below; (D) to the Court and its personnel, subject to the requirements of filing under seal as set forth herein; (E) to any person who is indicated on the face of a document or its related documents to have been an author, addressee or copy recipient of such document, an actual or intended recipient of such document, or in the case of meeting minutes, an attendee of the meeting; (F) for purposes of witness preparation, to any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony; (G) in the case of a deposition, to any court reporter, stenographer, or videographer in attendance; and (H) in response to a subpoena issued from another court or as otherwise required by law; (I) to a mediator or other settlement judge selected or agreed-upon by the Parties in connection with any attempted resolution of disputes between the Parties; (J) to clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to provide services in connection with the Bankruptcy Case; (K) to any other person by order of the Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties; and (L) to experts specifically retained as consultants, advisors, or expert witnesses by a Party.  For purposes of this Order, "Representatives" means the Party and its officers, directors, employees, attorneys (whether in-house or outside counsel), financial advisors and other professionals engaged by the Party, or its agents and representatives.  Any person to whom Confidential Information is disclosed pursuant to the subparts above other than subpart (D) shall be advised that the Confidential Information is being disclosed pursuant to an

4

order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Order, and that any violation of this Order may result in the imposition of such sanctions as the Court deems proper.

3. **Designating Confidential Information.** Where practicable, the producing Party shall designate Discovery Materials as Confidential Information by applying the legend "Confidential" to the Discovery Materials. In the case of data stored in electronic form ("ESI"), the "Confidential" legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced, and the "Confidential" legend shall be applied, by electronic means, to each electronic document or other electronically stored piece of information containing Confidential Information. If such measures are not practicable, the producing Party shall designate the Discovery Materials as Confidential Information through other feasible means.

4. **Disputes Over Designation of Confidential Information**. In the event that either Party objects to any designation of Discovery Materials as Confidential Information (the "Objecting Party"), the Objecting Party shall notify the producing or designating Party in writing, stating the grounds of the objection. The producing or designating Party shall have five (5) business days following the receipt of an objection from the Objecting Party of any Confidential Information designation to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should not be treated as Confidential Information. For the avoidance of doubt, the burden of establishing the Confidential Information designation of any Discovery Materials shall be borne by the producing or designating Party.

5.      **Depositions.** During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information, such counsel may require that all persons other than the deponent and those entitled to the Confidential Information leave the room during the relevant portion of the deposition or interview.  Any Party shall have the right to designate on the record, or within five (5) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information.  Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked.

6.      **Legally Required Disclosure.**  If either Party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by applicable law or the rules or regulations of any regulatory authority having jurisdiction over such Parties) to disclose in connection with a matter that is not the Bankruptcy Case any of the Confidential Information, such Party shall provide the Party that produced or designated such information with prompt written notice of any such request or requirement so that the producing or designating Party may seek a protective order or other remedy (at the producing or designating Party's sole cost and expense), and/or waive compliance with the provisions of this Order.  In the absence of a protective order or other remedy at the time of the deadline for the production of the Confidential Information (including any extensions of such deadline), the Party may, without liability hereunder, disclose that portion of the Confidential Information which is legally required to be disclosed.

7.      **No Waiver.**  The failure to designate any Discovery Materials as Confidential Information shall not constitute a waiver of such claim.  If at any time any of the Parties believes that certain testimony or some portion of Discovery Materials that was previously produced should

6

have been designated as Confidential Information, that Party shall promptly notify all of the other Parties who have received such testimony or Discovery Materials in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information under the terms of this Order. If such information has been disclosed by a Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information, such disclosure shall not constitute a violation of this Order.

8.      **Claw Back of Inadvertently Produced Protected Materials.** If Discovery Materials protected from disclosure under Federal Rule of Civil Procedure 26(b)(5) ("Protected Materials") are inadvertently or mistakenly produced, such production shall not constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If the producing Party inadvertently or mistakenly produces Protected Materials, upon written request by the producing Party after the discovery of such inadvertent or mistaken production, which request must identify the disclosed Protected Information and the basis for withholding such material or information from production, the receiving Party shall use all commercially reasonable efforts to return or destroy the Protected Materials and all copies thereof, including any work product containing, identifying, or referencing such information, and the receiving Party shall not use such information for any purpose other than in connection with a challenge to the designation of such material as Protected Materials. The Parties shall not use any inadvertently produced Protected Materials, or information gleaned exclusively from any inadvertently produced Protected Materials, in connection with the Bankruptcy Case, except to the extent that the inadvertently producing Party withdraws its designation of the relevant material as Protected

Materials or that the Court determines that the relevant material was not properly designated as Protected Materials.

