**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |
| | **Related Docket Nos. 276 & 286** |

**REORGANIZED DEBTOR'S OBJECTION TO RFR/K
PROSPECT OWNER LLC'S MOTION TO COMPEL PAYMENT OF ITS
LEASE REJECTION CLAIMS AGAINST DEBTORS 2U INC. AND 2U NYC, LLC**

2U, LLC (the "***Reorganized Debtor***"), on behalf of itself and its reorganized debtor affiliates (collectively, the "***Debtors***" or the "***Reorganized Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***"), hereby files this objection (this "***Objection***") to *RFR/K Prospect Owner LLC's Motion to Compel Payment of Its Lease Rejection Claims Against Debtors 2U, Inc. and 2U NYC, LLC* [Docket No. 276] (the "***Motion***")[2] filed by RFR/K 55 Prospect Owner LLC (the

---

[1] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: 2U, Inc. (5939). The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] By the Motion, the Brooklyn Landlord adopts and incorporates the legal arguments set forth in paragraphs 21 through 24 of *KCP Harkins Fee Owner, LLC's Motion to Compel Payment of Its Claims Against Debtors 2U, Inc. and 2U Harkins Road LLC and for Related Relief* [Docket No. 273] (the "***HQ Landlord Motion***"). Motion,

"***Brooklyn Landlord***"). In support of this Objection, the Reorganized Debtor respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Brooklyn Landlord seeks entry of an order either (a) compelling payment of its claims filed against Debtors 2U NYC LLC (Proof of Claim No. 10046) (the "***Primary-Obligor Claim***") and 2U, Inc. (Proof of Claim No. 10047) (the "***Guarantor Claim***" and, together with the Primary-Obligor Claim, the "***Brooklyn Landlord Claims***"), or (b) fixing a deadline by which an objection to the Brooklyn Landlord Claims must be filed and heard.

2. The Court should deny the Motion given that the Reorganized Debtor has already filed the *Reorganized Debtor's Objection to the Claims Filed by RFR/K 55 Prospect Owner LLC* [Docket No. 286] (the "***Brooklyn Claims Objection***"),³ which raises multiple deficiencies in the Brooklyn Landlord Claims. First, until the Court rules on the Brooklyn Claims Objection, the Brooklyn Landlord does not have an allowed claim upon which any payment should be made. Second, the request to set a deadline to object to the Brooklyn Landlord Claims was made moot by filing the Brooklyn Claims Objection. Accordingly, the Reorganized Debtor respectfully requests that the Court deny the Motion.

## GENERAL BACKGROUND

3. The Brooklyn Landlord and Debtor 2U NYC LLC (the "***Debtor-Tenant***") were previously parties to that certain Lease, dated as of February 13, 2017 (as amended, restated, supplemented, or modified from time to time, the "***Brooklyn Lease***"), for the premises located at 55 Prospect Street, Brooklyn, New York 11201. The obligations of the Debtor-Tenant under the

---

¶ 18. Accordingly, the Reorganized Debtor responds herein to the arguments set forth in paragraphs 21 through 24 of the HQ Landlord Motion as adopted by the Brooklyn Landlord.

³ Capitalized terms used, but not otherwise defined, herein shall have the meanings given to them in the Brooklyn Claims Objection.

2

Brooklyn Lease were guaranteed by Debtor 2U, Inc. (the "**Debtor-Guarantor**") under that certain Guaranty, dated as of February 13, 2017, between the Brooklyn Landlord and the Debtor-Guarantor. Additionally, in lieu of a cash security deposit, the Debtor-Tenant provided a letter of credit to the Brooklyn Landlord as security for the Brooklyn Lease (the "***Letter of Credit***").

4. On July 25, 2024 (the "**Petition Date**"), the Debtors filed the *Motion of Debtors for an Order (A) Authorizing the Debtors to (I) Reject Certain Unexpired Leases and Sublease of Nonresidential Real Property and (II) Abandon any Remaining Personal Property Located at the Leased Premises; and (B) Granting Related Relief* [Docket No. 28] (the "**Lease Rejection Motion**"), by which the Debtors requested approval to reject certain leases, including the Brooklyn Lease, pursuant to section 365 of the Bankruptcy Code.

5. On August 23, 2024, the Debtors filed the *Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 90] (as amended, supplemented, or otherwise modified, the "**Plan**"). The Plan provides that Allowed General Unsecured Claims (including Landlord Claims) shall be unimpaired and paid in the ordinary course of business; *provided that* each Landlord Claim shall be subject to the cap set forth in section 502(b)(6) of the Bankruptcy Code. *See* Plan, Art. III.B.5.

6. On September 5, 2024, the Court entered an order approving the Lease Rejection Motion [Docket No. 168], thereby authorizing the Debtors to reject the Brooklyn Lease, effective as of the Petition Date.

