Hearing Date: March 31, 2025, 11:00 a.m. (Prevailing Eastern Time)
Response Deadline: March 24, 2025, 4:00 p.m. (Prevailing Eastern Time)

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |

### NOTICE OF HEARING ON REORGANIZED DEBTORS' MOTION
### FOR ENTRY OF A FINAL DECREE CLOSING THE CHAPTER 11 CASE OF 2U, INC.

**PLEASE TAKE NOTICE** that, on the date hereof, 2U, Inc. (on behalf of itself and its reorganized debtor affiliates (collectively, the "***Debtors***" or the "***Reorganized Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***") filed the *Reorganized Debtors' Motion for Entry of a Final Decree Closing the Chapter 11 Case of 2U, Inc.* (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE** that the hearing (the "***Hearing***") on the Motion will be held on **March 31, 2025, at 11:00 a.m. (prevailing Eastern Time)** before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** unless otherwise ordered by the Bankruptcy

---

[1]    The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is:  2U, Inc. (5939).  The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

Court, the Hearing will be conducted in person at the **United States Bankruptcy Court for the Southern District of New York**, before the **Honorable Michael E. Wiles, United States Bankruptcy Judge, Courtroom 617, One Bowling Green, New York, NY 10004**. If you wish to appear virtually at the hearing via Court Solutions, please email wiles.chambers@nysb.uscourts.gov to request approval prior to the hearing. Parties and members of the public who wish to listen to the hearing by audio feed do not need approval and may do so by registering with Court Solutions. Parties may register with Court Solutions at www.Court-Solutions.com. Information on how to register for, and use, the Court Solutions platform is available at https://help.court-solutions.com/hc/en-us.

      **PLEASE TAKE FURTHER NOTICE** that responses or objections (the "***Objections***"), if any, to the Motion, and the relief requested therein, must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Court at the address set forth above, with a copy delivered directly to Judge Wiles' chambers at: wiles.chambers@nysb.uscourts.gov, and served upon (a) United States Trustee, U.S. Department of Justice, Office of the United States Trustee, 1 Bowling Green, Room 534, New York, NY 10004 (Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov) and Daniel Rudewicz (daniel.rudewicz@usdoj.gov)); (b) 2U, Inc., 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202 (Attn: Matthew Norden (mnorden@2u.com) and Lillian Brownstein (lbrownstein@2u.com)); (c) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Randall C. Weber-Levine (randall.weber-levine@lw.com) and Scott Yousey (scott.yousey@lw.com)), counsel for the Debtors; (d) Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Albert A. Pisa (apisa@milbank.com), Tyson Lomazow (tlomazow@milbank.com), and Abigail Debold (adebold@milbank.com)), counsel for the First Lien Ad Hoc Group; (e) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153 (Attn: Matt Barr (matt.barr@weil.com), David Griffiths (david.griffiths@weil.com), and F. Gavin Andrews (f.gavin.andrews@weil.com)),

counsel for the Ad Hoc Noteholder Group; and (f) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Kristine Manoukian (kristine.manoukian@srz.com), Kelly Knight (kelly.knight@srz.com), and Reuben E. Dizengoff (reuben.dizengoff@srz.com)), counsel to Greenvale; so as to be filed and actually received by all of them not later than **4:00 p.m. (prevailing Eastern Time) on March 24, 2025** (the "*Objection Deadline*").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served by the Objection Deadline, the Bankruptcy Court may enter final orders granting the relief requested in the Motion without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion along with their underlying exhibits can be viewed and/or obtained by: (a) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov, (b) contacting the Office of the Clerk of the Bankruptcy Court at United States Bankruptcy Court, Southern District of New York, or (c) accessing the website of the Reorganized Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC ("*Epiq*"), at https://dm.epiq11.com/2U, or by contacting Epiq directly at (877) 525-5725 (toll free U.S. and Canada) and (360) 803-4441 (International).

