**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |
| | **Related Docket No. 327** |

**NOTICE OF FILING REVISED FINAL DECREE CLOSING**
**THE CHAPTER 11 CASE OF 2U, INC.**

**PLEASE TAKE NOTICE** that, on March 10, 2025, 2U, Inc. (on behalf of itself and its reorganized debtor affiliates (collectively, the "***Debtors***" or the "***Reorganized Debtors***")) in the above-captioned cases (the "***Chapter 11 Cases***") filed the *Reorganized Debtors' Motion for Entry of a Final Decree Closing the Chapter 11 Case of 2U, Inc.* [Docket No. 327] (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE** that, since filing the Motion, the Debtors have made certain modifications to the proposed form of order originally filed with the Motion (the "***Originally Proposed Order***"). The current revised version of the Originally Proposed Order, and

---

[1]   The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is:  2U, Inc. (5939).  The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

the exhibits attached thereto (the "***Revised Proposed Order***"), is attached hereto as **Exhibit A**.  For

the convenience of the Court and all parties in interest, a blackline comparing the Revised Proposed

Order against the Originally Proposed Order, is attached hereto at **Exhibit B**.

      **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion is scheduled

for **March 31, 2025 at 11:00 a.m. (prevailing Eastern Time)** (the "***Hearing***"), at which time the

Debtors intend to present the Revised Proposed Order, or a form substantially similar thereto, to

the Court.  The Debtors reserve all rights to further revise the Revised Proposed Order at or prior

to the Hearing.

*[Remainder of page intentionally left blank.]*

**LATHAM & WATKINS LLP**

Dated:    March 21, 2025
       New York, New York

By:    */s/ George A. Davis*
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  george.davis@lw.com
       george.klidonas@lw.com
       anu.yerramalli@lw.com
       randall.weber-levine@lw.com
       scott.yousey@lw.com

*Counsel to the Reorganized Debtor*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |

**FINAL DECREE CLOSING**
**THE CHAPTER 11 CASE OF 2U, INC.**

Upon the motion (the "***Motion***")[2] of the Reorganized Debtor for entry of a final decree (this "***Final Decree***") closing the Lead Case, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its estates and creditors, and other parties in interest; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

---

[1]    The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is:  2U, Inc. (5939).  The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Lead Case is hereby closed; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in the Plan and Combined Order, and entry of this Order is without prejudice to the rights of the Reorganized Debtors or any party-in-interest to seek to reopen the Lead Case for cause pursuant to section 350(b) of the Bankruptcy Code.

3.      The appointment and services of Epiq as Claims and Noticing Agent in the Chapter 11 Cases shall be terminated effective twenty (20) days after the entry of this Order, provided that within seven (7) business days after entry of this Order, Epiq shall provide to the office of the Clerk of the Court (the "***Clerk's Office***") the final version of the official claims registers of each of the Debtors pursuant to any current guidelines implementing 28 U.S.C. § 156(c).

4.      Epiq will box and transport all claims to the Federal Archives, at the direction of the Clerk's Office.

5.      The above services to be rendered by Epiq shall be a charge to the estate.

6.      To the extent not already paid, the fees required to be paid to the United States Trustee under 28 U.S.C. § 1930(a), if any, shall be paid by the Reorganized Debtor on behalf of the Lead Case as soon as reasonably practicable after the date of entry of this Order.  The Reorganized Debtors shall not be obligated to pay any fees to the United States Trustee for the Lead Case for any period commencing after entry of this Order.

7.      Notwithstanding anything to the contrary contained in this Order, in the event that The University of North Carolina (collectively with each school and department thereof, "***UNC***") and the Reorganized Debtors are unable to informally resolve their ongoing dispute regarding cure amounts under certain prepetition executory contracts (the "***UNC Contracts***") between UNC

