| | |
|---|---|
| Rachel Ehrlich Albanese | Erik F. Stier |
| **DLA PIPER LLP (US)** | **DLA PIPER LLP (US)** |
| 1251 Avenue of the Americas | 500 Eighth Street, NW |
| New York, New York 10020 | Washington, DC 20004 |
| Telephone: (212) 335-4500 | Telephone: (202) 799-4000 |
| Facsimile: (212) 335-4501 | Facsimile: (202) 799-5000 |
| Email: rachel.albanese@us.dlapiper.com | Email: erik.stier@us.dlapiper.com |

*Counsel to Simmons University*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 2U, Inc., | Case No. 24-11279 (MEW) |
| Reorganized Debtor.[1] | (Jointly Administered) |
| | **Related Docket No. 327** |

**LIMITED OBJECTION OF SIMMONS UNIVERSITY**
**TO REORGANIZED DEBTOR'S MOTION FOR ENTRY**
**OF A FINAL DECREE CLOSING THE CHAPTER 11 CASE OF 2U, INC.**

Simmons University ("Simmons") hereby submits this limited objection (the "Limited Objection") to the *Reorganized Debtor's Motion for Entry of a Final Decree Closing the Chapter 11 Case of 2U, Inc.* [Docket No. 327] (the "Motion")[2] and respectfully states as follows:

**PRELIMINARY STATEMENT**

This chapter 11 case should not be closed on the timeline proposed by the Reorganized Debtor. Not only did the Reorganized Debtor fail to provide interested parties with proper notice of the Motion, but six months after confirmation of its Plan, the Reorganized Debtor already has failed to comply with its obligations under the Confirmation Order. Further, the Reorganized

---

[1] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: 2U, Inc. (5939). The Reorganized Debtor's mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

[2] Capitalized terms used but not defined in this Limited Objection have the meaning given to them in the Motion.

Debtor is attempting to reap the benefits of contract assumption for a contract it never assumed. When the undersigned counsel (who discovered the noticing error) raised the issue with the Reorganized Debtor, the Reorganized Debtor did not seek to remedy the error but instead filed a revised proposed order that includes a finding by this Court that notice was proper.

This Court should not be misled and interested parties like Simmons should not be prejudiced simply because the Reorganized Debtor seeks to close this case to avoid payment of quarterly fees to the United States Trustee. Simmons respectfully submits that a final decree should not be entered until this case is fully administered and the Reorganized Debtor abides by the laws and procedures governing this proceeding.

## RELEVANT BACKGROUND

1.      On August 23, 2024, the Debtors filed the *Second Amended Joint Prepackaged Plan of Reorganization of 2U, Inc. and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. 90] (the "Plan"). Article V.A of the Plan provides, "[o]n the Effective Date… each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned pursuant to an order of the Bankruptcy Court shall be deemed assumed." Plan, Art. V.A. Article V.B of the Plan further provides that:

> In the event of a dispute regarding…(ii) the ability of the Reorganized Debtors or any assignee to provide 'adequate assurance of future performance' (within the meaning of Section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed; or (iii) any other matter pertaining to assumption, the Bankruptcy Court shall hear such dispute prior to the assumption becoming effective…

Plan, Art. V.B.

2.      Based on these provisions, Simmons understood that before its Master Services Agreements (collectively, the "Contract") with 2U, Inc. ("2U" or the "Reorganized Debtor") were assumed, 2U would either cure defaults and provide adequate assurance of future performance, as

2

required under section 365 of the Bankruptcy Code, or that Simmons would have an opportunity to be heard by the Court on these issues.

3. On September 4, 2024, five days before the hearing to confirm the Plan, 2U filed the proposed confirmation order [Docket No. 138] (the "Proposed Order"). To Simmons's surprise, the Proposed Order stated that, absent a formal or informal objection, all executory contracts between a Debtor and a nonprofit institution of higher education would be deemed assumed on the Effective Date *with no requirement to cure defaults or demonstrate adequate assurance of future performance*. Given the limited time before the confirmation hearing, Simmons lodged an informal objection to the Proposed Order. On the eve of the confirmation hearing, counsel to 2U confirmed by email that Simmons would be treated as a "Covered Partner" under the Proposed Order, meaning that the Contract would not automatically be deemed assumed. A copy of the correspondence with counsel to 2U confirming Simmons' status is attached as **Exhibit A**.

4. Specifically, the confirmation order approved by the Court [Docket No. 176] (the "Confirmation Order") provides the following protections to "Covered Partners":

> Upon the Effective Date, except as otherwise provided in the Plan or the Combined Order, each Executory Contract between a Debtor and a nonprofit institution of higher education (each a "Partner," and each such Executory Contract, as amended, restated, amended and restated, supplemented, or otherwise modified, a "Partner Contract") shall be assumed under section 365 of the Bankruptcy Code by the applicable Reorganized Debtor, without the need for any further notice or action, order, or approval of the Bankruptcy Court; **provided, however, if a Partner has submitted either a formal or informal objection to the Plan or the Combined Order (each, a "Covered Partner") alleging a prepetition breach or default under a Partner Contract, or the inability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) thereunder, or any other matter pertaining to assumption thereof, such Partner Contract shall be deemed not assumed**, and such Covered Partner shall cooperate with the Reorganized Debtors to resolve such dispute in accordance with the applicable dispute resolution provisions of its Partner Contract; provided, that if the parties cannot resolve such

