UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
2U, Inc.,                                           :    Case No. 24-11279 (MEW)
                                                    :
                    Reorganized Debtor.             :    Jointly Administered
------------------------------------------------------------x

### DECISION ON REORGANIZED DEBTOR'S MOTION TO CLOSE CASE

A P P E A R A N C E S :

LATHAM & WATKINS LLP
New York, New York
*Attorneys for Reorganized Debtors 2U, Inc.*
  By:  George A. Davis, Esq.
       George Klidonas, Esq.
       Anupama Yerramalli, Esq.
       Randall C. Weber-Levine, Esq.
       Scott Yousey, Esq.

DLA PIPER LLP (US)
New York, New York and Washington, D.C.
*Attorneys for Simmons University*
  By:  Rachel Ehrlich Albanese, Esq.
       Erik F. Stier, Esq.

**HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

      2U, Inc. ("**2U**") and eight of its affiliates commenced these jointly administered chapter 11 cases on July 25, 2024. The Court confirmed the debtors' Second Amended Joint Prepackaged Plan of Reorganization (the "**Plan**") by an order entered September 9, 2024 (ECF 176, hereafter referred to as the "**Confirmation Order**"). The affiliates' cases were closed on December 19, 2024 (ECF 282), and all remaining matters were consolidated for resolution into the above-captioned case.

1

Until recently, the only issues that appeared to stand in the way of the closure of 2U's chapter 11 case were outstanding disputes with two of its former landlords. Those disputes have been resolved, and 2U filed a motion on March 10, 2025 for the entry of a final decree closing its case. The motion is opposed only by Simmons University ("**Simmons**"), which contends that certain issues relating to the assumption of an executory contract(s) between Simmons and 2U remain to be decided by this Court and that the case cannot be closed until that occurs. A separate issue, relating to a delay in the mailing of notices of 2U's motion, was resolved by 2U's agreement to postpone the hearing on its motion to April 4, 2025.

The parties agree that the confirmed Plan calls for the assumption of the executory contract(s) between 2U and Simmons. They also agree that Simmons informally raised issues about the assumption of the contract(s) prior to the confirmation of the Plan, and that as a result Simmons retains the right to obtain a determination as to the nature of any defaults that 2U is obligated to cure and as to whether 2U provided "adequate assurance of future performance" of its obligations. They disagree, however, as to how those issues are to be raised and decided. Simmons contends that I must (or should) decide them, while 2U says they must be resolved through the dispute resolution provisions of the parties' contracts, including arbitration.

Simmons contends that the Plan supports its view. Article V.A of the Plan provided (in substance) that all outstanding executory contracts and leases would be assumed unless previously rejected. Article V.B states in pertinent part:

> Any monetary default under an Executory Contract or Unexpired Lease to be assumed pursuant to this Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the Effective Date or in the ordinary course of business, subject to the limitation described below, or on such other terms as the parties to such Executory Contract or Unexpired Lease may otherwise agree. In the event of a dispute regarding (i) the amount of any Cure Claim; (ii) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of

2

> future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed; or (iii) any other matter pertaining to assumption, ***the Bankruptcy Court shall hear such dispute*** prior to the assumption becoming effective . . .

Plan, Article V.B (emphasis added). However, some parties with whom 2U had contracts made formal or informal objections to the assumptions of their contracts, and in satisfaction of those objections the Confirmation Order includes (in relevant part) the following language:

> 46. Upon the Effective Date, except as otherwise provided in the Plan or the Combined Order, each Executory Contract between a Debtor and a nonprofit institution of higher education (each a "*Partner*," and each such Executory Contract, as amended, restated, amended and restated, supplemented, or otherwise modified, a *"Partner Contract"*) shall be assumed under section 365 of the Bankruptcy Code by the applicable Reorganized Debtor, ***without the need for any further notice or action, order, or approval of the Bankruptcy Court; provided, however, if a Partner has submitted either a formal or informal objection to the Plan or the Combined Order (each, a "Covered Partner") alleging a prepetition breach or default under a Partner Contract, or the inability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) thereunder, or any other matter pertaining to assumption thereof, such Partner Contract shall be deemed not assumed, and such Covered Partner shall cooperate with the Reorganized Debtors to resolve such dispute in accordance with the applicable dispute resolution procedures of its Partner Contract;*** *provided, that* if the parties cannot resolve such disputes in the manner provided thereunder, the Court shall hear such dispute, and the applicable Partner Contract shall be deemed not assumed, unless or until such dispute is resolved either (a) in accordance with the applicable dispute resolution provisions, or (b) by a Final Order resolving such dispute and authorizing either the assumption or rejection of the Partner Contract. For the avoidance of doubt, each of the parties to a Covered Partner's disputed Partner Contract shall continue to perform its obligations under such Partner Contract during the foregoing dispute resolution process, and disputes of the type described in this paragraph shall not prevent or delay implementation of the Plan or the occurrence of the Effective Date.

