UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
2U, Inc.,                                           :    Case No. 24-11279 (MEW)
                                                    :
            Reorganized Debtor.                     :    Jointly Administered
---------------------------------------------------------------x

**ORDER AND FINAL DECREE (1) DENYING PENDING MOTION BY SIMMONS UNIVERSITY, AND (2) CLOSING THIS CHAPTER 11 CASE**

This matter came before the Court on the motion by Reorganized Debtor 2U, Inc. for entry of a final decree closing the case (ECF 327).[1] Simmons University ("**Simmons**") opposed the closure of the case (ECF 334), contending that certain issues relating to the assumption of an executory contract or contracts between Simmons and the Reorganized Debtor remain to be decided by this Court and that the case cannot be closed until that occurs.  After this issue was fully briefed, Simmons filed a separate motion (ECF 350) seeking, for the same reasons, the entry of an order "enforcing" this Court's Confirmation Order and compelling a rejection of the contract or contracts between Simmons and the Reorganized Debtor.  The Court heard argument on April 4, 2025.  For the reasons stated on the record on April 4, 2025 and set forth in the Decision entered on the docket this same day,

**IT IS HEREBY ORDERED:**

1.      Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the above-captioned chapter 11 case is hereby closed; *provided, however*, that this Court shall retain such jurisdiction as is provided in the Plan and in its order confirming the Plan (the "**Confirmation Order**") (ECF 176), and entry of this Order is without

---

[1] Capitalized terms used but not defined herein have the meanings set forth in the motion.

1

prejudice to the rights of the Reorganized Debtors or any party-in-interest to seek to reopen the case for cause pursuant to section 350(b) of the Bankruptcy Code.

2. The Clerk and other relevant parties are authorized and shall take any actions necessary to update the ECF filing system and their respective records, including marking this case as "Closed."

3. To the extent not already paid, the fees required to be paid to the United States Trustee under 28 U.S.C. § 1930(a), if any, shall be paid by the Reorganized Debtor as soon as reasonably practicable after the date of entry of this Order. The Reorganized Debtors shall not be obligated to pay any fees to the United States Trustee for any period commencing after entry of this Order.

4. Within thirty (30) days after entry of this Order, Epiq Corporate Restructuring, LLC ("**Epiq**") shall prepare and forward final claims registers to provide to the office of the Clerk of the Court (the "**Clerk's Office**") pursuant to the guidelines implementing 28 U.S.C. § 156.

5. Epiq will forward an electronic version of all imaged claims in pdf format to the Clerk's Office.

6. Epiq shall certify to the Clerk's Office that the proofs of claim submitted in electronic format constitute all proofs of claim submitted in these cases and shall not destroy or otherwise dispose of paper copies of claims received in this case unless authorized to do so by the Clerk of the Court.

7. The appointment and services of Epiq as claims and noticing agent in the Chapter 11 Cases shall be terminated as of thirty (30) days after the entry of this Order. At that time,

Epiq shall have no further obligations to the Court, the Reorganized Debtors, their estates or creditors, or any party-in-interest with respect to this case.

8. The above services to be rendered by Epiq shall be a charge to the Reorganized Debtor and Epiq shall be compensated in accordance with the terms of its approved retention.

9. Notwithstanding anything to the contrary contained in this Order, in the event that (a) The University of North Carolina (collectively with each school and department thereof, (b) The University of California, Berkeley (collectively with each school and department thereof,) or (c) any Covered Partner (as defined in the Confirmation Order and including, for the avoidance of doubt, Simmons University)(any party described in the foregoing clauses (a) through (c), a "**Covered University**") and the Reorganized Debtors are unable to resolve their ongoing disputes regarding the assumption of certain prepetition executory contracts (the "Covered University Contracts") through the dispute resolution provisions in their contracts, then the Reorganized Debtors and/or the Covered University may move to reopen this case to adjudicate such dispute. The Reorganized Debtors, including their successors and/or assigns, covenant and agree that: (i) they shall not oppose such motion to reopen this case, provided that the Covered University has acted reasonably and in good faith to resolve such dispute in accordance with the parties' contractual dispute resolution procedures after the date of entry of this Order; and (ii) resolution of the dispute described in this paragraph constitutes sufficient "cause" to reopen the case under Section 350(b) of the Bankruptcy Code. This Court shall expressly retain jurisdiction to adjudicate such motion and to resolve such dispute. For the avoidance of doubt, nothing herein shall be deemed (a) an implication or admission as to the amount of, basis for, or validity of any Claim against the Debtors or Reorganized Debtors, (b) a waiver of any of the Debtors' or Reorganized Debtors' rights to dispute any Claim or of any of the Debtors' or Reorganized

3

Debtors' claims, counterclaims or defenses; or (c) an implication or admission that any particular Claim is of a type specified herein. Nothing herein shall be deemed a waiver of any Covered University's rights, claims, or remedies arising under or in connection with the Covered University Contracts, the Bankruptcy Code or applicable non-bankruptcy law.

10. The motion by Simmons to enforce the Confirmation Order and to compel a rejection of its contract(s) (ECF 350) is duplicative of the issues raised by Simmons and resolved by the Court in connection with Simmons' objection to the closure of this case, and such motion is hereby denied, without the need for further response by 2U and without the need for further hearing.

11. The Reorganized Debtor and the claims agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
       April 9, 2025

                                              s/Michael E. Wiles
                                              Honorable Michael E. Wiles
                                              United States Bankruptcy Judge