9. **Privilege Log.** For documents entirely withheld from production pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege protection, or immunity, the designating Party shall produce a privilege log at the time of the production in Excel or a similar electronic form that allows text searching and organization of data. To the extent reasonably available, legal personnel shall be identified as such by adding an asterisk before or after their names in the privilege log. The producing Party is not required to include in its privilege log privileged communications with its respective outside counsel, Foley & Lardner, LLP or Latham & Watkins, LLP, where such representation is relevant to the subject matter of this contested matter regardless of the date of such communication.

10. **No Bar Against Seeking Further Protection.** Nothing in this Order shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material.

11. **No Prejudice.** Nothing in this Order shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence, or operate as an admission by any Party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information.

12. **No Bar to Use of Party's Own Discovery Material.** This Order shall have no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material or its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order, for any purposes whatsoever.

8

13. **Filing Documents with the Court.** If either Party wishes to submit Confidential Information to the Court, the submission must be filed only under seal electronically on CM/ECF, provided, however, that a copy of such filing having the Confidential Information redacted therefrom may be made part of the public record. Any Party filing any document under seal must comply with the requirements of all applicable rules, including any applicable local rules. If, notwithstanding such compliance, the Court denies a Party's request to file Confidential Information under seal, that Party may file such Confidential Information with the Court after making a good faith effort to meet and confer with the producing or designating Party regarding the use of such Confidential Information. A Party that anticipates using or disclosing Confidential Information at a trial or during a hearing in this Case (except for purposes of impeachment) shall give the designating Party at least twenty-four (24) hours' notice prior to use or disclosure of the Confidential Information. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 2 of this Order.

14. **Conclusion of Litigation and Return of Confidential Information.** Within ninety (90) calendar days after receiving notice of a final judgment in this contested matter, including the exhaustion of all appeals, or within ninety (90) calendar days after dismissal pursuant to a settlement agreement, unless otherwise agreed to by the Parties or ordered by a court, each Party or other person subject to the terms of this Protective Order, upon the request of the producing Party, shall take all reasonable steps to destroy or return to the producing Party all materials and documents containing Confidential Information (exclusive of any document marked as Confidential Information that is an electric form as ESI), and, upon request of the producing

Party, certify to counsel to the producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Order. With respect to ESI, the Parties' counsel will not be required to remove such ESI from any back-up or disaster recovery systems, or from any other source which is not reasonably accessible because of undue burden or cost. Any retained Confidential Information shall continue to be protected by this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

15. **No Third-Party Beneficiaries.** There are no third-party beneficiaries to this Order. Nothing in this order shall be deemed to limit third parties who receive a subpoena issued by the Court from seeking to quash or modify that subpoena in the court for the district where compliance is required pursuant to FRCP 45(d).

16. **Exclusive Jurisdiction.** This Court retains exclusive jurisdiction for matters arising from or related to this Order. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interests of justice.

Submitted by:

| | |
|---|---|
| /s/ Alissa M. Nann | /s/ George A. Davis |
| Alissa M. Nann | George A. Davis |
| FOLEY & LARDNER LLP | LATHAM & WATKINS LLP |
| 90 Park Avenue | Christopher A. Harris |
| New York, NY 10016 | George Klidonas |
| Telephone: (212) 338-3497 | Anupama Yerramalli |
| anann@foley.com | Randall C. Weber-Levine |
| jharper@foley.com | Scott Yousey |
| | 1271 Avenue of the Americas |
| *Counsel to KCP Harkins Fee Owner, LLC* | New York, NY 10020 |
| | Telephone: (212) 906-1200 |
| | george.davis@lw.com |
| | christopher.harris@lw.com |
| | george.klidonas@lw.com |
| | anu.yerramalli@lw.com |
| | randall.weber-levine@lw.com |
| | scott.yousey@lw.com |
| | |
| | -and- |
| | |
| | LATHAM & WATKINS LLP |
| | Elizabeth Marks |
| | 200 Clarendon Street |
| | Boston, Massachusetts 02116 |
| | Telephone: (617) 948-6000 |
| | betsy.marks@lw.com |
| | |
| | -and- |
| | |
| | LATHAM & WATKINS LLP |
| | Thomas J. Humphrey (*pro hac vice*) |
| | 555 Eleventh Street, NW Suite 1000 |
| | Washington, D.C. 20004 |
| | Telephone: (202) 637-2200 |
| | thomas.humphrey@lw.com |
| | |
| | *Counsel to the Reorganized Debtors* |

1

**IT IS SO ORDERED,**
New York, New York
Dated: _____

                                                                MICHAEL E. WILES
                                                                UNITED STATES BANKRUPTCY JUDGE