7. On September 9, 2024, the Court entered an order confirming the Plan [Docket No. 176]. The Plan went effective on September 13, 2024 (the "**Effective Date**"), and the Debtors filed the Notice of Effective Date on the same date [Docket No. 178].

3

8. On September 25, 2024, the Brooklyn Landlord submitted (a) the Brooklyn Primary-Obligor Claim, asserting against the Debtor-Tenant an unsecured claim in the amount of $5,868,747.39, consisting of: (i) $5,483,640, calculated as "one year's minimum rent and additional rent," *plus* (ii) $385,107.39 in unpaid prepetition rent and additional rent; and (b) the Guarantor Claim, asserting against the Debtor-Guarantor an unsecured claim in the amount of $5,483,640, calculated as "one year's minimum rent and additional rent." *See* Primary-Obligor Claim, ¶ 4 and Guarantor Claim, ¶ 4. Additionally, the Brooklyn Landlord indicates in the Primary-Obligor Claim that the Letter of Credit "in the amount of $2,504,250.00 will be applied in partial reduction of the claim." *See* Primary-Obligor Claim, ¶ 4.

9. On October 2, 2024, the Reorganized Debtors received notification from JPMorgan Chase Bank, N.A. (the "**Issuing Bank**") that the Brooklyn Landlord drew down the entire $2,504,250.00 available under the Letter of Credit. A copy of the notification from the Issuing Bank is attached hereto as Exhibit A.[4]

10. On December 6, 2024, the Reorganized Debtors, through their counsel, sent a settlement proposal to the Brooklyn Landlord's counsel to resolve the entirety of the Brooklyn Landlord Claims. The Brooklyn Landlord's counsel responded on December 12, 2024, by rejecting the settlement proposal without providing a counterproposal. The following day, the Brooklyn Landlord filed the Motion.

11. On December 27, 2024, the Reorganized Debtors filed the Brooklyn Claims Objection.

---

[4] Despite acknowledging in the Debtor-Tenant Claim that amounts drawn on the Letter of Credit must be applied in partial reduction of the Debtor-Tenant Claim, the Brooklyn Landlord improperly seeks payment in the full amount asserted in the Debtor-Tenant Claim. *See* Motion, Exh. C, ¶ 2.

4

12. On January 23, 2025, following a conference with the Court, the Reorganized Debtors, through their counsel, sent a new settlement proposal to the Brooklyn Landlord's counsel to resolve the entirety of the Brooklyn Landlord Claims. The Reorganized Debtors received a counterproposal on January 28, 2025, shortly before this Objection was due to be filed. The Reorganized Debtors will continue working towards a satisfactory resolution with the Brooklyn Landlord in advance of the hearing on the Motion.

## **OBJECTION**

### A. THERE IS NO BASIS TO COMPEL PAYMENT ON THE BROOKLYN LANDLORD CLAIMS

13. There is no basis to compel payment of the Brooklyn Landlord Claims unless and until they are allowed by the Court. The allowance of claims is governed by section 502 of the Bankruptcy Code. Pursuant to section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects thereto." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. *See* 11 U.S.C. § 502(b).

14. As a result of filing the Brooklyn Claims Objection, the Brooklyn Landlord does not have an allowed claim upon which payment can be made. Neither of the bases that the Brooklyn Landlord appeals to for authority to compel payment changes that result.

15. The Brooklyn Landlord first contends that payment of the Brooklyn Landlord Claims is necessary for consummation of the Plan. *See* Motion, ¶ 18 (adopting and incorporating arguments set forth in HQ Landlord Motion at ¶ 24). This conclusory statement, however, is not supported by any explanation; not the terms of the Plan, the Bankruptcy Code, or any other authority. That is because there is no such support. The Plan only provides for payment on Landlord Claims if and to the extent they are ***Allowed***. *See* Plan, Art. III.B.5. As stated above, the

5

Brooklyn Landlord Claims are not allowed as a result of the Brooklyn Claims Objection, and therefore are not required to be paid under the Plan.[5]

16. The Brooklyn Landlord's attempt to circumvent the plain language of the Plan by reference to the Restructuring Support Agreement does not change that result. *See* Motion, ¶ 16-17. Setting aside the fact that the Brooklyn Landlord was not party to the Restructuring Support Agreement—and therefore has no entitlements thereunder[6]—nothing in the Restructuring Support Agreement contradicts the clear language of the Plan. Nor can anything in the Restructuring Support Agreement or the Plan be interpreted to mean that the Debtors are required to pay any amount asserted by the Brooklyn Landlord as long as it is purportedly calculated in accordance with section 502(b)(6) of the Bankruptcy Code, or to waive any of the Debtors' or Reorganized Debtors' objections the Brooklyn Landlord Claims.