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion or if you want the Bankruptcy Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Bankruptcy Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the hearing if you do not object to the relief requested in the Motion.

**LATHAM & WATKINS LLP**

Dated:    March 10, 2025
        New York, New York

By:  */s/ George A. Davis*

George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  george.davis@lw.com
       george.klidonas@lw.com
       anu.yerramalli@lw.com
       randall.weber-levine@lw.com
       scott.yousey@lw.com

*Counsel to the Reorganized Debtor*

**Hearing Date: March 31, 2025, 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: March 24, 2025, 4:00 p.m. (Prevailing Eastern Time)**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |

**REORGANIZED DEBTOR'S MOTION FOR**
**ENTRY OF A FINAL DECREE CLOSING THE CHAPTER 11 CASE OF 2U, INC.**

2U, Inc. (the "***Reorganized Debtor***") on behalf of itself and its reorganized debtor affiliates (collectively, the "***Debtors***" or the "***Reorganized Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***") hereby file this motion (the "***Motion***") and respectfully state as follows:

**RELIEF REQUESTED**

1.     The chapter 11 case of 2U, Inc., No. 24-11279 (the "***Lead Case***") has been fully administered.  Accordingly, the Reorganized Debtor seeks entry of a final decree, substantially in the form attached hereto (the "***Final Decree***"), closing the Lead Case and granting related relief. The Lead Case is the last remaining open case of the Reorganized Debtors.

---

[1]    The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is:  2U, Inc. (5939).  The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (this "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      The Reorganized Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein is section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "***Bankruptcy Code***"), Bankruptcy Rule 3022 and rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***").

## BACKGROUND

5.      On July 25, 2024 (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing these Chapter 11 Cases.  On the Petition Date, the Court entered the order directing the joint administration of the Debtors' Chapter 11 Cases.  The Debtors had continued to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner was requested, and no committee was appointed in these Chapter 11 Cases.

6.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Matthew Norden, Chief Legal Officer and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions* [Docket No. 3] and the *Declaration of William Kocovski in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4].

7.      On the Petition Date, the Debtors filed: (a) the *Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 19] and (b) the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 20] (the "***Disclosure Statement***").

8.      On August 2, 2024, and August 23, 2024, respectively, the Debtors filed the *First Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 55], and the *Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 90] (as further amended, supplemented, or otherwise modified, the "***Plan***").[2]

9.      On September 9, 2024, the Court entered the *Order (A) Approving (I) the Disclosure Statement and (II) Confirming the Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code, and (B) Granting Related Relief* [Docket No. 176] (the "***Combined Order***"), thereby confirming the Plan and approving the Disclosure Statement.

10.     The Plan went effective on September 13, 2024 (the "***Effective Date***"), and the Debtors filed the Notice of Effective Date on the same date [Docket No. 178].

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them herein or in the Plan.

11.     On December 3, 2024, the Reorganized Debtors filed the *Reorganized Debtors' Motion for Entry of an Order (A) Consolidating the Administration of All Outstanding Claims and Miscellaneous Matters Under 2U, Inc.; (B) Entering a Final Decree Closing Certain Chapter 11 Cases; (C) Amending the Caption of the Lead Case; and (D) Granting Related Relief* [Docket No. 266] (the "***Initial Case Closing Motion***").  As indicated in the Initial Case Closing Motion, the only open matters that were pending as of the date thereof were nine (9) Proofs of Claim asserting Rejection Damages Claims that were filed before the Proof of Claim Deadline (collectively, the "***Previously Outstanding Claims***").

12.     On December 19, 2024, the Court entered the *Order (A) Consolidating the Administration of All Outstanding Claims and Miscellaneous Matters Under 2U, Inc.; (B) Entering a Final Decree Closing Certain Chapter 11 Cases; (C) Amending the Caption of Lead Case; and (D) Granting Related Relief* [Docket No. 282] (the "***Initial Case Closing Order***"), thereby granting the relief requested in the Initial Case Closing Motion, including (but not limited to) consolidating the administration of all Previously Outstanding Claims and any future miscellaneous pleadings, matters, objections, or proceedings (the "***Miscellaneous Matters***") under the Lead Case and a final decree closing all of the Chapter 11 Cases, other than the Lead Case, of the Reorganized Debtors (such cases, collectively, the "***Closed Cases***").