and the Reorganized Debtors, UNC may move to reopen the Lead Case to adjudicate such dispute. The Reorganized Debtors, including their successor or assigns, covenant and agree that: (i) they shall not oppose such motion to reopen the Lead Case; provided that UNC has acted reasonably and in good faith to informally resolve such dispute after the date of entry of this Order; and (ii) resolution of the dispute described in this paragraph constitutes sufficient "cause" to reopen the Lead Case under Section 350(b) of the Bankruptcy Code. This Court shall expressly retain jurisdiction to adjudicate such motion and to resolve such dispute.  For the avoidance of doubt, nothing herein shall be deemed (a) an implication or admission as to the amount of, basis for, or validity of any Claim against the Debtors or Reorganized Debtors; (b) a waiver of any of the Debtors' or Reorganized Debtors' right to dispute any Claim or of any of the Debtors' or Reorganized Debtors' claims, counterclaims or defenses; or (c) an implication or admission that any particular Claim is of a type specified herein. Nothing herein shall be deemed a waiver of any of UNC's rights, claims, or remedies arising under or in connection with the UNC Contracts, the Bankruptcy Code or applicable non-bankruptcy law.

8.      The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

New York, New York
Dated:_____, 2025

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Blackline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |

**FINAL DECREE CLOSING**
**THE CHAPTER 11 CASE OF 2U, INC.**

Upon the motion (the "***Motion***")[2] of the Reorganized Debtor for entry of a final decree (this "***Final Decree***") closing the Lead Case, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its estates and creditors, and other parties in interest; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

---

[1]    The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is:  2U, Inc. (5939).  The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Lead Case is hereby closed; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in the Plan and Combined Order, and entry of this Order is without prejudice to the rights of the Reorganized Debtors or any party-in-interest to seek to reopen the Lead Case for cause pursuant to section 350(b) of the Bankruptcy Code.

3.      The appointment and services of Epiq as Claims and Noticing Agent in the Chapter 11 Cases shall be terminated effective twenty (20) days after the entry of this Order, provided that within seven (7) business days after entry of this Order, Epiq shall provide to the office of the Clerk of the Court (the "***Clerk's Office***") the final version of the official claims registers of each of the Debtors pursuant to any current guidelines implementing 28 U.S.C. § 156(c).

4.      Epiq will box and transport all claims to the Federal Archives, at the direction of the Clerk's Office.

5.      The above services to be rendered by Epiq shall be a charge to the estate.

6.      To the extent not already paid, the fees required to be paid to the United States Trustee under 28 U.S.C. § 1930(a), if any, shall be paid by the Reorganized Debtor on behalf of the Lead Case as soon as reasonably practicable after the date of entry of this Order.  The Reorganized Debtors shall not be obligated to pay any fees to the United States Trustee for the Lead Case for any period commencing after entry of this Order.

7.      <u>Notwithstanding anything to the contrary contained in this Order, in the event that The University of North Carolina (collectively with each school and department thereof, "*UNC*") and the Reorganized Debtors are unable to informally resolve their</u>

ongoing dispute regarding cure amounts under certain prepetition executory contracts (the "*UNC Contracts*") between UNC and the Reorganized Debtors, UNC may move to reopen the Lead Case to adjudicate such dispute. The Reorganized Debtors, including their successor or assigns, covenant and agree that: (i) they shall not oppose such motion to reopen the Lead Case; provided that UNC has acted reasonably and in good faith to informally resolve such dispute after the date of entry of this Order; and (ii) resolution of the dispute described in this paragraph constitutes sufficient "cause" to reopen the Lead Case under Section 350(b) of the Bankruptcy Code. This Court shall expressly retain jurisdiction to adjudicate such motion and to resolve such dispute.  For the avoidance of doubt, nothing herein shall be deemed (a) an implication or admission as to the amount of, basis for, or validity of any Claim against the Debtors or Reorganized Debtors; (b) a waiver of any of the Debtors' or Reorganized Debtors' right to dispute any Claim or of any of the Debtors' or Reorganized Debtors' claims, counterclaims or defenses; or (c) an implication or admission that any particular Claim is of a type specified herein. Nothing herein shall be deemed a waiver of any of UNC's rights, claims, or remedies arising under or in connection with the UNC Contracts, the Bankruptcy Code or applicable non-bankruptcy law.

**8.**  ~~7.~~ The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

**9.**  ~~8.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

New York, New York
Dated:_____, 2025

_____
UNITED STATES BANKRUPTCY JUDGE