>   disputes in the manner provided thereunder, this Court shall hear such dispute, and the applicable Partner Contract shall be deemed not assumed, unless or until such dispute is resolved either (a) in accordance with the applicable dispute resolution provisions, or (b) by a Final Order resolving such dispute and authorizing either the assumption or rejection of the Partner Contract. For the avoidance of doubt, each of the parties to a Covered Partner's disputed Partner Contract shall continue to perform its obligations under such Partner Contract during the foregoing dispute resolution process, and disputes of the type described in this paragraph shall not prevent or delay implementation of the Plan or the occurrence of the Effective Date.

Confirmation Order, ¶ 46 (emphasis added).

5. On September 13, 2024 (the "Effective Date"), the Plan became effective.

6. Simmons has repeatedly attempted to engage with 2U since the Effective Date to address numerous performance defaults under the Contract. On December 18, 2024, Simmons sent a 44-page letter (the "Default Letter") to 2U that provided notice of numerous pre- and post-Effective Date performance defaults under the Contract and proposed reasonable remedial measures to address those defaults.

7. On March 17, 2025, three months later (and one week after filing—but not serving—the Motion to close this case) 2U responded to the Default Letter, asserting incorrectly that, among other things, the Contract was assumed under the Plan and that any claims or defaults rising under the Contract were released as of the Effective Date.

8. On March 21, 2025, counsel to Simmons realized that the Motion did not appear on the case docket of 2U's claims and noticing agent. Counsel then contacted the agent to inquire whether the Motion had been withdrawn and learned that the Motion had been omitted from the case docket in error and that the Reorganized Debtor had not served the Motion on interested parties.

4

## LIMITED OBJECTION

### A. The Motion should not be approved on 2U's proposed timeline because 2U did not provide appropriate notice.

9. Local Rule 9006-1(c) provides that all motion papers (other than discovery-related motions) must be served at least fourteen (14) days before the hearing date. Here, the Motion was served on March 21, 2025, just ten (10) days prior to the hearing on the Motion scheduled for March 31, 2025, and one business day before the objection deadline.

10. Local Rule 9013(b) provides that notice of a motion must be given to any entity who would be affected by the proposed order. Here, 2U failed to publish the Motion on its case docket or serve the Motion by email or post to *any* party until March 21, 2025.

11. The undersigned counsel became aware of the Motion by chance, and upon checking the case docket, noticed that the Motion did not appear. Counsel subsequently learned from 2U's noticing and claims agent that the Motion had not been published on the case docket or served. Counsel to Simmons brought the issue to the attention of counsel to 2U on March 21, 2025. While Simmons was able to respond within just one business day to file this Limited Objection, there is no telling how many other parties in interest have been prejudiced by this lack of notice.

12. Nevertheless, when 2U submitted its revised proposed order [Docket No. 322], it continued to maintain that notice was "appropriate and no other notice need be provided." Notice of the Motion is plainly not appropriate, however, as it is inconsistent with the Local Rules and prejudicial to parties in interest.

5

**B.      The chapter 11 case should not be closed until 2U assumes or rejects the Contract.**

13.    Section 350(a) of the Bankruptcy Code provides that a case may be closed only "[a]fter an estate is fully administered," which is repeated in Bankruptcy Rule 3022. 11 U.S.C § 350(a); Fed. R. Bankr. P. 3022.

14.    In the Motion, 2U concludes that this case will be "fully administered" within the meaning of section 350 of the Bankruptcy Code prior to the hearing on the Motion scheduled for March 31, 2025. But that conclusion is undermined by 2U's failure to assume or reject the Contract and its repeated post-confirmation performance defaults under the Contract in violation of the Confirmation Order.

15.    As required under the Confirmation Order, Simmons has continued to perform under the Contract and has sought in good faith to resolve disputes over 2U's performance breaches. 2U has not made similar efforts.

16.    As with a number of other contract counterparties that have appeared in this case, Simmons has been plagued by 2U's incompetency and repeated nonperformance for years. Such performance deficiencies have only worsened since the Effective Date, and 2U's attempt to misconstrue the events of this chapter 11 case to absolve its nonperformance under the Contract is unavailing.

17.    Following entry of the Confirmation Order, Simmons was willing to give the Reorganized Debtor the benefit of the doubt that it would work cooperatively to address its failures under the Contract. But since the Effective Date, the Reorganized Debtor has made clear that it has no intention of doing so. Simmons accordingly reserves its right to seek to compel rejection of the Contract before this case is closed.

## CONCLUSION

For the reasons discussed above, Simmons respectfully requests that the Court defer ruling on the Motion until this case is fully administered and the Reorganized Debtor complies with its obligations under the rules applicable to this proceeding.

Dated: March 24, 2025
New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Rachel Ehrlich Albanese*
Rachel Ehrlich Albanese
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: rachel.albanese@us.dlapiper.com

-and-

Erik F. Stier
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
Email: erik.stier@us.dlapiper.com