Plan, Article V.B (emphasis added). Simmons has represented (and 2U has confirmed) that Simmons obtained the debtors' agreement, prior to the confirmation hearing, that Simmons would be treated as a "Covered Partner" to which this provision would apply, and as a result

3

Simmons did not file any formal objection to the confirmation of the Plan or to the assumption of its contract(s).

The dispute resolution provisions of the Simmons contract(s) call for the parties to negotiate and then, if they cannot resolve their differences, to submit their disputes to arbitration. Simmons now contends that the Plan requires the Court (not an arbitrator) to resolve the issues that Simmons wishes to raise. That contention is foreclosed by the terms of the Confirmation Order to which Simmons agreed. Paragraph 46 of the Confirmation Order makes clear that disputes as to defaults or as to adequate assurance of performance are to be resolved under the dispute resolution procedures set forth in the parties' agreements. Paragraph 52 of the Confirmation Order also states that "[i]n the event of any inconsistency between the Plan (including the Plan Supplement) and this Combined Order, this Combined Order shall govern to the extent of such inconsistency." In short, the agreed terms of paragraph 46 of the Confirmation Order bind Simmons to the submission of its disputes to arbitration.

Simmons argues that the issues that must be decided include bankruptcy-specific issues about "adequate assurance of future performance" and not just disputes over alleged contract defaults, and that the bankruptcy-specific issues should be decided by the Court. But if that is what Simmons believes (or believed), then Simmons should have made that argument in connection with the confirmation hearing. Instead, Simmons agreed to language that stated expressly that all issues relating to the assumption of its contract, including issues relating to adequate assurance of future performance, would be resolved under the contractual dispute resolution procedures. The Order that reflected this agreement was entered more than six months ago; Simmons had plain notice of its terms, and negotiated to obtain assurances that the relevant language would apply to Simmons. Simmons may now regret its decision, but it is bound by its

4

prior agreement and its decision not to object, and its current complaint about the procedure comes far too late.

Simmons also contends that somehow the parties face a situation in which they "cannot" resolve their disputes through the contractual dispute resolution procedures, so that the Court is required to resolve the disputes. It may be true that the parties have not resolved their differences through whatever consultations have occurred to date, but that hardly means that they "cannot" resolve their remaining differences through arbitration, as the contract contemplates. In effect, Simmons would have me hold that the reference to the "dispute resolution provisions" of its contract is somehow a reference only to the provisions that say that the parties will first engage in discussions, and not to the provisions that require arbitration in the event the parties' discussions are not fruitful. That is not a sound interpretation of the clear language of the Confirmation Order.

After all of these issues were fully briefed, and two days before the April 4 hearing, Simmons filed a separate motion for an order "enforcing" the Confirmation Order and requiring a rejection of its contract(s) (ECF 350). The motion raises the identical issues that Simmons raised in opposition to the motion to close the 2U case. Counsel to Simmons argued during the April 4 hearing that the pendency of this new motion means that the case cannot now be closed. I reject that contention. The motion raises no issues that were not fully briefed and already pending for decision by the Court in connection with the motion to close the case. Simmons has no right to "veto" a case closure by packaging the identical issues into a separate motion. For the avoidance of doubt, the Court will enter an order that denies that motion and that requires no further response or hearing.

5

Simmons is free to pursue arbitration, and it is free to seek to reopen this case if for some unexpected reason arbitration is unable to resolve the parties' disputes. At this point, however, this Court has finished resolving those matters that require the Court's participation, and the case should be closed.

## Conclusion

For the foregoing reasons, the motion by 2U for the entry of a final decree closing this chapter 11 case will be granted. The objection filed by Simmons is overruled, and the separate motion by Simmons to enforce the Confirmation Order and to compel a rejection if its contract(s) with 2U, are denied, without prejudice to Simmons' right to pursue its disputes in accordance with the dispute resolution provisions in its contract(s). A separate Order will be entered that reflects these rulings.

Dated: New York, New York
April 9, 2025

                                           **s/Michael E. Wiles**
                                           Honorable Michael E. Wiles
                                           United States Bankruptcy Judge