17. The Brooklyn Landlord's appeal to the Court's broad discretion pursuant to section 105(a) of the Bankruptcy Code is equally deficient. *See* Motion, ¶ 18 (adopting and incorporating arguments set forth in HQ Landlord Motion at ¶ 24). The "equitable powers emanating from § 105(a) . . . are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules." *In re Barbieri*, 199 F.3d 616, 621 (2d Cir. 1999) (quoting *Official Comm. Of Equity Sec. Holders v. Mabey*, 832 F. 2d 299, 302 (4th Cir. 1987)); *In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 680 (2d Cir. 2003). Given the mandate under section 502(b) of the Bankruptcy Code that the Court determine the allowed amount of a claim after a party objects,

---

[5] To be "Allowed" under the Plan, the Brooklyn Landlord Claims would need to be allowed under the Plan, the Bankruptcy Code, or Final Order. *See* Plan, at 7.

[6] The Restructuring Support Agreement provides that "[u]nless expressly stated herein, this Agreement will be solely for the benefit of the Parties and no other person or entity will be a third-party beneficiary hereof or have any rights hereunder." *See* Restructuring Support Agreement, § 19.

section 105(a) cannot be invoked to compel payment on the Brooklyn Landlord Claims unless and until the Court determines to allow them.

18. For the foregoing reasons, the Court should deny the Brooklyn Landlord's request to compel payment on the Brooklyn Landlord Claims.

**B.    THE REQUEST TO SET AN OBJECTION DEADLINE IS MOOT**

19. The Brooklyn Landlord alternatively requests the Court set a deadline by which the Reorganized Debtor must file objections to the Brooklyn Landlord Claims and set a hearing for their resolution. *See* Motion, ¶ 19. This request is moot. The Reorganized Debtor has already filed the Brooklyn Claims Objection, and a hearing is already scheduled to consider the Brooklyn Claims Objection on February 4, 2025. Accordingly, there is no need for this requested relief.

### RESERVATION OF RIGHTS

20. Nothing in this Objection shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Reorganized Debtor's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) a concession by the Reorganized Debtor that any lien (contractual, common, statutory or otherwise) is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtor's estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver

of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

**NOTICE**

21. Notice of this Objection will be given to: (a) the United States Trustee for Region 2; (b) Milbank LLP as counsel to the First Lien Ad Hoc Group; (c) the administrative agent and collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the indenture trustees for the Notes; (g) the Brooklyn Landlord; (h) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (i) the United States Attorney's Office for the Southern District of New York; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) all parties entitled to notice pursuant to Local Rule 9013-1(b). The Reorganized Debtor submits that, under the circumstances, no other or further notice is required.

22. A copy of this Objection is available from (a) this Court's website, www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

**WHEREFORE**, the Reorganized Debtor respectfully requests that this Court sustain this Objection and deny the Motion and grant such other and further relief as may be just and proper.

**LATHAM & WATKINS LLP**

Dated: January 28, 2025
New York, New York

By: /s/ *George A. Davis*
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: george.davis@lw.com
george.klidonas@lw.com
anu.yerramalli@lw.com
randall.weber-levine@lw.com
scott.yousey@lw.com

*Counsel to the Reorganized Debtor*

# Exhibit A

[Attached]

**From:** ▮▮▮▮▮▮▮ (CB, USA)
**Sent:** Wednesday, October 02, 2024 5:45 PM
**To:** Matthew Norden ▮▮▮▮▮@2u.com) ▮▮▮▮▮@2u.com>; ▮▮▮▮▮.com) ▮▮▮▮▮@2u.com>; ▮▮▮▮▮@2u.com) ▮▮▮▮▮@2u.com>
**Cc:** ▮▮▮▮▮ (CB, USA) ▮▮▮▮▮@jpmorgan.com>; ▮▮▮▮▮ (CIB Risk, USA) ▮▮▮▮▮@jpmorgan.com>; ▮▮▮▮▮ I (CB, USA) ▮▮▮▮▮@jpmorgan.com>
**Subject:** LC Draw - ▮▮▮▮▮6470

2U team,

Reaching out to provide another LC update.

JPM has received a compliant claim from the beneficiary under the Standby letter of credit reference number ▮▮▮▮▮6470 details as follows. The expectation is to make this payment from the cash collateral account on October 4th. Please let us know if any questions.

**LETTER OF CREDIT DETAILS:**

OBLIGOR:            2U, INC.

APPLICANT:          2U NYC LLC

BENEFICIARY:        RFR/K 55 PROSPECT OWNER LLC

LC No.:             ▮▮▮▮▮6470 / DRAW No. (▮▮▮▮▮2388)

DRAFT AMOUNT:       USD 2,504,250.00

OUR CHARGES:        USD    2,504,25

**TOTAL CLAIM AMOUNT: USD 2,506,754.25**

1

██████████    | Executive Director | Global Corporate Banking - Technology | **J.P. Morgan** | J.P. Morgan Securities LLC | 383 Madison Ave, 23rd Floor, New York, NY 10017

T: ██████████    |    ██████████    @jpmorgan.com |jpmorgan.com

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

--