13.     Since entry of the Initial Case Closing Order, the Reorganized Debtor has either executed settlement agreements or reached agreements in principle for all Previously Outstanding Claims.  Specifically, as detailed below, the Reorganized Debtor has finalized settlement agreements for all but two of these claims.  The settlements for the remaining two claims are substantially complete but have not yet been executed.  While the Reorganized Debtor expects to finalize these settlements before the hearing on this Motion, it is filing the Motion now to avoid

potentially incurring additional fees to the Office of the United States Trustee for Region 2 (the

"*U.S. Trustee*").

## BASIS FOR RELIEF

14.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully

administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy

Rule 3022, which implements section 350(a) of the Bankruptcy Code, further provides that "[a]fter

the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in

interest's motion, enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

15.    Although the phrase "fully administered" is not defined in the Bankruptcy Code,

the Bankruptcy Rules or the Local Rules, the Advisory Committee Notes to Bankruptcy Rule 3022

(the "*Committee Notes*") set forth the following non-exclusive list of factors to be considered in

determining whether an estate has been fully administered:

> (1) whether the order confirming the plan has become final,
> (2) whether deposits required by the plan have been distributed,
> (3) whether the property proposed by the plan to be transferred has
> been transferred, (4) whether the debtor or [its successor] has
> assumed the business or the management of the property dealt with
> by the plan, (5) whether payments under the plan have commenced,
> and (6) whether all motions, contested matters, and adversary
> proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991 Amendment).  The Committee Notes

further provide the "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely

because the payments required by the plan have not been completed" and "[t]he court should not

keep the case open only because of the possibility that the court's jurisdiction may be invoked in

the future." *Id*.

16.    Courts generally use the six factors listed in the Committee Notes to determine

whether a case has been fully administered.  *See, e.g.*, *In re Aquatic Dev. Group, Inc.*, 352 F.3d

671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531,

542 (Bankr. E.D.N.Y. 1999). The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Kliegl Bros.*, 238 B.R. at 542 ("The factors set forth in the [Committee] Note are plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case."); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994); *In re Mold Makers Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case.").

17.     As of the hearing date for this Motion, the Lead Case will be "fully administered" within the meaning of section 350 of the Bankruptcy Code. Specifically, the Lead Case will satisfy all of the factors set forth in the Committee Notes. As of the date hereof: (a) the Combined Order has become final and the Plan has gone effective; (b) the distributions and payments required under the Plan (including distribution of the Amended and Restated Loans, rights to participate in the Rights Offering, and New Common Interests) have been completed; (c) property has vested in the Reorganized Debtors under the Plan and any property to be transferred pursuant to the Plan has been transferred; and (d) the Reorganized Debtors have assumed management and operation of the reorganized businesses. In addition, in advance of the hearing on this Motion: (a) the Reorganized Debtors will have fully paid or have commenced paying all claims under the Plan (in accordance with all relevant agreements governing such payments), including the Previously Outstanding Claims; and (b) no motions, proceedings, or contested matters will be pending other than this Motion.

18.     As of the date hereof, only two contested matters remain: (a) *KCP Harkins Fee Owner, LLC's Motion to Compel Payment of its Claims Against Debtors 2U, Inc. and 2U Harkins Road, LLC and for Related Relief* [Docket No. 273] (the "***Motion to Compel***"); and (b) the

*Reorganized Debtors' Objection to the Claims Filed by KCP Harkins Fee Owner, LLC* [Docket No. 281] (the "***Claim Objection***").  The parties have negotiated and finalized the terms of a settlement resolving the Motion to Compel, the Claim Objection, and the related Proofs of Claims (Nos. 10051 & 10052) and expect to execute the settlement before the hearing on this Motion. Additionally, the Reorganized Debtor is finalizing the terms of a settlement of Proof of Claim No. 10055.  All other Previously Outstanding Claims have been resolved.

19.     Although two claims remain unsettled, the Reorganized Debtor seeks to close the Lead Case now, as it anticipates resolving these claims well before the hearing on the Motion. Absent case closure, the Reorganized Debtor will continue to incur quarterly fees to the United States Trustee under 28 U.S.C. § 1930(a)(6), imposing a significant financial burden without providing any corresponding benefit at a time when the Reorganized Debtor must focus on its business operations.

20.     Section 1930(a)(6) of title 28 of the U.S. Code requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed.  Thus, unless and until the Court enters a final decree and order closing these Chapter 11 Cases of the Reorganized Debtor, quarterly fees may continue to be due to the United States Trustee, causing an unnecessary financial burden to the Reorganized Debtors.  As of the date hereof, the Debtors or the Reorganized Debtors, as applicable, have paid all fees due and payable pursuant to section 1930(a)(6) of title 28 of the United States Code.  The Reorganized Debtor will make final payments due, if any, to the United States Trustee as soon as reasonably practicable after entry of the Final Decree.

21.     Furthermore, a final decree closing the case after the estate is fully administered does not deprive the Court of jurisdiction to enforce or interpret its own orders and does not prevent the Court from reopening the Lead Case for cause pursuant to section 350(b) of the Bankruptcy

Code.  *See* Advisory Committee Note.  As explained by the Committee Notes, a case should not

be kept open "only because of the possibility that the court's jurisdiction may be invoked in the

future."  *See id.*

22.    As a result of the foregoing, it is appropriate for the Court to enter a final decree

closing the Lead Case.

## FINAL REPORT

23.    In accordance with the requirements of Local Bankruptcy Rule 3022-1, attached

hereto as **Exhibit B** is a copy of the closing report (the "***Closing Report***"), which includes a

summary of the fees and expenses awarded to the professionals retained by the Debtors during

these Chapter 11 Cases, as well as additional information regarding distributions made pursuant

to the Plan.  Contemporaneous with the filing of this Motion, the Closing Report has been served

upon the U.S. Trustee.

## NOTICE

24.    Notice of this Motion will be given to:  (a) the United States Trustee for Region 2;

(b) Milbank LLP as counsel to the Ad Hoc First Lien Group; (c) the administrative agent and

collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel

to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the

indenture trustees for the Unsecured Notes; (g) the parties included on the Debtors' consolidated

list of thirty (30) largest unsecured creditors; (h) the Landlords; and (i) all parties entitled to notice

pursuant to Local Rule 9013-1(b).  The Reorganized Debtor submits that, under the circumstances,

no other or further notice is required.

25.    A copy of this Motion is available from (a) this Court's website,

www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' claims and noticing agent,

Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

## **NO PRIOR MOTION**

26.     The Reorganized Debtor has not made any prior motion for the relief sought in this

Motion to this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor respectfully requests that this Court (a) enter the order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

**LATHAM & WATKINS LLP**

Dated:    March 10, 2025
            New York, New York

By:    */s/ George A. Davis*
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  george.davis@lw.com
            george.klidonas@lw.com
            anu.yerramalli@lw.com
            randall.weber-levine@lw.com
            scott.yousey@lw.com

*Counsel to the Reorganized Debtor*

## __EXHIBIT A__

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[3] | (Jointly Administered) |

**FINAL DECREE CLOSING**
**THE CHAPTER 11 CASE OF 2U, INC.**

Upon the motion (the "***Motion***")[4] of the Reorganized Debtor for entry of a final decree (this "**Final Decree**") closing the Lead Case, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its estates and creditors, and other parties in interest; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

---

[3]   The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is:  2U, Inc. (5939).  The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[4]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT**:

1.        The Motion is granted to the extent set forth herein.

2.        Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Lead Case is hereby closed; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in the Plan and Combined Order, and entry of this Order is without prejudice to the rights of the Reorganized Debtors or any party-in-interest to seek to reopen the Lead Case for cause pursuant to section 350(b) of the Bankruptcy Code.

3.        The appointment and services of Epiq as Claims and Noticing Agent in the Chapter 11 Cases shall be terminated effective twenty (20) days after the entry of this Order, provided that within seven (7) business days after entry of this Order, Epiq shall provide to the office of the Clerk of the Court (the "***Clerk's Office***") the final version of the official claims registers of each of the Debtors pursuant to any current guidelines implementing 28 U.S.C. § 156(c).

4.        Epiq will box and transport all claims to the Federal Archives, at the direction of the Clerk's Office.

5.        The above services to be rendered by Epiq shall be a charge to the estate.

6.        To the extent not already paid, the fees required to be paid to the United States Trustee under 28 U.S.C. § 1930(a), if any, shall be paid by the Reorganized Debtor on behalf of the Lead Case as soon as reasonably practicable after the date of entry of this Order.  The Reorganized Debtors shall not be obligated to pay any fees to the United States Trustee for the Lead Case for any period commencing after entry of this Order.

7.        The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, and/or enforcement of this Order.


New York, New York
Dated:_____, 2025

_____
   UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Closing Report**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |

## CLOSING REPORT IN CHAPTER 11 CASE

To the best of my knowledge and belief, the following is a breakdown in this case:[2]

FEES AND EXPENSES (from the Petition Date through and including September 13, 2024):[3]

| Applicant | Application | Total Fees Allowed | Total Expenses Allowed |
|---|---|---|---|
| **Latham & Watkins LLP** Counsel to the Debtors | Docket No. 217 | $3,803,066.74 | $35,993.36 |
| **AlixPartners, LLP** Financial Advisor to the Debtors | Docket No. 218 | $2,328,426.90 | $4,425.47 |
| **Moelis & Company LLC** Investment Banker to the Debtors | Docket No. 219 | $6,840,000.00 | $8,069.44 |
| **Epiq** Administrative Agent to the Debtors | Docket No. 220 | $40,546.50 | $0.00 |
| **Katten Muchin Rosenman LLP** Counsel to Ivona Smith in Her Capacity as Independent Director of 2U, Inc. | Docket No. 221 | $467,892.50 | $2,163.81 |
| **PwC US Tax LLP** Tax Compliance and Tax Consulting Advisors to the Debtors | Docket No. 222 | $39,981.50 | $0.00 |
| **KPMG LLP** Auditor to the Debtors | Docket No. 223 | $219,927.78 | $0.00 |

---

[1]    The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is:  2U, Inc. (5939).  The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Reorganized Debtors' Motion for Entry of a Final Decree Closing Their Chapter 11 Cases*, filed contemporaneously herewith.

[3]    The fees and expenses have been approved by the Court pursuant to the *Omnibus Order Granting Applications for Final Allowance of Compensation and Reimbursement of Expenses* [Docket No. 263].

  $1,454,919.00        TRUSTEE FEE (if applicable)

        N/A        FEE for ATTORNEY for TRUSTEE (if applicable)

        N/A        % DIVIDEND PAID/TO BE PAID

        N/A        FUTURE DIVIDENDS (check if % of future dividend under plan not yet able to
        be determined)

Yes, see Schedule 1    INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED

                OTHER: (explain)

_____

 Dated: March 10, 2025              */s/ Matthew Norden*_____
        New York, New York          Matthew Norden
                                     Chief Financial Officer

## Schedule 1

**DISTRIBUTIONS MADE PURSUANT TO THE PLAN**

On or after the Effective Date, the following distributions were made to, or provided for, the various classes of Allowed Claims pursuant to the Plan and the Confirmation Order.

| Class | Claim/Equity Interest | Treatment of Claim/Interest |
|---|---|---|
| 1 | Other Secured Claims | Except to the extent that a Holder of an Allowed Other Secured Claim agrees to less favorable treatment of its Allowed Other Secured Claim, in full and final satisfaction, settlement, release, and discharge of each Allowed Other Secured Claim, on the Effective Date, each Holder of such Allowed Other Secured Claim shall receive, at the Debtors' option and subject to the consent of the Required Consenting Creditors (with such consent to not be unreasonably withheld), either (i) payment in full in Cash, (ii) delivery of the collateral securing such Allowed Other Secured Claim, (iii) Reinstatement of such Allowed Other Secured Claim, or (iv) such other treatment rendering such Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code. |
| 2 | Other Priority Claims | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment of such Allowed Other Priority Claim, in full and final satisfaction, settlement, release, and discharge of each Allowed Other Priority Claim, on the Effective Date, each Holder of such Allowed Other Priority Claim shall receive treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code. |
| 3 | First Lien Claims | Except to the extent that a Holder of an Allowed First Lien Claim agrees to less favorable treatment of its Allowed First Lien Claim, in full and final satisfaction, settlement, release, and discharge of each Allowed First Lien Claim, on the Effective Date, each Holder of such Allowed First Lien Claim shall receive its Pro Rata share of the Amended and Restated Loans |
| 4 | Unsecured Notes Claims | Except to the extent that a Holder of an Allowed Unsecured Notes Claim agrees to less favorable treatment of its Allowed Unsecured Notes Claim, in full and final satisfaction, settlement, release, and discharge of such Allowed Unsecured Notes Claim, on the Effective Date, each Holder of such Allowed Unsecured Notes Claim shall receive, in accordance with the Restructuring Transactions permitted by permitted by Article IV.C of the Plan, (i) the right to participate in the Equity Rights Offering in accordance with the Equity Rights Offering Procedures, and (ii) its Pro Rata share of the New Common Interests (subject to dilution on account of the New Common Interests issued pursuant to (A) the MIP and (B) the Equity Rights Offering). |
| 5 | General Unsecured Claims | The legal, equitable, and contractual rights of the Holders of Allowed General Unsecured Claims are unaltered by the Plan. Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, |

| | | on and after the Effective Date, the Reorganized Debtors shall continue to pay each Holder of an Allowed General Unsecured Claim in the ordinary course of business; provided that each Landlord Claim shall be subject to the cap set forth in section 502(b)(6) of the Bankruptcy Code. |
|---|---|---|
| 6 | Intercompany Claims | On the Effective Date, Intercompany Claims shall be, at the option of the applicable Debtor and subject to the consent of the Required Consenting Creditors (with such consent to not be unreasonably withheld), either: (i) Reinstated; or (ii) set off, settled, distributed, contributed, merged, canceled, or released, in each case, in the discretion of the Debtors. |
| 7 | Intercompany Interests | On the Effective Date, Intercompany Interests shall be, at the option of the applicable Debtor and subject to the consent of the Required Consenting Creditors (with such consent to not be unreasonably withheld), either: (i) Reinstated; or (ii) set off, settled, distributed, contributed, merged, canceled, or released, in each case, in the discretion of the Debtors and subject to the consent of the Required Consenting Creditors (with such consent to not be unreasonably withheld). |
| 8 | Existing Equity Interests | On the Effective Date, all Existing Equity Interests will be canceled, released, and extinguished and will be of no further force and effect. No Holders of such Existing Equity Interests will receive any property or distribution under the Plan. |
| 9 | Subordinated Claims | On the Effective Date, all Subordinated Claims will be canceled, released, and extinguished and will be of no further force and effect. No Holders of such Subordinated Claims will receive any property or distribution under the Plan |